JASON M. WILEY, ESQ.
Nevada Bar No. 009274
AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone:  (702) 362-7800
Facsimile:  (702) 362-9472
E-Mail:     jwiley@klnevada.com
            amaurice@klnevada.com

*Attorneys for The 123 Entities*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

NML CAPITAL LTD.,

                    Plaintiff,

          vs.

THE REPUBLIC OF ARGENTINA,

                    Defendants.

CASE NO. 2:14-cv-00492-JAD-VCF

**THE 123 ENTITIES' BRIEF REGARDING THE POWER OF THE COURT TO COMPEL DEPOSITIONS OF NONPARTY ENTITIES' REPRESENTATIVES PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE**

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. i

I.   INTRODUCTION ...........................................................................................4

II.  STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY ...........................5

III. LEGAL ARGUMENT AND ANALYSIS ...............................................................8

    A.    Relevant Provisions of Federal Rule of Civil Procedure 45 ...................................8

    B.    Courts Have Consistently Held That a Nonparty's Failure to Obey a Subpoena Must Be Excused if the Subpoena Purports to Require the Nonparty to Attend or Produce at a Location Outside the Geographical Limits of Fed.R.Civ.P. 45 ...........................................................................10

    C.    Fed.R.Civ.P. 45 Provides a Subpoena May Command a Nonparty to Attend a Trial, Hearing or Deposition Only if Said Event Takes Place Within 100 Miles of Where the Nonparty Resides, is Employed or Regularly Transacts Business in Person .................................................................10

    D.    Jurisdictional Analysis is Immaterial for Purposes of Fed.R.Civ.P. 45 and "The 100 Mile" Provision Contained Therein .................................................12

    E.    A Nonparty Entity Has No Duty to Provide or Educate an Employee or Representative Within the Geographic Limits Set Forth in Fed.R.Civ.P. 45 ...........................................................................................13

    F.    That the Subpoenas Were Served Upon The 123 Entities Through Their Resident Agent Located in this Jurisdiction Is Immaterial for Fed.R.Civ.P. 45 Analysis .........................................................................14

    G.    Fed.R.Civ.P. 45(g) Revisited ............................................................................15

IV. CONCLUSION ............................................................................................16

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

i

# TABLE OF AUTHORITIES

**CASES**

*Casabona Properties, LLC v. Convire, Inc.*,
  No. 08-cv-1992-KSH-MAS, 2010 WL 331346 (D.N.J. January 20, 2010) .....................15

*Cates v. LTV Aerospace Corp.*,
  480 F.2d 620 (5th Cir. 1993) ...........................................................................................11

*Estate of Klieman v. Palestinian Authority*,
  293 F.R.D. 235 (D.D.C. 2013)..........................................................................................13

*In re ANC Rental Corp.*,
  2002 WL 34729302 (E.D.Pa. June 20, 2002) ...................................................................12

*In re Denture Cream Products Liability Litigation*,
  292 F.R.D. 120 (D.D.C. 2013)..........................................................................................10

*In re Edelman*,
  295 F.3d 171 (2d Cir.2002)...............................................................................................11

*Jackson v. Brinker*,
  147 F.R.D. 189 (S.D. Ind. 1993) ......................................................................................10

*JJK Mineral Co., LLC v. Swiger*,
  292 F.R.D. 323 (W.Va. 2013)...........................................................................................10

*Martha's Vineyard Scuba Headquarters, Inc. v. Wrecked and Aban*,
  280 F.R.D. 76 (D.Mass. 2011)..........................................................................................15

*Nordotek Environmental, Inc. v. RDP Technologies*,
  No. CV09-4714, 2010 WL 3070196 (S.D. Ga. August 5, 2010).......................................14

*Price Waterhouse LLP v. First American Corp.*,
  182 F.R.D. 56 (S.D.N.Y. 1998) ...................................................................................11, 12

*Regents of University of California v. Kohne*,
  166 F.R.D. 463 (S.D.Cal. 1996) .......................................................................................13

*Roundtree v. Chase Bank USA, NA.*,
  No. 13-239 (MJP, slip op. at 2 (W.D. Wa. June 3, 2014)................................................11

*RP Family, Inc. v. Commonwealth Land Title Ins. Co.*,
  2011 WL 6020154 (E.D.N.Y. November 30, 2011)..........................................................12

*SEC v. Morelli*,
  143 F.R.D. 42 (S.D.N.Y. 1992) ........................................................................................13

*Stanford v. Kuwait Airlines Corp.*,
  No. 85 Civ. 0477-SWK, 1987 WL 26829 (S.D.N.Y. Nov. 25, 1987)...............................11

*Wallace v. Kmart Corp.*,
  687 F.3d 86 (3d. Cir. 2012)...............................................................................................15

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

*Wultz v. Bank of China, Ltd.,*
    293 F.R.D. 677 (S.D.N.Y. 2013) .............................................................................11, 13

