KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135
Email:  klenhard@bhfs.com
Email:  nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ. (admitted *pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:   212.698.3500
Facsimile:   212.698.3599
Email:   dennis.hranitzky@dechert.com

*Attorneys for NML Capital Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL LTD., <br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | CASE NO.:  2:14-cv-00492-JAD-VCF <br><br>**NML CAPITAL, LTD.'S SUPPLEMENTAL BRIEF REGARDING THE BAEZ ENTITIES' OBLIGATION TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45 AND THE BAEZ ENTITIES' COUNSEL'S OBLIGATIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(g)** <br><br>Date of Hearing:  August 1, 2014 <br><br>Time of Hearing:  3:00 p.m. |

016887\0001\11475446.1

**BACKGROUND FACTS**[1]

Nearly a year ago, NML served subpoenas on 123 entities in Nevada that appear to be affiliated with Lázaro Báez.[2]  *See* Affidavit of Nikki L. Baker dated April 1, 2014, attached to NML's pending motion to compel (Dkt. #1) ("Baker Aff.") at ¶ 2.  These Báez Entities neither objected nor responded to NML's subpoenas.  Instead, an entity based in the Seychelles called Aldyne, Ltd. submitted self-serving and demonstrably inaccurate affidavits signed by Leticia Montoya—a lawyer at Mossack Fonseca in Panama—purportedly on behalf of 114 of the Báez Entities.  *Id*. at ¶ 4.  Each of Ms. Montoya's affidavits states that Aldyne serves or has served as "manager" and "custodian of records" for the Báez Entity at issue, that Aldyne searched "all available records," and that Aldyne's search revealed "no documents responsive to the Subpoenas."

After reviewing these Affidavits, NML determined that the Báez Entities were withholding documents responsive to the subpoenas that are all but certain to be in their possession, custody, and/or control.  *Id*. at ¶ 5.  NML's counsel made repeated requests to speak to a representative of the Báez Entities or Aldyne concerning the Báez Entities' deficient responses to the subpoenas.  *Id*. at ¶¶ 6-31.  When these overtures proved utterly unsuccessful, NML brought the instant motion to compel.  (Dkt. #1).

At a hearing on NML's motion held on June 27, 2014, the Court ordered the parties to file supplemental briefs on the power of this Court to compel the deposition of Ms. Montoya, who resides in Panama.  Following another hearing on the motion held July 18, 2014, the Court ordered the parties to file additional supplemental briefs on whether, as Nevada corporations with a Nevada service agent which are indisputably subject to this Court's jurisdiction, the Báez Entities must comply with NML's document subpoenas.  *See* 7/18 Hearing Tr. 46:7-16.  In addition, the Court directed that, unless counsel for the Báez Entities agrees he is required under Federal Rule of Civil Procedure 26(g) to ensure that his clients' search for responsive documents

---

[1]  A more complete recitation of the facts relevant to NML's still-pending motion to compel is set forth in NML's prior submissions in support of that motion.

[2]  Unless otherwise indicated, terms defined in NML's prior submissions in support of its motion to compel (e.g. "NML," Argentina" and the "Baez Entities") have the same meanings in this Supplemental Brief.

2

1  was thorough, and that their representations as to the existence of such documents were accurate,
2  the parties are to brief this issue as well.  *Id.* at 42:25-43:7.

3  Following a meet and confer on July 24, 2014, counsel for the Báez Entities took the
4  position that he had no such duty:  ostensibly: (1) because Rule 26(g) imposes no such duty on
5  counsel for a non-party responding to a Rule 45 subpoena (as opposed to counsel for a party
6  responding to a request for disclosure); and (2) because even if Rule 26(g) imposes such a duty on
7  counsel for a non-party served with a Rule 45 subpoena, that duty does not require counsel to
8  retroactively confirm the completeness of his clients' search for responsive documents—and the
9  accuracy of his clients' representations as to the existence of such documents—where those
10 searches were undertaken and representations were made prior to counsel's appearance in the
11 case.

12 As NML explains below, as Nevada corporations, the Báez Entities "reside" in Nevada,
13 are therefore indisputably obligated to comply with NML's document subpoena—whether or not
14 the responsive documents are located in Nevada.  Furthermore, the Báez Entities' counsel has a
15 duty under Rule 26(g) to independently verify that his clients undertook a comprehensive search
16 for all responsive documents in their possession, custody or control and produced all such
17 documents.

