# EXHIBIT A

# TITLE II

## PUNISHMENT

**ARTICLE 23.-** In all cases leading to conviction for the crimes defined in this Code or by special criminal laws, said conviction will include forfeiture to the national State, provinces or municipalities of the items used to commit the crime as well as the items and profits that represent the product or proceeds of the crime, except for any rights to restitution or compensation that the injured party or third parties may have.

If the items are a threat to public safety, said forfeiture may be ordered even if it affects third parties, unless the latter have a good-faith right to be compensated.

If the perpetrator or participants have acted as the superior of anyone or as officers, members or administrators of a legal entity, and the product or proceeds of the crime have benefited the subordinate person or legal entity, the forfeiture will apply to the latter.

If the product or proceeds of the crime have benefited a third party without reciprocal compensation, the forfeiture will apply to the latter.

If the forfeited property has use value or cultural value for any official establishment or publicly owned asset, the respective national, provincial or municipal authority may determine that it be assigned to those entities. If this is not the case and it possesses commercial value, said authority may dispose of it as it sees fit. If it possesses no licit value whatsoever, it will be destroyed.

In the event of a conviction for any of the crimes defined under Articles 125, 125 *bis*, 127, 140, 142 *bis*, 145 *bis*, 145 *ter* and 170 of this Code, the property subject to forfeiture will include the personal or real property where the victim was being held or exploited. Under the terms of the present article, the property forfeited pursuant to such crimes and the proceeds of any fines imposed will be allocated to victim assistance programs. *(Paragraph replaced by Art. 20 of Law No. 26,842 B.O. 12/27/2012)*

For crimes defined under Article 213 *ter* and *quater*, and under Title XIII of Book Two of this Code, irrevocable forfeiture will apply without the need for a criminal conviction whenever the illicit origin of the property or the material fact to which it was linked can be proven, and when the defendant cannot be tried for reasons of death, flight, statute of limitations or any other cause for stay or expiry of a criminal action, or the defendant has acknowledged the illicit origin or use of said property. *(Paragraph incorporated by Article 6 of Law No. 26.683 B.O. 06/21/2011)*

Any claim or litigation regarding the origin, nature or ownership of the property must be pursued through administrative or civil restitution proceedings. If the property has been sold at auction, only its monetary value may be claimed. *(Paragraph incorporated by Article 6 of Law No. 26.683 B.O. 06/21/2011)*

The judge may, from the outset of judicial proceedings, adopt all sufficient preventive measures to ensure the forfeiture of real property, funds deriving from commerce, deposits, transportation, computer, technical and communications equipment, and any other property or property rights for which forfeiture may be presumptively applicable due to their status as instruments or items related to the crime or crimes under investigation.

Preventive measures for the purpose of putting an end to the commission or the crime or its consequences, or of preventing the consolidation of its proceeds or obstructing impunity on the part of its perpetrators, may possess the same scope. In all cases, the rights of any injured party and of third parties to restitution or compensation must be safeguarded.

*(Article replaced by Art. 1 of Law No. 25.815 B.O. 12/1/2003)*

## TITULO II

## DE LAS PENAS

**ARTICULO 23.-** En todos los casos en que recayese condena por delitos previstos en este Código o en leyes penales especiales, la misma decidirá el decomiso de las cosas que han servido para cometer el hecho y de las cosas o ganancias que son el producto o el provecho del delito, en favor del Estado nacional, de las provincias o de los municipios, salvo los derechos de restitución o indemnización del damnificado y de terceros.

Si las cosas son peligrosas para la seguridad común, el comiso puede ordenarse aunque afecte a terceros, salvo el derecho de éstos, si fueren de buena fe, a ser indemnizados.

Cuando el autor o los partícipes han actuado como mandatarios de alguien o como órganos, miembros o administradores de una persona de existencia ideal, y el producto o el provecho del delito ha beneficiado al mandante o a la persona de existencia ideal, el comiso se pronunciará contra éstos.

Cuando con el producto o el provecho del delito se hubiese beneficiado un tercero a título gratuito, el comiso se pronunciará contra éste.

Si el bien decomisado tuviere valor de uso o cultural para algún establecimiento oficial o de bien público, la autoridad nacional, provincial o municipal respectiva podrá disponer su entrega a esas entidades. Si así no fuere y tuviera valor comercial, aquélla dispondrá su enajenación. Si no tuviera valor lícito alguno, se lo destruirá.

En el caso de condena impuesta por alguno de los delitos previstos por los artículos 125, 125 bis, 127, 140, 142 bis, 145 bis, 145 ter y 170 de este Código, queda comprendido entre los bienes a decomisar la cosa mueble o inmueble donde se mantuviera a la víctima privada de su libelad u objeto de explotación. Los bienes decomisados con motivo de tales delitos, según los términos del presente artículo, y el producido de las multas que se impongan, serán afectados a programas de asistencia a la víctima. *(Párrafo sustituido por art. 20 de la Ley Nº 26.842 B.O. 27/12/2012)*

En caso de los delitos previstos en el artículo 213 ter y quáter y en el Título XIII del libro Segundo de éste Código, serán decomisados de modo definitivo, sin necesidad de condena penal, cuando se hubiere podido comprobar la ilicitud de su origen, o del hecho material al que estuvieren vinculados, y el imputado no pudiere ser enjuiciado por motivo de fallecimiento, fuga, prescripción o cualquier otro motivo de suspensión o extinción de la acción penal, o cuando el imputado hubiere reconocido la procedencia o uso ilícito de los bienes. *(Párrafo incorporado por art. 6º de la Ley Nº 26.683 B.O. 21/06/2011)*

Todo reclamo o litigio sobre el origen, naturaleza o propiedad de los bienes se realizará a través de una acción administrativa o civil de restitución. Cuando el bien hubiere sido subastado sólo se podrá reclamar su valor monetario. *(Párrafo incorporado por art. 6º de la Ley Nº 26.683 B.O. 21/06/2011)*

El juez podrá adoptar desde el inicio de las actuaciones judiciales las medidas cautelares suficientes para asegurar el decomiso del o de los inmuebles, fondos de comercio, depósitos, transportes, elementos informáticos, técnicos y de comunicación, y todo otro bien o derecho patrimonial sobre los que, por tratarse de instrumentos o efectos relacionados con el o los delitos que se investigan, el decomiso presumiblemente pueda recaer.

El mismo alcance podrán tener las medidas cautelares destinadas a hacer cesar la comisión del delito o sus efectos, o a evitar que se consolide su provecho o a obtaculizar la impunidad de sus partícipes. En todos los casos se deberá dejar a salvo los derechos de restitución o indemnización del damnificado y de terceros.

*(Artículo sustituido por art. 1° de la Ley N° 25.815 B.O.1/12/2003)*



November 11, 2013

I hereby certify that I am a professional translator, that I abide by the Code of Ethics and Professional Practice of the *American Translators Association*, that I am fluent in both Spanish and English and that I have faithfully translated, to the best of my knowledge, the attached document titled

**Law, excerpt**

From Spanish into English

Signed,

Cathleen Waters

Translator of French, Spanish, Italian, Portuguese and English

Owner, New World Medium Translations

American Translator's Association Membership no. 249846