UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NML CAPITAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | Case No. 2:14-cv-00492-RFB-VCF |
| NML CAPITAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | Case No. 2:14-cv-01573-LDG-PAL <br><br> **ORDER** |

At issue here is the possible assignment under one judge of <u>NML Capital, Ltd. v. Republic of Argentina</u>, 2:14-cv-00492-RFB-VCF, presently before Judge Richard F. Boulware, II, and <u>NML Capital, Ltd. v. Republic of Argentina</u>, 2:14-cv-01573-LDG-PAL, presently before Judge Lloyd D. George.

On October 2, 2014, Plaintiff NML Capital, Ltd. ("NML") filed on both dockets a Notice of Related Cases that included a request for these two cases to be assigned to a single magistrate judge, Judge Ferenbach, and a single district judge, Judge Boulware, pursuant to Local Rule 7-2.1. 2:14-cv-00492-RFB-VCF, ECF No. 50; 2:14-cv-01573-LDG-PAL, ECF No. 6. NML argues that these two actions involve the same two primary parties, arise out of the same efforts

to collect judgments against Argentina, and require the two courts to consider the same legal questions. Id. at 2–3. "As such, assigning [2:14-cv-01573-LDG-PAL] to Magistrate Judge Ferenbach and District Judge Boulware would be in the interest of judicial economy, decrease the possibility of a substantial duplication of labor, and minimize the possibility of inconsistent rulings." Id. at 3:4–7.

On October 3, 2014, The 123 Entities and Val de Loire, LLC filed a Notice of Non-Opposition on their respective dockets. 2:14-cv-00492-RFB-VCF, ECF No. 51; 2:14-cv-01573-LDG-PAL, ECF No. 7. The 123 Entities and Val de Loire, LLC "agree with NML's position" and "are amenable to having both pending litigations assigned to Magistrate Judge Ferenbach and District Judge Boulware." Id. at 2:7–11. No other documents, opposing or non-opposing, were filed regarding the matter of reassignment. I have consulted with Judge George, and he agrees that I should resolve this request, pursuant to Local Rule 7-2.1, for assignment of these cases to a single judge.

Under Local Rule 7-2.1, cases are related if

> (a) Both actions involve the same parties and are based on the same or similar claim;
>
> (b) Both actions involved the same property, transaction or event;
>
> (c) Both actions involve similar questions of fact and the same question of law and their assignment to the same district judge and/or magistrate judge is likely to effect a substantial savings of judicial effort, either because the same result should follow in both actions or otherwise; or,
>
> (d) For any other reason, it would entail substantial duplication of labor if the actions were heard by different district judges or magistrate judges. The assigned judges will make a determination regarding the consolidation of the actions.

Upon review of the record in both actions, it appears that, for the reasons given in Notice of Related Cases, these two cases are sufficiently related to justify assignment to a single judge. Proceeding before two separate district courts will result in substantial duplication of labor and effort, and judicial efficiency will be best served if these two matters are heard by one district

judge and one magistrate judge. Judge George has agreed to relinquish his case so the two cases can be consolidated before this Court.

Accordingly, IT IS ORDERED that case no. 2:14-cv-01573-LDG-PAL shall be ASSIGNED to District Judge Richard F. Boulware, II and matters therein REFERRED, as appropriate, to Magistrate Judge Cam Ferenbach.

DATED this 4th day of November, 2014.

_____
RICHARD F. BOULWARE, II
United States District Judge

3