KENT P. WOODS, ESQ.
Nevada Bar # 12306
WOODS ERICKSON & WHITAKER LLP
1349 Galleria Drive #200
Henderson, NV  89014
Email:  kwoods@woodserickson.com
Tel: (702) 433-9696
Fax: (702) 434-0615
*Attorneys for Non-Party Witnesses*
*M.F. Corporate Services (Nevada) Limited*
*and Patricia Amunategui*

**U.S. DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, LTD.,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>　　　　　　Defendant. | 2:14-cv-00492-JAD-VCF<br><br>**RESPONSE BY NON-PARTY WITNESSES M.F. CORPORATE SERVICES (NEVADA) LIMITED AND PATRICIA AMUNATEGUI IN OPPOSITION TO MOTION TO INTERVENE BY JORGE LANATA AND THE CENTER FOR INVESTIGATE JOURNALISM IN THE AMERICAS** |

Non-Party Witnesses M.F. CORPORATE SERVICES (NEVADA) LIMITED ("**MF Nevada**") and PATRICIA AMUNATEGUI ("**Ms. Amunategui**"), by and through their attorney of record, Kent P. Woods, Esq. of Woods Erickson & Whitaker LLP, hereby submit this Response in Opposition to the Motion to Intervene (the "**Motion**") in this matter filed by Jorge Lanata ("**Lanata**") and the Center for Investigative Journalism in the Americas ("**CIJA**," and together with Lanata, the "**Movants**").  For all the reasons addressed below, MF Nevada and Ms. Amunategui respectfully request entry of an order denying the Motion in its entirety and granting in this case the various motions to file or maintain under seal the documents subject to the protective order entered by this Court earlier in this case.

/ / /

/ / /

/ / /

- 1 -

**Preliminary Statement**

On this Motion, two proposed intervenors, Lanata and CIJA, seek access to the deposition of Patricia Amunategui and other documents produced subject to a protective order previously entered by this Court. This Motion should be denied.

As a threshold matter, the Movants misapprehend the law in the Ninth Circuit that provides that where, as here, "[w]hen a court grants a protective order . . . it has already determined that 'good cause' exists to protect the information . . . ." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Moreover, the showing that must be made to seal documents is much lower in the case of non-dispositive motions such as the one at issue in this matter. The usual presumption of the public's right of access is rebutted where, as here, previously sealed documents are at issue. Finally, the intervenors confuse the right to access judicial records with access to information obtained during discovery.

Even if the common-law right of access is implicated in this case, which it is not, the balance of factors weighs heavily in favor of rejecting the Movant's request. Ms. Amunategui is not a public figure; she is not even a party to the underlying action. She is the sole employee of a small Las Vegas-based commercial resident agency service, whom NML Capital Ltd. suspects to have information about hidden assets. That notwithstanding, she has already been forced to endure extraordinary amounts of invasive discovery in this matter, but also substantial interference with her business and exposure by the press, including public revelations about her travel habits, hobbies, interests, and the content of her Facebook page.[1] Nowhere in the Motion do the Movants articulate how the information they suspect her deposition testimony to contain would provide information to the public that would assist with understanding of the judicial process or this case. This matter is a post-judgment enforcement proceeding, nothing more, and the mere fact that these journalists "want" information is insufficient under applicable case law

---

[1] *See* NML Reply to Response to Cross-Motion to Compel, at Exh. A. The article cited by NML in its Reply presents the odd but recurring situation of information stated by NML in pleadings being cited by the press, which NML cites in turn as a basis for some sort of "public consciousness" about MF Nevada's and Mossack Fonseca's business practices. This becomes a self-perpetuating cycle that continues to compound the harm to MF Nevada and Ms. Amunategui.

to compel disclosure when Ms. Amunategui has already demonstrated "good cause" for sealing the documents in question.

