KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135
Email:  klenhard@bhfs.com
Email:  nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ. (admitted *pro hac*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:  212.698.3500
Facsimile:   212.698.3599
Email:  dennis.hranitzky@dechert.com

*Attorneys for Plaintiff NML Capital Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | CASE NO.:  2:14-cv-00492-RFB-VCF <br><br> **NML CAPITAL, LTD.'S LIMITED RESPONSE TO JORGE LANATA AND THE CENTER FOR JOURNALISM'S MOTION TO INTERVENE TO UNSEAL PORTIONS OF THE RECORD (DKT. #67)** |

Plaintiff NML Capital, Ltd. ("NML"), by and through its attorneys of record Brownstein Hyatt Farber Schreck, LLP, and Dechert, LLP, hereby submits this Limited Response to Jorge Lanata and the Center For Journalism's (collectively referred to as "Lanata") Motion to Intervene to Unseal Portions of the Record (Dkt. #67) ("Motion to Intervene").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Lanata's Motion to Intervene paints the picture of the relief he seeks with a broad stroke, rather than with the narrowly tailored precision one should employ when asking the Court to intervene into an action it has no stake in.  To be clear, the primary legal position set forth in the

1  Motion to Intervene supports intervening as of right, rather than what Lanata is in a position to
2  do, which is to seek to intervene for the *limited* purpose of requesting the Court to enter an order
3  unsealing the deposition testimony of Patricia Amunategui (the "Transcript"). In doing so, Lanata
4  seems to be arguing that he is entitled to become a party to this action and, therefore, should be
5  provided with "*all* court records and evidence in support of those documents", including
6  discovery not filed with the Court. This request goes beyond the public's right to access court
7  records, and is not supported by any authority relied upon by Lanata. To the extent Lanata seeks
8  such relief, NML opposes the Motion to Intervene.

9      Lanata has, however, misstated NML's position on the sealing or unsealing of the
10 Transcript and other documentation MF Nevada and/or Ms. Amunategui has designated as
11 "Confidential". NML has *never* taken the position that the Transcript and any other documents
12 are confidential or that sealing the same is necessary in light of some interest NML has in keeping
13 them confidential. Rather, NML has maintained the position that it is obligated under the
14 Protective Order[1] entered by this Court to seek leave of Court to file those documents under seal
15 due to MF Nevada and Ms. Amunategui's designation of the documents as "Confidential".
16 Additionally, NML has simply provided the Court with MF Nevada and Ms. Amunategui's
17 representations regarding the nature of the Transcript and other documents, and has not conceded
18 that those representations are accurate and/or truthful.

19     Lanata fails to recognize NML's position and, instead, misdirects his complaints towards
20 NML throughout his argument. NML's position remains unchanged—Ms. Amunategui and MF
21 Nevada designated the Transcript as "Confidential" and bear the burden of establishing "good
22 cause" to keep it sealed. For its part, NML only sought to file the documents under seal to
23 comply with its obligations under the Protective Order. Accordingly, NML will sit in the stands
24 while the appropriate parties hash out whether the Transcript and other documents should remain
25 sealed.

---

[1] Capitalized terms herein bear the same meaning as provided in the Motion for Leave to File Under Seal the Memorandum in Response to Non-Party MF Corporate Services (Nevada) Limited's Motion to Quash Subpoena and/or for Protective Order; and in Support of NML's Motion to Compel and Exhibits "A" and "H" Thereto (Dkt. #61.)

## II. DISCUSSION

### A. To The Extent Lanata Seeks Intervention For The *Limited* Purpose Of Challenging The Confidential Designation Of The Transcript, NML Does Not Oppose Such A Request – Any Additional Relief Requested Should Be Denied.

#### 1. *Lanata does not satisfy the requirements to intervene by right.*

Lanata's position is unclear. While Lanata sets forth the correct legal authority regarding intervention by right, Lanata cannot establish that he is entitled to such relief. Indeed, it appears from his analysis, that he truly only seeks to intervene for a limited purpose. Thus, the Court should not grant Lanata's request to intervene as of right under Federal Rule of Civil Procedure 24(a).

Rule 24(a) permits intervention as of right, and the applicant bears the burden of establishing that it satisfies four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citation omitted). As demonstrated below, Lanata has failed to satisfy these requirements.

