# EXHIBIT "A"

# EXHIBIT "A"

KENT P. WOODS, ESQ.
Nevada Bar # 12306
WOODS ERICKSON & WHITAKER LLP
1349 Galleria Drive #200
Henderson, NV  89014
Email:  kwoods@woodserickson.com
Tel: (702) 433-9696
Fax: (702) 434-0615
*Attorneys for M.F. Corporate Services (Nevada) Limited and Patricia Amunategui*

**U.S. DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | 2:14-cv-00492-JAD-VCF <br><br> **DECLARATION OF KENT P. WOODS IN SUPPORT OF NON-PARTY WITNESSES M.F. CORPORATE SERVICES (NEVADA) LTD. AND PATRICIA AMUNATEGUI'S RESPONSE IN OPPOSITION TO MOTION TO UNSEAL** |

Kent P. Woods makes this Declaration pursuant to 28 U.S.C. § 1746:

1. I am Kent P. Woods, an attorney at the firm of Woods Erickson & Whitaker LLP and counsel for non-party witnesses M.F. Corporate Services (Nevada) Limited ("MF Nevada") and Patricia Amunategui ("Ms. Amunategui") in the above-captioned case.

2. I submit this declaration in support of MF Nevada's and Ms. Amunategui's Response in Opposition to the Motion to Unseal filed by Jorge Lanata. I have personal knowledge of the facts set forth herein, and if called upon to do so, would testify thereto.

3. In June and July of 2014, counsel for NML and I negotiated with respect to various subpoenas served on Ms. Amunategui and MF Nevada and, specifically, the terms under which Ms. Amunategui would agree to submit to a deposition.

4. On July 29, 2014, I sent an email to NML's counsel detailing Patricia's terms. Specifically included in those terms was that an earlier confidentiality agreement between NML and MF Nevada be embodied in a court-approved protective order that would cover the deposition, documents produced in connection with the deposition, and accounts and descriptions of the deposition. True and correct copies of my correspondence with NML's counsel is attached to this Declaration as Exhibit 1.

5. The stated concern that the protective order was designed to address was the amount of media attention in this case and its effect on Ms. Amunategui's business and personal life. The protective order and its protections were used to induce Ms. Amunategui to participate in the deposition, and I would not have allowed Ms. Amunategui to agree to participate absent those protections.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated this <u>30th</u> day of January, 2015

<u>/s/ Kent P. Woods</u>

# EXHIBIT "1"

# EXHIBIT "1"

# Kent Woods

| | |
|---|---|
| **From:** | Kent Woods |
| **Sent:** | Monday, August 11, 2014 5:16 PM |
| **To:** | 'Baker, Nikki L.'; 'Hranitzky, Dennis'; 'Lenhard, Kirk B.'; 'Wald, James'; 'Hessney, Collin (Collin.Hessney@dechert.com)' |
| **Subject:** | RE: Deposition |
| **Attachments:** | Stipulation re Protective Order.doc |

Dennis and Nikki,

As mentioned during our previous discussions, I have pulled together a draft stipulation and confidentiality order that would cover the deposition and material to be produced by Patricia in response to her subpoena and in connection with the deposition. I don't expect it will be controversial, but I am happy to field any comments you might have. It should be very familiar, as it in almost all respects mirrors the language in the confidentiality agreement we have used to date. As I mentioned to Dennis at the hearing a week or so ago, the reasoning behind this is that Patricia is uncomfortable with the media attention in this case, its effect on her business and her personal life, and the fact that previously produced documents have been released and will produce yet more media attention. I understand that you believe these documents came from other sources, and that's fine. I don't want to make a larger issue than it needs to be. But it is our hope that a confidentiality order will receive more weight in the press and will tamp down inquiries into the deposition.

From Nikki's last email, I gather that you have not yet reached a decision on the "other items," meaning fees and costs. Please let me know how you want to proceed there.

Let me know your comments.

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

---

**From:** Kent Woods
**Sent:** Wednesday, August 06, 2014 9:14 AM
**To:** 'Baker, Nikki L.'; Hranitzky, Dennis; Lenhard, Kirk B.; Wald, James; Hessney, Collin (Collin.Hessney@dechert.com)
**Subject:** RE: Deposition

Nikki,

So confirmed. My conference room is available. I will prepare and circulate a confidentiality order like we discussed.

Regards,
Kent

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

1

**From:** Baker, Nikki L. [mailto:NBaker@BHFS.com]
**Sent:** Monday, August 04, 2014 11:53 AM
**To:** Kent Woods; Hranitzky, Dennis; Lenhard, Kirk B.; Wald, James; Hessney, Collin (Collin.Hessney@dechert.com)
**Subject:** RE: Deposition

Kent:

In follow up to our conversation on Friday afternoon, we have agreed that Ms. Amunategui's deposition will take place on August 26th, at your office. For now, let's tentatively plan to start the deposition at 9:00 a.m. If, for any reason, your conference rooms are full that day, please let us know so that we can accommodate the deposition at my office. We will get back to you shortly on the other items.

Thanks,

Nikki

**Nikki L. Baker**
**Brownstein Hyatt Farber Schreck, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
702.464.7012 tel
NBaker@BHFS.com

**From:** Kent Woods [mailto:kwoods@woodserickson.com]
**Sent:** Tuesday, July 29, 2014 5:02 PM
**To:** Baker, Nikki L.; Hranitzky, Dennis; Lenhard, Kirk B.; Wald, James
**Subject:** Deposition

All,

It has been some time since we corresponded about the scheduling and terms of Patricia's deposition. Based on what I see in the newspapers, that's certainly understandable.

In any event, I am writing to follow up on our earlier conversations about the deposition. As indicated previously, Patricia is willing to sit for a deposition as long as your client will compensate my clients for their time and expenses as set forth below. This is the same as my proposal from May 7:

- $150/hr for Patricia's time to be spent preparing for and attending the deposition. Approx. four hours preparation time and seven hours deposition time: $1,650.00
- Lost productivity/profit for M.F. due to closure of office: $2,443.00
- $250/hr for legal fees to be spent preparing for and attending the deposition. Approx. four hours preparation time and seven hours deposition time: $2,750.00
- TOTAL: $6,843.00

Additionally, some recent news stories and media attention have raised my client's concerns about confidentiality. Although we have the agreement in place, I believe my client would be most comfortable if we incorporated that into an order for the court to sign. You all were willing to do that in the past, so I hope you will do so now. Patricia's deposition will need to be subject to that protective order as well. Please let me know if you are willing to do so, in which case I will pull together the protective order.

As I mentioned in my earlier email, Patricia is available for deposition August 25, 26, 27, and 28. My preference would be for the 28th, but please let me know.

2

Regards,
Kent

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303)-223-1300 and delete the message. Thank you.