KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135
Email:  klenhard@bhfs.com
Email:  nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ. (admitted *pro hac*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:  212.698.3500
Facsimile:   212.698.3599
Email:  dennis.hranitzky@dechert.com

*Attorneys for Plaintiff NML Capital, Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, LTD.,<br><br>        Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>        Defendant. | CASE NO.:  2:14-cv-00492-RFB-VCF<br><br>**NML'S RESPONSE TO MF NEVADA'S *EMERGENCY* MOTION TO EXCLUDE NML CAPITAL LTD.'S PROPOSED DEMONSTRATIVE EXHIBITS AND TO ENFORCE PROTECTIVE ORDER (DKT. #70), VDL'S *EMERGENCY* MOTION TO EXCLUDE NML CAPITAL LTD.'S PROPOSED DEMONSTRATIVE EXHIBITS (DKT. #30), AND MF NEVADA'S JOINDER THERETO (DKT. #31)** |

Plaintiff NML Capital, Ltd. ("NML"), by and through its attorneys of record Brownstein Hyatt Farber Schreck, LLP, and Dechert, LLP, hereby submits its Response to MF Nevada's *Emergency* Motion to Exclude NML Capital Ltd.'s Proposed Demonstrative Exhibits and to Enforce Protective Order ("MF Nevada Motion to Exclude") (Dkt. #70), VDL'S *Emergency* Motion to Exclude NML Capital Ltd.'s Proposed Demonstrative Exhibits ("VDL Motion to

016887\0001\11924098.2

Exclude") (Dkt. #30), and MF Nevada's Joinder Thereto ("MF Nevada Joinder") (Dkt. #31) (MF Nevada Motion to Exclude, VDL Motion to Exclude and MF Nevada Joinder are collectively referred to as "Emergency Motions").

This Response is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file in this case, and any argument by counsel.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  INTRODUCTION

The Emergency Motions bring to mind the following response offered by Jim Carrey's character in the movie *Liar, Liar* when asked by the judge why he objected to a statement made during a hearing: "Because it's devastating to my case!"  But, of course, the parties objecting to NML's demonstrative exhibits cannot say that directly on the record here.  So, they have objected on the grounds that NML's proposed demonstrative exhibits allegedly contain hearsay or other inadmissible evidence.  They have also complained about the pictures, charts, fonts, symbols, and allegedly inflammatory language contained in the demonstrative exhibits.  None of the objections hold any water.

Stating the obvious, the March 9th hearing concerns discovery motions; it is not a trial. Thus, the evidence offered at the hearing need not be admissible.  And, NML does not intend to offer the demonstrative exhibits into evidence.  Rather, the function of the demonstrative exhibits is to aid NML's counsel in presenting the arguments contained in NML's briefs.  NML's briefs have mentioned many individuals, entities, and places that NML believes are all connected to the unlawful use of hundreds of Nevada shell companies to launder Argentinian funds.  These exhibits "demonstrate" or describe, explain or illustrate by examples these connections in a way that brings focus and context to the issues before the Court.

Which leads to the next most obvious reason why the Emergency Motions are unfounded: the Court can distinguish between the argument and facts presented within the demonstrative exhibits, and unlike a jury, the Court will not be unduly influenced by pictures, charts, colors, fonts, allegedly inflammatory language, etc.  Indeed, to even render a decision on whether NML

1  can use the demonstrative exhibits, the Court will be required to actually view the demonstrative
2  exhibits first. After it does so, there is simply no reason to preclude NML from again showing
3  the Court the exhibits during its arguments on the pending motions.

4  In conclusion, NML has done its best to address any concerns about the confidential
5  information included in the demonstrative exhibits. However, the objecting parties have made
6  clear that they will continue to either distract and burden NML's counsel with the endless task of
7  satisfying their unfounded and vague objections, or they will continue to pursue the Emergency
8  Motions irrespective of the changes NML makes to the demonstrative exhibits. The Court should
9  permit NML's counsel to utilize the demonstrative exhibits during the March 9, 2015, hearing as
10 proposed herein.

## II.   RELEVANT FACTUAL BACKGROUND

### A. NML Prepares Demonstrative Exhibits To Aid In Its Argument To The Court And Provides The Same To The Objecting Parties.

