KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
klenhard@bhfs.com
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
nbaker@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway
Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135

*Attorneys for NML Capital Ltd.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NML CAPITAL LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | CASE NO.: 2:14-cv-00492-RFB-VCF<br><br>**DECLARATION OF EMILY A. ELLIS IN SUPPORT OF NML'S RESPONSE TO MF NEVADA'S *EMERGENCY* MOTION TO EXCLUDE NML CAPITAL LTD.'S PROPOSED DEMONSTRATIVE EXHIBITS AND TO ENFORCE PROTECTIVE ORDER (DKT. #70), VDL'S *EMERGENCY* MOTION TO EXCLUDE NML CAPITAL LTD.'S PROPOSED DEMONSTRATIVE EXHIBITS (DKT. #30), AND MF NEVADA'S JOINDER THERETO (DKT. #31)** |

I, EMILY A. ELLIS, declare as follows:

1. I am an attorney at the law firm of Brownstein Hyatt Farber Schreck, LLP, counsel for Plaintiff NML Capital, Ltd. ("NML") in this matter currently pending before the United States District Court, District of Nevada. I submit this affidavit in support of NML's "Response to MF Nevada's *Emergency* Motion to Exclude NML Capital Ltd.'s Proposed Demonstrative Exhibits and to Enforce Protective Order (Dkt. #70), VDL'S *Emergency* Motion to Exclude NML Capital Ltd.'s Proposed Demonstrative Exhibits (Dkt. #30), and MF Nevada's Joinder Thereto (Dkt. #31)". I have personal knowledge of the facts set forth herein, and if called upon to do so, am competent to testify thereto.

1

2. Mr. Woods voiced his objection to the Demonstrative Exhibits in an email to Nikki L. Baker, Esq., and asserted that "the largest problem with these exhibits is that they quote heavily from and cite to the deposition and other documents that were produced under our sealing order." Ms. Baker addressed this issue, and assured counsel that, if the Court rules on the sealing motions and maintains the sealed nature of the material, NML will not display slides containing such material.

3. On December 11, 2014, the counsel for VDL and NML's counsel met and conferred in an effort to address VDL's concerns and resolve the dispute. During the meet and confer, Mr. Wiley expressed the following objections: that the Demonstrative Exhibits (1) include additional arguments, (2) lack foundation (one example he provided was the expert opinion), (3) were untimely provided to counsel, and (4) are inflammatory and it appears that their only purpose is to inflame the press.

4. Mr. Wiley also represented that Mr. Woods' concerns were regarding the Demonstrative Exhibits containing material previously designated confidential ("Confidential Material"). Ms. Baker addressed concerns with the Confidential Material, and asserted that, if the Court granted the pending motions regarding keeping the Confidential Material under seal, NML would not display slides within the Demonstrative Exhibits that contained such material.

5. Ms. Baker and Mr. Wiley then discussed the slides within the Demonstrative Exhibits that rely on NML's expert's opinion. Mr. Wiley explained that the expert was not designated as such and that his client's position is that the opinions therein are incorrect.

6. In an effort to narrow the issues for the Parties and the Court, Ms. Baker inquired as to whether Mr. Wiley could identify slides within the Demonstrative Exhibits that they did not object to. Despite stating that there were slides that they did not object to, Mr. Wiley refused to provide a list of the same to Ms. Baker.

7. In another attempt to narrow the dispute, Ms. Baker asked Mr. Wiley to identify (i) specific pages and/or assertions that were purportedly inaccurate, (ii) assertions that were purportedly not supported by the record, and (ii) arguments that were not previously made in

2

1  NML's briefs filed with the Court. Mr. Wiley again refused to do so, and stated that he would identify the same for the Court during the upcoming hearing.

8.  At the conclusion of the meet and confer, Mr. Wiley represented that his client would be filing an objection with the Court, and proposed that, in the alternative, if the Demonstrative Exhibits were truly meant to assist the Court, then the Court should engage in an *in camera* review of the documents. As the Parties were unable to resolve the objections to the Demonstrative Exhibits, the meet and confer concluded.

9.  In accordance with the Court's Order on the Parties' Stipulation, counsel for NML and counsel for MF Nevada, MS. Amunategui and VDL (the "Objecting Parties") conducted a meet and confer on February 23, 2015, regarding any remaining concerns with the Demonstrative Exhibits. Unfortunately, the Parties could not reach an agreement with regard to all of the objections to the Demonstrative Exhibits.

10. Despite having months to review the Demonstrative Exhibits, Mr. Wiley was still unable to identify specific pages his client objected to and/or specific pages it had no objection to, and voiced a generalized objection to "inflammatory" content in the Demonstrative Exhibits.

11. With regard to the Confidential Material, the Parties reached a compromise. Mr. Woods represented that his client would be objecting to the Court's Unsealing Order, and, in an effort to move the action along and not preclude the Court from conducting the hearing on the pending substantive motions, NML agreed not to display slides during the hearing that contained Confidential Material, but rather to provide the Court with hard copies of those slides. To address Mr. Wiley's objection that the colors red and orange are inflammatory, NML also agreed to replace those colors with green and yellow.

///
///
///
///

3

12. Pursuant to Local Rule 26-7, after personal consultations with the Objecting Parties' counsel and sincere efforts to do so, NML has been unable to resolve this matter without Court intervention.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of February, 2015.



EMILY A. ELLIS