KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
EMILY A. ELLIS, ESQ., Nevada Bar No. 11956
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:  702.382.8135
Email:  klenhard@bhfs.com
Email:  nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ. (admitted *pro hac*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:  212.698.3500
Facsimile:  212.698.3599
Email:  dennis.hranitzky@dechert.com

*Attorneys for Plaintiff NML Capital Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NML CAPITAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | CASE NO.: 2:14-cv-00492-RFB-VCF <br><br> **NML CAPITAL LTD.'S EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS CROSS-MOTIONS TO COMPEL** |

Plaintiff NML Capital Ltd. ("NML"), by and through its attorneys of record Brownstein Hyatt Farber Schreck, LLP, and Dechert, LLP, hereby respectfully requests leave of Court to file a supplemental brief in support of NML's Cross-Motions to Compel (Dkt. #10 & #60.)  Since the hearing held on December 12, 2014, NML's discovery efforts against third parties who may potentially possess information about the Republic of Argentina's assets have been upheld by the U.S. Court of Appeals for the Second Circuit, and NML has uncovered additional information germane to the Court's consideration of NML's Cross-Motions.  Steering by the Court's beacon, NML reached out to counsel for M.F. Corporate Services (Nevada) Limited ("MF Nevada") and

Ms. Amunategui, and counsel for Val de Loire, LLC ("VDL") to determine whether they intended to file supplemental briefs in support of their motions to quash and, if not, whether they would stipulate to NML filing a supplemental brief in support of its Cross-Motions. (*See* Dec. 12, 2014 Hearing Tr. at 23:7-13.) (statement by Court that "I may just order the parties to get-together two or three weeks before the hearing and just see if there's anything that they think needs to be supplemented."). Consistent with their efforts to prevent NML from exposing their relationships with Mossack Fonseca and their roles in the Báez embezzlement scheme, MF Nevada, Ms. Amunategui, and VDL declined to stipulate to the filing of NML's supplemental brief.

Based on the Court's comments during the December 12, 2014, hearing, it is unclear whether leave of Court is necessary to file a supplemental brief. (*Id.* at 23:11-13.) (statement by the Court that "if [NML's counsel is] going to supplement and you want to object, you can, but, yeah, it doesn't sound like we need to do too much."). Nevertheless, in an abundance of caution, NML files this Motion on an emergency basis, pursuant to Local Rule 7-5(d), so that the Court can decide whether to permit NML to file a supplemental brief and, if a supplemental brief is permitted, set reasonable deadlines for any response to be filed and for NML to file a reply brief before the hearing set for March 9, 2015.

This Motion is supported by the following Memorandum of Points and Authorities, the Affidavit of Nikki L. Baker, Esq., as required by Local Rule 7-5(d), and the pleadings and papers on file in this case. A copy of NML's proposed supplemental brief is attached to this Motion as Exhibit "A".[1]

---

[1] The supplemental brief attached hereto has been redacted to omit certain information that should remain confidential. Simultaneously, NML is filing a SEALED *Emergency* Motion For Leave To File The Supplemental Brief and Exhibits "M", "N", "O", "P", "T", "U", and "V" Thereto Under Seal ("Motion to Seal"), attaching the un-redacted version of the supplemental brief. If the Court grants this Motion, then NML respectfully requests that the Court also grant leave for NML to file the un-redacted supplemental brief and its exhibits under seal.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

As the Court acknowledged in its latest order, Argentina's failure to satisfy NML's judgments "has caused NML to travel the globe in search of property owned by Argentina." (*See* Order at 2:1-2, Dkt. #82.) NML informed the Court during the December 12, 2014, hearing that this search has led NML to serve subpoenas on third party banks and to commence proceedings in the Seychelles to compel certain entities to provide documents and information. (*See* Dec. 12, 2014 Hearing Tr. at 19:17-20:12.) As the Court anticipated, NML's efforts throughout the U.S. and the world have resulted in several new and material developments that NML believes are necessary and appropriate to bring to the Court's attention prior to its consideration and rulings on the pending motions to quash and motions to compel. (*Id*. at 22:6-8.) (statement by Court that "apparently this is going to be an evolving thing at least on their side.").

Despite that it has yet to see the new evidence that NML intends to provide in its supplemental brief, VDL would not stipulate to the filing of a supplemental brief on the grounds that the "matters referenced" are "not relevant" to the upcoming hearing. (*See* Baker Aff. at ¶ 4.) As for MF Nevada and Ms. Amunategui, their refusal to stipulate to the supplemental brief appears to be based on a reluctance to spend any time and money to respond to NML's supplemental brief. (*See* Dec. 12, 2014 Hearing Tr. at 22:9-21.) Respectfully, however, their objections are not inspired by sincere concerns over excluding "relevant" information or saving time and money. Rather, they seek to exclude evidence that hampers their ability to cloud the real and compelling evidence of how VDL, MF Nevada, and Ms. Amunategui are linked to, if not intricately intertwined with Mossack Fonseca and the use by Lázaro Báez and Cristobal López of hundreds of Nevada shell corporations to launder Argentinian funds.

In short, VDL, MF Nevada, and Ms. Amunategui can argue that the evidence offered in NML's supplemental brief does not support the granting of NML's Cross-Motions. And the Court can decide for itself which evidence is relevant to its consideration of the pending motions. The point here is that NML should be permitted to file its supplemental brief to ensure that the Court has before it all of the information NML has gathered to date when it considers and rules on the

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

pending motions.

For the reasons set forth herein, NML respectfully requests that the Court grant NML leave to file the supplemental brief attached as Exhibit "A" hereto. NML also respectfully requests that the Court set reasonable deadlines for any response to be filed and for NML to file a reply brief before the hearing set for March 9, 2015. In this regard, NML proposes that any response to the supplemental brief be filed on or before March 4, 2015, and that any reply by NML be filed on or before March 6, 2015.

DATED this 26th day of February, 2015.

> BROWNSTEIN HYATT FARBER SCHRECK, LLP
>
> By: /s/ Kirk B. Lenhard, Esq.
> Kirk B. Lenhard, Esq., #1437
> Nikki L. Baker, Esq., #6562
> 100 North City Parkway, Suite 1600
> Las Vegas, NV 89106-4614
>
> Dennis H. Hranitzky (admitted *pro hac*)
> Dechert LLP
> 1095 Avenue of the Americas
> New York, NY 10036-6797
>
> *Attorneys for Plaintiff NML Capital Ltd.*

016887\0001\11927290.4

4

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **EMERGENCY MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS CROSS-MOTIONS TO COMPEL** was served via U.S. Mail, postage prepaid, on the date and to the address shown below:

Carmine D. Boccuzzi, Jr., Esq.
CLEARY, GOTTLEIB, STEEN & HAMILTON, LLP
One Liberty Plaza
New York, NY  10006
*Counsel for Defendant The Republic of Argentina*

DATED this 26th day of February, 2015.

 /s/ Emily A. Ellis
an employee of Brownstein Hyatt Farber Schreck, LLP