**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

NML CAPITAL, LTD.,

                Plaintiff,

vs.

THE REPUBLIC OF ARGENTINA,

                Defendant.

Case No. 2:14–cv–492–RFB–VCF

**ORDER**

      On March 9, 2015, the court will hear oral argument on several motions. In preparation for the hearing, the court addresses the parties' eight Motions to Seal (#21, #22, #28, #61, #64, #65, #84, #87[1]) and Val de Loire's Motion to Exclude NML's Proposed Demonstrative Exhibits (#30). For the reasons stated below, the motions are denied.

      Val de Loire's Motion to Exclude asks the court to preclude NML from relying on demonstrative charts during the hearing because the charts contain, *inter alia*, "inflammatory fonts [and] colors," (Doc. #30 at 3:13), the word "scheme," (Doc. #91 at 6:21), and "photographs" (*id*. at 7:3). Val de Loire's concern is twofold: the facts conveyed in NML's demonstrative charts are not supported by admissible evidence and members of the public will be exposed to NML's exhibits and possibly confused by their content.

      These arguments fail as a matter of law. The March 9, 2015 hearing is not an evidentiary hearing. NML's demonstrative charts are merely graphical displays of NML's argument. If Val de Loire disagrees with NML's argument, it may dispute the substance of the argument as well as the manner of its presentation.

---

[1] Parenthetical citations refer to the court's docket.

The question before the court is whether "reasonable suspicion" exists to question the good faith transfer of asset between the judgment debtor and a third party. *See Rock Bay, LLC v. Dist. Ct.*, 129 Nev. Adv. Op. 21, 298 P.3d 441, 443 (2013). This inquiry is analogous to a warrant proceeding in which the court determines whether probable cause exists to permit a search or seizure. In those proceedings, the Federal Rules of Evidence do not apply. *See* FED. R. EVID. 1101(d).

Val de Loire's concern regarding the public is similarly misplaced. If Val de Loire wants to remove information from the public's view, it must move to seal and rebut the "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "[A] trial courtroom also is a public place where the people generally—and representatives of the media— have a right to be present[.] [T]heir presence historically has been thought to enhance the integrity and quality of what takes place." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 587 (1980). No motion to seal the demonstrative charts has been filed.

The court now turns to the parties' eight motions to seal. Six of these motions (#21, #22, #28, #61, #64, #65) ask the court to seal filings containing Patricia Amunategui's deposition testimony. In light of the court's February 19, 2015 order, these motions are moot. The parties are ordered to comply with the court's previous order with regard to these motions and prepare redacted copies of their papers and exhibits, which redact the following information: (1) Ms. Amunategui's social-security number and other information protected by Federal Rule of Civil Procedure 5.2; (2) Ms. Amunategui's future travel plans and her personal contact information, including her home and personal email addresses; and (3) information regarding Ms. Amunategui's immigration status.

The remaining motions (Docs. #65, #84, #87) ask the court to seal documents to (1) relieve entities in the Seychelles from unwanted publicity and (2) satisfy NML's obligations under a confidentiality agreement with a New York entity. With regard to the documents from the Seychelles, the Supreme Court

of the Seychelles recently ruled that NML could disclose these documents to third-parties. NML moves to seal the documents out of a professional courtesy in order to protect these entities from unwanted press scrutiny.

These requests are denied. As stated in the court's previous order, avoiding public scrutiny is an insufficient basis to seal court records; Rule 26(c) requires a showing of particularized harm. (*See* Doc. #88 at 10:9–14). NML did not allege that harm would result to NML if either group of documents are disclosed. NML's motions suggests that harm may result to third-party entities in the Seychelles or New York. But, NML lacks standing to litigate those parties' interests. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (discussing standing). Additionally, the record indicates that the New York entity waived its right request that the documents remain sealed. In December, NML notified the New York entity of the pending motion and offered it an opportunity to be heard. *See* (Doc. #65 at 6:4–12). To date, the New York entity has neither appeared nor requested an opportunity to be heard on the matter.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Val de Loire's Motion to Exclude NML's Proposed Demonstrative Exhibits (#30) is DENIED.

IT IS FURTHER ORDERED that the parties' Motions to Seal (#21, #22, #28, #61, #64, #65, #84, #87) are DENIED.

IT IS SO ORDERED.

DATED this 5th day of March, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE