JASON M. WILEY, ESQ.
Nevada Bar No. 009274
DANIEL S. CEREGHINO, ESQ.
Nevada Bar No. 011534
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   jwiley@klnevada.com
               dcereghino@klnevada.com

*Attorneys for*
*Nonparty Val de Loire, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NML CAPITAL LTD., | CASE NO. 2:14-cv-00492-RFB-VCF |
| Plaintiff, | **NONPARTY VAL DE LOIRE, LLC'S RESPONSE TO NML CAPITAL, LTD.'S SUPPLEMENTAL BRIEF [DKT. 89, EXH. A]** |
| vs. | |
| THE REPUBLIC OF ARGENTINA, | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### LEGAL ANALYSIS

**A. THERE IS NO APPARENT REASON FOR NML'S SUPPLEMENTAL BRIEF.**

NML's Supplemental Brief is interesting, not for any cited authority or supposed new factual development, but because it is tantamount to an admission that NML **_cannot_** actually connect the dots from the Republic of Argentina - the lone judgment debtor - through to VDL. NML instead appears to move to its fallback position that Rule 69 is so broad as to allow examination of any person or entity in any way linked to the debtor, regardless of either the

1    number of degrees of separation, the nature of those supposed links, and the absence of any

2    concrete evidence supporting the suspicions of such links.  NML's Supplemental Brief and the

3    arguments therein are without merit.

4                   ***1.   NML's reliance on the Aurelius Cap. Master, Ltd. case is misplaced.***

5          In support of its Supplemental Brief, NML extensively relies on a December 23, 2014

6    summary order by the U.S. Court of Appeals for the Second Circuit issued in *Aurelius Cap.*

7    *Master, Ltd. v. Republic of Argentina*, 589 Fed.Appx. 16 (2014).  It is unclear, however, why

8    NML has done so.

9          First, that decision affirmed the Southern District of New York's (J. Griesa) order

10   denying ***Argentina's*** (i.e. the judgment debtor's) motions (a) for a protective order as to requests

11   for production served upon it, and (b) to quash subpoenas served on various nonparty banks.

12   The underlying District Court order expressly stated:

13          "This opinion ***only*** addresses the Republic's motion for a
            protective order ... and to quash subpoenas served on non-party
14          banks.  These are the only issues that are fully briefed thus far.
            Briefing on the plaintiffs' *[meaning Aurelius Cap. Partners and*
15          *other judgment creditors like NML]* motion to compel and ***the***
            ***non-party banks' motions to quash will be addressed after***
16          ***briefing is completed in April 2013.***"

17

18   *See Aurelius Cap. Partners v. Republic of Argentina*, Case Nos. 07 Civ. 2715, 07 Civ. 11327, 07

19   Civ. 2698, 09 Civ. 8757, 09 Civ. 8757, 09 Civ. 10620, 10 Civ. 1602, 10 Civ. 3507, 10 Civ. 3970,

20   10 Civ. 4101, 10 Civ. 4782, 10 Civ. 8339, 2013 WL 857730, *1 (March 7, 2013) (emphasis

21   added).

22          Argentina objected to the subpoena on overbreadth and sovereign immunity grounds.

23   *See Aurelius Cap. Partners*, 2013 WL 857730, *1.  The sovereign immunity issues have no

24   bearing in the instant matter.  The District Court agreed with Argentina, however, that the subject

25   subpoenas were indeed overbroad in their attempts to categorize hundreds of state agencies and

26   instrumentalities as alter egos of the Republic.  *See Aurelius Cap. Partners*, 2013 WL 857730,

27   *3 ("[This Court previously ordered NML] to narrow the scope of the subpoena served on Banco

28   de la Nacion Argentina and Bank of America [because those] subpoenas defined 'Argentina' as

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

consisting of 225 entities. … In this case, the subpoena defines 'Argentina' a consisting of 461 entities [and] therefore appears that [it] is not appropriately tailored."). This decision is consistent with the rulings of several Districts / Circuits within the context of the same collection efforts against Argentina. *See NML Capital, Ltd. v. Republic of Argentina*, C 12-80185 JSW MEJ, 2013 WL 655211 (N.D.Cal. 2013) (NML issued a subpoena to nonparty Chevron defining 'Argentina' to include various nonparty government instrumentalities, including an entity known as "YPF," and seeking documents of Chevron-YPF transactions on the theory that YPF was an alter ego of Argentina. The court rejected NML's arguments.); *NML Capital Ltd. v. Excelerate Energy, LLC*, 2011 WL 10618710 (S.D.Tex. Feb. 8, 2011) (NML sought documents from Excelerate, a fuel provider to ENARSA, an Argentine state entity. While the court permitted discovery into Excelerate's direct transaction with ENARSA, it denied NML's request for Excelerate's other private information and records.).

