✤ UBS

UBS AG
299 Park Avenue
New York, NY 10171

Karen R. Kowalski
Executive Director & Counsel
Litigation & Investigation

Tel. +212-713-4805
Fax +212-713-4567
Karen.Kowalski@ubs.com

www.ubs.com

Magistrate Judge Cam Ferenbach
U.S. District Court for the District of Nevada
333 Las Vegas Blvd. South
Las Vegas, NV 89101

```
____FILED          ✓____RECEIVED
____ENTERED        ____SERVED ON
              COUNSEL/PARTIES OF RECORD

              MAR  -9 2015

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY:_____DEPUTY
```

March 5, 2015

RE: **_NML Capital Ltd. v. The Republic of Argentina_**
USDC, NV (Case No. 2:14-cv-00492-RBF-VCF)

Dear Honorable Ferenbach:

UBS AG ("UBS"), a *non-party* to the above-referenced litigation, submits this letter in support of NML Capital, LTD's Emergency Motion for Leave to File the Supplemental Brief and Exhibits "M", "N", "O", "P", "T", "U", and "V" Thereto Under Seal ("Motion Under Seal"). UBS produced documents on December 3, 2014 in response to a non-party subpoena NML Capital, Ltd. ("NML") served upon UBS seeking information relating to financial transactions involving Baez and related persons and entities. (*See* Motion Under Seal, at 4.) The records UBS produced were designated "Confidential" pursuant to the Stipulation and Order Governing Confidential Material entered in the action pending before the United States District Court of the Southern District of New York, styled *NML Capital v. The Republic of Argentina* (Case No. 1:08-cv-06978-TPG) ("NY Confidentiality Agreement"). Exhibit V contains UBS confidential and client information ("UBS Confidential Document"). UBS therefore respectfully requests that this Court issue an order allowing the UBS Confidential Document and any reference to the document in NML's motion papers to be filed under seal.

NML and UBS need only demonstrate "good cause" for the Court to permit NML to file the UBS Confidential Document and any reference thereto in NML's motion papers under seal. *See Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1179, 1180 (9th Cir. 2006). This Court has the power to seal records to protect confidential business and client information. Federal law recognizes that courts should protect trade secrets or other confidential commercial information by reasonable means, and that allowing the filing under seal of documents containing such information is one of these means. *See* Fed. R. Civ. P. 26(c)(7) and (8) (a court may enter an order protecting the confidentiality of "a trade secret or other confidential research, development or commercial information," including a direction that documents or information be filed under seal).

1

✦ UBS

Though federal courts recognize a general right to inspect and copy public records and documents, including judicial records, the Supreme Court has stated that this right is limited. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). In discussing examples of improper purposes, the Court indicated that courts are not to serve as "sources of business information that might harm a litigant's competitive standing." *Id.* As the Ninth Circuit has put it,

> The law, however, gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information. *See* Fed. R. Civ. P. 26(c)(7). Rule 26(c) authorizes the district court to issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden." The Supreme Court has interpreted this language as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

The UBS Confidential Document in this action may, if made public, harm UBS by disclosing confidential client banking information. Allowing public access to the UBS Confidential Document would make the Court a "vehicle for improper purposes" in other ways as well. Disclosure of such document and material may expose UBS to potential issues due to the possible interception of client information. Subjecting UBS to this exposure may not only harm its clients but its ability to provide services for its clients.

The UBS Confidential Document contains detailed non-public information about critical client banking information. The information contained in the UBS Confidential Document is confidential and has value to UBS and more importantly its clients. UBS takes great care in preserving the confidentiality of its clients, its clients' documents and information, along with its own documents. Public disclosure of the UBS Confidential Document could create great risk to UBS and its clients.

In *Nixon*, the Supreme Court asserted that "the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. In *Phillips*, the Ninth Circuit said much the same thing. *Phillips*, 307 F.3d at 1211. The relevant facts and circumstances of this case argue for sealing the UBS Confidential Document and references thereto in NML's motion papers. Doing so will protect the interests of both UBS and its clients that rely on its services.



For the foregoing reasons, UBS submits that good cause exists for NML's filing of its motion papers and the UBS Confidential Document under seal and respectfully requests that the Court so order.

Respectfully submitted,

Karen R. Kowalski
Executive Director and Counsel
UBS AG

3