KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: klenhard@bhfs.com
Email: nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ.
  (admitted *pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone:    212.698.3500
Facsimile:    212.698.3599
Email:        dennis.hranitzky@dechert.com

*Attorneys for NML Capital Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL LTD.,<br><br>                   Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>                   Defendant. | CASE NO.: 2:14-cv-01573-RFB-VCF<br><br>**NML CAPITAL, LTD.'S REPLY IN SUPPORT OF ITS CROSS MOTION TO COMPEL** |

Plaintiff NML Capital, Ltd., ("**NML**") by and through its attorneys of record Brownstein Hyatt Farber Schreck, LLP and Dechert LLP, hereby submits this Reply memorandum in further support of its cross motion to compel non-party Val de Loire LLC ("**Val de Loire**") to comply with the subpoena NML served on it on August 28, 2014 (the "**Subpoena**").

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

## <u>TABLE OF CONTENTS</u>

2

PRELIMINARY STATEMENT ...................................................................................................1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...........................................4

ARGUMENT...............................................................................................................................8

    I.      NML's Evidence Connects Val de Loire To The Báez And López Embezzlement Schemes. ...................................................................................9

    II.    NML's Evidence Also Links López To The Misappropriation Of Argentine State Assets.....................................................................................................10

    III.   NML Made No Misrepresentations To The Court. .............................................11

CONCLUSION..........................................................................................................................15

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

016887\0001\11706795.2

# TABLE OF AUTHORITIES

**CASES**

*1st Tech. LLC v. Rational Enter. Ltda*,
  2:06-cv-01110-RLH-GWF, 2007 WL 5596692 (D. Nev. Nov. 13, 2007) .........................9, 14

*Caisson Corp. v. Cnty. West Bldg. Corp.*,
  62 F.R.D. 331 (E.D. Pa. 1974) ....................................................................................................9

*Frenkel v. Acunto*,
  No. 11-62422-CIV, 2014 WL 4680738 (S.D. Fla. Sept. 19, 2014) ...........................................8

*Grayson v. Cathcart*,
  No. 08-MC-33 (RRM) (JO), 2009 WL 4723271 (E.D.N.Y. Dec. 3, 2009) ...............................8

*Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*,
  251 F.R.D. 534 (D. Nev. 2008) ................................................................................................14

*Henry v. Rizzolo*,
  No. 2:08-cv-00635-PMP-GWF, 2012 WL 13725 (D. Nev. Jan. 4, 2012) ................................13

*Illinois Bell Tel. Co. v. Global NAP Illinois, Inc.*,
  551 F.3d 587 (7th Cir. 2008) ...................................................................................................11

*Internet Direct Response, Inc. v. Buckley*,
  No. SACV 09-01335 ABC, 2010 WL 1752181 (C.D. Cal. Apr. 29, 2010) ...............................9

*LT Int'l Ltd v. Shuffle Master Inc.*,
  2:12-CV-1216-JAD-GWF, 2014 WL 3734270 (D. Nev. July 29, 2014) .................................14

*Matthias Jans & Associates Ltd. v. Dropic*,
  No. 01-MC026, 2001 WL 1661473 (W.D. Mich. 2001) ..........................................................14

*Nat'l Servs. Indus. Inc. v. Vafla Corp.*,
  694 F.2d 246 (11th Cir. 1982) .................................................................................................13

*NML Capital Ltd. v. Republic of Argentina*,
  2:14-cv-00492-RFB-VCF, 2014 WL 3898021 (D. Nev. Aug. 11, 2014) ("***NML I***")......passim

*Ping-Kuo Lin v. Horan Capital Mgmt. LLC*,
  No. 14 Civ. 5202 (LLS), 2014 WL 3974585 (S.D.N.Y. Aug. 13, 2014) .................................12

*Regents of Univ. of California v. Kohne*,
  166 F.R.D. 463 (S.D. Cal. 1996) ..............................................................................................14

*Rock Bay LLC v. Dist. Ct.*,
  129 Nev. Adv. Op. ................................................................................................................3, 9

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

*Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*,
   No. C 06-3219 JW (RS), 2009 WL 5114077 (N.D. Cal. Dec. 18, 2009) ...............................13

*VFS Fin. Inc. v. Specialty Fin. Corp.*,
   No. 3:09-cv-00266-RCJ-VPC, 2013 WL 1413024 (D. Nev. Apr. 4, 2013) .....................12, 13

*Wultz v. Bank of China Ltd.*,
   298 F.R.D. 91 (S.D.N.Y. 2014) ......................................................................................11, 12

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 45 ..........................................................................................1, 12

Federal Rule of Civil Procedure 11 ...............................................................................................15

Federal Rule of Civil Procedure 30(b)(6) ...................................................................................3, 12

Federal Rule of Civil Procedure 69 .......................................................................................passim

Local Rule 9004(e)(2)........................................................................................................................7

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii

016887\0001\11706795.2

**PRELIMINARY STATEMENT**

In the related proceedings that led to the Court's decision in *NML Capital Ltd. v. Republic of Argentina*, 2:14-cv-00492-RFB-VCF, 2014 WL 3898021 (D. Nev. Aug. 11, 2014) ("***NML I***"), the Court granted NML's motion to compel 123 Nevada shell corporations linked to Argentine national Lázaro Báez (the "**Báez Entities**") to provide basic information about the flow of funds Báez is under investigation for having misappropriated from the Argentine state. After finding that NML had made a "substantial showing that Baéz [] laundered money [through] the [Báez Entities]," the Court determined that NML's third-party subpoenas were proper under Rules 69 and 45 of the Federal Rules of Civil Procedure. *NML I*, 2014 WL 3898021, at *12.

The Subpoena at issue in the instant motions seeks information about the flow of assets in the same alleged scheme—as well as a separate embezzlement scheme involving Argentine national Cristóbal López. Furthermore, the evidence upon which NML relies to link the target of the Subpoena—Val de Loire—to those alleged embezzlement schemes is of the same type as the evidence relied upon in those prior proceedings to link the Báez Entities to the Báez scheme. Yet, Val de Loire makes only passing reference in its papers to *NML I*, dismissing it as "clearly erroneous" without further discussion, and instead advances generalized and unsupported arguments—many of which the Court has already considered and rejected—as to why it should be permitted to ignore the Subpoena. All of Val de Loire's arguments fail under scrutiny.

First, Val de Loire claims that to be entitled to the information it seeks through the Subpoena, NML must establish a "direct transaction" or a "series of transactions" "between the judgment debtor and the third party." Val de Loire's Reply/Response ("**Response**") at 9. As the Court has already determined in *NML I*, however, NML's entitlement to that information is in no way dependent on showing such a link. *See NML I*, 2014 WL 3898021, at *5 (NML satisfied its burden under Rule 69 by demonstrating that "Báez's money laundering activities involved the 123 Nevada corporations" independent of any allegation that Argentina transferred assets to any of those corporations directly). Rather, NML may subpoena Val de Loire for that information based on evidence that López and Báez are under investigation for having misappropriated and embezzled Argentine state funds, and that Val de Loire may be connected to those schemes. If

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

Báez or López is convicted—indeed, even before they are convicted—any funds realized from or used in furtherance of the schemes will be subject to criminal disgorgement under Argentine law, thereby becoming property of Argentina potentially available to satisfy NML's judgments. *See* Declaration of Pablo Maggio, dated November 14, 2014 ("**Maggio Decl.**") ¶¶ 24-29 (describing various provisions of the Argentine Criminal Code permitting Argentina to seize assets realized from or employed in criminal activity).

Next, Val de Loire argues that the Subpoena is improper because neither Báez nor López has been charged with any criminal offense in Argentina. Response at 3-4. This statement is both misleading and inapposite. As NML explained in its cross motion, and as is further supported by the declaration of its Argentine criminal law expert Pablo Maggio, there are seven criminal proceedings involving Báez, and two criminal proceedings involving López currently pending in Argentina. Maggio Decl. ¶¶ 9, 14-15. Each of those investigations is a formal judicial proceeding presided over by an Argentine judge. *Id.* ¶¶ 10-11. Furthermore, the judge presiding over the investigations into the Báez scheme, Sebastián Casanello, implicitly adopted the findings in Campagnoli's reports linking the Báez Entities to the Báez scheme when, on November 13, 2014, he signed a petition directed to this very Court seeking information related to that scheme. *Id.* ¶ 22. The suggestion in Val de Loire's brief that these judicially supervised investigations are witch hunts pursued by a politically motivated prosecutor, and that the findings of that prosecutor cited in NML's prior submissions are therefore entitled to no evidentiary weight, is therefore demonstrably untrue.

Third, Val de Loire argues that the Subpoena is improper because NML offers only "unsupported" and "incomplete" links between the embezzlement schemes under investigation and Val de Loire. Response at 4, 5-8, 9-14. This is also untrue. The submissions accompanying NML's response and cross motion ("**Cross Motion**") included detailed evidence tying Val de Loire to those schemes. Cross Motion Exs. E-G, I, J, L. And Mr. Maggio's Declaration underscores the connection. Maggio Decl. ¶ 18. This is more than enough evidence to meet NML's modest burden under Rule 69(a)(2) to connect Val de Loire with discoverable information. *See NML I*, 2014 WL 3898021, at *4 (under Rule 69(a)(2), the judgment creditor

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

"must show either (1) the necessity and relevance of [the] discovery sought or (2) that the relationship between the judgment debtor and nonparty is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets.") (alteration in original) (internal citations and quotation marks omitted).[1]

Fourth, Val de Loire argues that NML cannot link López to any alleged misappropriation of state funds. This is also untrue. The current criminal investigations against López include allegations of embezzlement "against the public sector," and that he otherwise abused his authority for personal gain. Maggio Decl. ¶ 14. And, in any case, because the evidence adduced by NML connects Val de Loire to the Báez scheme as well (Cross Motion Ex. Q), the Subpoena would have been proper even if López were not under investigation for exploiting his relationship with the Kirchners to obtain lucrative government concessions in violation of Argentine law.

Although Val de Loire artfully identifies nine of what it calls "gaps" in NML's case, all nine of these so-called "gaps" fall in these foregoing four categories.[2]

Finally, perhaps in recognition of the fact that none of its substantive objections to the Subpoena can withstand scrutiny, Val de Loire devotes a substantial portion of its brief to *ad hominem* attacks—accusing NML of misleading the Court no less that **fifteen times** in its Response. Nor is this the first instance of Val de Loire's counsel making such attacks on NML and its counsel.[3] Although such personal attacks have no place in these litigation proceedings and

---

[1] Val de Loire appears to base its position that NML must show assets were transferred directly between Val de Loire and Argentina on the following quotation from *NML I*: "[u]nder Nevada law, the judgment creditor must show that 'the relationship between the judgment debtor and nonparty raises reasonable suspicion as to the good faith of the asset transfers between the two.'" *NML I*, 2014 WL 3898021, at *4 (quoting *Rock Bay LLC v. Dist. Ct.*, 129 Nev. Adv. Op. 21, 298 P.3d 441, 443 (2013)). However, in *Rock Bay*, the Nevada Supreme Court explicitly recognized that post-judgment discovery from nonparties is **not limited to** situations where the relationship between the third party and the judgment debtor is such to raise a reasonable suspicion about the bona fides of the asset transfer between the two or in which the nonparty is the alter ego of the judgment debtor. *Rock Bay*, 298 P.3d at 443. The Nevada Supreme Court went on to hold that any limitations on the ability of a judgment creditor to obtain post-judgment discovery from nonparties "should not be applied mechanically." *Id.* at 445 (internal citations and quotation marks omitted).

