KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: klenhard@bhfs.com
Email: nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ.
 (admitted *pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: 212.698.3500
Facsimile: 212.698.3599
Email: dennis.hranitzky@dechert.com

*Attorneys for NML Capital, Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | CASE NO.: 2:14-cv-00492-JAD-VCF <br><br> **NML CAPITAL, LTD.'S RESPONSE TO NON-PARTY WITNESS PATRICIA AMUNATEGUI AND M.F. CORPORATE SERVICES (NEVADA) LIMITED'S LIMITED OBJECTION TO MAGISTRATE'S ORDER PURSUANT TO FED. R. CIV. P. 72** |

Plaintiff NML Capital, Ltd. ("NML"), by and through its attorneys of record Brownstein Hyatt Farber Schreck, LLP and Dechert LLP, hereby submits this response to the "Limited Objection to the Magistrate's Order" made by non-party witness Patricia Amunategui and M.F. Corporate Services (Nevada) Limited ("MF Nevada," and together with Amunategui, the "Objectors").

016887\0001\12041942.1

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ..............................................................1

ARGUMENT ............................................................................................................................2

    I.    The Court's Finding That Ms. Amunategui Advertised Herself As The Vice President Of Mossack Fonseca's Nevada Office Was Not Clearly Erroneous ...................................................................................................2

    II.    The Finding That Ms. Amunategui's Email Signature Identifies Her As The Head of Mossack Fonseca's Nevada Office Was Not Clearly Erroneous ...................................................................................................4

CONCLUSION .........................................................................................................................5

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

016887\0001\12041942.1

i

# **TABLE OF AUTHORITIES**

*Bray v. Cnty. of San Diego*,
    1994 WL 65305 (9th Cir. Mar. 2, 1994) ................................................................................3

*Villiarimo v. Aloha Island Air, Inc.*,
    281 F.3d 1054 (9th Cir. 2002) ..............................................................................................3, 4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

016887\0001\12041942.1                    ii

## INTRODUCTION

NML submits this response for the limited purpose of responding to the objection lodged by MF Nevada and Ms. Amunategui in response to Magistrate Judge Ferenbach's order of February 19, 2015 (ECF No. 82) (the "Order"), unsealing certain portions of the record, including Ms. Amunategui's deposition testimony. Despite Ms. Amunategui's previous attempts to explain away a magazine ad and her own email signature—both of which promote her affiliation with Mossack Fonseca & Co. ("Mossack Fonseca")—those documents speak for themselves in establishing that Ms. Amunategui held herself out as the head of Mossack Fonseca's Nevada office. Moreover, the Court's plain reading of those documents was corroborated by substantial record evidence demonstrating that Ms. Amunategui does, in fact, serve as head of Mossack Fonseca's Nevada office. The Objectors' objection is therefore without merit.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 11, 2014, Ms. Amunategui was deposed in this matter. Among other things, Ms. Amunategui testified at her deposition that Mossack Fonseca is MF Nevada's only client and represents its sole source of revenue, and that MF Nevada's sole substantive function is to form Nevada LLCs for Mossack Fonseca's customers.[1] Ms. Amunategui further testified that pursuant to her employment agreement (signed by Jurgen Mossack and Ramon Fonseca), she receives all of her instructions as to the substantive business of MF Nevada from Mossack Fonseca personnel—with whom she communicates almost exclusively in connection with the performance of her job responsibilities.[2] Finally, Ms. Amunategui testified that Mossack Fonseca handles many of the day-to-day operations of MF Nevada, including its accounting, human resources, and IT support.[3]

Mossack Fonseca holds itself out to the world as having an office in Nevada, and actively markets the services it can provide to its clients through that office—in particular, its ability to

---

[1] Deposition of Patricia Amunategui, dated Sept. 11, 2014 ("Amunategui Dep."), at 27:8-16, 28:16-25, 38:22-39:13, 138:19-139:22 (Exhibit C to MF Nevada Resp./Reply (ECF No. 90-1)).
[2] *Id*. at 53:4-54:15, 55:22-56:1, 56:10-13; Amunategui Employment Contract (Exhibit H to NML Mot. to Compel MF Nevada (ECF No. 102-1)).
[3] Amunategui Dep. at 65:8-16, 133:18-134:10 (Exhibit C to MF Nevada Resp./Reply (ECF No. 90-1)).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

create and maintain Nevada LLCs.[4] Mossack Fonseca touts the presence of its "skilled personnel" in Nevada, which Ms. Amunategui testified at her deposition was a reference to her.[5]