**STATUTES**

*Federal Rule of Civil Procedure 30* ........................................................................................11

*Federal Rule of Civil Procedure 30(a)(1)* ..............................................................................11

*Federal Rule of Civil Procedure 30(b)(6)* ...............................................................10, 12, 13

*Federal Rule of Civil Procedure 45* ............................................................................ *passim*

*Federal Rule of Civil Procedure 45(c)* ........................................................................ *passim*

*Federal Rule of Civil Procedure 45(c)(3)(A)(ii)* ...............................................................11, 15

*Federal Rule of Civil Procedure 45(d)(3)(A)(ii)* ..............................................................11, 12

*Federal Rule of Civil Procedure 45(d)(3)(B)* ........................................................................10

*Federal Rule of Civil Procedure 45(e)* .................................................................................15

*Federal Rule of Civil Procedure 45(g)* ...........................................................................10, 15

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

### THE 123 ENTITIES' BRIEF REGARDING THE POWER OF THE COURT TO COMPEL DEPOSITIONS OF NONPARTY ENTITIES' REPRESENTATIVES PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE

COMES NOW, (1) LAKE COUNTY, LLC; (2) VANEGGIA HOLDINGS, LTD.; (3) HALLKYN GROUP, LLC (4) BALMAR DEVELOPMENT, LLC; (5) ETCO HOLDINGS, LLC; (6) BANFORD PROPERTIES, LLC; (7) MOCHICA ENTERPRISES, LLC; (8) OCEANDRIVE INVESTMENTS, LLC; (9) BEST WORLD SUPPLIES, LTD; (10) ARISA BUSINESS, LLC; (11) PHILLIPS GROUP, LLC; (12) CARVELLE GROUP, LLC; (13) CITRONE OVERSEAS, LLC; (14) HAZE MANAGEMENT, LLC; (15) ALHAMBRA, LLC; (16) TRENTON PROPERTIES, LTD.; (17) BALMONT HOLDINGS, LTD.; (18) LACEWOOD INVESTMENTS, LLC; (19) LAMBERTI TRADING, LLC; (20) JET TRADE, LTD.; (21) IVY LANE GROUP, LLC; (22) HUSTON MANAGEMENT, LTD.; (23) QUANTUM BAY LIMITED; (24) BUWAN MARKETING, LTD.; (25) GALWAY SCOTT TRADING, LTD.; (26) ESTIVAL INTERNATIONAL, LTD.; (27) IZALCO TRADING, LLC; (28) GULF SUPPORT SERVICES, LLC; (29) MURRIEL TRADING, LLC; (30) PERMANEL INVESTMENT LIMITED; (31) PENNYROYAL ASSOCIATES, LLC; (32) GLADSTONE COSMETICS, LLC; (33) THUNDER OVERSEAS TRADING, LLC; (34) AGROCOMTRA USA, LLC; (35) HEALY HOLDINGS, LTD.; (36) JUNIPER TRADING, LLC; (37) NEXSA TRADING, LTD.; (38) HEMINGWAY INVESTMENTS, LLC; (39) GUDSON GROUP, LLC; (40) POLYCHEM GROUP, LTD.; (41) KUMAR HOLDINGS, LLC; (42) BUTLER TRADING, LLC; (43) MEDINVEST, LLC; (44) VILLETTE ASSOCIATES, LLC; (45) ACE STAR INTERNATIONAL, LLC; (46) BILLBROOK PROPERTIES, LLC; (47) ITELCO HOLDINGS, LLC; (48) OCEANIS GROUP, LLC; (49) OLDEMAR TRADING, LLC; (50) INTEG SERVICES, LLC; (51) NEXTON INTERNATIONAL, LC; (52) MOTIVA MEDIA, LLC; (53) JUNO GROUP, LLC; (54) BALMAIN TRADING, LTD.; (55) CALYPSSO GROUP, LLC; (56) LITTLE BAY, LLC; (57) FINTECH HOLDINGS, LLC; (58) ROYAL GAMES, LLC; (59) GROUND, LLC; (60) FERRETTI CORPORATION LIMITED; (61) ISER HOLDINGS, LTD.; (62) JURDAN ENTERPRISES, LTD.; (63) JUSTIN INVEST, LTD.; (64) WOODSTAR SERVICES, LLC; (65) DILLAN ATLANTIC, LLC; (66) BRIGHT LIGHT GROUP, LLC; (67)