**ARGUMENT**

**I.  THE BÀEZ ENTITIES MUST COMPLY WITH NML'S DOCUMENT SUBPOENAS BECAUSE THEY RESIDE IN NEVADA.**

Even if the Court were to assume that the Báez Entities are excused from complying with a *deposition* subpoena—a proposition NML vigorously contests[3]—those entities are nonetheless unquestionably obligated to search for and produce any *documents* responsive to NML's subpoenas.  Rule 45(c)(2) of the Federal Rules of Civil Procedure requires that a subpoena may command a person to produce documents, electronically stored information, or other tangible things within 100 miles from where the subpoenaed party resides.[4]  And as Nevada corporations,

---

[3] *See* NML's July 16, 2014 Supp. Br. at pp. 2-6. (Dkt. #22).
[4] *See* Fed. R. Civ. P. 45(c)(2)(A).  And of course, the term "person" in Federal Rule of Civil Procedure 45

3

1  each of the Báez Entities resides in Nevada. *See Heft v. AAI Corp.,* 355 F. Supp. 2d 757, 763
2  (M.D. Pa. 2005) ("A corporation 'resides' in its state of incorporation…."); *Caremark*
3  *Therapeutic Servs. v. Leavitt,* 405 F. Supp. 2d 454, 458 (S.D.N.Y. 2005) ("The traditional
4  definition of residence for a corporation is the place of incorporation.").

5  Furthermore, it makes no difference whether the documents sought through NML's
6  subpoenas are located within or outside of Nevada. Wherever responsive documents are located,
7  this Court has the power to compel the Báez Entities—which are unquestionably subject to
8  personal jurisdiction in Nevada—to produce them in Nevada.[5] Courts have consistently held that
9  subpoenas served on non-party entities "reach[] all responsive materials within the corporation's
10 control, even those located outside" the forum. *See, e.g.*, *Eitzen Bulk A/S v. Bank of India*, 827 F.
11 Supp. 2d 234, 238 (S.D.N.Y. 2011); *Less v. Taber Instrument Corp.*, 53 F.R.D. 645, 646
12 (W.D.N.Y. 1971) (a corporation "doing business in a district is subject to all process, including
13 subpoena, in the district, and if documents are required in response to a subpoena, the court has
14 the power to order their production even though they are physically located outside the
15 jurisdiction."). This principle applies even to responsive documents located outside of the United
16 States. *See In re Teknek LLC*, No. 05 B 27545, 2006 WL 2136046, at *1 (N.D. Ill. June 30,
17 2006) (courts have the power to "require production of documents stored outside the territorial
18 boundaries of the United States provided that the federal court has personal jurisdiction over the
19 person subject to compulsion to produce documents."); *Hunter Douglas, Inc. v. Comfortex Corp.*,
20 No. Civ. A M8-85 (WHP), 1999 WL 14007, at *3 (S.D.N.Y. Jan. 11, 1999) ("[T]he mere fact that
21 the subpoenaed documents are in Canada does not exempt them from discovery.").

22 In any case, the Báez Entities waived their objections to any ostensible "defects" in
23 NML's document subpoenas when they failed to object to those subpoenas in a timely fashion.
24 "A non-party's failure to timely make objections to a Rule 45 subpoena generally results in
25 waiver of the objections." *Dhaliwal v. Singh*, No. 1:13-CV-00484-LJO-SWO, 2014 WL

---

applies to both natural and artificial persons. *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006).
[5]     The Báez Entities are without question subject to personal jurisdiction in Nevada, as they are incorporated under the laws of Nevada. *See Goodyear Dunlop Tires Operations S.A. v. Brown*, 131 S.Ct., 2846, 2853-54 (2011) (corporations are subject to general in personam jurisdiction at their place of incorporation).

4

3401384, at *2 (E.D. Cal. July 11, 2014) (slip copy); *see also Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012) ("Failure to serve timely objections may constitute a waiver of objections to the [Rule 45] subpoena").

## II. COUNSEL FOR THE BAÉZ ENTITIES MUST INDEPENDENTLY VERIFY THE COMPLETENESS OF HIS CLIENTS' SEARCH FOR RESPONSIVE DOCUMENTS AND THE ACCURACY OF THE MONTOYA AFFIDAVITS.

The Báez Entities' counsel cannot merely rely on Ms. Montoya's assertions that Aldyne conducted a comprehensive search for documents responsive to NML's subpoenas and found none. Rather, Federal Rule of Civil Procedure 26(g) "place[s] an ***affirmative obligation*** on an attorney to ensure that a client's search for responsive documents and information is complete." *Logtale, Ltd. v. IKOR, Inc.*, No. C-11-05452 CW (DMR), 2013 WL 3967750, at *2 (N.D. Cal. July 31, 2013) (emphasis supplied). In the words of this Court, Rule 26(g) "requires counsel to sign [all] discovery responses, and by signing, an attorney certifies that he has made a reasonable effort to ensure his client provided all responsive information and documents available to the client." *Lefever v. Nicholson*, No. 2:10-cv-01917-MMD-PAL, 2012 WL 5406464, at *2 (D. Nev. Nov. 5, 2012).