If anything, in this case, policy considerations cut against compelling disclosure. If Movants are correct that some substantial public interest requires disclosure of a deposition record that was placed under seal to protect a non-party witness's privacy and as an inducement to appearing for that deposition, then the testimony of every witness who consensually sits for a deposition in every litigation in this country will be affected by the knowledge that they, too, one day could become someone else's "interest" and hence decline to appear for testimony. Moreover, even if they bargain for clear protection from their opponent and the Court that the contents of the deposition will be held in strict confidence, there can apparently be no repose or confidence that the Court would actually enforce its own orders. That would hardly be consistent with the "fair administration of justice."

Additionally, the Motion as styled is procedurally improper. This is not a case for mandatory intervention under the clear dictates of the Rules and applicable precedent. More to the point, permissive intervention is improper here. The Movants waited to intervene in this matter until (a) this Court had already entered a protective order as an inducement for Ms. Amunategui to sit for a deposition; (b) the deposition had been taken; and (c) no fewer than four separate motions to file under seal had been submitted to this Court, along with the sealed documents. If the Movants thought they had a constitutionally-protected right to access Ms. Amunategui's deposition testimony, they ought to have raised those concerns at a time when the harm to Ms. Amunategui from additional, needless public scrutiny could have been ameliorated. For these and for all the reasons addressed below, the Court must deny the Motion, in its entirety.

### I. FACTUAL BACKGROUND

This proceeding concerns efforts by NML to enforce judgments obtained in a related proceeding against the Republic of Argentina. As a part of its enforcement actions, NML has sought discovery under Rule 69 of the Federal Rules of Civil Procedure against various entities known or suspected to have information concerning recoverable assets, including Ms. Amunategui and her employer, MF Nevada.

On June 23, 2014, NML served a subpoena under Rule 45 of and Rule 69 requesting production of documents and deposition testimony from Ms. Amunategui, an employee of MF Nevada, a commercial resident agent.

On July 10, 2014, Ms. Amunategui and MF Nevada jointly filed a motion to quash the subpoena issued to Ms. Amunategui (the "Motion to Quash") citing, among other reasons, the burden and scope of the subpoena, the time required to comply, and Ms. Amunategui and MF Nevada's collective need for confidentiality in their business dealings and in Ms. Amunategui's personal life. Notably, neither MF Nevada nor Ms. Amunategui is a party to the underlying litigation.

Throughout June and July of 2014, NML and Ms. Amunategui met and conferred regarding the breadth and scope of the subpoena and the issues raised by Ms. Amunategui in the Motion to Quash.

As a result of these discussions, Ms. Amunategui agreed to endure a deposition in exchange for certain compensatory and procedural concessions from NML. Specifically included as a bargained-for requirement for the deposition was that the deposition testimony and all documents produced in connection with the deposition would be held in strict confidence and subject to "attorneys' eyes only" protection. Based on these negotiations, NML, Ms. Amunategui, and MF Nevada entered into a stipulated protective order to govern the production of documents related to the deposition. On August 15, 2014, this Court entered an order approving the stipulated protective order agreed to between NML, Ms. Amunategui, and MF Nevada.

On September 11, 2014, Ms. Amunategui sat for a deposition in accordance with her and NML's agreement. The deposition addressed a wide range of topics, including Ms. Amunategui's professional and biographical background, the terms of her employment at MF Nevada and, primarily, the business operations of MF Nevada and its connection to the law firm of Mossack Fonseca & Co. ("Mossack Fonseca"). Prior to the deposition, Ms. Amunategui produced the entirety of her files responsive to the subpoena, documents that include her employment contract and correspondence with her employer, MF Nevada, and her assistant.

On or about October 9, 2014, NML filed its Motion to Seal. The Motion to Seal sought leave of the Court to file under seal certain portions of NML's memorandum, in addition to Exhibit S of the memorandum, which was a full and unedited transcript of Ms. Amunategui's deposition. On October 20, 2014, the Court issued an Order on the Motion to Seal, effectively denying the Motion to Seal but authorizing NML to submit a supplemental memorandum of points and authorities explaining the specific reasons for the need to seal, prior to October 30, 2014.