First, Lanata's Motion to Intervene was filed on December 5, 2014, a week before the hearing on the requests to file under seal. (*See* Dkt. #67.) As the Motion to Intervene was not filed on an emergency basis, the briefing schedule provides for responses due on December 22, 2014, *after* the hearing on the seal motions. (*See id.*) Arguably, therefore, the request is not timely.

Second, Lanata does not have "a significantly protectable interest relating to the property or transaction that is the subject of the action", as required for intervention as of right. *See Arakaki*, 324 F.3d at 1083. Although Lanata claims to have a "significantly protectable interest in the *case*," in his discussion of this requirement, he only argues that he has an interest in *access* to

1   the Court documents in this action. (*See* Dkt. #67, at 2:13-18.) (emphasis added). To be clear,
2   Lanata does not, because he cannot, argue that he has an interest in the money NML seeks to
3   collect via the subpoenas issued which initiated these proceedings, *i.e.* the property that is the
4   subject of this action. (*See id.*) Rather, he asserts that he has an interest in providing the public
5   with information regarding the action. (*See id.*, at 2:14-18.) Accordingly, Lanata has only
6   purported to demonstrate an interest in the right to access the documents filed in this action, and
7   not an interest in the case. Lanata has not satisfied the second requirement.

8   Third, the Motion to Intervene does not demonstrate that "disposition of the *action* may
9   impair or impede" Lanata's ability to protect his purported interest—that if the Court grants or
10  denies the pending motions regarding the production of documents, Lanata's interest will
11  somehow be impeded upon. (*Id.* at 2:18-23.) Rather, Lanata argues that if he is not permitted to
12  intervene and gain access to public documents, he will not be able to "perform [his] Fourth Estate
13  function." (*See id.*) Consequently, Lanata has failed to meet the third requirement of intervention
14  as of right.

15  Fourth, and finally, Lanata's discussion regarding whether his interests are adequately
16  represented misrepresents NML's position. Lanata asserts that "as both NML and Ms.
17  Amunategui have sought to keep this deposition testimony from the public," his interests "are not
18  represented at this time." (*Id.* at 2:23-25.) NML has not sought to maintain the confidentiality of
19  the Transcript. In each of NML's requests, it has consistently held the position that it is
20  requesting to file the Transcript under seal to fulfill its obligation under the Protective Order, and
21  that it does not take a position regarding whether the Transcript was properly designated
22  "Confidential" and should remain sealed. (*See* Section II(B)(1), *infra*.) Therefore, while NML
23  is not advocating for the Transcript to be disclosed, it is not, as Lanata suggests, moving the Court
24  for an order keeping the Transcript sealed. Beyond this mischaracterization, Lanata is correct in
25  its assertion that there is not a party in the action taking the position it seeks to take.

26  As Lanata has failed to satisfy all four of the requirements for intervention as of right, the
27  Court should deny his request in this respect. It is important to note, additionally, that if the Court
28  finds that Lanata is entitled to intervene as of right, and is inclined to permit the same, Lanata has

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  not cited any authority supporting a finding that he should be provided with access to the
2  discovery materials not filed with the Court. Therefore, the Court should not permit the same.

### 2. The Court allows permissive intervention where a party seeks intervention for the limited purpose of challenging a protective order, and, if anything, Lanata should only be allowed to intervene for this limited purpose.

Lanata acknowledges that this Court has allowed intervention in situations such as these, where the party seeks to intervene for the limited purpose of challenging a protective order. What Lanata fails to recognize, however, is that the proper relief to seek is *permissive* intervention, and that the Court's analysis is quite different in such circumstances. Regardless, NML does not take a position as to whether Lanata should be permitted to intervene under these circumstances, but stands by its previous position that intervention as of right is not appropriate.

Lanata cites the Court's decision in *FTC v. AMG Servs.*, 2014 U.S. Dist. LEXIS 160531, at *8 (D. Nev. Nov. 13, 2014), for the proposition that "courts have routinely allowed the media to intervene in civil cases for the limited purpose of challenging protective or confidentiality orders". (*See* Dkt. #67, 3:3-10.) While Lanata's discussion ends there, the Court's decision went a step further. (*See id.*) The Court further explained that a *permissive* intervention, rather than intervention as of right, is the proper relief, and that such an inquiry involves the Court engaging in more of a discretionary consideration of the grounds for sealing. *See FTC*, 2014 U.S. Dist. LEXIS 160531, at *9.