In anticipation of the December 12, 2014, hearing before the Court on various pending motions, NML's counsel prepared four sets of proposed demonstrative exhibits (the "Demonstrative Exhibits") to aid in his presentation to the Court. As there are many locations, individuals, entities and players mentioned throughout the briefing before the Court, the Demonstrative Exhibits provided visual aid in this respect and in support of NML's arguments. On December 10, 2014, NML circulated, out of a professional courtesy, working drafts of the Demonstrative Exhibits to counsel for MF Nevada and Ms. Amunategui, Mr. Woods, and counsel for VDL, Mr. Wiley, for review. Mr. Woods and Mr. Wiley raised several objections to NML's counsel's use of the Demonstrative Exhibits (MF Nevada, Ms. Amunategui and VDL are collectively referred to as the "Objecting Parties").

Mr. Woods voiced his objection in an email to undersigned counsel, and asserted that "the largest problem with these exhibits is that they quote heavily from and cite to the deposition and other documents that were produced under our sealing order." (*See* Declaration of Emily A. Ellis, Esq. ("Ellis Decl.") at ¶ 2.) In response, NML's counsel addressed this issue, and assured counsel that, if the Court rules on the sealing motions and maintains the sealed nature of the material,

NML will not display slides containing such material. (*See id.*) On December 11, 2014, counsel for VDL and NML's counsel met and conferred in an effort to address VDL's concerns and resolve the dispute. (*See id.* at ¶ 3.) During the meet and confer, Mr. Wiley expressed the following objections: that the Demonstrative Exhibits (1) include additional arguments, (2) lack foundation (one example he provided was the expert opinion), (3) were untimely provided to counsel, and (4) are inflammatory and it appears that their only purpose is to inflame the press. (*See id.*) Mr. Wiley also represented that Mr. Woods' concerns were regarding the Demonstrative Exhibits containing material previously designated confidential ("Confidential Material"). (*See id.* at ¶ 4.)

NML's counsel addressed concerns with the Confidential Material, and asserted that, if the Court granted the pending motions regarding keeping the Confidential Material under seal, NML would not display slides within the Demonstrative Exhibits that contained such material. (*See id.*) NML's counsel and Mr. Wiley then discussed the slides within the Demonstrative Exhibits that rely on NML's expert's opinion. (*See id.* at ¶ 5.) Mr. Wiley explained that the expert was not designated as such and that his client's position is that the opinions therein are incorrect. (*See id.*) In essence, Mr. Wiley was objecting to the expert (although he had not voiced this concern with the Court and failed to file a motion seeking to strike the expert or his opinions), and not to the fact that the expert's opinions were contained in the Demonstrative Exhibits.

In an effort to narrow the issues for the Parties and the Court, NML's counsel inquired as to whether Mr. Wiley could identify slides within the Demonstrative Exhibits that they did not object to. (*See id.* at ¶ 6.) Despite stating that there were slides that they did not object to, Mr. Wiley refused to provide a list of the same to NML's counsel. (*See id.*) In another attempt to narrow the dispute, NML's counsel asked Mr. Wiley to identify (i) specific pages and/or assertions that were purportedly inaccurate, (ii) assertions that were purportedly not supported by the record, and (ii) arguments that were not previously made in NML's briefs filed with the Court. (*See id.* at ¶ 7.) Mr. Wiley again refused to do so, and stated that he would identify the same for the Court during the upcoming hearing. (*See id.*)

At the conclusion of the meet and confer, Mr. Wiley represented that his client would be filing an objection with the Court, and proposed that, in the alternative, if the Demonstrative Exhibits were truly meant to assist the Court, then the Court should engage in an *in camera* review of the documents. (*See id.* at ¶ 8.)  As the Parties were unable to resolve the objections to the Demonstrative Exhibits, the meet and confer concluded. (*See id.*)

### B. The Objecting Parties File Their Emergency Motions, Which Contain Meritless Objections And Fail To Provide The Court With The Demonstrative Exhibits For Review.