Second, the subpoenas to the nonparty banks in that case did not offend Rule 69 because they were limited to seeking "information about ***the Republic's** [i.e. the judgment debtor's]* financial affairs[.]" *See Aurelius Cap. Partners*, 2013 WL 857730, *2. As such, the subpoena, if also valid under Rule 45, was permissible under Rule 69. *See Aurelius Cap. Partners*, 2013 WL 857730, *2.

These are obviously very different circumstances than those before this Court. In this case, the ***nonparties*** (VDL and MF Nevada) are moving to quash NML's subpoena that – besides NML's unfounded suspicions – ***has no relation at all to Argentina's financial affairs***. *See* NML's Subpoena to VDL, attached to VDL's Motion to Quash as **Exhibit "A."**

Once again, NML misrepresents the holding and significance of a case authority. It did so previously with *Wultz* (298 F.R.D. 91 (S.D.N.Y. 2014), *First American IV* (182 F.R.D. 56 (S.D.N.Y. 1998)), the Fed.R.Civ.P. 26(g)-related cases, *Global NAPs Illinois* (J. Posner misquote, 551 F.3d 587 (7'h Cir. 2008)), *Great Ant. Ins. Co. of N.Y.* (251 F.R.D. 534 (D.Nev.2008)), *Caisson Corp.* (62 F.R.D. 331 (E.D.Pa. 1974)), and *NML Capital, Ltd. v. Republic of Argentina* (the "NML California Case," 2013 WL 655211), among others. *See* VDL's Reply in Support of Motion to Quash [Dkt. 13], at § III.B, at p. 14 l. 5 – p. 19 l. 10.

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

Neither this new *Aurelius Cap. Master, Ltd.* case (589 Fed.Appx. 16), nor the underlying *Aurelius Cap. Partners* order (2013 WL 857730)**, _nor any other case_** cited by NML in any of its briefs, whether in the VDL Litigation or the 123 Entities Litigation, supports the abandonment of well-settled Rule 69 jurisprudence and the carte blanche prying into nonparties' affairs as NML seeks to do via its subpoenas. *See NML Capital, Ltd. v. Republic of Argentina*, C 12-80185 JSW MEJ, 2013 WL 655211, *2 (N.D.Cal. 2013) ("[D]isclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)" and "[S]uch discovery should only be permitted when 'the relationship between the *judgment debtor and the non-party* is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them." (Emphasis added.)). Here, as argued *ad nauseum*, NML has not provided this Court with any evidence of a transfer of assets between the judgment debtor (Argentina) and VDL.

## II.

## CONCLUSION

NML has yet to obtain a single decision, other than this Court's 123 Entities Order [Dkt. 36], supporting its overreaching prying into nonparties' *private* affairs. This Court should rule consistent with the host of other courts who have already rejected similar efforts by NML, rather than continue down the path of new, unsupported law. Accordingly, VDL's Motion to Quash should be granted and NML's Cross-Motion to Compel denied.

DATED this 5ᵗʰ day of March, 2015.

KOLESAR & LEATHAM

By /s/ Jason M. Wiley, Esq.
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
DANIEL S. CEREGHINO, ESQ.
Nevada Bar No. 011534
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145

*Attorneys for Nonparty*
*Val de Loire, LLC*

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham and that on the 5th day of March, 2015, I caused to be served a true and correct copy of foregoing **NONPARTY VAL DE LOIRE, LLC's RESPONSE TO NML CAPITAL, LTD's SUPPLEMENTAL BRIEF [DKT. 89, EXH. A]** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

/s/ Susan A. Owens
An Employee of KOLESAR & LEATHAM

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472