[2] Val de Loire also argues that complying with the Subpoena would be unduly burdensome, and that it should not be required to produce a Rule 30(b)(6) witness for deposition. NML responded to these arguments in its opening brief, and will not repeat them here. Cross Motion at 16-20.

[3] *See* Aug. 1, 2014 Hearing Tr. at 25:18 – 26:2 (THE COURT: "You know, I got to tell you, Mr. Wiley, it doesn't help me if you start making—you know, attributing intent and realizations to the other side.

3

1   arguably should not be dignified with a response, given the serious nature of Val de Loire's

2   charges, NML will address each in turn.   As NML demonstrates below, they are, without

3   exception, completely baseless.

4              **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

5         As detailed at length in its prior submissions, Val de Loire is part of a web of shell

6   companies, some of which Argentine prosecutors have already implicated in various schemes to

7   embezzle and misappropriate Argentina assets.  Cross Motion at 4-8, 1-14; *see also* Maggio Decl.

8   ¶ 18.  Val de Loire has ties to López, Báez and the Báez Entities—suggesting that Val de Loire

9   may have been involved in these schemes—and at the very least, that it possesses information

10  that could help NML further develop its understanding of where the assets involved in the

11  schemes currently reside.

12        In its Response, Val de Loire contends that the findings of Argentine criminal prosecutors

13  linking Val de Loire to these embezzlement schemes are entitled to no evidentiary weight because

14  the investigations in which they were issued are "not formal criminal investigations," and the

15  reports themselves "are informal and essentially conducted by interested parties, usually the

16  Kirchners' political opponents."   Response at 3-4 n.5.   To respond to this charge, NML has

17  obtained a declaration from Pablo Maggio—an expert in Argentine criminal law and procedure.

18  Mr. Maggio has been a licensed Argentine attorney since 1984, specializes in Argentine criminal

19  law, worked in the Federal Criminal Courts in Argentina for seven years, and has twice testified

20  as an expert witness in Argentine criminal law.  Maggio Decl. ¶¶ 1-3, 5.

21        As Mr. Maggio explains in his declaration, there are seven criminal cases currently

22  pending in Argentina that involve Báez.  *Id.* ¶¶ 9, 15.  Those cases include allegations that Báez

23  engaged in money laundering, aggravated tax evasion, conspiracy, fraud against the public

24  administration, abuse of authority, and violation of duties as a public official.  *See id.* ¶ 15

25  (describing charges and underlying alleged facts of certain cases pending against Báez).  In Cause

26

27  And you tend to do it in your briefs a little bit, and now you're doing it in oral arguments.  I'd really
    prefer if you just stress the facts that you think support you and the laws that you [think] support you.
28  You don't need to denigrate … opposing counsel.  Okay?").

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

4

No. 3017/13, Báez is under investigation for improperly transferring funds to several offshore and local accounts to conceal their unlawful nature. *Id.* ¶ 15. And in Cause No. 803/2013, Báez is accused of a complicated tax evasion scheme that used several companies affiliated with him. *Id.* Mr. Maggio also details two criminal cases pending against López—including allegations of embezzlement, abuse of authority, aggravated tax evasion, conspiracy, fraud, and violations of duties as a public official. *Id.* ¶ 14. In Cause No. 15734/08, López is under investigation for using an entity called Casino Club S.A. to issue counterfeit invoices and thereby avoid paying taxes, for "improprieties in awarding oil concessions" that occurred "in collusion with provincial authorities" and public officials and for similar improper gambling concessions. *Id.*

Although it is true that neither Báez nor López has yet been indicted for any of the crimes currently under investigation, Val de Loire's characterization of those investigations as informal, politically motivated and unsubstantiated are false. Response at 3-4 n.5. As Mr. Maggio explains in his declaration, each of those investigations constitutes a formal judicial proceeding presided over by an Argentine court. Maggio Decl. ¶¶ 10-11. Furthermore, the findings of Argentine prosecutor Jose Maria Campagnoli cited in NML's prior submissions (referred to in those papers as the "Campagnoli Report" and the "Campagnoli Dictamen") have been endorsed by the Argentine court—which, only yesterday, relied on those findings to issue a petition to ***this*** Court seeking information about the Báez embezzlement scheme. *Id.* ¶ 22.

Mr. Maggio also details some of the potential consequences if Báez, López or anyone else is convicted of one of the crimes under investigation. Most significantly for purposes of these motions, he explains the various means by which Argentina may seize any assets realized from, or used in furtherance of, those schemes. Specifically, under Section 23 of the Argentine Criminal Code, the state may seize assets derived from or used in a crime "whenever a defendant is convicted of any crime contemplated in this Code or in any specific laws." Cross Motion Ex. X. This seizure power is not limited to cases involving corruption. Maggio Decl. ¶ 24. In matters involving money laundering, Section 305 of the Argentine Criminal Code permits the state to seize assets even before conviction. *Id*. ¶ 25. And the state has the power to seize assets not from only the criminal, but from his or her accomplices and accessories, as well as any

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

5

involved principals or third party beneficiaries.  *Id.* ¶ 24.  Once seized, the assets become the property of the state.  *Id.*

Finally, Mr. Maggio's declaration confirms the connections between Val de Loire, López, and Báez detailed in NML's Cross Motion.  As Mr. Maggio explains, Argentine prosecutors have linked Val de Loire to López and his gaming interests.  Maggio Decl. ¶ 18.  Val de Loire owns 35% of the shares of an entity called Correón S.A., which is a spin-off of Hipódromo Argentino de Palermo S.A.  *Id.*  Correón and Hipódromo share a common CEO:  Federico Miguel de Achával.  *Id.*  One of Hipódromo's Directors, Porfirio Carreras, is Val de Loire's Argentina representative.  *Id.*  Hipódromo has a joint venture with an entity called Casino Club S.A.  *Id.*  And López is the CEO of Casino Club—the entity he is accused of misusing for tax evasion purposes.  *Id.*; *see also id.* ¶ 14 (detailing criminal allegation that Casino Club obtained unreported revenues).

Mr. Maggio's opinions are confirmed and strengthened by documents adduced by NML in support of its Cross Motion.  Documents produced to NML by MF Corporate Services (Nevada) Limited ("**MF Nevada**") reveal that Val de Loire and Hipódromo engaged in what appears to be a collateralized loan transaction involving over $4 million, which extended from 2005 until at least 2007.  *See* Ex. A (statements evidencing loans and corresponding dividends between Val de Loire and Hipódromo); Ex. B (three letters between Patricia Amunategui of MF Nevada and an attorney at the J.P. Damiani & Asociados firm in Uruguay which appear to refer to the same loan arrangement).

The Uruguayan law firm in question, JP Damiani & Asociados, is also implicated in the Báez embezzlement scheme.  *See* Cross Motion Ex. V ("A Uruguayan Law Firm Played a Key Role in the Route of the K Money").  Documents produced to NML by MF Nevada on October 30, 2014, further tie Val de Loire to the Damiani firm—revealing that Val de Loire may have engaged in as many as forty transactions between 2005 and 2013 in which the Damiani firm was involved.  *See* Exhibit C (correspondence between MF Nevada and JP Damiani & Asociados regarding Val de Loire).  None of the contracts or legal documents referenced in the letters was included in MF Nevada's production—likely because at Val de Loire's request, MF Nevada

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

6

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  withheld "a substantial number of documents that it believes are responsive to the [S]ubpoena."

2  *See* Ex. D (letter from K. Woods to N. Baker transmitting MF Nevada's document production).

3      Finally, Val de Loire appears also to have granted a loan to Balmont Holdings Ltd.—

4  another one of the Báez Entities.  Exhibit Q to NML's Cross Motion is a letter from Ms.

5  Amunategui to a lawyer at the Damiani firm referring to the "MUTUAL AGREEMENT WITH

6  COLLATERAL ASSIGNMENT" between Balmont Holdings and Val de Loire.

7      The only evidence offered by Val de Loire to refute any of these connections is the self-

8  serving declaration of Edmund Ward—an individual with no professed expertise in Argentine

9  criminal law who appears to be either the brother-in-law or father-in-law of Mossack Fonseca &

10  Co. founding partner Ramón Fonseca.[4]  Mr. Ward baldly asserts that Val de Loire "never engaged

11  in any transfers of assets with . . . Balmont Holdings."  Ward Decl. ¶ 10.  However, for at least

12  two reasons, the Court need not afford any evidentiary weight to the Mr. Ward's declaration.

13  First, Val de Loire failed to comply with Local Rule 9004(e)(2) by submitting that declaration ***ten***

14  ***days*** after filing its reply brief.  *See* L.R. 9004(e)(2) ("If affidavits or declarations are used, they

15  must be filed at the same time as the paper they refer to, but as separately captioned

16  documents.").  More importantly, evidence adduced by NML directly contradicts many of the

17  assertions in Mr. Ward's declaration.  For example, while Mr. Ward claims that Val de Loire "has

18  never engaged in any transfers of assets with … (f) Balmont Holdings," (Ward Decl. ¶ 10),

19  NML's evidence includes a "collateral assignment" agreement between Balmont and Val de

20  Loire ***signed by Mr. Ward himself***.  *See* NML Cross Motion Ex. Q (referring to a "MUTUAL

21  AGREEMENT WITH COLLATERAL ASSIGNMENT" signed by Mr. Edmund Ward between

22  Balmont and Val de Loire).

23

24  [4]  *See* Ramón Fonseca family tree showing that Ramón Fonseca is married to an Elizabeth Suzanne
    Ward (a copy of which is attached as Exhibit E).  In addition, corporate documents show that Fonseca,

25  Edmund Ward, Elizabeth Ward (and, interestingly, ***Leticia Montoya***—the person who responded to
    NML's subpoenas on behalf of the Báez Entities) are all either shareholders or directors of a

26  Panamanian entity called "Ward Ford Y CIA S.A. Y Ward Ford & Co. Inc."  *See* Corporate Formation
    Document (a translated copy of which is attached as Exhibit F).  Val de Loire's Operating

27  Agreement—produced to NML by MF Nevada—indicates that Mr. Ward resides in Panama, where
    the Mossack Fonseca firm is headquartered.  *See* Val de Loire Operating Agreement, a copy of which

28  is attached as Exhibit G (listing Panama as Mr. Ward's country of residence).

7

**ARGUMENT**

Federal Rule of Civil Procedure 69(a)(2) authorizes a judgment creditor to serve broad discovery in aid of judgment enforcement on parties and nonparties alike.  As the holder of judgments against Argentina totaling nearly $2 billion, NML may therefore properly seek information that may help it identify and trace any assets that could potentially be seized in satisfaction of those judgments.  Among those assets are any funds suspected of being misappropriated from Argentina by Báez or López.  Under Nevada law, property misappropriated from the State is not considered the property of the perpetrator and would revert back to the State upon conviction.  *NML I*, 2014 WL 3898021, at *5 (A "thief acquires no title to the property which he steals.") (quoting *Robinson v. Goldfield Merger Mines Co.*, 206 P. 399, 401 (Nev. 1922) *aff'd on re-hearing*, 213 P. 103 (Nev. 1923)).  And, under the laws of Argentina, any assets realized from or used in connection with criminal activity are subject to seizure by the Argentine state.  Maggio Decl. ¶¶ 24-28.