Ignoring this evidence that MF Nevada functions as the Nevada office of Mossack Fonseca, the Objectors contend that the Court erred in finding in the order that Ms. Amunategui advertised her affiliation with Mossack Fonseca (1) through her email signature which identifies her as "Head of Nevada Office" for Mossack Fonseca's Nevada branch, and (2) in an advertisement for UNLV, in which she is quoted as describing herself as "the Vice President of the Nevada office of Mossack & Fonseca, an international law firm specializing in international trusts and corporate services with 44 offices worldwide." Obj. at 9-11. In essence, the Objectors argue that the only evidence the Court should have considered in determining how to interpret Ms. Amunategui's email signature, and what weight to give to the UNLV advertisement, was Ms. Amunategui's own self-serving deposition testimony. According to the Objectors, it was improper for the Court to consider the email signature and UNLV advertisements themselves in the context of other record evidence of MF Nevada's actual status as Mossack Fonseca's Nevada office in making these determinations.

## ARGUMENT

The Objectors are wrong. In interpreting the email signature and UNLV advertisement, Magistrate Judge Ferenbach was entirely within his discretion to give greater weight to other evidence in the record that MF Nevada is, in fact, Mossack Fonseca's Nevada office than Ms. Amunategui's own testimony.

**I.   The Court's Finding That Ms. Amunategui Advertised Herself As The Vice President Of Mossack Fonseca's Nevada Office Was Not Clearly Erroneous.**

As a threshold matter, the Objectors are wrong in contending that it was improper for the Court to consider the advertisement because it is inadmissible evidence. Obj. at 9. The motion to seal was made in connection with a series of motions dealing with NML's post-judgment

---
[4] Mossack Fonseca Marketing Literature, at p. 24 "Shelf Company Reservation" (Exhibit C to NML Reply in Supp. of Mot. to Compel MF Nevada (ECF No. 66-4)); Mossack Fonseca webpage "Nevada, USA" (Exhibit L to NML Mot. to Compel MF Nevada (ECF No. 59-14)).
[5] Mossack Fonseca webpage "Nevada, USA" (Exhibit L to NML Mot. to Compel MF Nevada (ECF No. 59-14)); Amunategui Dep. at 116:2-15 (Exhibit C to MF Nevada Resp./Reply (ECF No. 90-1)).

discovery efforts, and the "rules of evidence do not apply to discovery proceedings." *Bray v. Cnty. of San Diego*, 1994 WL 65305, at *4 n.3 (9th Cir. Mar. 2, 1994). It is therefore immaterial whether the advertisement constituted inadmissible hearsay.

The Objectors are also wrong in contending that it was uncontroverted in the record that the statements attributed to Ms. Amunategui in the advertisement were inaccurate. Obj. at 10. Ms. Amunategui conceded at her deposition that the advertisement was based on an interview she gave to UNLV staff.[6] The fact that the advertisement actually ran—and that the statements attributed to Ms. Amunategui were never retracted—is, itself, evidence that Ms. Amunategui sanctioned its content. The Court was well within its discretion to find this evidence more credible than Ms. Amunategui's uncorroborated, self-serving testimony that she was misquoted in the advertisement. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (a court need not credit self-serving testimony unsupported by corroborating evidence and undermined by other credible evidence).

Next, there is no basis for the Objectors' suggestion that the status of Ms. Amunategui's relationship with Mossack Fonseca has changed since the UNLV advertisement was published. *See* Obj. at 10 ("[T]he advertisement at best only purports to relate the state of affairs between Ms. Amunategui and Mossack Fonseca at 2009, when the advertisement was made."). To the contrary, the record—including Ms. Amunategui's deposition testimony—is replete with evidence of Ms. Amunategui's continued relationship with Mossack Fonseca as the head of its Nevada office. Ms. Amunategui testified that all of the directions and instructions for the operation of MF Nevada come from Mossack Fonseca, and that while in her capacity as an office manager she may manage office operations, she acts only at the instruction of MF Nevada's sole client, Mossack Fonseca.[7] In any case, whether the advertisement reflects the current relationship between Ms. Amunategui and Mossack Fonseca is irrelevant. In ordering the record unsealed, Magistrate Judge Ferenbach merely stated that "Ms. Amunategui *has* advertised herself as 'the Vice President of the Nevada office of Mossack & Fonseca.'" Order at 10 (emphasis added).