ABILENE TRADE, LLC; (68) FALCONWOOD SERVICES, LLC; (69) PRIEMOR GROUP, LLC; (70) BIO HEALTH INTERNATIONAL INC., LLC; (71) SERENA TRADING, LLC; (72) ABEHART CONSULTANTS, LLC; (73) OVILLE GROUP, LLC; (74) EXTON INTERNATIONAL, LLC; (75) EVERINA HOLDINGS, LTD.; (76) YALE HOLDINGS, LTD.; (77) SUNGLOW INVESTMENT, LLC; (78) OVANO GROUP, LLC; (79) NEYMAR INVESTMENTS, LLC; (80) LYNTON TRADING, LTD.; (81) STEPNEY INTERATIONAL, LLC; (82) ESTRIDGE OVERSEAS, LC; (83) COSMETECH, LC; (84) AGROGLOBE EQUITY, LLC; (85) MULTINVEST, LLC; (86) GALDOR ENTERPRISES, LLC; (87) DILMOND ENTERPRISES, LTD.; (88) FERREX DEVELOPMENT, LLC; (89) CORELEY PROPERTIES INC., LLC; (90) THE INGELEC GROUP, LLC; (91) ABBLE HOLDING, LLC; (92) PIXI INCORPORATED, LLC; (93) HUTA HOLDINGS, LLC; (94) NAT ENTERPRISES, LTD.; (95) BUTTERFIELD CONSULTANTS, LLC; (96) ESSEX HOLDINGS GROUP, LLC; (97) MAFINSA, LLC; (98) RAFINA TRADING, LLC; (99) INVESTMENT, SPORT & WEBS, LLC; (100) METAL FIRST, LLC; (101) MELCO MARITIME, LLC; (102) KORMAN INTERNATIONAL, LLC; (103) NORTEX TRADING, LLC; (104) SMART STEEL, LLC; (105) RELCOVE LIMITED, LLC; (106) EUROGRANIT, LLC; (107) STEEL PRODUCT SERVICES, LLC; (108) BLUE DREAMS REAL ESTATE INVESTMENTS, LTD.; (109) DYNAMIC FITNESS, LLC; (110) RYDER MANAGEMENT SERVICES, LTD; (111) TREVER WELDING INDUSTRY, LLC; (112) BINDER CHEMICALS, LLC; (113) AYCHI INTERTRADING, LLC; (114) MEL SEA, LLC; (115) GLOBAL STEEL TRADING, LLC; (116) DOLPHIN TRADING, LLC; (117) MERCURY CONSULTANTS, LLC; (118) AMERICAN TRADE & PACKAGING, LTD.; (119) CAVALAGH COMMODITIES, LLC; (120) NET MARITIME, LLC; (121) EASTFER INTERNATIONAL, LLC; (122) ANGRAIN, LLC; and (123) ESTRIVELA, LLC (collectively, "The 123 Entities"), with each of the aforementioned entities non-parties to the instant litigation, by and through their attorney of record, the law firm Kolesar & Leatham, and hereby files The 123 Entities' Brief Regarding the Power of the Court to Compel Depositions of Nonparty Entities' Representatives Pursuant to the Federal Rules of Civil Procedure.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

The Brief is made and based upon Fed.R.Civ.P. 30, Fed.R.Civ.P. 45, the points and authorities herein, the declaration of Leticia Montoya filed herewith, the declaration of Jason M. Wiley, Esq. filed herewith, the papers and pleadings on file and any argument the Court wishes to entertain.

DATED this 16th day of July, 2014.

KOLESAR & LEATHAM

By /s/ Jason M. Wiley, Esq.
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
AARON R. MAURICE, ESQ.
Nevada Bar No. 006412
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145

*Attorneys for*
*The 123 Entities*

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3

# I.

## INTRODUCTION

Plaintiff NML Capital, Ltd. ("NML") holds judgments against the Republic of Argentina totaling more than $1.7 billion.  As part of NML's collection efforts, it issued subpoenas to 123 Nevada-organized entities ("The 123 Entities") – all of which are nonparties to the litigation – requesting documents and related information.  Leticia Montoya, an agent of Aldyne, Ltd. ("Aldyne") and the custodian of records for each of The 123 Entities, provided NML with responsive documents and executed affidavits on behalf of The 123 Entities detailing the efforts the companies undertook to respond to the subpoena.  Thereafter, NML, believing The 123 Entities' responses were deficient, filed a motion to compel petitioning this Court for an order requiring the companies to produce additional documents or, in the alternative, producing a witness for deposition.

On June 27, 2014, NML and The 123 Entities appeared before this Court and provided argument on NML's request to depose Ms. Montoya and/or a representative from The 123 Entities.  At said hearing, The 123 Entities argued that the Court could not compel the depositions and the Court requested briefing on the issue.

Fed.R.Civ.P. 45 expressly provides that a subpoena may command a nonparty to attend a trial, hearing, or deposition only is said event takes place within 100 miles of where the nonparty resides, is employed or regularly transacts business in person.  Neither Ms. Montoya nor any representative from The 123 Entities resides, is employed, or regularly conducts business within 100 miles of this Court's jurisdiction and, as such, said individuals cannot be compelled to appear for deposition in this jurisdiction.  Accordingly, The 123 Entities request that this Court denies NML's motion to compel and the derivative request to compel representatives from the entities and/or Ms. Montoya from appearing for deposition.