This obligation applies with equal force to counsel for a non-party served with a Rule 45 subpoena as to counsel for a party served with a discovery or disclosure request. *See Optimize Tech. Solutions LLC v. Staples, Inc.*, No. 14-mc-80095, 2014 WL 1477651, at *1 (N.D. Cal. Apr. 14, 2014) (noting that the "[non-party] has certified its [discovery responses] are 'complete and correct' in accordance with Rule 26(g)(1)(A)."); *United States v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14155, 2012 WL 4838987, at *2 (E.D. Mich. Oct. 11, 2012) (subpoena to a third party under Rule 45 is also subject to the requirements of Rule 26). An attorney's refusal to comply with this obligation results in mandatory sanctions against the attorney. *See Ober v. Cnty. of Los Angeles*, No. CV 10-10032-DMG (SHx), 2014 WL 2504504, at *7 (C.D. Cal. Mar. 27, 2014) ("Sanctions are likewise mandatory under Rule 26(g), which requires that counsel make a reasonable investigation and effort to certify that the client has provided all information and documents available to it which are responsive to a discovery request—something that

5

1  defendants' counsel has plainly failed to timely or competently do here.").

2  Finally, the fact that the Baéz Entities' counsel appeared in this proceeding after Ms. Montoya allegedly searched for responsive documents and (implausibly) claimed to have found none does not relieve him from his duty under Rule 26(g) to independently confirm that a comprehensive search was performed and all responsive documents were produced.  Rather, where, as here, counsel for the responding party "has not already done so, [he or she] shall certify [his or her client's] responses pursuant to Rule 26(g) indicating that the response is complete and correct as of the time it was made and no other information exists." *Sun Pacific Mktg. v. DiMare Fresh, Inc.* No. 1:06-CV-1404, 2009 WL 4673900, at *7 (E.D. Cal. 2009); *see also* Order at ¶¶ 2, 3, *Themis Capital et ano. v. Democratic Republic of Congo et ano*, No. 09 Civ. 1652 (PAE) (S.D.N.Y. Nov. 9, 2012), ECF No. 96 (following Defendants' deficient document production, directing Defendants' counsel to submit an affidavit describing, among other things, "all searches [for responsive documents] that have been conducted… the identities of all individuals who have been contacted, what actions have been undertaken by those individuals, and what information they provided; all document repositories (whether in hard copy or in electronic form) that have been searched; and the types of documents that have been found, and those documents that Defendants have searched for and could not locate.") (attached as Exhibit A).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

## CONCLUSION

For the foregoing reasons, NML respectfully requests that the Court compel the Báez Entities to comply with NML's subpoenas, and direct counsel for the Báez Entities to comply with his duty under Federal Rule of Civil Procedure 26(g) to conduct a reasonable investigation into the thoroughness of his clients' search for documents responsive to the subpoenas, and to verify the accuracy of his clients' representations as to the existence of such documents.

DATED this 29th day of July 2014.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Kirk B. Lenhard
Kirk B. Lenhard, Esq.
Nevada Bar No. 1437
Nikki L. Baker, Esq.
Nevada Bar No. 6562
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

Dennis H. Hranitzky (admitted *pro hac vice*)
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797

*Attorneys for NML Capital Ltd.*

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **NML CAPITAL, LTD.'S SUPPLEMENTAL BRIEF REGARDING THE BAEZ ENTITIES' OBLIGATION TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45 AND THE BAEZ ENTITIES' COUNSEL'S OBLIGATIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(g)** was served via the court's electronic service or U.S. Mail, postage prepaid on the date and to the address shown below:

Carmine D. Boccuzzi, Jr., Esq.
CLEARY, GOTTLEIB, STEEN & HAMILTON, LLP
One Liberty Plaza
New York, NY  10006
*Counsel for Defendant The Republic of Argentina*

Jason M. Wiley, Esq.
Daniel S. Cereghino, Esq.
Aaron R. Maurice, Esq.
400 South Rampart Blvd.
Suite 400
Las Vegas, NV  89145
*Attorneys for 123 Entities*

DATED this 29th day of July, 2014.

   /s/ Karen Mandall
an employee of Brownstein Hyatt Farber Schreck, LLP