On October 30, 2014, counsel for NML submitted such a supplemental memorandum, and MF Nevada and Ms. Amunategui herself submitted a Motion to Seal and to Enforce Protective Order, which recited the causes in favor of NML's Motion to Seal. Ms. Amunategui attached to her motion a declaration that identified the reasons in favor of sealing the deposition transcript, primarily (1) that she is not a public figure; (2) that the case has attracted substantial media attention that limits her ability to conduct her business, despite that she is not a party to the case; and (3) that failure to seal the documents would deprive her of the benefit of her bargain with respect to the deposition; and (4) that she would be irreparably harmed by needless exposure of her personal information and the operations of her company.

Thereafter, NML and MF Nevada filed a series of briefs with respect to MF Nevada's Motion to Quash and a Cross-Motion to Compel. Each of these documents yet again contained a series of quotations from and descriptions of Ms. Amunategui's deposition testimony and attached the unedited deposition transcript as exhibits. In each case, NML or MF Nevada filed a motion for leave to file the documents in question under seal. The final brief was filed by NML on December 4, 2014. On December 5, 2014, this Court set for hearing argument with respect to the Motion to Quash and the Cross-Motion to Compel and directed the parties to reference in their arguments the reasons for the need to maintain a seal over the documents in question.

On December 5, 2014, the Movants filed the instant Motion, requesting mandatory intervention under Federal Rule of Civil Procedure 24(a) and asking this Court to release to the public documents subject to the Court's confidentiality order, including Ms. Amunategui's deposition testimony.

## II. ARGUMENT

Applicable case law is clear that when a court grants a protective order for information produced during discovery, it has already determined that 'good cause' exists to protect the information from disclosure. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Therefore, as the Ninth Circuit has explained, applying a strong presumption of access to documents that a court has already decided should be shielded from the public "would surely undermine, and possibly eviscerate, the broad power of the court to fashion protective orders." *Id.* Indeed, when a party has attached a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that the party seeking disclosure bears the burden of presenting sufficiently compelling reasons for releasing the document. *Id.* For the reasons set forth below, the Movants have failed to satisfy this burden.

**A. The Presumption of Access Does Not Apply to the Documents in Question**

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may grant a protective order in order "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26. Addressing this Rule, the Ninth Circuit Court of Appeals has stated that protection from annoyance and embarrassment must be weighed against a general public policy that supports a public's right to access judicial records. *Kamakana*, 447 F.3d at 1179. In addressing this standard, the court noted that it had "carved out an exception to the presumption of access for a sealed discovery document attached to a non-dispositive motion." *Id.* (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal citations omitted). The court went on to note that the public has little need for such documents because they are "often unrelated, or only tangentially related, to the underlying cause of action." *Id.*

In light of the distinction between sealed discovery documents attached to dispositive versus non-dispositive motions, the court identified two different standards at work. For documents attached to non-dispositive motions, the party seeking to maintain a seal must merely show "good cause" to seal the documents. *Id.* at 1180 (citing Fed. R. Civ. P. 26(c)).

The vast weight of case law addressing this standard does so in the context of pre-trial discovery. *See San Jose Mercury News v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) (noting that the "fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public"). However, this case does not concern pre-trial discovery in the least. Rather, it concerns post-judgment discovery: one party attempting to locate assets to enforce its judgment. Accordingly, the general proscriptions governing pretrial discovery need not apply. This is purely a private dispute between a witness and a litigant, in which the public has no legitimate interest.

In addition, this case involves a non-party witness to litigation who merely provided testimony or evidence under subpoena. As recognized by Rule 45 of the Federal Rules of Civil Procedure, litigants have a particular duty to protect non-party witnesses from undue burden and harm. *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."). Given that the Federal Rules reflect the need to protect non-party witnesses, the general principles governing exposure of sealed, confidential information should be applied with deference to those individuals. The Movants have cited absolutely no case law that would extend the presumption of access in favor of enforcement proceedings involving third-party witnesses who were induced to provide testimony on the promise of confidentiality.