In such a situation, the Court considers whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights" and "whether disclosure will cause "annoyance, embarrassment, oppression, or undue burden or expense." *Id.* With regard to the first prong, the Court starts with two presumptions: (i) "a strong presumption in favor of access," *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), and (ii) the "broad right of discovery" and presumption that a litigant is entitled to "every man's evidence," *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). *Id.* at *9-11. Second, the Court considers "whether these presumptions have been rebutted." *Id.* at *11. As this analysis involves significant considerations regarding the grounds to seal the Transcript, a dispute that NML does not have a

1 stake in (discussed herein), it will not engage in a discussion regarding the same. NML will
2 simply represent to the Court that Lanata has not demonstrated that it should be permitted to
3 intervene as a right, and that if the Court is inclined to permit intervention, it should do so only
4 for the *limited* purpose of Lanata addressing the Transcript's designation as "Confidential," *i.e.*
5 permissive intervention. Additionally, NML notes that it strongly opposes any request that
6 Lanata be provided with access to materials not filed with this Court.

**B.    Lanata's Discussion Regarding Sealing The Transcript Misstates NML's Position And Asks The Court To Employ The Incorrect Standard.**

*1.    NML has always maintained its position that it sought leave of Court to file the Transcript under seal in light of its obligations under the Protective Order.*

NML has consistently maintained the position that it does not have a "dog in the fight" as to whether the Transcript or other documents remain sealed or are revealed to the public. This is the position NML still retains herein. In contrast, Ms. Amunategui and MF Nevada have sought to keep the Transcript sealed. (*See* Dkt. #64; *see also* Case No. 2:14-cv-01573-RFB-VCF ("Argentina II"), Dkt. #21.) Despite this, throughout Lanata's Motion to Intervene, he postures himself against NML with respect to the request to seal, and represents to the Court that NML is seeking an order sealing the Transcript out of its desire for the same. Lanata's positon is not accurate and is worth addressing herein.

As is abundantly clear from a review of NML's Revised Motion for Leave to File Under Seal ("Motion to Seal") cited to by Lanata, NML has not sought to keep the Transcript under seal in light of its own desire to keep the public from viewing the document. (Dkt. #56.)[2] Rather, as is stated in the Motion to Seal, "[o]ut of an abundance of caution and in an effort to comply with its discovery obligations under the Protective Order entered in [this action]," NML redacted references to the Transcript, withheld the Transcript prior to filing, and sought leave to file the same under seal. (*See* Dkt. #56, at 3:26-4:8.) Notably, NML stressed to the Court that it "does

---

[2] NML notes that Lanata cites to Dkt. #56 when referencing NML's Motion to Seal. (*See* Dkt. #67, at 12:8.) The Motion to Seal, however, was inadvertently filed in the above captioned action at Dkt. #56, but was subsequently filed in the related matter, Argentina II, and the image corrected by the Court. (*See* October 31, 2014, Court Clerk entry; *see also* Argentina II, at Dkt. #22.)

016887\0001\11757755.2                     6

1  not concede that the Transcript is properly marked "CONFIDENTIAL", and reserves the right to
2  have it de-designated as provided for in the Protective Order."  (*Id.* at 3-4, n.1.)

3  In contrast, in MF Nevada and Ms. Amunategui's seal motions filed in this matter, they
4  specifically ask "the Court to seal the records pertaining to Ms. Amunategui's Deposition," and
5  argue that "'Good Cause' Exists to Seal the Deposition Testimony," "Ms. Amunategui Will Be
6  Irreparably Harmed By Exposure of the Deposition Testimony," and that "MF Nevada Will Be
7  Irreparably Harmed by Exposure of the Deposition Testimony."  (Argentina II, Dkt. #21; *see also*
8  Dkt. #64.)  Thus, despite what Lanata argues, NML is not the party seeking to maintain the
9  confidentiality of the Transcript and is not the party who bears the burden of establishing "good
10 cause" to do so.  Rather, Ms. Amunategui and MF Nevada bear that burden and have moved the
11 Court in this matter and in Argentina II for such relief.  (*See* Argentina II, Dkt. #21; *see also* Dkt.
12 #64.)  Lanata's claims to the contrary should be disregarded.