Later that day, MF Nevada and Ms. Amunategui filed the MF Nevada Motion to Exclude. (*See* Dkt. #70.)   The MF Nevada Motion to Exclude primarily focused on the Confidential Material contained in the Demonstrative Exhibits, and MF Nevada and Ms. Amunategui's concern that displaying, quoting from, referencing, and/or citing to the Confidential Material during the hearing to a courtroom filled with reporters will violate the Parties' Protective Order and cause substantial harm to Ms. Amunategui. (*See id.*)

The MF Nevada Motion to Exclude also argued that the Demonstrative Exhibits are being offered as "evidence", and that this "evidence" is inadmissible, "rank speculation, hearsay, and blatant misconstruction[s] of Ms. Amunategui's deposition testimony," and should be excluded (*See id.*)   In support of this argument, MF Nevada and Ms. Amunategui cite two inapplicable cases (discussed below), without any analysis regarding the situation before this Court. (*See id.*) The motion further argued that the Demonstrative Exhibits contain "arguments and assertions that have never been raised before the Court, much less in briefings and supported by documentation." (*See id.*)   The MF Nevada Motion to Exclude does not, however, identify these purported arguments and assertions for the Court (or for NML). (*See id*.)   Presumably, the excuse for this is that MF Nevada and Ms. Amunategui allegedly "had only a very limited time to review the assertions contained in the exhibits and no time or opportunity at all to address the bases for those assertions." (*See id.*)

Also on December 11, 2014, VDL filed the VDL Motion to Exclude. (*See NML Capital,*

1  *Ltd. v. Republic of Argentina*, Case No. 2:14-cv-01573-RFB-VCF, Dkt. #30.)[1]  The VDL Motion to Exclude raised several objections to the Demonstrative Exhibits: "(a) the use of inflammatory fonts, colors, and charts/depictions; and (b) the inclusion of (i) irrelevant, foundationless, and hearsay information and/or entirely unsupported allegations; (ii) previously unbriefed allegations and argument; and (iii) information previously sealed pursuant to the prior protective order (thereby effectively unsealing the information)." (*See id.*)

In support of its argument that the Demonstrative Exhibits are inadmissible, VDL cites the same two inapplicable cases as were cited in the MF Nevada Motion to Exclude, in addition to one other.  The VDL Motion to Exclude also seems to be arguing that because, according to VDL, NML's discovery efforts have been based off of irrelevant, foundationless, hearsay information, the Demonstrative Exhibits based off of that same information must be excluded. (*See id.*)  As discussed below, this shows that VDL's true objection is to the fact that NML's arguments are unfavorable to VDL, and should, therefore, be excluded.

As with the MF Nevada Motion to Exclude, VDL's motion does not provide the Court or NML with specific instances of allegedly unbriefed allegations and arguments in the Demonstrative Exhibits, yet asks the Court to exclude the Demonstrative Exhibits based on this argument. (*See id.*)  Finally, VDL argues in its motion that displaying the Demonstrative Exhibits in open court would "defeat the entire purpose of the prior seal" of the Confidential Material, and then asks the Court to endure an examination of the Demonstrative Exhibits "for proper evidentiary support" and asserts that the media in this situation should be treated like the jury in a trial. (*See id.*)[2]  Interestingly, despite arguing that the Court should conduct an *in camera* review of the Demonstrative Exhibits and examine them for proper evidentiary support, neither of the Emergency Motions attached the Demonstrative Exhibits for the Court's review in making its determination.

---

[1]  The Emergency Motions were filed prior to the Court consolidating the actions into the above-captioned action.
[2]  MF Nevada and Ms. Amunategui filed a Joinder to the VDL Motion to Exclude. (*Id.* at Dkt. #31.)