Val de Loire acknowledges that Rule 69 "provides a generally broad scope of available discovery."  Motion to Quash at 4.  Nonetheless, it argues NML allegedly failed to provide "'specific, articulable facts' showing a suspicious relationship between VDL and Argentina."  Response at 8.  Val de Loire then spends pages beating to death its contention that NML has "failed to connect all of the necessary dots," and that "NML has not yet offered any evidence of transfers of Argentine assets to VDL."  *Id*. at 8-10.

What Val de Loire ignores is that the Court has already determined the trail of assets allegedly misappropriated from the Argentine state and then embezzled out of the country is an appropriate subject for discovery under Rule 69(a)(2).[5]  *NML I*, 2014 WL 3898021, at *5-6.  And the Court's determination is entirely consistent with decisions of the District Courts in the Ninth

---

[5]  Val de Loire also argues that NML impermissibly seeks to "pry" into Val de Loire's financial affairs.  However, the fact that Val de Loire is now the target of NML's judgment enforcement discovery efforts is a foreseeable, if unfortunate, consequence of its being caught up in a global embezzlement scheme.  *See Grayson v. Cathcart*, No. 08-MC-33 (RRM) (JO), 2009 WL 4723271, at *1 (E.D.N.Y. Dec. 3, 2009) (ordering nonparty to comply with subpoena and turn over tax returns and other financial documents); *Frenkel v. Acunto*, No. 11-62422-CIV, 2014 WL 4680738, at *5-6 (S.D. Fla. Sept. 19, 2014) (ordering bank to comply with subpoena seeking bank records from nonparty).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

8

1  Circuit considering discovery sought pursuant to Rule 69.  As one such court put it, "[t]he

2  presumption under Rule 69 is in favor of full discovery of any matters arguably related to the

3  [creditor's] efforts to trace [the debtor's] assets and otherwise to enforce the judgment." *Internet*

4  *Direct Response, Inc. v. Buckley*, No. SACV 09-01335 ABC, 2010 WL 1752181, at *2 (C.D. Cal.

5  Apr. 29, 2010) (alteration in original); *see also 1st Tech. LLC v. Rational Enter. Ltda*, No. 2:06-

6  cv-01110-RLH-GWF, 2007 WL 5596692, at * 4 (D. Nev. Nov. 13, 2007) ("Post-judgment

7  discovery can be used to gain information relating to the existence or transfer of the judgment

8  debtor's assets.") (internal citations and quotation marks omitted).[6]

9      The Subpoena, at the very least, is "arguably related" to NML's efforts to trace the assets

10  of Argentina, the judgment debtor.  Furthermore, and as shown below, the evidence NML has

11  submitted to date, together with the Maggio Declaration it submits with this brief, provide the

12  "specific, articulable facts" that Nevada law requires to substantiate a request for post-judgment

13  discovery.  *NML I*, 2014 WL 3898021, at *4-6 (citing *Rock Bay*, 298 P.3d at 443).

## I.   NML's Evidence Connects Val de Loire To The Báez And López Embezzlement Schemes.

16      NML has made a threshold showing that connects Val de Loire to the embezzlement

17  schemes currently under investigation in Argentina.  The evidence demonstrates that López and

18  Báez are both the targets of criminal investigations into misappropriation of state funds, money

19  laundering, abuse of power and other criminal wrongdoing.  Maggio Decl. ¶¶ 9, 14-15 (discussing

20  nine criminal investigations).  Both are alleged to have used various affiliated entities to further

---

[6]  Val de Loire relies heavily on *Caisson Corp. v. Cnty. West Bldg. Corp.*, 62 F.R.D. 331 (E.D. Pa. 1974)—a forty year old decision from a district court in Pennsylvania—for the proposition that Rule 69 is strictly circumscribed and discovery is only warranted upon a showing of "concrete evidence" connecting the judgment debtor to the discovery target.  Response at 8.  *Caisson*, however, does not stand for this broad proposition.  Rather, in that case, the court concluded:

> There is no doubt that third parties can be examined in relation to the financial affairs of the judgment debtor.  The appropriate manner to afford third parties protection is not to require that questions be phrased in a legalistically conclusory manner but rather to allow questions as to their personal activities, within limits, yet requiring *some showing* of the relationship that exists between the judgment debtor and the third party . . . .

*Id.* at 335 (emphasis added).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

9

1   their criminal embezzlement schemes.  *See id.* ¶¶ 14-15 (discussing, *inter alia*, López's alleged

2   use of Casino Club S.A. to avoid paying taxes and grant improper concessions and Báez's use of

3   affiliated hotels to pay AR$14 million to hotels owned by President Kirchner); *NML I*, 2014 WL

4   38980212, at *1 (discussing the "K Money Trail" investigation report, stating that "Báez

5   laundered $65 million through 150 Nevada corporations.").  Argentine prosecutors have already

6   implicated a number of Nevada shell corporations—***including entities connected to Val de***

7   ***Loire***—in these alleged embezzlement schemes, and their investigations are ongoing.  *See* Cross

8   Motion Ex. N (Campagnoli dictamen outlining embezzlement schemes involving Balmont

9   Holding and Fintech); *see also* Maggio Decl. ¶¶ 9-17 (discussing status of criminal

10  investigations).  And documents produced to NML by MF Nevada reveal the existence of loan

11  arrangements between Val de Loire and both Báez Entity Balmont Holdings on the one hand, and

12  López affiliate Hipódromo Argentino de Palermo S.A on the other, extending over many years.

13  *See* Cross Motion Ex. Q (letter referring to collateralized loan arrangement between Val de Loire

14  and Balmont); Ex. A (statements referring to what appears to be a $4 million collateralized loan

15  arrangement between Val de Loire and Hipódromo).

16  **II.    NML's Evidence Also Links López To The**
        **Misappropriation Of Argentine State Assets.**

17

18       Val de Loire also claims that NML offers no evidence linking López to the alleged

19  misappropriation of Argentine state assets.  Response at 11.  But as Mr. Maggio testifies, in

20  Cause No. 15734/08, López is being investigated for "conspiracy, fraud against the public sector,

21  abuse of authority, breach of duty by a public official, and negotiations incompatible with the

22  exercise of public office."  Maggio Decl. ¶ 14.  Further, Casino Club S.A. (for which López

23  serves as President and CEO), "allegedly used false invoices to avoid paying taxes," gave

24  improper oil concessions "in collusion with provincial authorities and Energía Argentina SA

25  (ENARSA)," and improperly extended concessions given to Hipódromo—Casino Club's joint

26  venture partner affiliated with Correón S.A., which is in turn partially owned by Val de Loire.  *Id.*

27  at ¶ 18.

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

10

1    Lastly, according to the criminal complaints filed against López included with NML's

2    prior submissions, López is under investigation in Argentina:   (1) for having engaged in the

3    "probable commission of crimes," for which disgorgement would be available under the criminal

4    law, "and/or other possible acts of corruption;"   (Cross Motion Ex. E at 1; *see also* Maggio Decl.

5    ¶ 14); and (2) for having been a key beneficiary of "Nestor Kirchner's complicity in all aspects

6    regarding the benefits his government has provided to the businesses belonging to the Cristóbal

7    López group, which has allowed the latter to increase his wealth in a manner impossible to

8    justify."  Cross Motion Ex. E at 2.

9    **III.    NML Made No Misrepresentations To The Court.**

10    Lastly, a substantial portion of Val de Loire's papers are dedicated to *ad hominem* attacks

11    on NML and its counsel.  Val de Loire accuses NML of a wide-ranging scheme to dupe the

12    Court—in furtherance of which NML is alleged to have mischaracterized the holdings of more

13    than a dozen cases cited in its papers.  Response at 14-19.  Although personal attacks of this

14    nature have no place in litigation—and arguably do not deserve to be dignified with a response—

15    owing to the seriousness of Val de Loire's accusations, NML will respond to each in turn.

16    First, Val de Loire takes issue with NML's failure to include in its Cross Motion certain

17    language from *Illinois Bell Tel. Co. v. Global NAP Illinois, Inc.*, 551 F.3d 587 (7th Cir. 2008).

18    Indeed, Val de Loire describes this omission as NML's "most egregious misrepresentation."  The

19    passage in question appears on pages 13-14 of NML's Cross Motion and reads:  "[t]his Court [in

20    *NML I*] also noted that 'there is no doubt that shell corporations are routinely formed to commit

21    fraud.  *Id.* at * 11 (citing *Illinois Bell Tel. Co. Inc. v. Global NAPs Illinois, Inc.*, 551 F.3d 587,

22    598 (7th Cir. 2008))."  Val de Loire apparently finds NML's failure to include in its quotation the

23    language that immediately followed this excerpt inexcusable.  But what Val de Loire either failed

24    to notice—or conveniently chose to ignore—is that ***NML was quoting directly from this Court's***

25    ***August 11, 2014 Opinion***, which, in turn, quoted from *Illinois Bell*, and that ***NML's quotation***

26    ***omitted nothing from the excerpt quoted by the Court***.  Furthermore, NML had not cited *Illinois*

27    *Bell* in any submission for any purpose until the Court quoted from it in its August 11, 2014

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

11

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1    Opinion.  Consequently, if Val de Loire has an issue with selective quotation, its issue is not with

2    NML.

3         Val de Loire next chastises NML for relying on *Wultz v. Bank of China Ltd.,* 298 F.R.D.

4    91 (S.D.N.Y. 2014), for the proposition that the Court may order a party served with a Rule 45

5    subpoena to educate a Rule 30(b)(6) witness located within 100 miles of the designated place.

6    According to Val de Loire, to avoid misleading the Court, NML should also have drawn the

7    Court's attention to *Ping-Kuo Lin v. Horan Capital Mgmt. LLC,* No. 14 Civ. 5202 (LLS), 2014

8    WL 3974585, (S.D.N.Y. Aug. 13, 2014)—in which the same court denied a similar request.

9    What Val de Loire neglects to mention is that *Ping-Kuo Lin* is entirely distinguishable from the

10   instant motions—because in that case, the subpoenaed party had no connection to the forum

11   jurisdiction, and therefore fell outside the court's subpoena jurisdiction.  *Ping-Kuo Lin* involved a

12   subpoena served in connection with a New York arbitration proceeding on Horan Capital

13   Management, a Maryland corporation with offices in Maryland and Florida.   There is no

14   indication in the *Ping-Kuo Lin* decision, or in any of the briefs submitted by the parties in

15   connection with the underlying motion, that Horan had designated an agent for service of process

16   in New York, or that it had any other jurisdictional connection to New York.  *See generally id.*;

17   *see also* Ex. H (briefs and declarations filed in *Ping-Kuo Lin*).  By contrast, in *Wultz*—as in this

18   case—the subpoenaed party was unquestionably subject to the Court's jurisdiction, and was

19   properly served with the subpoena at issue.  *See Ping-Kuo Lin*, 2014 WL 3974585, at *2

20   (distinguishing *Wultz* because "the Bank [in *Wultz*] was subject to [the] Court's subpoena

21   jurisdiction by virtue of having a branch office in New York.") (internal citations and quotation

22   marks omitted).  In short, it would have made no sense for NML to cite *Ping-Kuo Lin* in its prior

23   submissions because that case is entirely inapposite to the instant motions.[7]

24

25

26   [7]   Furthermore, even if *Ping-Kuo Lin* had been apposite to the instant motions, NML would not have
      been obligated to bring the decision to the Court's attention because it is not controlling authority in
27   this Court.  *See* Model R. Prof'l Conduct 3.3 (a)(2) ("A lawyer shall not knowingly . . . [f]ail to
      disclose to a tribunal legal authority **in the controlling jurisdiction** known to the lawyer.") (emphasis
28   added).