---

[6] Amunategui Dep. at 79:21-81:24 (Exhibit C to MF Nevada Resp./Reply (ECF No. 90-1)).
[7] Amunategui Dep. at 53:16-54:15, 55:22-56:13 (Exhibit C to MF Nevada Resp./Reply (ECF No. 90-1)).

016887\0001\12041942.1                              3

The purpose of this finding was to demonstrate that Ms. Amunategui previously publicized her affiliation with Mossack Fonseca such that no further injury would be caused by disclosure of the same. *Id*.

Finally, MF Nevada and Ms. Amunategui point to evidence that they claim shows that MF Nevada and Mossack Fonseca are "separate" companies. But that argument was squarely rejected in Magistrate Judge Ferenbach's March 16, 2015, order in which he found that MF Nevada is the alter ego of Mossack Fonseca "because both companies share a unity of interest and ownership and the failure to disregard the separate identities would result in fraud or injustice." Order, *NML Capital Ltd. v. Republic of Argentina*, Case No. 2:14-cv-00492 (D. Nev. Mar. 16, 2015) ("Mot. to Compel Order"), at 21.

## II. The Finding That Ms. Amunategui's Email Signature Identifies Her As The Head of Mossack Fonseca's Nevada Office Was Not Clearly Erroneous.

Nor was it error for the Court to find that Ms. Amunategui's signature block identifies her as the "Head of Nevada Office" for Mossack & Fonseca's Nevada branch. Obj. at 11. It is true that the words "Mossack & Fonseca" do not appear in Ms. Amunategui's signature block. However, as discussed in the preceding section, the Court has already found that Mossack Fonseca controls MF Nevada, and that MF Nevada functions as Mossack Fonseca's Nevada office. Mot. to Compel Order at 21-23. The evidence supporting this finding includes Ms. Amunategui's employment contract and testimony, which show that she is required "to submit to Mossack Fonseca & Co.'s directions and control" and the fact that Mossack Fonseca "provides [MF Nevada] with human-resources and information-technology services and advertises [MF Nevada] as part of Mossack Fonseca & Co. on its website." *Id*. at 21. When Ms. Amunategui's email signature designating her as "Head of Nevada Office" is considered together with the evidence on which that finding was based, it was only logical for the Court to conclude that she was referring to the Nevada office of Mossack Fonseca.

In the face of all this evidence, the Court was not required to credit to Ms. Amunategui's post hoc, self-serving testimony that she was not referring to the "Nevada office" of Mossack

1  Fonseca. *See Villiarimo*, 281 F.3d at 1061 (court may disregard "uncorroborated and self-serving

2  testimony" in resolving issues of fact) (internal quotations omitted).

## CONCLUSION

For each of the reasons set forth above, NML respectfully requests that the Court overrule MF Nevada and Ms. Amunategui's limited objection to the Order.

DATED this 19th day of March 2015.

          BROWNSTEIN HYATT FARBER
          SCHRECK, LLP

By:    /s/ Nikki L. Baker
     Kirk B. Lenhard, Esq.
     Nevada Bar No. 1437
     Nikki L. Baker, Esq.
     Nevada Bar No. 6562
     100 North City Parkway, Suite 1600
     Las Vegas, NV 89106-4614

     Dennis H. Hranitzky
      (admitted *pro hac vice*)
     Dechert LLP
     1095 Avenue of the Americas
     New York, NY 10036-6797

*Attorneys for NML Capital, Ltd.*

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **NML CAPITAL, LTD.'S RESPONSE TO NON-PARTY WITNESS PATRICIA AMUNATEGUI AND M.F. CORPORATE SERVICES (NEVADA) LIMITED'S LIMITED OBJECTION TO MAGISTRATE'S ORDER PURSUANT TO FED. R. CIV. P. 72** was served via electronic service to all electronic registered CM/ECF users in this matter, and via U.S. Mail, postage prepaid, on the date and to the address shown below:

Carmine D. Boccuzzi, Jr., Esq.
CLEARLY, GOTTLEIB, STEEN & HAMILTON, LLP
One Liberty Plaza
New York, NY  10006
*Counsel for Defendant The Republic of Argentina*

DATED this 19th day of March, 2015.

　　　　　　　　　　　　　　　　　　  /s/ Paula Kay　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　an employee of Brownstein Hyatt Farber Schreck, LLP