/ / /

/ / /

/ / /

/ / /

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

4

## II.

### STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

1.      Upon information and belief, Plaintiff NML CAPITAL, LTD. ("NML") holds judgments against the REPUBLIC OF ARGENTINA ("Argentina") totaling more than $1.7 billion.  *See* NML Capital, Ltd.'s Motion to Compel Production of Documents From Entities Affiliated With Non-Party Lazaro Baez ("Motion to Compel") Dkt. No. 1 p. 1 ll. 2-3.

2.      In attempting to collect on said judgments, NML has focused its attention on Lazaro Baez ("Baez"), an Argentinian banker, who has allegedly transferred Argentinian assets out of that country.  *See* Ministerio Pulico Fiscal de la Nacion (translated) ("Campagnoli Report"), a true and correct copy of which is appended hereto and labeled as Exhibit "A".

3.      The Campagnoli Report asserts Helvetic Service Group ("Helvetic"), an alleged Baez-controlled entity, was used to transfer assets out of Argentina and that Helvetic was organized in the State of Nevada with Aldyne, Ltd. ("Aldyne") providing nominee manager services for that entity.  *See* Campagnoli Report p. 2.

4.      On or about August 13, 2013, NML served subpoenas on The 123 Entities through MF Corporate Services (Nevada) Limited ("MF Nevada").  *See* Dkt. No. 1 p. 2 ll. 3-4.

5.      The 123 Entities were also duly organized in the State of Nevada, and Aldyne initially provided nominee manager services for each one of them.  *See* Declaration of Leticia Montoya For Use in Support of The 123 Entities' Brief Regarding the Power of the Court to Compel Depositions of Nonparty Entities' Representatives Pursuant to the Federal Rules of Civil Procedure ¶4 ("Montoya Declaration") filed herewith.

6.      Presumably, NML issued the subpoenas seeking information calculated to assist NML in tracing the funds Baez allegedly transferred out of Argentina.  *See* Dkt. No. 1 p. 2 ll. 3-4.

7.      On September 3, 2013, and in response to the subpoenas, Kent P. Woods, Esq., counsel for MF Nevada sent correspondence to NML's local counsel distinguishing The 123 Entities into four separate and distinct categories: (a) companies for which MF Nevada no longer provided services as resident agent and for which the entity's custodian of records could locate

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

no responsive documents; (b) companies that had revoked Aldyne as manager and for which the entity's custodian of records could locate no responsive documents; (c) companies since formally dissolved and for which the entity's custodian of records could locate no responsive documents; and (d) companies for which Aldyne continues to serve as manager and for which the entity's custodian of records could locate no responsive documents.  *See* correspondence from Kent P. Woods, Esq. to Kirk Lenhard, Esq. and Nikki Baker, Esq. dated September 3, 2013, a true and correct copy of which is appended hereto and labeled as Exhibit "B".

8.     Montoya, as Aldyne's agent and, in some instances, custodian of records for The 123 Entities, executed affidavits for each of the 123 Entities detailing: (a) which of the aforementioned categories applied to said entity; and (b) the lack of responsive documents.  *See* Montoya Declaration ¶6.

9.     On April 1, 2014, NML filed its Motion to Compel.  The motion seeks alternative relief: (a) an order "compelling 123 companies in Nevada that are affiliated with Lazaro Baez to produce documents that may point to the location of Argentina's assets in the United States or abroad;" or (b)  an order requiring "the Baez Entities to produce a witness for a deposition to explain, among other things, the efforts the Baez Entities made to obtain the requested information, the Baez Entities' document retention policies, and why they are unable to produce any documents." *See* Dkt. No. 1 p. 1 ll. 22-23; *see also* Dkt. 1 p. 14 ll. 9-12.

10.    The "Baez Entities" is a term employed by NML without any basis in fact.  Baez has no affiliation with any of The 123 Entities and, not surprisingly, NML has not provided any support for the allegation.

11.    NML's characterization of the activities of The 123 Entities is also without basis in fact.  The Campagnoli Report makes no reference whatsoever to The 123 Entities, whether singularly or in any combination thereof.  *See* Campagnoli Report.

12.    NML characterization of The 123 Entities' efforts to respond to the subpoenas is also without basis in fact.  Montoya simply indicated the lack of responsive documents.  *See* Montoya Declaration ¶6.

/ / /

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

6

13.     On May 1, 2014, NML filed NML Capital, Ltd.'s Notice of Non Opposition to Motion to Compel Production of Documents From Entities Affiliated with Non-Party Lazaro Baez ("Notice of Non Opposition").  *See* Dkt. 7.

14.     NML's Notice of Non Opposition petitioned the Court for an order that The 123 Entities produce Letitia [sic] Montoya, an Aldyne representative, for deposition    to,      among other things, explain the efforts the 123 Entities made to obtain the documents responsive to the subpoenas issued to The 123 Entities.  *See* Dkt. 7 p. 2 ll. 11-17.