Nor have the Movants given any support for their novel argument that this proceeding is somehow a dispositive proceeding that would give rise to a higher standard of inquiry. A dispositive motion is not one that is "important" as the Movants appear to contend. After all, every matter is important to those with a stake in its outcome. Dispositive motions are those "e.g., a summary judgment motion ruled upon by the court" that decide the underlying merits of an action "as a substitute for trial." *Foltz*, 331 F.3d at 1136 (quoting *Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988)). This is not a dispositive motion: no rights are being adjudicated as a substitute for trial. The merits of this case have already been decided. The present proceeding is an ongoing discovery dispute, not altogether unlike those explicitly distinguished from dispositive motions in opinions by the Ninth Circuit. *See Foltz*, 331 F.3d at

1136 ("[Once the sealed discovery documents are made part of a dispositive motion they lose their status of being raw fruits of discovery and no longer enjoy protected status without some overriding interests in favor of keeping the discovery documents under seal.").

Furthermore, despite that Ms. Amunategui's testimony may be important to the matter at hand, the groundless allegation in the Motion that the "deposition testimony is imperative to the outcome of this case" presumes its own conclusion. The Movants have identified no evidence or cause beyond the rankest speculation to suggest that Ms. Amunategui's deposition testimony contains any reference to the whereabouts of the assets of The Republic of Argentina. Ms. Amunategui is not herself a party to this case; nor has there been any argument or allegation that she has knowledge of suspect transfers or the like. Even taking all of NML's allegations to be true, Ms. Amunategui is at most only tenuously connected to Argentine assets. There is, in short, nothing inherently meaningful about her testimony or Ms. Amunategui herself.

### B. "Good Cause" Exists to Seal the Deposition Testimony

Even if this Court is inclined to treat the deposition testimony as being attached to a "dispositive" motion—which should not be the case—MF Nevada and Ms. Amunategui have satisfied the requisite test. "Good cause" exists to seal the deposition testimony and related documents, and there are "compelling reasons" to do so.

#### 1. Ms. Amunategui Will Be Irreparably Harmed by Exposure of the Deposition Testimony

The declaration offered by Ms. Amunategui in the various motions to file under seal specifies the manner in which she would be harmed through unrestricted access to her deposition testimony. As noted in the Declaration, this case has attracted a substantial amount of media attention, both domestically and abroad, and the appearance by the Movants confirms this fact. Ms. Amunategui reports that she has been subjected to multiple and repeated inquiries from reporters and interested parties and, moreover, that regardless of her response or lack of response to their inquiries, she has found herself subject to baseless allegations in foreign press. Ms. Amunategui further reports that these inquiries and the media exposure have limited her ability to conduct MF Nevada's business and have impacted her personally and financially.

Ms. Amunategui further reports that she does not have the personal wherewithal to combat the effects of these allegations personally; nor can she rely on basic journalistic standards of integrity and fact-checking to shield her from additional harassment. Exposure of additional information will only exacerbate these issues, for the reasons set forth in the Amunategui Declaration, and it was for these reasons that she sought the protective order in the first instance.

Moreover, put simply, refusing the seal will effectively deprive Ms. Amunategui of the benefit of her bargain in this case. While a "blanket stipulated protective order" is not entitled to a great deal of deference in making the "good cause" calculation the *Kamakana* decision requires, *see Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003), this is not the ordinary, blanket protective order between parties to a litigation of the sort addressed in the *Foltz* decision. Rather, the protective order entered in this case was specifically negotiated among Ms. Amunategui, MF Nevada, and NML to provide the terms by which Ms. Amunategui would agree to submit to a deposition and resolve the Motion to Quash. It was crafted to apply to a very limited set of documents to be produced by Ms. Amunategui, as well as the topics to be covered by her deposition. Though stipulated, it is, in short, not a "blanket" protective order that was the subject of the concerns raised in the *Foltz* decision. Rather, it is more akin to a contract between Ms. Amunategui, NML, and this Court, that is entitled to protection.

To that end, in the *Foltz* decision, the Ninth Circuit called "central" the question of "whether [the protective order in question] was relied upon in the decision to produce documents." *Foltz* at 1137. In this case, the very decision to sit for a deposition—consensually—was predicated upon NML's maintaining strict confidentiality over the contents of that deposition. That being the case, and if for no reason other than to encourage consensual resolution of these and related issues in future cases, this Court needs to enforce its own order and maintain the seal over the protected documents and information.