### 2. *Despite the fact that NML does not take a position on whether the Transcript should remain sealed, it must note that Lanata asks the Court to employ the incorrect standard.*

15 Although NML does not take a position on whether the Transcript should remain sealed, it
16 is constrained to reiterate the standard for sealing documents filed with the court.  The Ninth
17 Circuit Court of Appeals in *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th
18 Cir. 2006), clearly articulated the appropriate showing a party must make when seeking to file
19 under seal:  "'[C]ompelling reasons' must be shown to seal judicial records attached to a
20 dispositive motion," and "[a] 'good cause' showing under Rule 26(c) will suffice to keep sealed
21 records attached to nondispositive motions."  (citations omitted.)  The Transcript at issue is
22 attached to and/or referenced in non-dispositive briefs, *i.e.* responses to motions to quash
23 subpoenas (*see* Argentina II, Dkt. 8; *see also* Dkt. #59), cross-motions to compel (*see* Argentina
24 II, Dkt. 10; *see also* Dkt. #60), and replies in support of motions to compel (*see* Argentina II, Dkt.
25 27; *see also* Dkt. 66).  Lanata even admits that "this is not a dispositive motion." (Dkt. #67, at
26 11:1-2.)  Nonetheless, Lanata asks the Court to apply the compelling reasons standard.  (*See id.*)

27 Lanata supports this argument by asserting that the Transcript "is central to the merits of
28 the underlying action" and "imperative to the outcome of this case," and that "it could not be

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

seriously argued that her testimony could possibly be 'unrelated' or 'only tangentially related.'" (*Id.* at 11:10-16.)  Further, Lanata makes the argument that even though the Transcript "has not yet been attached as an exhibit in support of a **dispositive** motion, it presumably will be, in the future, and no motion of any importance could be filed in this case without it." (*Id.* at 11:17-20.)  These assertions are wholly without merit.

Starting with the most obvious flaw, Lanata provides no authority for his position that a mere (speculative) possibility that a document may be attached to a dispositive motion in the *future* somehow transforms a non-dispositive motion into a dispositive motion for purposes of determining the correct standard in a motion to seal. (*See generally,* Dkt. 67.)  What's more, the above captioned action and Argentina II are not "the underlying action[s]" in this matter, rather the actions were initiated due to NML serving Subpoenas on entities in an attempt to collect a judgment in a New York action. (*See* Dkt. #1; *see also* Argentina, Dkts. #8 & #10.)  As the court held in *Kamakana*:

> [T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events."

*Kamakana*, 447 F.3d at 1179 (citations omitted).  The resolution of the pending motions before the Court, wherein the Transcript is referenced and/or attached, will not result in a resolution of the "dispute on the merits"; rather, it will result in a determination of whether NML is permitted to discover documents/information related its judgments against the Republic of Argentina. Accordingly, Lanata's attempt to persuade the Court that the "compelling reasons" standard is the appropriate standard fails.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

### III. CONCLUSION

Based on the foregoing, NML respectfully requests the Court deny Lanata's Motion to Intervene to the extent that he requests to intervene as of right and be provided access to all Court documents, including discovery not filed with the Court.

DATED this 12th day of December 2014.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Nikki L. Baker*
Kirk B. Lenhard, Esq.
Nevada Bar No. 1437
Nikki L. Baker, Esq.
Nevada Bar No. 6562
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for NML Capital Ltd.*

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that on the 12th day of December, 2014, I caused a true and correct copy of **NML CAPITAL, LTD.'S RESPONSE TO JORGE LANATA AND THE CENTER FOR JOURNALISM'S MOTION TO INTERVENE TO UNSEAL PORTIONS OF THE RECORD (DKT. #67)** was served via electronic service to all electronic registered CM/ECF users in this matter.

　　　　　　　　　　　　　　　　　　　　　　*/s/    Paula Kay*
　　　　　　　　　　　　　　　　　　　　　　an employee of Brownstein Hyatt Farber Schreck, LLP