016887\0001\11924098.2                    6

**C. The Court Conducts The Hearing And Orders The Parties To Meet And Confer Regarding The Objections To The Demonstrative Exhibits After The Court Issues A Ruling On The Seal Motions.**

On December 12, 2014, prior to the hearing, the Court issued an Order informing the Parties that the Court would hear oral argument on the Emergency Motions, among others. (*See* Dkt. #71.) On December 12, 2014, the Court conducted a hearing on several pending motions. (*See* Dkt. #73.) During the hearing, the Court addressed the Demonstrative Exhibits and the Emergency Motions. (*See id.*) The Court ordered that, after it ruled on the seal motions and before the eventual hearing on the substantive issues scheduled for March 9, 2015, the Parties should try to resolve any outstanding issues concerning the Demonstrative Exhibits. (*See id.*)

Subsequent to the hearing, the Parties filed a "Stipulation and Order Regarding Motion to Exclude NML Capital Ltd's Proposed Demonstrative Exhibits" ("Stipulation"). (*See* Dkt. #77.) In the Stipulation, the Parties sought Court approval of the following procedure for addressing the Demonstrative Exhibits and the pending Emergency Motions:

a. NML is not required to file its responses to the Emergency Motions on or by December 28th; rather, the time for NML to file its responses to the Emergency Motions is extended as set forth below;

b. Within three (3) judicial days after the date the Court issues an Order on the pending seal motions regarding the "Confidential" documents, the Parties will meet and confer in an effort to resolve any outstanding disputes with regard to the Demonstrative Exhibits; and

c. If the Parties are unable to resolve all disputes over the Demonstrative Exhibits, counsel for the Parties shall agree upon a reasonable briefing schedule for the Emergency Motions, and file a Stipulation and Order reflecting the same for the Court's consideration and approval. In any event, NML shall file and serve a response no later than March 2, 2015, and any replies shall be filed and served no later than March 9, 2015.

(*See id.*)   On December 23, 2014, the Court approved the Stipulation in part, modifying the deadline for NML to file and serve a response to the Emergency Motion to February 25, 2015, and the deadline for any replies to March 4, 2015.  (*See* Dkt. # 78.)

### D. The Court Rules On The Sealing Motions And The Parties Meet And Confer Regarding The Demonstrative Exhibits And Are Able To Partially Resolve The Dispute.

Thereafter, the Court received supplemental briefs relating to the pending sealing motions. (*See* Dkt. ##79, 80, 81.)  On February 19, 2015, the Court issued an Order granting in part and denying in part the request to unseal the previously sealed documents ("Unsealing Order").  (*See* Dkt. #82.)   The Unsealing Order unsealed Ms. Amunategui's deposition testimony, with the exception of her personal information (social security number, travel plans, address, etc.).  (*See id.*)  In accordance with the Court's Order on the Parties' Stipulation, counsel for NML and the Objecting Parties conducted a meet and confer on February 23, 2015, regarding any remaining concerns with the Demonstrative Exhibits.  (*See* Ellis Decl., at ¶ 9.)   Unfortunately, the Parties could not reach an agreement with regard to all of the objections to the Demonstrative Exhibits. (*See id.*)

Despite having months to review the Demonstrative Exhibits, Mr. Wiley was still unable to identify specific pages his client objected to and/or specific pages it had no objection to, and voiced a generalized objection to "inflammatory" content in the Demonstrative Exhibits.  (*See id.* at ¶ 10.)  With regard to the Confidential Material, the Parties reached a compromise.  (*See id.* at ¶ 11.)  Mr. Woods represented that his client would be objecting to the Court's Unsealing Order, and, in an effort to move the action along and not preclude the Court from conducting the hearing on the pending substantive motions, NML agreed not to display slides during the hearing that contained Confidential Material, but rather to provide the Court with hard copies of those slides. (*See id.*)  To address Mr. Wiley's objection that the colors red and orange are inflammatory, NML also agreed to replace those colors with green and yellow.  (*See id.*)

As outstanding issues remain relating to the Demonstrative Exhibits, and in accordance with the Court's Order on the Stipulation, NML files this Response to the Emergency Motions.

For the reasons set forth herein, the Court should deny the motions and permit NML's counsel to utilize the Demonstrative Exhibits to aid the Court during argument (subject to the protocols proposed herein) at the hearing scheduled for March 9, 2015.