016887\0001\11706795.2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1    Val de Loire also contends that NML misled the Court by citing *VFS Fin. Inc. v. Specialty*

2    *Fin. Corp.*, No. 3:09-cv-00266-RCJ-VPC, 2013 WL 1413024 (D. Nev. Apr. 4, 2013), without

3    disclosing that the Court in that case was applying a "special rule" applicable to discovery sought

4    from the spouse of a judgment debtor.  Response at 15.  Val de Loire's chastisement of NML

5    appears to have intentionally missed the point.  NML relied on the *VFS* case only for two general

6    principles that even Val de Loire does not contest:  first, that Rule 69(a)(2) permits judgment

7    creditors to identify assets that may satisfy a judgment and to discover concealed or fraudulently

8    transferred assets; and second, that Rule 69(a)(2) permits judgment creditors to obtain discovery

9    from non-parties.   Cross Motion at 9 (quoting background "Relevant Law" section of *VFS Fin.*

10   *Inc.*, 2013 WL 1413024, at *4).

11   Val de Loire next claims that NML improperly cites *Ryan Inv. Corp. v. Pedregal de Cabo*

12   *San Lucas*, No. C 06-3219 JW (RS), 2009 WL 5114077 (N.D. Cal. Dec. 18, 2009), for the

13   proposition that judgment creditors are entitled to "fish" for assets of the judgment debtor,

14   because the *Ryan* case involved discovery sought from a judgment debtor rather than a non-party.

15   This criticism is equally unavailing, as nothing in the *Ryan* decision suggests the proverbial

16   "fishing expedition" is limited to efforts to obtain discovery directly from a judgment debtor.

17   Val de Loire criticizes NML's citation to *Nat'l Servs. Indus. Inc. v. Vafla Corp.*, 694 F.2d

18   246 (11th Cir. 1982), as not even "remotely applicable" to the instant motions.  Response at 15.

19   As Val de Loire notes, the case concerns post-judgment discovery sought from the judgment

20   debtor.  But NML never represented otherwise; it merely accurately quoted the decision for the

21   uncontroversial, undisputed, but very relevant principle that, "[a] judgment creditor is entitled to

22   discover the identity and location of any of the judgment debtor's assets, wherever located."

23   Cross Motion at 9 (quoting *Nat'l Servs. Indus. Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir.

24   1982)).

25   Val de Loire next complains that NML's citation to *Henry v. Rizzolo*, No. 2:08-cv-00635-

26   PMP-GWF, 2012 WL 13725, at *3 (D. Nev. Jan. 4, 2012), is "light years away from the

27   circumstances at issue in the instant dispute," because the case arose in a procedural posture and

28

13

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1   did not directly apply Rule 69(a)(2).   Response at 16.[8]   As the *Henry* court noted, however,

2   "[w]hile discovery in this case may not technically be governed by Rule 69(a)(2), ***its purpose is***

3   ***identical to that generally pursued by a judgment creditor . . . [a]ccordingly, the same 'very***

4   ***broad' scope of discovery authorized under Rule 69(a)(2) applies in this case.***"   *Henry*, 2012

5   WL 13725, at *3 (emphasis added).   Ironically, it is Val de Loire who "omitted" a "seemingly

6   material point" (Reply at 16) by quoting *Henry* without including the bolded text above.

7        Finally, Val de Loire argues that *1st Tech. LLC v. Rational Enter. Ltda*, 2:06-cv-01110-

8   RLH-GWF, 2007 WL 5596692 (D. Nev. Nov. 13, 2007), "not only does not stand for what NML

9   represents, it actually supports VDL's objections to the subpoena."   Response at 16.   Again, this

10   is untrue.   Although the Nevada court in *1st Tech.* quashed a subpoena served on the non-party, it

11   did so only because it lacked jurisdiction to enforce a subpoena against a Florida entity. *Id.*[9]

12   Here, in contrast, there is no question that the Court has jurisdiction over Val de Loire.[10]

13                      *      *      *

14        As the foregoing discussion demonstrates, in its aggressive effort to accuse NML of

15   grossly mischaracterizing the holdings of cases, it is actually Val de Loire that does so.

16   Unfortunately, Val de Loire's distortions do not stop there—as it also grossly mischaracterizes

17   the testimony of its declarant, Mr. Ward.   *Compare, e.g.*, Response at 3 ("The Argentine courts in

18   fact rejected every single one of these investigations' requests to inquire into the private affairs of

19   third parties like VDL (as well as the other Nevada entities referenced in the Campagnoli

20   reports.")) *with* Ward Decl. ¶ 9 ("VDL has never been commanded by any Argentine court to

21   produce and has not produced any documents or information to any 'investigation' into either: (a)

---

[8]   In *Henry*, the plaintiff had previously obtained a judgment against the defendant but was seeking discovery in a separate fraudulent transfer suit against both a party and nonparty to the prior litigation. *Henry*, 2012 WL 13725, at *3.

[9]   In addition, this Court noted that "[p]laintiff can readily rectify this defect by issuing and serving a subpoena on [the nonparty]" in Florida, where the entity resided. *Id.* at *5.

[10]   NML responded in its Cross Motion to Val de Loire's baseless claim that it misrepresented the holdings in *LT Int'l Ltd v. Shuffle Master, Inc.*, 2:12-CV-1216-JAD-GWF, 2014 WL 3734270 (D. Nev. July 29, 2014); *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534 (D. Nev. 2008); *Matthias Jans & Associates Ltd. v. Dropic*, No. 01-MC-026, 2001 WL 1661473 (W.D. Mich. Apr. 9, 2001); *Regents of Univ. of California v. Kohne*, 166 F.R.D. 463 (S.D. Cal. 1996).   *See* Cross Motion at 20 n.32 (noting why every Rule 45 case cited by Val de Loire was inapposite).

14

Nestor Kirchner; (b) Cristina Fernandez de Kirchner; (c) Lorenzo Báez; or (d) Cristobal López.").

*See also* Maggio Decl. ¶ 8 (finding statements made by Val de Loire "citing Ward's statement . . . does not provide any grounds for those claims.").   Indeed, Val de Loire even misstates Mr. Ward's country of residence, as contrary to Val de Loire's assertion in its briefs, Mr. Ward appears to reside in Panama, not in Argentina.  *Compare* Response at 18 (stating that Val de Loire could not be required to "send a representative thousands of miles from Argentina to Nevada".) *and* Motion to Quash at 14  ("[E]very employee of VDL resides, works, or only regularly transacts business in Argentina.") *with* Ex. G (Val de Loire Operating Agreement, identifying Mr. Ward's country of residence as Panama).

In sum, the Court admonished Val de Loire's counsel on August 1, 2014, for making personal attacks against NML and its counsel.  *See* Aug. 1, 2014 Hearing Tr. at 25:18-26:2.  This admonition has been repeatedly disregarded.  Nevertheless, NML has chosen to stay focused on the merits of the dispute.  Seemingly emboldened by NML's decision to take the high road, however, counsel's attacks have escalated.  Apparently, Val de Loire's hope is that by shifting the focus, the Court will overlook the many flaws in the arguments proffered by Val de Loire to avoid having to comply with the Subpoena.  Yet even with its personal attacks, mischaracterized cases, and distortions of Mr. Ward's testimony, Val de Loire's Response offers nothing meaningful that would justify the Court departing from the reasoning and legal principles that serve as the bedrock of the Court's decision in *NML I.*

## **CONCLUSION**

For the foregoing reasons, NML respectfully requests that this Court deny Val de Loire's

/ /

/ /

/ /

/ /

/ /

/ /

/ /

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

15

1   motion to quash and grant NML's cross-motion to compel in its entirety.

2

3       DATED this 14th day of November 2014.

4                                       BROWNSTEIN HYATT FARBER
                                        SCHRECK, LLP
5

6                                       By:____/s/ Nikki L. Baker_____
                                            Kirk B. Lenhard, Esq.
7                                           Nevada Bar No. 1437
                                            Nikki L. Baker, Esq.
8                                           Nevada Bar No. 6562
                                            100 North City Parkway, Suite 1600
9                                           Las Vegas, NV 89106-4614

10                                          Dennis H. Hranitzky
                                              (admitted *pro hac vice*)
11                                          Dechert LLP
                                            1095 Avenue of the Americas
12                                          New York, NY  10036-6797

13                                          *Attorneys for NML Capital Ltd.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

<strong><u>CERTIFICATE OF SERVICE</u></strong>

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **NML CAPITAL, LTD.'S REPLY IN SUPPORT OF ITS CROSS MOTION TO COMPEL** was served via electronic service to all electronic registered CM/ECF users in this matter.

DATED this 14th day of November, 2014.

/s/   Emily Ellis
an employee of Brownstein Hyatt Farber Schreck, LLP

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

016887\0001\11706795.2

# EXHIBIT A

# VAL DE LOIRE LLC

Nevada, January 31, 2007

Deloitte & Co. S.R.L.
Attn: Fernando De Nicola
Florida 234 – Piso 5º
<u>C1005AAF – City of Buenos Aires</u>

<u>Re</u>: Balance confirmation request No. 1
Balance details as of 12/31/2006 for
**Hipódromo Argentino de Palermo S.A.**

The account balances for the company in question, according to our records, were:

| | |
|---|---|
| Current account: Loan | USD 4,400,000.00 |
| Interest | USD 37,111.67 |
| Documents | ...............0................ |
| Funds in custody | ...............0................ |
| Other items (indicate) | Substitute taxpayer to be assessed based on final equity as adjusted by audit |

For **Val de Loire LLC**

[signature]
Edmund Ward, Manager

*520 S. 7ᵗʰ Street, Suite C, Las Vegas, NV 89101, United States of America*
*phone: (702) 868-7779 – fax: (702) 868-7788*

TRANSLATION MFCS000143

CONFIDENTIAL

# *VAL DE LOIRE LLC*

Nevada, December 28, 2005

Deloitte & Co. S.R.L.
Attn: *Fernando De Nicola*
Florida 234 – Piso 5º
C1005AAF – City of Buenos Aires

In accordance with your request regarding **Hipódromo Argentino de Palermo S.A.**, please see the information below:

1. According to our records, the balances of the Company in question were as follows on October 31, 2005:

| Items | Balances as of 10/31/2005 Debtor (creditor) |
|---|---|
| Current account – credit (debit) | 0 |
| Dividends to collect (pay) | $3,673,790.41 |
| Expenses to invoice (reimburse) | 0 |
| Loans to collect (repay) | 0 |
| Interest to collect (pay) | 0 |
| Return of irrevocable capital contributions | $5,976.00 |

Yours sincerely,

For **Val de Loire LLC**

[signature]
Edmund Ward, Manager

*520 S. 7th Street, Suite C, Las Vegas, Nevada 89101, United States of America*
*phone: (702) 868-7779 – fax: (702) 868-7788*

TRANSLATION MFCS000146

CONFIDENTIAL

# *VAL DE LOIRE LLC*

Nevada, March 28, 2006

**Deloitte & Co. S.R.L.**
Attn: *Fernando De Nicola*
Florida 234 – Piso 5º
C1005AAF – City of Buenos Aires

In accordance with your request regarding **Hipódromo Argentino de Palermo S.A.**, please see the information below:

1. According to our records, the balances of the Company in question were as follows on December 31, 2005:

| Items | Balances as of 12/31/2005 Debtor (creditor) |
|---|---|
| Current account – credit (debit) | 0 |
| Documents to invoice (pay) | 0 |
| Expenses to invoice (reimburse) | 0 |
| Loans to collect (repay) | 0 |
| Interest to collect (pay) | 0 |
| Royalties to invoice (pay) | 0 |
| Dividends to invoice (pay) | $2,293,007.45 |

Yours sincerely,

For **Val de Loire LLC**

[signature]
Edmund Ward, Manager

*520 S. 7th Street, Suite C, Las Vegas, Nevada 89101, United States of America*
*phone: (702) 868-7779 – fax: (702) 868-7788*

TRANSLATION MFCS000148

CONFIDENTIAL

# *VAL DE LOIRE LLC*

Nevada, 31 de Enero de 2007

Señores
Deloitte & Co. S.R.L.
At. Fernando De Nicola
Florida 234 – Piso 5°
C1005AAF – Ciudad de Buenos Aires

Referencia: Pedido de confirmación de saldos N° 1
Información de saldos al 31/12/2006 de
**Hipódromo Argentino de Palermo S.A.**

Los saldos de cuentas con la sociedad de referencia, según nuestros registros, eran:

| | | |
|---|---|---|
| Cuenta corriente Préstamo | USD | 4.400.000,00 |
| Intereses | USD | 37.111,67 |
| Documentos | ..............0........... | |
| Dinero en custodia | ............. 0......... | |
| Otros conceptos (indicar) | Impuesto responsable sustituto a ser calculado sobre el patrimonio neto definitivo luego de ajustes de auditoría | |

Por **Val de Loire LLC**

Edmund Ward. - Administrador

MFCS000143

# *VAL DE LOIRE LLC*

Nevada, 28 de diciembre de 2005

Señores
Deloitte & Co. S.R.L.
At. *Fernando De Nicola*
Florida 234 – Piso 5°
C1005AAF – Ciudad de Buenos Aires

De acuerdo con lo solicitado por el **Hipódromo Argentino de Palermo S.A.**, informamos a ustedes lo siguiente:

1. Según nuestros registros, los saldos con la Sociedad de referencia al 31 de octubre de 2005 eran los siguientes:

| Conceptos | Saldos al 31/10/2005 Deudor (Acreedor) |
|---|---|
| Cuenta corriente – a favor (en contra) | 0 |
| Dividendos a cobrar (a pagar) | $3.673.790,41 |
| Gastos a recuperar (a reembolsar) | 0 |
| Préstamos a cobrar (a pagar) | 0 |
| Intereses a cobrar (a pagar) | 0 |
| Devolución aportes irrevocables a cobrar | $5.976,00 |

Saludamos a Uds. atentamente,

Por Val de Loire LLC

Edmund Ward- Administrador

*520 S., 7th Street, Suite C – Las Vegas, Nevada 89101 – United States of America*
*Tel.: (702) 868-7779 – Fax: (702) 868-7788*

MFCS000146

# *VAL DE LOIRE LLC*

Nevada, 28 de marzo de 2006.

Señores
**Deloitte & Co. S.R.L.**
At. *Fernando De Nicola*
Florida 234 – Piso 5°
C1005AAF – Ciudad de Buenos Aires

De acuerdo con lo solicitado por el **Hipódromo Argentino de Palermo S.A.**, informamos a ustedes lo siguiente:

1. Según nuestros registros, los saldos con la Sociedad de referencia al 31 de diciembre de 2005 eran los siguientes:

| Conceptos | Saldos al 31/12/2005 Deudor (Acreedor) |
|---|---|
| Cuenta corriente – a favor (en contra) | 0 |
| Documentos a cobrar (a pagar) | 0 |
| Gastos a recuperar (a reembolsar) | 0 |
| Préstamos a cobrar (a pagar) | 0 |
| Intereses a cobrar (a pagar) | 0 |
| Regalías a cobrar (a pagar) | 0 |
| Dividendos a cobrar (a pagar) | $ 2.293.007,45 |

Saludamos a Uds. atentamente.

Por Val de Loire LLC

Edmund Ward. - Administrador

CONFIDENTIAL

MFCS000148



new world medium

November 14, 2014

I hereby certify that I am a professional translator, that I abide by the Code of Ethics and Professional Practice of the *American Translators Association*, that I am fluent in Spanish and English, that I have employed a team of professional translators, and that we have translated, to the best of our knowledge, the attached document entitled

**Correspondence**

From Spanish into English

Signed,

Cathleen Waters

Founder, New World Medium

Translator of French, Spanish, Italian, Portuguese and English

American Translator's Association Membership no. 257918

# EXHIBIT B

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

July 2, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed a set of collateral assignment loan agreements dated April 13, 2007, May 10, 2007, May 30 and June 8, 2007. One copy of each contract has been authenticated by an apostille, as per your instructions relating to VAL DE LOIRE LLC, case 1454045.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000112

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

July 14, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed a duly signed contract (bid to execute a loan) in two duly signed copies relating to VAL DE LOIRE LLC. One copy has been authenticated with an apostille,

as per your instructions in case #1673734.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000134

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

July 28, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed a duly signed contract (bid to execute a loan) in two duly signed copies relating to VAL DE LOIRE LLC. One copy has been authenticated by an apostille,

as per your instructions in case #1677920.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000135

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Julio 2  2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle set de contratos Mutuos de Cesión en Garantía :
Abril 13 2007, Mayo 10 2007, Mayo 30 y Junio 8 2007, firmados y
legalizados por apostilla  uno de cada cuatro contratos  según sus
instrucciones  correspondiente a VALDELOIRE  LLC   según el caso 1454045

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender
cualquiera de sus necesidades corporativas.



Patricia Amunategui
Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Julio 14   de 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contrato (oferta para realización de mutuo) en dos ejemplares
debidamente firmados uno  legalizados por apostilla   relacionados con  VAL DE LOIRE  LLC

Según sus instrucciones en el caso #1673734

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Arizmendi
Manager Nevada Office

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Julio 28  de 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contrato (oferta para realización de mutuo) en dos ejemplares debidamente firmados uno  legalizados por apostilla  relacionados con  VAL DE LOIRE  LLC

Según sus instrucciones en el caso #1677920

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Annunatetris
Manager Nevada Office

MFCS000135



new world medium

November 14, 2014

I hereby certify that I am a professional translator, that I abide by the Code of Ethics and Professional Practice of the *American Translators Association*, that I am fluent in Spanish and English, that I have employed a team of professional translators, and that we have translated, to the best of our knowledge, the attached document entitled

**Correspondence**

From Spanish into English

Signed,

Cathleen Waters

Founder, New World Medium

Translator of French, Spanish, Italian, Portuguese and English

American Translator's Association Membership no. 257918

# EXHIBIT C

**_DHL_**

Track this shipment: http://www.dhl.com
**Shipment Waybill**

**975 7172 294**

ORIGIN: LAS   DESTINATION CODE: MVD

1 Payer account number and Shipment Value Protection details

Charge to: ☐ Shipper ☐ Receiver ☐ Third party ☐ Cash ☐ Check

Payer Account No.

Shipment Value Protection

2 Pemir (Shipper)

Shipper's account number: 914060635   Contact name: Palmira A.

Shipper's reference (up to 32 characters): Expecros - VALSELONG

Company name: ITT Corporate Services

Address: 5858 S. Pecos Suite #100 Las Vegas

Postcode/Zip Code (required): 89120   Phone, Fax or E-mail (required): 702 8687779

3 To (Receiver)

Company name: P. Dominguez Abogados

Delivery address (DHL cannot deliver to a PO box): Pelong vista 517 Piso 748 11000 Monkuvideo

Postcode/Zip Code (required):   Country: Uruguay

Contact person:   Phone, Fax or E-mail (required): 598002916

4 Shipment details

Total number of packages: 1   Total Weight: XD lb oz

Dimensions in inches

5 Full description of contents

letter legal documents no commercial value

6 Non-Document Shipment Only (Customs Requirement)

Shipper's VAT/GST number   Receiver's VAT/GST or Shipper's EIN/SSN

Declared Value for Customs   Harmonized Commodity Code

AES Transaction Number   TYPE OF EXPORT

Destination duties/taxes if left blank receiver pays duties/taxes: ☒ Receiver ☐ Shipper ☐ Other

Products & Services

DIMENSIONAL/CHARGEABLE WEIGHT   lb   oz

CHARGES

Services

Other

Shipment Value Protection

VAT

CURRENCY   TOTAL

PAYMENT DETAILS (Check, Card No.)

No.:

Type   Expires

Picked up by

7 Shipper's agreement (Signature required)

Signature: Palmira A.   Date: 9.3.14

CONFIDENTIAL

MFCS000001

# CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

August 29th, 2013

Messrs.
J. P. DAMIANI & ASOCIADOS
RECONQUISTA 517, PISO 7 Y 8
11.000 MONTEVIDEO
URUGUAY

DHL 975 7172 294

Dear Sir or Madam

Enclosed please find important legal documents received in our office as a Registered Agent of  VAL DE LOIRE LTD.

If you have any question concerning, please do not hesitate to contact us.

Sincerely,

Patricia Amunategui

M.F. CORPORATE SERVICES (NEVADA) LIMITED
General Manager

"Warning: There are circumstances under which a limited liability company could be subject to taxation by the United States of America or its individual states. These circumstances may include trading in, with or through any of the territory of the US. We are not lawyers admitted in the State of Nevada nor are we authorized nor purporting to give any legal advice.
If you are in any doubt as to whether your limited liability company is or could be subject to US taxation, you should seek legal advice from a lawyer, CPA or other experts in US taxation before engaging (or having your client engage in) activities which might give rise to such taxation."

CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

January 4, 2005

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Mr. Fernandez,

It is my pleasure to present to you (enclosed herein) the authenticated documents pertaining to the Nevada company VAL DEL LOIRE [sic].

**2 Sets of authenticated documentation**

- Articles of Organization (English)

- Certificate of Organization and Reistate [sic] (Charter) (English)

- Operating Agreement (English)

- Register of Managers (English)

- Register of Members (English)

- Power of Attorney

- CERTIFICATION IN RESPECT TO VAL DE LOIRE LLC

- NEVADA, UNITED STATES OF AMERICA

We look forward to serving you again in the future,

[signature]
Patricia Amunategu

**Manager of Nevada Office**

520 S. 7th Street, Suite C, Las Vegas, NV 89101 * phone: (702) 868-7779 / 868-7787 * fax: (702) 868-7788 * email: nevada@mfcorpserv.com

TRANSLATION MFCS000003

CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

RE: Case No.: 1268592/ET/tv

December 9, 2005

**Estudio CR. Damiani y Asociados**
*RECONQUISTA 517, PISO 7 Y 8*
*11.000 MONTEVIDEO*
*URUGUAY*

**<u>Attn: Ms. Graciela Sánchez</u>**

*Dear Sirs/Madams,*

**RE: VAL DE LOIRE LLC**                    **<u>Jurisdiction: Nevada</u>**

*In accordance with your instructions, please find enclosed the following documentation with regard to the LLC(s) in question:*

| | |
|---|---|
| ☒ Original corporate documents | ☐ Letter of Inactivity |
| ☒ Member Certificate | ☐ Notarized/authenticated power of attorney |
| ☒ Operating Agreement | ☐ Member Resolution |
| ☐ Certificate of Validity | ☒ Translations |
| ☒ Register of Members | ☐ Notarized copie(s) |
| ☒ Foundational Document | ☒ Restated Articles |
| ☒ Register of Managers | ☐ Our invoice |

*Our invoice will be sent by email.*

*Please do not hesitate to contact us if you require any further services.*

*Sincerely,*

**M.F. CORPORATE SERVICES (NEVADA) LIMITED**
[signature]
*Edison Teano*

520 S. 7th Street, Suite C, Las Vegas, NV 89101 * phone: (702) 868-7779 / 868-7787 * fax: (702) 868-7788 * email: nevada@mfcorpserv.com

TRANSLATION MFCS000105

CONFIDENTIAL

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

March 3, 2006

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed documents relating to VAL DEL LOIRE LLC that have been authenticated by an apostille.