15.     On June 18, 2014, the United States District Court District of Nevada filed a Minute Order which provided, in pertinent part, for the scheduling of a hearing on NML's Motion to Compel and request to "depose the Baez entities."  *See* Dkt. 8 p. 1 ll. 19-22.

16.     On June 27, 2014, counsel for The 123 Entities filed a Notice of Appearance.  *See* Dkt. 11.

17.     On June 27, 2014, counsel for (a) NML; (b) MF Nevada; and (c) The 123 Entities appeared before this Court pursuant to the Minute Order.  *See* Dkt. 12.

18.     At said hearing, Jason M. Wiley, Esq. argued that each of The 123 Entities were separate entities with each entity, presumably, having its own representative.  As such, any request to depose "the Baez entities" (i.e., The 123 Entities) as provided in this Court's Minute Order would result in up to 123 individual depositions – not just one deposition as contemplated by NML. *See* Declaration of Jason M. Wiley, Esq. For Use in Support of The 123 Entities' Brief Regarding the Power of the Court to Compel Depositions of Nonparty Entities' Representatives Pursuant to the Federal Rules of Civil Procedure ¶5 ("Wiley Declaration") filed herewith.

19.     Also at said hearing, the Court deferred ruling on NML's Motion to Compel. Instead, the Court required counsel for NML and The 123 Entities to: (a) meet and confer in an attempt to resolve all outstanding discovery disputes; (b) file a joint status report regarding the parties' efforts to resolve the outstanding discovery disputes; and (c) file separate briefs regarding the Court's power to compel the depositions of Letitia [sic] Montoya.[1] *See* Dkt. 12.

---

[1] Besides the confusion caused by NML regarding Baez's relationship with The 123 Entities, NML has also created confusion as to Montoya's relationship with said entities.  For clarity sake, authoring counsel does not represent Ms. Montoya or Aldyne. Ms. Montoya, however, did execute the affidavits in her capacity as custodian of records for the

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

20.     On July 2, 2014, counsel for NML and counsel for The 123 Entities participated in a telephonic conference pursuant to the Court's Minutes of Proceeding.   *See* Wiley Declaration ¶7.

21.     Despite good faith efforts by both parties, counsel were unable to resolve the outstanding discovery disputes.   *See* Wiley Declaration ¶8.

### III.

### LEGAL ARGUMENT AND ANALYSIS

**A.     *Relevant Provisions of Federal Rule of Civil Procedure 45***

Fed.R.Civ.P. 45, as amended, provides, in pertinent part:

(c)     PLACE OF COMPLIANCE

    (1)     *For a Trial, Hearing, or Deposition.*   ***A subpoena may command a person to attend a trial, hearing, or deposition only as follows***:

        (A)     ***within 100 miles of where the person resides, is employed, or regularly transacts business in person***; or

        (B)     within the state where the person resides, is employed, or regularly transacts business in person, if the person:

            (i)     is a party or a party's officer; or

            (ii)     is commanded to attend a trial and would not incur substantial expense.

    (2)     *For Other Discovery.*   ***A subpoena may command***:

        (A)     ***production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person***; and

        (B)     inspection of premises at the premises to be inspected.

(d)     PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT

    (1)     *Avoiding Undue Burden or Expense; Sanctions.*   A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.   The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

/ / /

/ / /

---

123 Entities (or in a similar capacity) and, as such, The 123 Entities file this Brief as requested by the Court.

8

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

(2) *Command to Produce Materials or Permit Inspection.*

    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing or trial.

    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

    (A) *When Required.* __On timely motion, the court for the district where compliance is required must quash or modify a subpoena that__:

        (i) fails to allow a reasonable time to comply;

        (ii) __requires a person to comply beyond the geographical limits specified in Rule 45(c)__

        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

        (iv) subjects a person to undue burden.

    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in disputed and results from the expert's study that was not requested by a party.

/ / /

/ / /

/ / /

<div style="margin-left:auto; writing-mode:vertical">

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

</div>

(C)     *Specifying Conditions as an Alternative.*   In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i)     shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   (ii)    ensures that the subpoenaed person will be reasonably compensated.

(g)     CONTEMPT.  The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – ***may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena*** or an order related to it.