Additionally, the nature of the information contained in the deposition with regard to Ms. Amunategui is inherently confidential. The deposition addressed a wide range of topics, much of which was not directly related to enforcement of NML's judgment. For instance, during the deposition Ms. Amunategui was asked specifically about her personal background, her

education, her work experience, travel dates, travel plans, immigration status, employment history, the terms of her employment, and her benefits. Documents attached as exhibits to the deposition include her social security number, her immigration numbers, and her personal email address. As noted elsewhere, Ms. Amunategui is not a party to this case, and exposure of her personal contact information and individual identifying information to the world at large will harm her inordinately.

### 2. MF Nevada Will Be Irreparably Harmed by Exposure of the Deposition Testimony

In addition to the harm to Ms. Amunategui, MF Nevada will be harmed by this Court's refusal to maintain the seal over the deposition testimony. As noted in the Amunategui Declaration, MF Nevada is a small, commercial resident agent company located in Las Vegas, Nevada. In the course of its business, it obtains certain confidential information related to legal services provided by Mossack Fonseca. Accordingly, the agreement between the two companies specifically requires MF Nevada to maintain these documents and the companies' operations confidential, subject only to applicable law. Ms. Amunategui reports that the agreement between the entities is terminable subject to certain noticing requirements. Ms. Amunategui reports that disclosure of MF Nevada and Mossack Fonseca's confidential business practices would likely result in termination of MF Nevada's relationship with Mossack Fonseca, as well as her own employment.

It was for just these reasons that it sought the protective order in this proceeding in the first instance. Just as with Ms. Amunategui's personal protections, then, the protective order at issue in this case is not a blanket protective order but, rather, an order crafted to protect specific interests identified by MF Nevada and Ms. Amunategui in exchange for their collective compliance with the deposition request and resolution of their motion to quash. Releasing the seal would deprive them of the benefit of their bargain and expose them to irreparable harm.

The Movants have identified no facts that could lead this Court to conclude other than that "good cause" and "compelling reasons" exist to maintain the seal over the deposition testimony and other documents produced subject to the Court's confidentiality order. They

merely cite that "avoiding embarrassment" is insufficient. However, the declaration given by Ms. Amunategui with respect to this matter suggests that the harm is much greater than mere embarrassment or the revelation of personal information, although those are relevant considerations. Revelation of the deposition testimony will irrevocably harm her relationship with her employer, and that employer's relationship with its client. It will subject her to ceaseless inquiry by unscrupulous members of the press, and effectively destroy her ability to conduct her business. This is exactly the sort of "compelling reason" that merits this Court's protection.

### C. The Fact That the Motion Does Not Satisfy Rule 24's Standards for Intervention Provides an Additional Basis to Deny the Motion

The Movants style their motion as a request for mandatory intervention under Rule 24(a)(2) of the Federal Rules of Civil Procedure and its accompanying standard. *See* Motion at 1. This Court has traditionally treated similarly situated motions as those seeking permissive intervention under the more conservative standard of Rule 24(b). *See FTC v. AMG Servs.*, Case No. 2:12-cv-536, 2014 U.S. Dist. LEXIS 160531, at *10 ("When a member of the public seeks intervention to modify a protective order and inspect court documents, the request is governed only by the court's discretionary considerations under Rule 24 and 26."). In addressing this standard against similarly situated movants, the Court has indicated that under Rule 24(b)(3), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and whether the disclosure will cause "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) and Fed. R. Civ. P. 26(c)). Under this standard, or even under the more permissive standard of Rule 24(a), however, the Movants' Motion is improper.

*First*, the Motion is not timely. As indicated above, the Movants have brought their Motion at the eleventh hour, less than one week before hearing on the various motions by NML and MF Nevada to maintain a seal over the deposition transcript and its related documents, and almost two months from the date the first of these motions came before the Court. Furthermore, the Movants could have attempted to intervene to protect their supposed interest in the case by filing their request prior to the deposition itself, when NML and MF Nevada negotiated the terms

by which Ms. Amunategui would agree to appear for a deposition. Doing so would have enabled the parties to address in advance the risk of needless exposure of Ms. Amunategui's personal information prior to sitting for the deposition and would have avoided depriving Ms. Amunategui of the benefit of her bargained-for protection.