### III. DISCUSSION

#### A. Several Of The Concerns Raised In The Emergency Motions Are Moot.

As anticipated by the Court and the Parties, several objections raised by the Objecting Parties were addressed by the Court's Unsealing Order. (*See* Dkt. # 82.) Specifically, the Emergency Motions both argued that the Demonstrative Exhibits should be excluded because they contained Confidential Material. (*See* Section II(B), *supra.*) The MF Nevada Motion to Exclude also presented argument regarding the press being exposed to the Confidential Material via the Demonstrative Exhibits, and asserted that even if the Court were to view the Demonstrative Exhibits *in camera,* if NML's counsel were to quote from, reference, or cite to the Confidential Material, Ms. Amunategui would be substantially harmed. (*See* Dkt. # 70.) Thereafter, the Court's Unsealing Order held that the same Confidential Material at issue in the Emergency Motions was not properly designated confidential, must be made part of the public record, and must be redacted only to conceal Ms. Amunategui's personal information. (*See* Dkt. #82.)

In theory, this resolved the Parties' dispute with regard to the Confidential Material contained in the Demonstrative Exhibits – if the material was going to be made public, then any argument that the same material should be excluded from the hearing on confidentiality grounds is moot. However, during the Parties' meet and confer regarding the Demonstrative Exhibits, counsel for MF Nevada and Ms. Amunategui represented that his clients intend to object to the Unsealing Order. (*See* Ellis Decl., at ¶ 11.) Thus, in an effort to narrow the issues for the Court and to permit the Court to conduct the scheduled March 9, 2015, hearing, NML's counsel agreed during the meet and confer to not use, display, refer to, quote from or cite to Confidential Material contained in the Demonstrative Exhibits in open Court. (*See id*.) Rather, any slides containing the Confidential Material will be provided to the Court in hard copy. (*See id*.) This

agreement resolves VDL's, MF Nevada's and Ms. Amunategui's concerns regarding both the dissemination of the Confidential Material and the press being exposed to the Confidential Material. Therefore, the Court need not exclude visitors and press from the courtroom, and should permit NML's counsel to utilize the Demonstrative Exhibits as agreed to by the Parties.

### B. The Remaining Concerns Raised In The Emergency Motions Are Meritless And Do Not Warrant Exclusion Of The Demonstrative Exhibits.

As discussed in Section II(D), *supra*, the Parties were unable to resolve all of the concerns surrounding NML's counsel's use of the Demonstrative Exhibits at the March 9, 2015, hearing. (*See* Section II(D), *supra.*)  Specifically, counsel for the Objecting Parties maintained their previously voiced objections that the Demonstrative Exhibits must be excluded because they allegedly contain (i) inflammatory fonts, colors, and charts/depictions, (ii) irrelevant, foundationless, and hearsay information that is inadmissible, (iii) entirely unsupported allegations, (iv) previously un-briefed allegations and argument, and (v) "blatant misconstruction[s] of Ms. Amunategui's deposition testimony." (*See* Section II(B), *supra.*) These objections, however, either lack merit, are unsupported by the case law relied upon in the Emergency Motions, fail to identify specific materials for the Court and NML to address, or rely on illogical reasoning that the media is equivalent to the jury and that the true "trier of fact", the Court, will be unfairly influenced by colors, pictures, fonts and/or symbols within the Demonstrative Exhibits. As such, none of these objections warrant the exclusion of the Demonstrative Exhibits. The Court should permit NML's counsel to utilize the same during the March 9, 2015, hearing in aid of his argument to the Court.

*1. The Demonstrative Exhibits are not evidence carrying with them the requirement of admissibility.*

As with most of the objections contained in the Emergency Motions, the arguments that the Demonstrative Exhibits should be excluded because they are (i) inadmissible evidence and are, (2) much like the arguments in NML's briefs, based on speculation, hearsay, and misconstruction of Ms. Amunategui's deposition testimony, are meritless. As an initial matter, the Demonstrative Exhibits are *not* evidence. Rather, they are exhibits prepared in anticipation of the hearing for the purpose of aiding counsel's presentation of his argument to the Court.

  Further, even if the Demonstrative Exhibits were evidence (which they are not), there is no requirement in the Federal Rules of Civil Procedure that evidence presented during a hearing on a discovery dispute must be admissible at trial, *i.e.* must not be hearsay, non-speculation, etc. *See* Fed. R. Civ. P. 26 – 37.[3]  Similarly, the argument in the Emergency Motions that the Demonstrative Exhibits should be excluded because NML's discovery efforts and arguments are based on inadmissible evidence is unfounded.  In essence, this argument attacks NML's underlying substantive arguments presented in its briefs, rather than the Demonstrative Exhibits themselves.