We hope to be of assistance to you again.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000110

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

February 14, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed contracts consisting of two (2) copies. One copy has been duly authenticated by an apostille as per your instructions relating to VAL DE LOIRE LLC.

We appreciate your business and hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000111

CONFIDENTIAL

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

August 10, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed three (3) contracts signed by Mr. Ward. One (1) copy has been
authenticated by an apostille obtained by means of a Resident Agent Certificate as per
your instructions in the respective VAL DE LOIRE LLC case.

Please acknowledge receipt. Thank you for your business, and we hope to assist you
again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

*Warning: there are circumstances under which a limited liability company could be subject to taxation by the
United States of America or its individual states. These circumstances may include trading in, with, or through any
territory of the U.S. We are not lawyers admitted in the State of Nevada nor are we authorized nor purporting to give
any legal advice.

If you are in any doubt as to whether your limited liability company is or could be subject to US taxation, you should
seek legal advice from a lawyer, CPA or other experts in US taxation before engaging (or having your client engage in)
activities which might give rise to such taxation."

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T CONFIDENTIAL 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com

TRANSLATION MFCS000113

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

August 28, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 6/12/2007. One (1) copy has been authenticated by an apostille obtained by means of a Resident Agent Certificate as per your instructions in the respective VAL DE LOIRE LLC case #1476038.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFSC000114

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

August 31, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 8/1/2007. One (1)
copy has been authenticated by an apostille obtained by means of a Resident Agent
Certificate as per your instructions in the respective VAL DE LOIRE LLC case
#1476038.

Please acknowledge receipt. Thank you for your business, and we hope to assist you
again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000115

## MF CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

September 10, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 8/23/2007. One (1) copy has been authenticated by an apostille obtained by means of a Resident Agent Certificate as per your instructions in the respective VAL DE LOIRE LLC case #1476038.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (7CONFIDENTIAL68-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com

TRANSLATION MFCS000116

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

October 18, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 9/24/2007 and 10/4/2007. One (1) copy has been authenticated by an apostille obtained by means of a Resident Agent Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1486815.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (7CONFIDENTIAL68-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com

TRANSLATION MFCS000117

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

December 7, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed three (3) contracts signed by Mr. Ward, dated 10/30/2007, 11/2/2007 and 11/21/2007. One (1) copy has been authenticated by an apostille obtained by means of a Resident Agent Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1502184.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

December 31, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 10/12/2007. One (1)
copy has been authenticated by an apostille obtained by means of a Resident Agent
Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1509658.

Please acknowledge receipt. Thank you for your business, and we hope to assist you
again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000119

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

January 24, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 12/26/2007. One (1) copy has been authenticated by an apostille obtained by means of a Resident Agent Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1509658.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000120

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

January 28, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 1/8/2008. One (1)
copy has been authenticated by an apostille obtained by means of a Resident Agent
Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1515976.

Please acknowledge receipt. Thank you for your business, and we hope to assist you
again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000121

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

February 20, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 1/24/2008. One (1) copy has been authenticated by an apostille obtained by means of a Resident Agent Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1526191.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000122

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

March 12, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 2/25/2008 and 2/28/2008. One (1) copy of each contract has been authenticated by an apostille obtained by means of a Resident Agent Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1533236.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000123

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

April 7, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 9/4/2007. One (1) copy of each contract has been authenticated by an apostille obtained by means of a Resident Agent Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #15400480.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000124

## MF CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

April 30, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) contracts signed by Mr. Ward, dated 4/4/2008. One (1) copy has been authenticated by an apostille obtained by means of a Resident Agent Certificate,

as per your instructions in the respective VAL DE LOIRE LLC case #1548063.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000125

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

May 30, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed three (3) contracts, signed and authenticated by an apostille with their respective unsigned copies, relating to VAL DE LOIRE LLC,

as per your instructions in case #1557423.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000126

# MF CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

June 5, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two signed (2) contracts, authenticated by an apostille with their respective unsigned copies, relating to VAL DE LOIRE LLC,

as per your instructions in case #1559869.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C -- Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000127

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

September 8, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two signed (2) contracts, authenticated by an apostille with their respective unsigned copies, relating to VAL DE LOIRE LLC,

as per your instructions in case #1587973.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000128

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

October 30, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two signed (1 ) contracts, authenticated by an apostille with their respective unsigned copies, relating to VAL DE LOIRE LLC,

as per your instructions.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000129

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

December 2, 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed one signed (1) contract with two copies relating to VAL DE LOIRE LLC, as per your instructions. One copy has been authenticated with an apostille; the other is an unsigned copy.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000130

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

January 14, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) signed contracts relating to VAL DE LOIRE LLC. One has been authenticated with an apostille,

as per your instructions in case #1622358.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000131

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

March 11, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) signed contracts relating to VAL DE LOIRE LLC. One has been authenticated with an apostille,

as per your instructions in case 1637401.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

520 S. 7th Street, Suite C – Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7787 * E. Nevada@mfcorpserv.com
CONFIDENTIAL

TRANSLATION MFCS000132

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

March 26, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed two (2) signed contracts relating to VAL DE LOIRE LLC. One has been authenticated with an apostille,

as per your instructions in case  1641785.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000133

████████████████████████████

www.mfcorpserv.com

September 14, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed contracts, dated August 1, 2009 and September 1, 2009; two (4) copies signed, and two of them authenticated with an apostille relating to VAL DE LOIRE LLC,

as per your instructions.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000136

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

October 27, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed a power of attorney corresponding to the Nevada company VAL DE LOIRE that has been authenticated by an apostille, as per your request.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000137

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

November 25, 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed a power of attorney corresponding to the Nevada company VAL DE LOIRE that has been authenticated with an apostille as per your request.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000138

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

January 6, 2010

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed a CERTIFICATE OF GOOD STANDING relating to the Nevada company VAL DE LOIRE that has been authenticated with an apostille, as per your request.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000139

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

February 2, 2010

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Dear Ms. Sánchez:

Please find enclosed six duly signed original copies of the bid document to execute a loan, dated as follows:

Two original documents dated December 15, 2009.

Two original documents dated November 19, 2009.

Two original documents dated January 5, 2010 relating to the Nevada company VAL DE LOIRE. Each document has been authenticated with an apostille, as per your request.

Please acknowledge receipt. Thank you for your business, and we hope to assist you again with any of your corporate requirements.

Please accept our best wishes.

[signature]
PATRICIA AMUNATEGUI

Manager, Nevada Office

TRANSLATION MFCS000140

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Enero 4, 2005

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimado Lic. Fernandez :

Me es muy grato adjuntarle documentación legalizada correspondiente a
sociedad de nevada VAL DEL LOIRE .

2  Se t de documentación legalizada

- Articles of Organization Inglés
- Certificate of Organization y Reistate (Charter) Inglés
- Operating Agreement Inglé
- Register of Managers Inglés
- Register of Members Inglés
- Poder of Attorney
- CERTIFICATION IN RESPECT TO VAL DE LOIRE LLC
- NEVADA, UNITED STATES OF AMERICA

Esperando volver a servirle en otra oportunidad

Patricia Amunategui

Manager Nevada Office

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

*N/R: Caso # 1268592/ET/tv*

*9 de diciembre de 2005*

*Señores*
**ESTUDIO CR. DAMIANI Y ASOCIADOS**
**RECONQUISTA 517, PISO 7 Y 8**
**11.000 MONTEVIDEO**
**URUGUAY**

*<u>Atención: Sra. Graciela Sánchez</u>*

*Estimados Señores:*

**RE:   VAL DE LOIRE LLC**                    *<u>Jurisdicción: Nevada</u>*

*De acuerdo con sus instrucciones, adjunto encontrará la siguiente documentación en
relación con la(s) LLC(s) en referencia:*

☒ Documentos corporativos originales          ☐ Carta de No-Actividad
☒ Certificado del Miembro                     ☐ Poder notarizado/legalizado
☒ Contrato Operativo                          ☐ Resolución de Member
☐ Certificado de Vigencia                     ☒ Traducciones
☒ Registro de Miembros                        ☐ Copia(s) Notarial(es)
☒ Acta Inaugural                              ☒ Restated Articles
☒ Registro de Administradores                 ☐ Nuestra factura

*Nuestra factura le será enviada por e-mail.*

*Por favor no duden en comunicarse con nosotros si requieren de nuestros servicios o
asistencia.*

*Atentamente,*

**M.F. CORPORATE SERVICES (NEVADA) LIMITED**

*Edison Teano*

520 S. 7th Street, Suite C - Las Vegas, NV 89101 * T (702) 868-7779 / 868-7787 * F (702) 868-7788 * E nevada@mfcorpserv.com

CONFIDENTIAL

MFCS000105

**CORPORATE SERVICES (NEVADA) LIMITED**

www.nfcorpserv.com

Marzo 3, 2006

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez :

Me es muy grato adjuntarle  documentación legalizada por apostilla
correspondiente a la sociedad VAL DEL LOIRE LLC.

Esperando volver a servirle en otra oportunidad

Patricia Amunategui

Patricia Amunategui

Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Febrero 14, 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle Contratos (2) ejemplares uno del cual se
encuentra devenidamente legalizado por Apostilla según sus instrucciones
correspondiente a VAL DE LOIRE LLC .

Agradecemos su preferencia y esperamos volver a atender cualquiera de
sus necesidades corporativas.

Patricia Amunategui

Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Agosto 10 2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (3) firmados por Lic. Ward  (1) ejemplar  se ha
legalizados por apostilla  a través  de un Certificación de Agente Residente según sus
instrucciones  en el caso  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Manager Nevada Office

"Advertencia: Existen circunstancias bajo las cuales una limited liability company (LLC) pudiera estar sujeta al
pago de impuestos por los Estados Unidos de América o sus estados miembros. Tales circunstancias pueden
incluir el ejercicio de actos de comercio en, con o a través de territorio de los EUA. No somos abogados en
ejercicio en el Estado de Nevada ni estamos autorizados ni pretendemos dar consejo legal en relación a este
tema.
Si Ud. tuviese duda alguna de si su limited liability company está o pudiera estar sujeta a imposición fiscal en
los EUA, Ud. debería obtener consejo legal de un abogado, CPA u otro experto en impuestos de los EUA antes
de ejercer (o causar que su cliente ejerza) actividades que den lugar a tal imposición fiscal."

CONFIDENTIAL

MFCS000113

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Agosto 28  2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 6/12/2007  (1)
ejemplar  se ha  legalizados por apostilla  a través  de un Certificación de Agente Residente
según sus  instrucciones  en el caso # 1476038  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.