(emphasis added)

**B.     Courts Have Consistently Held That a Nonparty's Failure to Obey a Subpoena Must Be Excused if the Subpoena Purports to Require The Nonparty To Attend Or Produce at a Location Outside The Geographical Limits of Fed.R.Civ.P. 45**

An issuing party may petition the court for a contempt award if it feels the receiving party did not have an adequate excuse for failing to obey the subpoena. *See* Fed.R.Civ.P. 45(g). Courts have consistently held, however, that a geographically remote nonparty's failure to obey a subpoena which requires the nonparty to bring itself within the subpoena's limited geographical reach for the unique purpose of attending a deposition or producing documents constitutes adequate excuse.  *See Jackson v. Brinker*, 147 F.R.D. 189 (S.D.Ind. 1993); *see also In re Denture Cream Products Liability Litigation*, 292 F.R.D. 120 (D.D.C. 2013); *JJK Mineral Co., LLC v. Swiger*, 292 F.R.D. 323 (W.Va. 2013).   In this case, The 123 Entities are all such geographically remote nonparties.  Therefore, The 123 Entities had adequate excuse for their respective failures to respond to the subpoenas that sought to bring them into the geographical limits for the unique purpose of producing documents.

**C.     Fed.R.Civ.P. 45 Provides a Subpoena May Command a Nonparty to Attend a Trial, Hearing or Deposition Only if Said Event Takes Place Within 100 Miles of Where the Nonparty Resides, is Employed or Regularly Transacts Business in Person**

Fed.R.Civ.P. 30(b)(6) provides, in relevant part, that a party's subpoena for deposition testimony:

May name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination.   The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its

10

1    behalf, and it may set out the matters on which each person designated
2    will testify . . . The persons designated must testify about information
     known or reasonably available to the organization.

3    Fed.R.Civ.P. 30(b)(6) is available to obtain the deposition not only of a party, but also of

4    a nonparty by means of a subpoena issued under Fed.R.Civ.P. 45.  *See* Fed.R.Civ.P. 30(a)(1)

5    ("the attendance of witnesses may be compelled by subpoena as provided in Rule 45") *accord*

6    *Wultz v. Bank of China, Ltd.*, 293 F.R.D. 677, 679 (S.D.N.Y. 2013).

7    While a nonparty entity may be subject to a subpoena for deposition testimony, courts

8    have consistently held that Fed.R.Civ.P. 45, requires a court to "quash a subpoena if the

9    subpoena *requires a person who is not a party* or an officer of a party to travel to a place more

10   than 100 miles from the place where that person resides, is employed or regularly transacts

11   business in person.  Fed.R.Civ.P. 45(c)(3)(A)(ii)."[2]  *Price Waterhouse LLP v. First American*

12   *Corp.*, 182 F.R.D. 56, 61 (S.D.N.Y. 1998) (emphasis added); *see also Roundtree v. Chase Bank*

13   *USA, NA*, No. 13-239 MJP, slip op. at 2 (W.D. Wa. June 3, 2014) ("If the subpoena falls outside

14   of the scope of FRCP 45(c), FRCP 45(d)(3)(A)(ii) requires the Court to quash the subpoena

15   following the motion.").  The purpose of this rule is to protect nonparty witnesses "from being

16   subjected to excessive discovery burdens in litigation in which they have little or no interest."  *In*

17   *re Edelman,* 295 F.3d 171, 178 (2d Cir.2002) (citing *Price Waterhouse LLP,* 182 F.R.D. at 63).

18   In short, Fed.R.Civ.P. 30 and Fed.R.Civ.P. 45 work in concert.  Rule 30 provides a

19   procedure for determining the proper person to depose.  Once that is determined, Rule 45 – and

20   not Rule 30 – determines where the deposition is to be conducted.  *Cates v. LTV Aerospace*

21   *Corp.*, 480 F.2d 620 (5th Cir.1993).

22   Moreover, this approach prioritizes the intent of Rule 45 to protect nonparty witnesses

23   from the undue burden of traveling inordinate distances related to "litigation which they have

24   little or no interest."  *Price Waterhouse LLP,* 182 F.R.D. at 63 (citing *Stanford v. Kuwait Airlines*

25   *Corp.*, No. 85 Civ. 0477-SWK, 1987 WL 26829, at *3 (S.D.N.Y. Nov. 25, 1987).  As such,

26
27   [2] On December 1, 2013, Fed.R.Civ.P. 45 was amended.  Said amendment resulted in the "100 miles requirement" to
     be set forth in Fed.R.Civ.P. 45(d)(3)(A)(ii) – it previously was found in Fed.R.Civ.P. 45(c)(3)(A)(ii).  The language
     of the statute is the same pre- and post-amendment, and thus, is interchangeable.  In citing cases herein that were
28   decided prior to the 2013 amendment, there may be references to Fed.R.Civ.P. 45(c)(3)(A)(ii).  This footnote is
     included to alleviate confusion.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

11

courts have quashed subpoenas that called for the testimony of an employee who was not located within Fed.R.Civ.P. 45's narrow territorial restrictions.  *See Price Waterhouse LLP,* 182 F.R.D. at 63 (quashing subpoena where the knowledgeable employees of the subpoenaed party did not "reside," were not "employed," and did not "regularly transact business in person" in the court's jurisdiction); *In re ANC Rental Corp.*, 2002 WL 34729302, at *1 (E.D.Pa. June 20, 2002) (quashing subpoena that commanded nonparty's corporate designee to "travel over 1,200 miles"); *RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, 2011 WL 6020154, at *4 (E.D.N.Y. Nov. 30, 2011) (quashing subpoena to witness designated pursuant to Rule 30(b)(6) outside territorial limit where "the individual who has been selected as the 30(b)(6) witness to answer these questions appears to be the most competent" and "there appears to be no comparable employee located in New York with the requisite knowledge necessary to answer the questions at issue").