*Second*, participation by the press in this proceeding will inevitably invite delay. Movants filed their Motion mere days before hearing on NML's Motion to Seal and the other, similarly situated motions in this case. The Motion was not styled as an emergency motion, and this Court has not even offered a briefing schedule for full briefing as to the issues raised in the Motion. Under applicable local rules, the actual response deadline is December 22, 2014; yet, this Court has scheduled hearing on the question of sealing for December 12, 2014. In order to afford all parties in interest due process with respect to the Motion, at the very least the Court will need to delay hearing on the Motion to Seal—and, in turn, the Motion to Quash and NML's Cross-Motion to Compel—until briefing has been completed with respect to the Movants' Motion.

*Third*, the media has no actual, vested interest in the deposition transcript. This proceeding is, at its heart, an attempt by NML to collect on assets of its judgment debtor, The Republic of Argentina. While the press may ultimately be found to have a cognizable interest in the whereabouts of those assets, there has been no showing that the contents of the deposition transcript even address that question. NML has itself stated that the deposition primarily became an inquiry into MF Nevada's operations and business practices. There is nothing about those issues that the public has "a right to know" at the expense of privacy and fairness.

*Fourth*, there is nothing about the various motions to seal that actually will impede the Movants from covering the legitimate facets of their inquiry. The deposition transcript in question is not the only source for the information it contains. The Movants may, to the extent they are able, conduct interviews and ask other parties about MF Nevada's business practices. And anybody who is willing to violate the Court's order may be inclined to provide that information, albeit improperly. It appears that Mr. Lanata has already attempted to solicit such information. *See* NML Reply, at Exhibit A.

*Finally*, Ms. Amunategui has demonstrated conclusively—and this has not been contested by the Movants even in their Motion—that needless exposure of her deposition testimony will impede her ability to conduct her business and her private life. The very existence of the Motion and the Movants' efforts to intervene confirm Ms. Amunategui's fear. Already, Mr. Lanata and his colleagues have exposed the contents of her Facebook page, as well as her interests, hobbies, employment history, and other matters to public inquiry. Simply put, they cannot be trusted to use judiciously the confidential information contained in the deposition, even if they were entitled to it. Moreover, to the extent NML demands still further discovery from MF Nevada or Ms. Amunategui, the parties will need to spend time and effort to ameliorate further harm to Ms. Amunategui and MF Nevada. Simply put, permitting the Movants to intervene will expose Ms. Amunategui and MF Nevada to annoyance, embarrassment, oppression, and undue burden or expense.

### III. CONCLUSION

Already in this case, MF Nevada and Ms. Amunategui have been subjected to an incredible level of inquiry. They have responded to multiple subpoenas, each more invasive than the last. They have produced thousands of pages of documents, all without even a preliminary showing of any relation to the assets that are the real target of NML's inquiry. Given that Ms. Amunategui and MF Nevada want to obey orders of this Court and act as good corporate and individual citizens of Nevada, they have at all times cooperated with NML's investigation, even to their own detriment. In order to protect themselves from undue harm, extraneous to the conduct of their business, Ms. Amunategui and MF Nevada sought the protection of this Court. They endured the subpoena and produced documents in good-faith reliance on the expectation that this Court would protect them from harm by enforcing its own orders. The Court should reward their faith; the Court should reject the Motion.

///
///
///
///

1 | Dated this 11th day of December, 2014.

2 |                                             WOODS ERICKSON & WHITAKER LLP

4 |                                             By: */s/ Kent P. Woods*
                                                Kent P. Woods, Esq.
5 |                                             Nevada Bar No. 12306
                                                1349 Galleria Drive, Suite 200
6 |                                             Henderson, NV 89014

8 |                                             *Attorneys for MF Corporate Services
                                                (Nevada) Limited and Patricia Amunategui*

- 14 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2014, I caused the foregoing document to be filed on the Court's electronic filing system, thereby causing the same to be served on the parties to the instant action.  Under the circumstances, I believe no further service was required.

/s/ Kent. P. Woods