  Finally, the cases cited by both Emergency Motions are inapplicable and do not support the exclusion of the Demonstrative Exhibits.  In *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1427 (9th Cir. 1991), the Ninth Circuit addressed whether the district court erred in permitting "use of third-party x-rays for demonstrative purposes" during a ***jury trial***, "even though they had not been identified in the pre-trial order."  Again, the March 9, 2015, hearing is not a trial, let alone a jury trial, and, as the VDL Motion to Exclude stressed, the motions pending before the Court are "***non-dispositive***."  (*See* VDL Motion to Exclude, at 2:22, 3:6.)  Regardless of these clear differences, the Court in *Rogers* actually held that the district court ***did not*** err in permitting the demonstrative exhibits to be utilized during the trial.  *See Rogers*, 922 F.2d at 1429.

  In *Conboy v. Wynn Las Vegas, LLC*, 2013 U.S. Dist. LEXIS 55558, at *28 (D. Nev. Apr. 18, 2013), also relied upon in the Emergency Motions, the issue before the Court was whether, on a motion *in limine*, the Court "should prohibit all of plaintiff's demonstrative exhibits not previously reviewed by defendants" from being presented at ***trial***.  Not only did the Court simply order the parties to exchange demonstrative exhibits prior to being permitted to use them at trial (which was accomplished here), rather than exclude the demonstrative exhibits, the Court specifically discussed "evidence" presented at trial, as opposed to demonstrative exhibits prepared to aid in presenting argument to the Court during a non-dispositive hearing on a discovery dispute

---

[3]  The only mention of admissibility in these rules is with regard to using deposition testimony during a hearing, and the rule provides that the testimony may be presented if, among other things, "it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying." *See* Fed. R. Civ. P. 32(a)(1)(B).

(as seen here). *See Conboy*, 2013 U.S. Dist. LEXIS 55558, at *28. As such, neither of the cases relied upon in the Emergency Motions are applicable or support the request to exclude the Demonstrative Exhibits.

In sum, the Demonstrative Exhibits are not evidence carrying with them the requirement of admissibility. The hearing set for March 9, 2015, is not a trial, and the case law cited in the Emergency Motions does not support the Objecting Parties' purported position. The Court should, therefore, overrule the objections and permit NML's counsel to present the Demonstrative Exhibits during the March 9, 2015, hearing.

> 2. *The Court should not consider the objection in the Emergency Motions regarding the Demonstrative Exhibits containing un-briefed arguments and assertions, as the Objecting Parties never identified what material was allegedly un-briefed.*

The objection raised in both Emergency Motions regarding the Demonstrative Exhibits containing un-briefed arguments and assertions is easily disposed of. None of the Objecting Parties ever presented the Court or NML with the specific arguments/assertions that were allegedly not briefed before the Court. (*See* Section II(B), *supra.*) Despite having months between the date they filed their Emergency Motions and the Parties' latest meet and confer call, to review the Demonstrative Exhibits and identify the material they objected to, counsel was still unable to articulate during the meet and confer exactly what arguments and assertions were allegedly new, un-briefed material. (*See id.*) As such, they are asking NML to guess as to the scope of their objection and are expecting the Court to do their work for them, of course without the benefit of ever seeing the Demonstrative Exhibits.[4] In fact, VDL contends that the Court should engage in an examination of the Demonstrative Exhibits, yet VDL never provided the Court with the Demonstrative Exhibits.[5] Thus, unless the Court is inclined to take the Objecting

---

[4] As noted above, the Demonstrative Exhibits were not attached to the Emergency Motions for the Court's review. (*See* Section II(B), *supra.*) In an abundance of caution, NML does not attach them to this Response, but will be prepared to present them to the Court at the March 9th hearing.

[5] The case cited by VDL in support of this is inapplicable. The Court in *United States v. Abbas,* 504 F.2d 123, 124 (9th Cir. 1974) addressed whether "it was improper to have permitted the *jury* to receive into evidence what it contends were argumentative and conclusional

016887\0001\11924098.2            12

Parties' word for it, the Demonstrative Exhibits should not be excluded based on this unsupported objection.