Patricia Amunategui
Manager Nevada Office

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Agosto 31  2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 8/1/2007  (1)
ejemplar  se ha  legalizados por apostilla  a través  de un Certificación de Agente Residente
según sus  instrucciones  en el caso # 1476038  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Patricia Aminzatconi
Manager Nevada Office

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Septiembre 10  2007

Estudio CR. Damiani y Asociados
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 8/23/2007  (1)
ejemplar  se ha  legalizados por apostilla  a través  de un Certificación de Agente Residente
según sus  instrucciones  en el caso # 1476038  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Patricia Amunategui
Manager Nevada Office

MFCS000116

CONFIDENTIAL

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Octubre 18   2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 9/24/2007 y
10/4/2007 (1) ejemplar se ha legalizados por apostilla a través  de un Certificación de
Agente Residente

según sus  instrucciones  en el caso # 1486815  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

ww.mfcorpserv.com

Diciembre 7   2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (3) firmados por Lic. Ward  con fecha 10/30/2007 y
11/2/2007 11/21/2007 (1) ejemplar  se ha legalizados por apostilla  a travès  de un
Certificación de Agente Residente

según sus  instrucciones  en el caso # 1502184  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Patricia Amuchategui
Manager Nevada Office  .

# CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Diciembre 31   2007

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 10/12/2007  (1) ejemplar  se ha legalizados por apostilla  a través  de un Certificación de Agente Residente

según  sus  instrucciones  en el caso # 1509658  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de sus necesidades corporativas.

*Patricia Almagesta*
Manager Nevada Office

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Enero 24   2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 26/12/2007  (1)
ejemplar  se ha  legalizados por apostilla a través  de un Certificación de Agente Residente

según sus  instrucciones  en el caso # 1509658  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Manager Nevada Office

MFCS000120

# CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Enero 28   2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 1/8/2008  (1) ejemplar  se ha  legalizados por apostilla  a través  de un Certificación de Agente Residente

según sus  instrucciones  en el caso # 1515976  correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de sus necesidades corporativas.



Patricia Amundategui
Manager Nevada Office

CONFIDENTIAL

## MFF CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Febrero 20   2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 1/24/2008  (1) ejemplar  se ha  legalizados por apostilla  a través  de un Certificación de Agente Residente

según sus  instrucciones  en el caso #1526191   correspondiente de VAL DE LOIRE LLC


Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de sus necesidades corporativas.



Patricia Annunziata
Manager Nevada Office

CONFIDENTIAL
MFCS000122

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Marzo 12  2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward  con fecha 2/25/2008-
2/28/2008 (1) ejemplar de cada uno  se ha legalizados por apostilla  a través  de un
Certificación de Agente Residente

según sus  instrucciones  en el caso #1533236   correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Patricia Amunategui

Manager Nevada Office

CONFIDENTIAL                                    MFCS000123

# CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Abril 7   2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward con fecha 9/4/2007- (1) ejemplar de cada uno se ha legalizados por apostilla a través de un Certificación de Agente Registrado

Según sus instrucciones en el caso #15400480   correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas.

Patricia Arrunategui

Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Abril 30   2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos (2) firmados por Lic. Ward con fecha 4/4/2008- (1)
ejemplar se ha legalizados por apostilla a través de un Certificación de Agente Registrado

Según sus instrucciones en el caso #1548063   correspondiente de VAL DE LOIRE LLC

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de
sus necesidades corporativas.



Patricia Armunategui
Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Mayo 30  2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle tres (3) contratos firmados y legalizados por apostilla con sus
respectivos ejemplares simples relacionados con  VAL DE LOIRE LLC.

Según sus instrucciones  en el caso #  1557423

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de
sus necesidades corporativas.

Manager Nevada Office

MFCS000126

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Junio 5 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle dos (2) contratos firmados y legalizados por apostilla con su
respectivos ejemplares simples relacionados con  VAL DE LOIRE LLC.

Según sus instrucciones en el caso #  1559869

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de
sus necesidades corporativas.

Patricia Amunategui

Manager Nevada Office

MFCS000127

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Septiembre 8 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle dos (2) contratos firmados y legalizados por apostilla con su respectivos ejemplares simples relacionados con VAL DE LOIRE LLC.

Según sus instrucciones en el caso # 1587973

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas.

Patricia Amunátegui 
Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Octubre 30 2008

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle dos (1) contratos firmados y legalizados por apostilla con su respectivos ejemplares simples relacionados con VAL DE LOIRE LLC.

Según sus instrucciones .

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas.

Patricia Ammategui
Manager Nevada Office

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Diciembre 2  2008

Estudio CR. Damiani y Asociados
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle un (1) contrato firmados en dos ejemplares, uno legalizados por apostilla y otro en forma simples relacionados con VAL DE LOIRE LLC. Según sus instrucciones.

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas.

Patricia Amulategui
Manager Nevada Office

**MF CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Enero 14 de 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle dos (2) contrato firmados uno legalizados por apostilla
relacionados con VAL DE LOIRE LLC

Según sus instrucciones en el caso # 1622358

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de
sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Amunátegui
Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Marzo 11 de 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle dos (2) contrato firmados uno legalizados por apostilla relacionados con VAL DE LOIRE LLC

Según sus instrucciones en el caso 1637401

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Amunategui
Manager Nevada Office

## MF CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Marzo 26 de 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle dos (2) contratos firmados uno legalizados por apostilla relacionados con VAL DE LOIRE LLC

Según sus instrucciones en el caso 1641785

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Amunategui

Manager Nevada Office

## CORPORATE SERVICES (NEVADA) LIMITED

www.mfcorpserv.com

Septiembre 14  de 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle contratos dos (4) ejemplares firmados y dos de ellos  legalizado por apostilla  relacionados con VAL DE LOIRÉ LLC. Con fechas 1ero Agosto 2009 y 1. de Septiembre 2009

Según sus instrucciones

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patrícia Amunategui

Manager Nevada Office



**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Octubre 27 de 2009

Estudio CR. Damiani y Asociados
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle Poder legalizado por apostilla, correspondiente a la sociedad de Nevada VAL DE LOIRE, según su solicitud.

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Armmatarpi
Manager Nevada Office

**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Noviembre 25 de 2009

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle Poder legalizado por apostilla, correspondiente a la sociedad de Nevada VAL DE LOIRE, según su solicitud.

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Amunategui
Manager Nevada Office

CONFIDENTIAL

MFCS000138

 **CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Enero 6 de 2010

**Estudio CR. Damiani y Asociados**
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle CERTIFICADO DE GOOD STANDING  legalizado por apostilla, correspondiente a la sociedad de Nevada VAL DE LOIRE, según su solicitud.

Agradecemos confirmar recibo y su preferencia  esperamos  volver a atender  cualquiera de sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Aramnategui
Manager Nevada Office

CONFIDENTIAL

MFCS000139



**CORPORATE SERVICES (NEVADA) LIMITED**

www.mfcorpserv.com

Febrero 2 de 2010

Estudio CR. Damiani y Asociados
Reconquista 517, piso 7 y 8
11.000 Montevideo
Uruguay

Estimada Lic. Sánchez:

Me es muy grato adjuntarle seis originales debidamente firmados del documento oferta para
la realización de un mutuo con las siguientes fechas:

Dos originales fechados 15 de Diciembre de 2009.

Dos originales fechados el 19 de Noviembre de 2009

Dos originales fechados 5 de Enero 2010, uno de cada cual ha sido legalizado por apostilla,
correspondiente a la sociedad de Nevada VAL DE LOIRE, según su solicitud.

Agradecemos confirmar recibo y su preferencia esperamos volver a atender cualquiera de
sus necesidades corporativas

Aprovechamos de saludarle muy atentamente

Patricia Armenateni
Manager Nevada Office



November 14, 2014

I hereby certify that I am a professional translator, that I abide by the Code of Ethics and Professional Practice of the *American Translators Association*, that I am fluent in Spanish and English, that I have employed a team of professional translators, and that we have translated, to the best of our knowledge, the attached document entitled

**Correspondence**

From Spanish into English

Signed,

Cathleen Waters

Founder, New World Medium

Translator of French, Spanish, Italian, Portuguese and English

American Translator's Association Membership no. 257918

# EXHIBIT G

## Operating Agreement
## for

# VAL DE LOIRE LLC

Reference in this Operating Agreement to the NRS Chapter 86 shall mean the chapter that rules Limited Liability Companies of the State of Nevada. The following Operating Agreement constitutes the Operating Agreement of the limited liability company set out above. In this Operating Agreement, words and expressions defined in the NRS Chapter 86 shall have the same meaning and, unless otherwise required by the context, the singular shall include the plural and vice versa, the masculine shall include the feminine and neuter, and references to persons shall include natural persons and/or all legal entities capable of having a legal existence.

The undersigned, currently the sole member of the LLC, does hereby execute this Operating Agreement for the operation of the above named limited liability company hereinafter referred to as "the LLC".

### Article 1. Company Formation

1.1    M.F. Corporate Services (Nevada) Limited, the organizer, formed and organized the LLC as a Limited Liability Company subject to the provisions of the NRS Chapter 86 in effect as of this date.

1.2    The duration of the LLC shall be perpetual.

### Article 2. Office

2.1    The Registered Office of the LLC is c/o M.F. Corporate Services (Nevada) Limited, 520 S. 7th Street, Suite C, Las Vegas, NV 89101. The LLC may have such other offices, either within or outside the State of Nevada, as the business of the LLC may require. The Resident Agent of the LLC required by the NRS Chapter 86 to be maintained in the State of Nevada is located at M.F. Corporate Services (Nevada) Limited, 520 S. 7th Street, Suite C, Las Vegas, NV 89101.

### Article 3. Capital Contributions

3.1    Contributions to capital may be in cash, property, services rendered or a promissory note or other binding obligation.

3.2    The Members, upon execution of this Operating Agreement, shall make capital contributions in the amounts set out in Exhibit A attached hereto.

3.3    If the Managers decide that additional capital contributions are required for the operation of the LLC or to pay obligations of the LLC, they may request such contribution to the Members.

3.4   The Members shall not be entitled to withdraw all or any part of their capital contributions or to receive any distribution from the LLC, except as provided in Articles related to the distribution and transfer of the Member's Interest set forth below.

3.5   Membership Interest will be represented by certificates, which will be in the form determined by the Manager.

## Article 4. Distributions

4.1   Each of the Members shall have an interest in the capital of the LLC and a share in the distribution in proportion to their share ownership.

4.2   Prior to dissolution and at least annually as income has been received by the LLC, accounts determined and tax returns filed, the Manager shall determine the funds available for distribution.

## Article 5. Profits and Losses

5.1   Except as otherwise provided in this Operating Agreement, the profits and losses of the LLC arising during any fiscal year of the LLC shall be allocated to the Members in proportion to their Member's Interest.

5.2   The Managers of the LLC may, by written consent, alter the General Allocation of Profits and Losses, upon ten (10) days' written notice to all Members, in such amounts as are necessary.

5.3   No Member shall be personally liable for any of the debts of the LLC or any of the losses thereof beyond the capital contributions made by that Member, the share of undistributed profits of the LLC attributable to that Member and, to the extent required by law, the amount of any return made to that Member of his capital contributions, with interest.

## Article 6. Management Manager

6.1   The names and addresses of the initial Managers of the LLC are set out in exhibit B attached hereto.

6.2   In addition to the powers now or hereafter granted to the Managers of a limited liability company under NRS Chapter 86 or any other provisions of this Operating Agreement, the Managers shall have full right, power and authority to do all things deemed necessary or desirable by them, in their reasonable discretion, to conduct the business, affairs and operations of the LLC.