Here, neither Montoya nor the would-be Fed.R.Civ.P. 30(b)(6) designated representatives from any of The 123 Entities reside, are employed or regularly conduct business within 100 miles of the jurisdiction of this Court.[3]  *See* Montoya Declaration ¶7, ¶8.  As such, the subpoenas NML issued to each of The 123 Entities run afoul of the geographic limitations of Rule 45.  *See* Fed.R.Civ.P. 45(d)(3)(A(ii).  It makes no difference that The 123 Entities did not file a motion to quash said subpoenas shortly after service.  NML's Motion to Compel should be denied and this Court should enter an order providing that neither Montoya nor any authorized representative from The 123 Entities is required to provide deposition testimony in this jurisdiction.

### D.    *Jurisdictional Analysis is Immaterial for Purposes of Fed.R.Civ.P. 45 and "The 100 Mile" Provision Contained Therein*

Courts have held jurisdictional analysis is inappropriate for analyzing Fed.R.Civ.P. 45 because it responds to an entirely different set of concerns.  In considering specific or general jurisdiction, courts ask under what circumstances would due process permit a state to enforce its laws over a party.  In considering when a nonparty witness may be commanded by subpoena to

---

[3] Again, NML has not actually noticed the deposition of anybody affiliated with The 123 Entities.  Instead, NML is seeking a shortcut to that end via this discovery dispute.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

appear, however, the court does not consider the forum state's power or the notice to the witness, but only the burden to the witness of being required to physically appear.  This is the only concern of Rule 45(c).  *Regents of University of California v. Kohne,* 166 F.R.D. 463, 464 (S.D.Cal. 1996).

In the present matter, it is undisputed that The 123 Entities are all Nevada entities.  *See* Montoya Declaration ¶4.  Said fact is of no consequence when determining whether a nonparty witness may be commanded by subpoena to appear.  A complaint naming The 123 Entities, or any of them, as *parties* would be proper in requiring their participation or response.  The disputed subpoenas, however, are not evaluated under the same rubric.  *Regents of University of California*, 166 F.R.D. at 464.  The subpoenas are obviously noncompliant with Rule 45's geographic limitations and, therefore, ineffective.  NML's Motion to Compel should be denied.

**E.    A Nonparty Entity Has No Duty to Provide or Educate an Employee or Representative Within the Geographic Limits Set Forth in Fed.R.Civ.P. 45**

Nor are subpoenaed entities required to "educate" an employee or representative located within Fed.R.Civ.P. 45 geographic restrictions.  *Estate of Klieman v. Palestinian Authority*, 293 F.R.D. 235 (D.D.C. 2013).  This would place the burden of a subpoena's compliance with Fed.R.Civ.P. 45 on to the receiving nonparty.  Fed.R.Civ.P 30(b)(6) imposes upon subpoenaed corporations the duty to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought and to prepare those persons in order that they can answer fully, completely, inevasively, the questions posed."  *SEC v. Morelli,* 143 F.R.D 42, 45 (S.D.N.Y. 1992).  There is no reference to ensuring that the designated person is subject to a particular subpoena.  As previously discussed, two rules govern depositions of nonparties – Fed.R.Civ.P. 30 and Fed.R.Civ.P. 45. Where a subpoena fails to comply with Rule 45, a court must quash it. *Wultz v. Bank of China,* 293 F.R.D. 677, 680 (S.D.N.Y. 2013);

Here, this Court is faced with less rigorous analysis than the United States District Court District of District of Columbia in *Estate of Klieman*.  None of The 123 Entities has any physical presence, be it an office or an employee/representative, within 100 miles of this Court or the location of the proposed deposition(s).  *See* Montoya Declaration ¶9, ¶10.  Therefore, producing

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

13

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

an employee/representative is neither realistically feasible nor legally proper.  As such, NML's

Motion to Compel should be denied.

**F.    *That the Subpoenas Were Served Upon The 123 Entities Through Their Resident Agent Located in this Jurisdiction is Immaterial For Fed.R.Civ.P. 45 Analysis***

In *Nordotek Environmental, Inc. v. RDP Technologies*, No. CV09-4714, 2010 WL 3070196, at \*1 (S.D. Ga. August 5, 2010), a nonparty Norwegian corporation and two of its employees, both Norwegian residents, moved to quash subpoenas issued by the United States District Court Southern District of Georgia providing said witnesses were to appear for deposition in Savannah, Georgia.  Service of the subpoenas was proper as each nonparty witness was personally served while attending a conference in Savannah.  The issuing party argued that the nonparty witnesses possessed information that was "critical" to the litigation. The court quashed the subpoena while noting there is no "critical witness" exception recognized under Rule 45 (c)(3)(A)(ii).  "If the subpoena requires a nonparty witness to travel more than 100 miles from his home or the place where he regularly conducts business in order to attend a deposition, the issues court *must* quash or modify that subpoena." *Nordotek Environmental*, 2010 WL 3070196 at \*1.