> 3. *The objections raised in the VDL Motion to Exclude regarding the allegedly inflammatory fonts, colors, and charts/depictions and arguing that the media is equivalent to the jury are baseless.*

Despite VDL's first objection being that the Demonstrative Exhibits use allegedly "inflammatory fonts, colors, and charts/depictions," VDL does not expand on this objection within its motion. (*See generally,* VDL Motion to Exclude.) VDL is apparently forgetting that the Court is the finder of fact in this situation, rather than a jury. Certainly it would be shocking for VDL to argue that a Federal Magistrate Judge is unable to distinguish between argument and fact, or will be unfairly influenced by a bolded, red font, or a chart depicting a NML's argument. However, this seems to be VDL's position. Such an argument would place the Court on the same level as a jury, needing a gate keeper to protect it from seeing possibly "inflammatory" material. This is illogical; who should gate-keep for the Judge? VDL? NML is fully confident in the Court's ability to rule on the merits of the present dispute without being distracted or unduly influenced by colors, fonts, or charts/depictions contained in the Demonstrative Exhibits.

With regard to the objection that the press is equivalent to the jury and, therefore, should be shielded from exposure to the potentially inflammatory Demonstrative Exhibits, the response is two-fold. First, the proposition of protecting juries from prejudicial material is premised upon the idea that the jury, as the trier of fact, should not be exposed to material that may unduly influence its ultimate determination. VDL's concern here is that the ***press*** will be influenced by the Demonstrative Exhibits. Such a concern does not carry the same weight as with respect to juries, as the press is ***not*** the trier/finder of fact.

Second, any concern VDL has with the press disseminating the allegedly inflammatory material is a non-issue. Physical copies of the Demonstrative Exhibits will not be filed with the Court, will not be part of the public record, and will not be distributed to the press. Additionally,

---

materials." (emphasis added.) While the Court found that it would be "better practice" for the "trial judge [to] carefully examine this type of evidence and supporting exhibits, out of hearing of the jury, in order to determine that everything contained in the summary is supported by the proof," here, VDL never gave the Court this opportunity. *States,* 504 F.2d at 124.

the press is unable to take photos or video in the courtroom, and, are therefore, unable to capture the allegedly inflammatory fonts, colors, charts etc. and share them with their readers. Accordingly, VDL's objections in this regard do not warrant exclusion of the Demonstrative Exhibits.

## IV. CONCLUSION

Based on the foregoing, NML respectfully requests that the Court deny the Emergency Motions and permit NML's counsel to utilize the Demonstrative Exhibits during the March 9, 2015, hearing as proposed herein.

DATED this 25th day of February, 2015.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ Nikki L. Baker, Esq.
Kirk B. Lenhard, Esq., Nevada Bar No. 1437
Nikki L. Baker, Esq., Nevada Bar No. 6562
100 North City Parkway, Suite 1600
Las Vegas, Nevada  89106
Telephone:  702.382.2101

*Attorneys for Plaintiff NML Capital Ltd.*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **RESPONSE TO MF NEVADA'S** *EMERGENCY* **MOTION TO EXCLUDE NML CAPITAL LTD.'S PROPOSED DEMOSTRATIVE EXHIBITS AND TO ENFORCE PROTECTIVE ORDER (DKT. #70), VDL'S** *EMERGENCY* **MOTION TO EXCLUDE NML CAPITAL LTD.'S PROPOSED DEMONSTRATIVE EXHIBITS (DKT. #30), AND MF NEVADA'S JOINDER THERETO (DKT. #31)** was served via U.S. Mail, postage prepaid, on the date and to the address shown below:

Carmine D. Boccuzzi, Jr., Esq.
CLEARY, GOTTLEIB, STEEN & HAMILTON, LLP
One Liberty Plaza
New York, NY 10006
*Counsel for Defendant The Republic of Argentina*

DATED this 25th day of February, 2014.

　　　　　　　　　　　　　　　　　　/s/   Emily A. Ellis
　　　　　　　　　　　　　　　　　an employee of Brownstein Hyatt Farber Schreck, LLP

016887\0001\11924098.2

15