6.3   Such powers shall include, without limitation:

   (a) the making of any expenditures, the borrowing of money, the guaranteeing of indebtedness and other liability, the issuance of evidence of indebtedness, and the incurring of any obligations they deem necessary for the conduct of the activities of the LLC;

   (b) the acquisition, disposition, mortgage, pledge, encumbrance, hypothecation or exchange of any of the assets of the LLC;

   (c) the use of the assets of the LLC (including, without limitation, cash on hand) for the operations of the LLC and repayment of obligations of the LLC;

MFCS000091

(d) the negotiation and execution on any terms deemed desirable by them and the performance of any contracts, conveyances or other instruments that they deem useful or necessary to the operations of the LLC;

(e) the distribution of cash to Members as provided herein;

(f) the appointment of any company, firm or person or body of persons, whether nominated directly or indirectly by the Managers, to be the attorney or attorneys of the LLC for such purposes and with such powers, authorities and discretions (not exceeding those vested in or exercisable by the Managers under this Operating Agreement) and for such period and subject to such conditions as they may think fit, and any such powers of attorney may contain such provisions for the protection and convenience of persons dealing with any such attorney as the Managers may think fit and may also authorise any such attorney to delegate all or any of the powers, authorities and discretions vested in him.

(g) the selection, appointment and dismissal of officers, employees, attorneys, accountants, consultants and contractors and the determination of their compensation and other terms of employment or hiring;

(h) the maintenance of insurance policies for the benefit of the LLC that they deem necessary;

(i) the control of any matters affecting the rights and obligations of the LLC, including the conduct of litigation and the incurring of legal expenses and the settlement of claims and litigation;

(j) the purchase, sale or other acquisition or disposition of securities of the LLC on those conditions and on those terms as they deem to be in the best interest of the LLC and the Members.

(k) conduct its business, carry on its operations and exercise the powers granted in any foreign country.

6.4    The Managers may engage in other activities of any nature on behalf of the LLC.

6.5    The Managers need not be Members, individuals, residents of the State of Nevada, or citizens of the United States of America.

6.6    In the event there is more than one Manager, any vacancy occurring in the Managers may be filled by a decision taken by the Members or a majority of the remaining Managers though less than a quorum of the Managers.

6.7    Any Manager may be removed by the Members if in their judgement the best interest of the LLC would be served by the removal.

6.8    The Managers shall be entitled to a management fee for their services rendered to the LLC at a rate comparable which would be paid to unrelated parties for similar services.

6.9    Except as otherwise expressly provided in this Operating Agreement, all management rights, powers and authority over the business, affairs and operations of the LLC shall be vested in the Managers or any attorney(s)-in-fact appointed by them.

6.10   The funds of the LLC shall be deposited in an account or accounts as are designated by the Managers or any attorney(s)-in-fact appointed by the Managers. All withdrawals from or charges against those accounts shall be made by the Managers or the attorney(s)-in-fact designated by the Managers. Funds of the LLC may be invested as determined by the Managers or the Attorney(s)-in fact.

CONFIDENTIAL

6.11    A Manager may be or become a director or other officer of, or otherwise interested in any LLC promoted by the LLC, or in which the LLC may be interested, as a member or otherwise.

6.12    No Manager shall be disqualified by his office from contracting with the LLC, either as vendor, purchaser or otherwise, nor shall any such contract or arrangement entered into by or on behalf of the LLC in which any Manager shall be in any way interested be voided, nor shall any Manager contracting or being so interested be liable to account to the LLC for any profit realized by any such contract or arrangement, by reason of such Manager holding that office or of the fiduciary relationship thereby established.

6.13    The Managers shall file or cause to be filed all certificates or documents as may be determined by the Managers to be necessary or appropriate for the continuation, qualification and operation of a limited liability company in the State of Nevada and any other state in which the LLC may elect to do business.

6.14    Neither a Manager of the LLC nor any officers, employees or agents of a Member shall be liable to the LLC or any other Members for errors in judgment or for any acts or omissions made in good faith, except for acts or omissions for which he, she or it is adjudged by a court of competent jurisdiction to be guilty of actual fraud or willful misconduct.

## Article 7. Title to LLC Assets

7.1    Title to any or all of the LLC's property must be held in the name of the LLC.

7.2    Title to property of the LLC, whether real, personal or mixed, tangible or intangible, shall be deemed to be owned by the LLC as an entity, and no member, individually or collectively, shall have any ownership interest in property of the LLC or any portion thereof.

## Article 8. Books, Records, Reports and Accounting

8.1    The Managers shall keep or cause to be kept at the Registered Office of the LLC appropriate records with respect to the LLC and its business and affairs, including, without limitation, all records necessary to provide to the Members any information, lists and copies of documents required to be provided pursuant to the NRS Chapter 86.

  (a) Any records maintained by the LLC in the regular course of its business, including the records of the holders of Member's Interest and Managers (if any), may be kept on or be in any form of information storage device, provided that the records so kept are convertible into legible written form within a reasonable period of time.

  (b) All decisions as to accounting matters, except as otherwise specifically provided herein, shall be made by the Manager.

8.2    The fiscal year of the LLC shall be the calendar year or any other year which the Managers may from time to time select in their discretion as permitted under Nevada pertinent law. All amounts computed for the purposes of this Operating Agreement other than for tax purposes and all applicable questions concerning the rights of Members shall be determined using the accrual method of accounting and generally accepted accounting principles in effect from time to time.

8.3    The Managers shall arrange for the preparation and timely filing of all annual returns in respect of LLC income, gains, deductions, losses and other items necessary for federal and state income tax purposes (if applicable) and shall cause to be furnished at the members the tax information reasonably required for federal and state income tax reporting purposes.

MFCS000093

6

The classification, realization and recognition of income, gain, losses and deductions and other items shall be on the cash or accrual method of accounting for federal income tax purposes as the Manager shall determine in it/his discretion.

8.4    All Members shall be permitted access to all records of the LLC, after adequate notice to the Managers, at any reasonable time.

## Article 9.  Transfer of Member's Interest

9.1    When there is more than one Member, any Member desirous of selling his share and interest in the LLC shall give the right of first refusal to purchase said share and interest to the remaining Members at the same price they would be offered to a bona fide buyer. Each Member electing to purchase has the right to purchase that percentage of the share being sold obtained by dividing his respective percentage of the company by the total percentage of all Members electing to purchase.

9.2    When there is more than one Member, the unanimous consent of all Members is required for a Member to sell his share to a non-member or for an assignee of a Member to become a Member.

## Article 10.  Termination and Winding Up

10.1    The LLC may be dissolved at any time by a decision adopted by the Managers, in which event the Managers shall proceed with reasonable promptness to liquidate the LLC.

10.2    The assets of the LLC shall be distributed in the following order:

(a)  To pay or provide for the payment of all LLC liabilities to creditors other than the Members, and liquidating expenses and obligations;

(b)  To pay debts owing to Members other than for capital and profits;

(c)  To pay the remaining funds to the Members in proportion to their share ownership.

## Article 11.  Indemnification

11.1    Every person who was or is a party, or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he or a person of whom he is or was a manager or member is or was a Member of this LLC, or is or was serving at the request of this LLC as a Manager of another LLC, or was director, officer or representative in a corporation, partnership, joint venture, trust or other enterprise, shall be indemnified and held harmless to the fullest extent legally permissible under the laws of the State of Nevada from time to time against all expenses, liability and loss (including attorney's fees, judgements, fines and amounts paid or to be paid in settlement) reasonably incurred or suffered by him in connection therewith. Such right of indemnification shall be a contract right which may be enforced in any manner desired by such person. Such right to indemnification shall not be exclusive of any other right which such manager, members or representatives may have or hereafter acquire and, without limiting the generality of such statement, they shall be entitled to their respective rights of indemnification under any operating agreement or other agreement, vote of member, provision of law, or otherwise, as well as their rights under this Article.

CONFIDENTIAL

MFCS000094

11.2   Expenses of the Managers and Members incurred in defending a civil or criminal action, suit or proceeding by reason of any act or omission of such Managers or Members acting as a Manager or Member shall be paid by the limited liability company as they are incurred and in advance of the final disposition of the action, suit or proceeding.

11.3   Without limiting the application of the foregoing, the Members may adopt a provision in the Operating Agreement from time to time with respect to indemnification, to provide at all time the fullest indemnification permitted by the laws of the State of Nevada, and may cause this limited liability company to purchase and maintain insurance or make other financial arrangements on behalf of any person who is or was a Manager or Member.

### Article 12. General Provisions

12.1   In the event there is more than one Manager, a majority of the Managers will constitute a quorum for the transaction of a business at any meeting of the Managers.

12.2   Any notice to be given or to be served upon the LLC or any party hereto in connection with this Operating Agreement must be in writing and will be deemed to have been given and received when delivered to the address specified by the party to receive the notice. Such notices will be given to the LLC or to the Members or to the Managers at the address specified in this Operating Agreement. Any Member or the LLC may, at any time by giving 5 days' prior written notice to the other Members and the LLC, designate any other address in substitution of the foregoing address to which such notice will be given.

12.3   This Operating Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.

12.4   In the event any provision of this Operating Agreement is prohibited or rendered ineffective under the laws of Nevada, this Operating Agreement shall be considered amended to conform to the Statutes of Nevada.  The invalidity of any provision of this Operating Agreement shall not affect the subsequent validity of any other provisions of this Operating Agreement.

12.5   Neither the failure nor any delay on the part of any party to exercise any right, remedy, power or privilege under this Operating Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right, remedy, power or privilege preclude any other or further exercise of any other right, remedy, power or privilege with respect to any occurrence or be construed as a waiver of such right, remedy, power or privilege with respect to any subsequent occurrence.

12.6   This Operating Agreement may only be amended by an agreement in writing executed as per the unanimous vote, or by a unanimous written consent, of the persons who are Members at the time of amendments.

12.7   This Operating Agreement may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument.

CONFIDENTIAL

8

IN WITNESS WHEREOF, **Mr. Edmund Ward,** has executed this Operating Agreement on the date set forth opposite its signature.

Dated: October 26th, 2005

_____

**Edmund Ward,** Member

MFCS000096

9

## EXHIBIT A

### MEMBER'S CAPITAL CONTRIBUTION

**Name and Address of Member**                    **Contribution**

**Mr. Edmund Ward**                                US$10,000.00
Arango-Orillac Bldg., East 54th Street
P.O. Box 0832-0886, W.T.C.
Panama, Rep. of Panama

MFCS000097

10

## EXHIBIT B

PARTICULARS OF THE MANAGER

### Name and Address of Manager

ATC SECRETARIES INC.
Arango-Orillac Bldg., East 54th Street
P.O. Box 0832-0886, W.T.C.
Panama, Rep. of Panama

CONFIDENTIAL

MFCS000098

# VAL DE LOIRE LLC
## ("the LLC")

Organized under the NRS Chapter 86
Of the State of Nevada

### Register of Member(s)
(NRS 86.241)

| Full Name of the Member[*] | Last known business address of the Member |
|---|---|
| Mr. Edmund Ward | Arango-Orillac Bldg., East 54th Street P.O. Box 0832-0886, W.T.C. Panama, Rep. of Panama |

[*]List names in alphabetical order.          CONFIDENTIAL

MFCS000099

# VAL DE LOIRE LLC
### ("the LLC")

**Organized under the NRS Chapter 86**
**Of the State of Nevada**

### Register of Managers
(NRS 86.241)

| Full Name of the Manager[*] | Last known business address of the Manager |
|---|---|
| Edmund Ward | 520 S., 7th Street, Suite C Las Vegas, NV 89101 |

---

[*] List names in alphabetical order.

CONFIDENTIAL

MFCS000100