*Nordotek* applies here.  Each of The 123 Entities is/was duly organized under the laws of the State of Nevada and MF Corporate serves/served as registered agent for each of The 123 Entities.  *See* Montoya Declaration ¶4.  Unfortunately for NML's motion, that fact is of no consequences for purposes of this Court's analysis.  Again, the sole issue is whether the subpoenas require The 123 Entities witness(es) to travel more than 100 miles from their respective homes, places of employment or places where they regularly conduct business in person.  As provided *ad nauseum*, neither Montoya nor any representative from The 123 Entities resides, works, or conducts business in person within 100 miles of this Court or the proposed deposition location.  *See* Montoya Declaration ¶7, ¶8.  Accordingly, NML's Motion to Compel should be denied.

/ / /

14

**G.      Fed.R.Civ.P. 45(g) Revisited** [4]

Though not expressly stated, The 123 Entities read NML's motion to also be a request for a contempt decree based on The 123 Entities' failure to respond to the disputed subpoenas.  As already explained, courts have long held a nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45 (c)(3)(A)(ii).  *Wallace v. Kmart Corp.*, 687 F.3d 86, 89 (3d. Cir.2012).

In *Casabona Properties, LLC v. Convire, Inc.*, No. 08-cv-1992-KSH-MAS, 2010 WL 331346 at *2 (D.N.J. January 20, 2010), the United States District Court District of New Jersey denied a party's motion to hold nonparty in contempt for said nonparty's failure to adhere to a subpoena.  The subpoena was issued in New Jersey and served on the nonparty in Cicero, Illinois (i.e., outside the issuing district and the 100 miles contemplated by Fed.R.Civ.P. 45).  The court denied the motion based upon Fed.R.Civ.P. 45(e).  Likewise, in *Martha's Vineyard Scuba Headquarters, Inc. v. Wrecked and Aban*, 280 F.R.D. 76 (D.Mass. 2011), the court found that the nonparty, who was personally served with the subpoena during a trip to Boston but resided and worked in Northern Ireland, had an adequate excuse for failing to obey and, therefore, that sanctions were not appropriate.

In the present matter, The 123 Entities had adequate excuse for not responding to the issued subpoenas. Montoya and the representatives from The 123 Entities reside, work and regularly conduct business in person beyond the geographic limit set forth in Fed.R.Civ.P. 45.  *See* Montoya Declaration ¶7, ¶8.  NML's Motion to Compel should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] On December 1, 2013, Fed.R.Civ.P. 45 was amended.  The "adequate excuse" provision – now Fed.R.Civ.P. 45(g) – was formerly Fed.R.Civ.P. 45(e).  In citing cases herein that were decided prior to the 2013 amendment, there may be references to the latter.  This footnote is included to alleviate confusion.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**IV.**

**CONCLUSION**

For the foregoing reasons, NML's Motion to Compel – and all remedies sought therein – should be denied and this Court should enter an order providing that Montoya and any and all representatives for The 123 Entities are not required to provide deposition testimony in this jurisdiction.

DATED this 16th day of July, 2014.

KOLESAR & LEATHAM

By /s/ Jason M. Wiley, Esq.
   JASON M. WILEY, ESQ.
   Nevada Bar No. 009274
   AARON R. MAURICE, ESQ.
   Nevada Bar No. 006412
   400 South Rampart Boulevard
   Suite 400
   Las Vegas, Nevada 89145

   *Attorneys for The 123 Entities*

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

16

**CERTIFICATE OF SERVICE**

I hereby certify that I am employee of Kolesar & Leatham, and that on the 16th day of July, 2014, I caused to be served a true and correct copy of foregoing THE 123 ENTITIES' BRIEF REGARDING THE POWER OF THE COURT TO COMPEL DEPOSITIONS OF NONPARTY ENTITIES' REPRESENTATIVES PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE in the following manner:

(ELECTRONIC SERVICE) Pursuant to Federal Rule of Civil Procedure 5(b) and Section IV of District of Nevada Electronic Filing Procedures, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

Kirk B. Lenhard          klenhard@bhfs.com

Nikki L. Baker           nbaker@bhfs.com

Dennis H. Hranitzky      dennis.hranitzky@dechert.com

Carmine D. Boccuzzi, Jr.      cboccuzzi@cgsh.com

Kent Woods               kwoods@woodserickson.com

/s/ Susan A. Owens
An Employee of KOLESAR & LEATHAM