SCHWARTZ FLANSBURG PLLC
FRANK M. FLANSBURG III, ESQ.
Nevada Bar No. 6974
BRIAN BLANKENSHIP, ESQ.
Nevada Bar # 11522
6623 Las Vegas Blvd South, Suite 300
Las Vegas, NV 89119
frank@nvfirm.com
brian@nvfirm.com
Tel: (702) 385-5544
Fax: (702) 385-2741
*Attorneys for Mossack Fonseca & Co.*

**U.S. DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | Case No.: 2:14-cv-00492-RFB-VCF<br><br>**NON-PARTY MOSSACK FONSECA & CO.'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CONTESTING SERVICE OF PROCESS AND JURISIDCTION** |

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, MOSSACK FONSECA & CO. ("Mossack Fonseca"), a non-party to this proceeding, by and through undersigned counsel, hereby files this Motion to Intervene for the Limited Purpose of Contesting Service of Process and Jurisdiction (the "Motion") in light of Magistrate Ferenbach's March 16, 2015 Order (the "Order") (Dkt. 101).

The Motion is made and based on Rule 24(a)(2) of the Federal Rules of Civil Procedure, the points and authorities cited herein, the papers and pleadings on file and any argument the Court wishes to entertain. Mossack Fonseca contests the sufficiency of process and the Court's jurisdiction over Mossack Fonseca, a Panamanian law firm with its office and principal place of business located in Panama. The filing of this Motion is not and shall not be deemed as a consent or waiver by Mossack Fonseca to service of process or jurisdiction. Mossack Fonseca

hereby reserves all rights to further raise and fully brief the sufficiency of service of process and jurisdiction issues upon the granting of this Motion.

DATED this 30th day of March, 2015.

SCHWARTZ FLANSBURG
By: /s/ *Brian Blankenship*

FRANK M. FLANSBURG III, ESQ.
Nevada Bar No. 6974
BRIAN BLANKENSHIP, ESQ.
Nevada Bar No. 11522
SCHWARTZ FLANSBURG PLLC
6623 Las Vegas Blvd South, Suite 300
Las Vegas, NV  89119
frank@nvfirm.com
brian@nvfirm.com
Tel: (702) 385-5544
Fax: (702) 385-2741
*Attorneys for Mossack Fonseca & Co.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I.    INTRODUCTION……………………………………………………………6

II.   ARGUMENT…………………………………………………………………7


  A. MOSSACK FONSECA MAY INTERVENE AS OF RIGHT
     WITHOUT WAIVING OR CONSENTING TO SERVICE OF
     PROCESS OR JURISDICTION…………………………………………8

  B. MOSSACK FONSECA SATISFIES AN INTERVENTION
     OF RIGHT………………………………………………………………..9

  C. MOSSACK FONSECA SPECIFICALLY CONTESTS THE
     SUFFICIENCY OF PROCESS AND THE EXERCISE OF
     JURISDICTION…………………………………………………………10

        1.    Mossack Fonseca Has Been Deprived of Due
              Process………………………………………………………10

              a.  The Order is Contrary to Established International
                  Agreement…………………………………………………...11

              b.  Mossack Fonseca Has not Been Served………………………13

        2.    This Court Lacks Jurisdiction Over Mossack Fonseca………...14

III.  CONCLUSION……………………………………………….……………… 16

1

**TABLE OF AUTHORITIES**

2

<u>CASES</u>

3

<u>Asahi Metal Industry Co., Ltd. v. Superior Court of California</u>,

4

480 U.S. 102 (1987)……………………………………………..…...14

5

<u>Callie v. Bowling</u>,

123 Nev. 181, 160 P.3d 878 (2007)…………………….……………...13, 15

6

7

<u>Daimler AG v. Bauman</u>,

134 S. Ct. 476 (2014)…………………………………………..…...15, 16

8

<u>Doe v. Unocal Corporation</u>,

9

248 F.3d 915 (9th Cir. 2001)……………………………………………15

10

<u>Federal Deposit Insurance Corporation v. Glickman</u>,

11

450 F.2d 416 (9th Cir. 1971)…………………………………………..16

12

<u>Folex Golf Industries, Inc. v. O-TA Precision Industries Co., Ltd.</u>,

13

WL 1299792 (9th Cir. 2015)…………………………………………11, 13

14

<u>Gates Learjet Corp. v. Jensen</u>,

743 F.2d 1325 (9th Cir. 1984)……………………………………………..9

15

16

<u>F. Hoffman-La Roche, Ltd. v. Superior Court</u>,

30 Cal.Rptr.3d 407 (Cla. Ct. App. 2005)……………………………………15

17

18

<u>R. Griggs Group Ltd. v. Filanto Spa</u>,

920 F. Supp. 1100 (D. Nev. 1996)………………………………...…….11, 12, 13

19

20

<u>Kreimeran v. Casa Veerkamp</u>,

22 F.3d 634 (5th Cir. 1994)………………………………………………11

21

22

<u>McCarty v. Roos</u>,

2012 WL 6138313 (D. Nev. 2012)…………………………………………12

23

24

<u>MGM Grand, Inc. v. Eighth Judicial District Court</u>,

107 Nev. 65, 807 P.2d 201 (1991)…………………………………………..15

25

<u>Mullane v. Central Hanover Bank & Trust Company</u>,

26

339 U.S. 306, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950)…………………………14

27

<u>Omni Capital International v. Rudolf Wolff & Company</u>,

484 U.S. 97 (1987)…………………………………………………...10

28

Scotts Valley Band of Pomo Indians v. United States,
921 F.2d 924 (9th Cir. 1990)……………………………………………………….9

S.E.C. v. International Fiduciary Corporation,
2007 WL 7212109 (E.D. Va. 2007)…………………………………..………….12

S.E.C. v. Banc de Binary,
2014 WL 1030862 (D. Nev. 2014)…………………………………..………...14

S.E.C. v. International Swiss Investments Corporation,
895 F.2d 1272 (1990)…………………………………………………………..12

S.E.C. v. Ross,
504 F.3d 1130 (9th Cir. 2007)…………………………………………...............8

Sierra Club v. E.P.A.,
995 F.2d 1478 (9th Cir. 1993)…………………………………………………..9

Societe National Indistrielle Aerospatiale v. U.S. District Court,
482 U.S. 522 (1987)……………………………………………………………..14

Trump v. Eighth Judicial District Court,
109 Nev. 687, 857 P.2d 740 (1993)……………………………………………..15

Viega GMBH v. Eighth Judicial District Court,
130 Nev. Adv. Op. 40, 328 P.3d 1152 (2014)………………………………….15

Volkswagenwerk Aktiengesellschaft v. Schlunk,
486 U.S. 694, 108 S. Ct. 2104, 2111, 100 L.Ed.2d 722 (1988)……………………….12

World-Wide Volkswagen Corp. v. Woodson,
444 U.S. 286, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980)…………………………………14

**RULES**

Federal Rule of Civil Procedure 4……………………………………………….11

Federal Rule of Civil Procedure 24…………………….…………………….1, 8

**OTHER**

U.S. Constitution amendment XIV, § 1……………………………………….13

Nevada Constitution Article 1, § 8(5)………………………..………....13

Inter-American Convention on Letters Rogatory, Organization of
American States, Article 5-8………………………………………………….12, 13

# I.   INTRODUCTION.

In an effort to collect on judgments it obtained against the Republic of Argentina, NML Capital Ltd. ("NML"), a Cayman Islands Company, issued a series of subpoenas to M.F. Corporate Services (Nevada) Ltd. ("M.F. Nevada") seeking documents related to 138 separate corporate entities.  NML simultaneously issued a subpoena to 123 separate entities in which it sought documents relating to the transfer of funds.

On June 20, 2014, NML caused a subpoena to be served on M.F. Nevada "as Agent for Mossack Fonseca & Co." (the "Subpoena").  This subpoena seeks production of documents concerning or relating to 253 companies and further seeks to depose Mossack Fonseca's Rule 30 (b)(6) designee.  Shortly thereafter, NML also subpoenaed Patricia Amunategui, M.F. Nevada's general manager, in her personal capacity.   Although NML's counsel was advised that M.F. Nevada was not the agent authorized to accept service of process on behalf of Mossack Fonseca, NML made no attempt to serve the Subpoena on Mossack Fonseca in Panama by or otherwise providing notice by any means.  (Dkt. 15).

On July 10, 2014, M.F. Nevada and Patricia Amunategui filed a Motion to Quash Subpoenas and/or for a Protective Order in which they contested the attempts by NML to effect service over Mossack Fonseca and to depose M.F. Nevada "as Agent for Mossack Fonseca & Co." (Dkt. 14).  Ms. Amunategui was deposed by NML on September 11, 2014.  (Dkt. 90).  NML thereafter filed a Memorandum in Response to M.F. Nevada's and Ms. Amunategui's Motion to Quash Subpoenas and/or for Protective Order and a Cross Motion to Compel, in which it then claimed that M.F. Nevada was both the "mere department" and the "alter ego" of Mossack Fonseca. Significantly, NML made no effort to serve this Response and Cross Motion on Mossack Fonseca, nor was the notice of hearing ever served.

After a hearing on March 9, 2015, this Court issued an "Order Granting in Part and Denying in Part NML's Motion to Quash and Motion to Compel (the Order) (Dkt. 101).  In the Order, the Court rejects NML's "mere department" theory, but nevertheless finds that M.F. Nevada is Mossack Fonseca's "Agent" and is its alter ego for jurisdictional purposes. (Dkt. 101, pp.19-22).  The Order also finds that Mossack Fonseca is "known for incorporating shell

companies and laundering money." (Dkt. 101, p. 3). Hence, the "failure to disregard the companies' separate identities would result in fraud or injustice." (Dkt. 101, p. 21). Based on these and other unsupported findings, the Order determines that Mossack Fonseca is subject to specific jurisdiction based on its putative agency relationship with M.F. Nevada and general jurisdiction in the State of Nevada in that M.F. Nevada is Mossack Fonseca's alter ego.

Mossack Fonseca files this Motion because of its concerns regarding the efforts of NML, a Cayman Islands Company, to drag 123 of Mossack Fonseca's clients into its dispute with the Republic of Argentina. Mossack Fonseca has been willing and remains willing to cooperate in the discovery process, provided that appropriate protocols and procedures established by international law are honored. At best, the Order is unclear as to whether Mossack Fonseca is being directed to cast aside its obligations as attorneys to maintain the sanctity of its communication with its clients – none of whom are believed to have any connection with the Republic of Argentina. Given the fact that the previously sealed documents have been made available to the press, the need for protection of client confidences is even more pronounced at this stage of the proceedings. Indeed, Mossack Fonseca would be subject to being sued by its clients if privileged information is released without the requisite authorization and protections.

## II.  ARGUMENT.

The non-party and independent Panamanian law firm of Mossack Fonseca should be granted this intervention of right to challenge the Order that purports to compel a response to a subpoena never served on Mossack Fonseca and issued in excess of the Court's jurisdiction: (A) Mossack Fonseca may intervene without compromising service of process or jurisdiction; (B) Mossack Fonseca's interests satisfy intervention of right; (C) Mossack Fonseca contests both service of process and this Court's jurisdiction. Taken together, this Motion should be granted and Mossack Fonseca should be permitted intervention of right.

/ / /

/ / /

/ / /

/ / /

**A.     MOSSACK FONSECA MAY INTERVENE AS OF RIGHT WITHOUT WAIVING OR CONSENTING TO SERVICE OF PROCESS OR JURISDICTION.**

Federal Rule of Civil Procedure 24(a)(2) provides that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and who is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."   The law in this Circuit is that an intervenor who timely and unambiguously raises objections to sufficiency of process and jurisdiction does not consent to service of process or jurisdiction by filing a motion to intervene as of right under Fed, R. Civ. P. 24(a)(2).   SEC v. Ross, 504 F.3d 1130, 1148-50 (9th Cir. 2007).

In Ross, seventeen parties, collectively referred to as "Bustos," filed a motion to intervene as of right under Rule 24(a)(2) in order to challenge a disgorgement order issued by the district court in a summary proceeding ancillary to an enforcement action brought by the SEC. Id. at 1133.   In his motion for intervention, Bustos made it clear that he contested the court's exercise of personal jurisdiction, the sufficiency of process and the propriety of venue.   Id. at 1148.  Bustos later filed similar objections in his first responsive pleadings (an answer) filed after the district court granted the motion to intervene.   Id.   The Receiver argued that by intervening, Bustos had consented to the jurisdiction of the district court.   Id.   After careful examination of the law in other circuits regarding whether a non-party who intervenes in ongoing proceedings pursuant to Rule 24(a)(2) can raise personal jurisdiction objections in conjunction with a motion to intervene, the Ninth Circuit rejected the Receiver's argument and expressly held that Bustos had **not** consented to jurisdiction by filing his motion to intervene:   "**We do not think that anything in the Federal Rules suggests that a non-named party cannot intervene of right and then contest the federal court's exercise of *in personam* jurisdiction.**"   Id. at 1149-50 (emphasis added).

/ / /

/ / /

/ / /

By filing this Motion to Intervene, Mossack Fonseca may properly contest service of process and *in personam* jurisdiction without waiving its rights.  Because the disposition of this action may practically impair or impede Mossack Fonseca's ability to protect its interests, Mossack Fonseca may intervene without consenting to process or jurisdiction provided that this Motion specifically contests those issues.   To be clear, in submitting this Motion, Mossack Fonseca seeks the opportunity to be heard on its objections regarding the insufficiency of service of process of the Subpoena and the absence of jurisdiction over it.  This "common sense approach avoids the pitfalls of a more formalistic era in which a [party] had to choose between consenting the forum's jurisdiction through a special appearance and entering a general appearance and defending [itself] on the merits." Id. at 1149 (citing Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330 n.1 (9th Cir. 1984)).

**B.      MOSSACK FONSECA SATISFIES AN INTERVENTION OF RIGHT.**

When analyzing intervention of right pursuant to Rule 24(a)(2), the Court applies a four-part test:  (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the action; (3) the applicant must be so situated that disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties. Sierra Club v. E.P.A., 995 F.2d 1478, 1481 (9th Cir. 1993) (citing Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir. 1990)).  Each element is satisfied here.

Mossack Fonseca is entitled to intervention of right.  First, this Motion is timely in that it is filed immediately after this Court purportedly exercised jurisdiction over Mossack Fonseca – even though Mossack Fonseca has not been served with process, was not a party to this action, and is a Panamanian law firm without minimum contacts with the State of Nevada.  Second, in light of the Order which seemingly finds that this Court has both specific and general jurisdiction over Mossack Fonseca and that it is therefore bound by the Subpoena, Mossack Fonseca's interest in these proceedings is undisputable.  Third, because this Court has issued findings relating to jurisdiction over Mossack Fonseca without affording it an opportunity to be heard, the Court has engaged in an egregious violation of due process, practically impairing and impeding

Mossack Fonseca's ability to protect its interests, the interests of the 253 companies it represents, and the attorney client privilege is must preserve for its 253 corporate clients.   Finally, neither M.F. Nevada nor any other existing parties are situated in a fashion in which they can adequately protect Mossack Fonseca's interest.   Indeed, the only process that was ever issued was a subpoena served on "M.F. Nevada, as Agent for Mossack Fonseca."  M.F. Nevada is a separate and distinct entity from Mossack Fonseca, with interests that are different from and potentially adverse to Mossack Fonseca.   As such, Mossack Fonseca should be allowed to intervene as of right for the sole purpose of contesting sufficiency of process and jurisdiction.

**C.     MOSSACK FONSECA SPECIFICALLY CONTESTS THE SUFFICIENCY OF PROCESS AND THE EXERCISE OF JURISDICTION.**

"Before a court may exercise personal jurisdiction over a [party], there must be more than notice to the [party] and a constitutionally sufficient relationship between the [party] and the forum." Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, (1987).  Here, the Order exceeds the Court's jurisdiction because (1) Mossack Fonseca has been deprived of its due process; and (2) this Court does not have personal jurisdiction over Mossack Fonseca.

**1.   Mossack Fonseca Has Been Deprived of Due Process.**

The Magistrate's ruling that Mossack Fonseca is bound by the Subpoena ignores the crucial fact that the Subpoena has never been served on Mossack Fonseca, a Panamanian law firm.   Instead, the Order overlooks the most fundamental requirement of proper notice and concludes that it may compel Mossack Fonseca to comply with a subpoena served only on M.F. Nevada.   The Order rests its determination on an unsupportable finding that M.F. Nevada is the "Agent" and "alter ego" of Mossack Fonseca.   Not only does the Subpoena fail to mention the "alter ego" concept, but this unorthodox manner of proceeding runs roughshod of Mossack Fonseca's due process rights under both the United States and the Nevada Constitutions.   The ruling altogether ignores every requirement for service of process on foreign entities and the procedural due process requirements of notice and an opportunity to be heard.   Given that valid service of process has not been effectuated on Mossack Fonseca, Mossack Fonseca cannot be

bound by the subpoena:[1] (a) the Order circumvents international agreement; and (b) Mossack Fonseca was never served with the Subpoena.  Folex Golf Indust., Inc. v. O-TA Precision Indust. Co., Ltd., No. 13-55643, 13-56331, 2015 WL 1299792, at *2 (9th Cir. 2015) (absent proper service upon a defendant, personal jurisdiction cannot be obtained).

### a.     The Order is Contrary to Established International Agreement.

The Order impermissibly circumvents the applicable rule and established international agreement governing service of process on foreign entities.  Rule 4 governs service of process. See Fed. R. Civ. P. 4.  "Strict compliance with the rules governing manner of service is required."  R. Griggs Group Ltd. v. Filanto Spa, 920 F. Supp. 1100, 1102 (D. Nev. 1996). Specifically, service of process on foreign corporations is governed by Rule 4(g)(2), which provides that foreign corporations must be served in accordance with Rule 4(f).  Fed. R. Civ. P. 4(g).  Under Rule 4(f), a foreign corporation can only be served: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice under certain specifications or (3) by other means **not prohibited by international agreement**, as the court orders.

Where an applicable international agreement provides an appropriate procedure, the entity serving process must comply with that law.  See R. Griggs Group, 920 F. Supp. 1100, 1107 (finding that service of process on foreign corporation by way of domestic service of process upon corporation's representative was ineffective because it failed to comply with the Hague Convention, the applicable international agreement in that case).  Although there seems to be a split of authority in the federal courts as to whether service in accordance with international agreements is mandatory and supersedes other methods of service under the Federal Rules of Civil Procedure, see, e.g., Kreimeran v. Casa Veerkamp, 22 F.3d 634 (5th Cir. 1994), the Ninth Circuit has not yet decided whether the Inter-American Convention on Letters Rogatory

---

[1] It is also unclear if the Order (and if so, to what extent) requires any action by Mossack Fonseca directly, and whether such action is required to be performed in Panama or in Nevada.

supersedes the federal rules with respect to service of process.   See S.E.C. v. Int'l Swiss Investments Corp., 895 F.2d 1272, 1275 (1990).

In Int'l Swiss Investments Corp., the only Ninth Circuit opinion to ever specifically address this issue, service of process took place prior to ratification by the Senate of the Inter-American Convention on Letters Rogatory.  Id. at 1275 n. 3.  By the time of the issuance of the opinion, the Senate had already ratified the Convention.  Id.  However, because service had occurred prior to ratification, the Ninth Circuit did not need to, and chose not to, decide whether the now ratified Convention superseded the federal rules.  Id.  It was the lack of ratification that was the basis for the Ninth Circuit's ruling that the federal rules, not the Convention, governed service.  See S.E.C. v. Int'l Fiduciary Corp., C.A. No. 1:06cv1354, 2007 WL 7212109, at *3 (E.D. Va. Mar. 29, 2007) ("At that time, the Inter–American Convention on Letters Rogatory had not been ratified, which was the basis for the court's ruling that the Federal Rules, and not the Convention, controlled the proper methods of service of process. The clear implication of the decision is that the Hague Convention would have controlled had it been the relevant treaty.").

Although the Ninth Circuit has not since revisited the issue, this Court, six years later in R. Griggs Group Ltd., expressly stated that the "Hague Convention provisions are mandatory" and that "failure to comply voids attempted service."  920 F. Supp. at 102.  See also McCarty v. Roos, No. 2:11-CV-1538 JCM, 2012 WL 6138313, at *10 (D. Nev. Dec. 7, 2012) ("The United States, Mexico, and Japan are signatories to the  . . .  Hague Service Convention, thus service on both federal defendants must conform to the requirements of the convention. '[C]ompliance with the Convention is mandatory in all cases to which it applies.'" (quoting Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705, 108 S.Ct. 2104, 2111, 100 L.Ed.2d 722 (1988)).  Thus, the precedent in this Court suggests that the serving party must comply with international agreements governing service of process.

In the instant case, there is an international agreement in place that governs service of process:  the Inter-American Convention on Letters Rogatory.  The Inter-American Convention on Letters Rogatory governs service of process between the United States and Panama, both signatories to the agreement.  The Convention sets forth specific procedures for service of

process, including legalization by consular and diplomatic agents.   <u>See</u> Inter-American Convention on Letters Rogatory, Organization of American States, Art. 5-8.  NML has not only failed to show that service by means other than the Inter-American Convention on Letters Rogatory is not prohibited by international agreement between the two countries, **<u>it has not shown that it even attempted</u>** to serve Mossack Fonseca directly by any other means.  Absent compliance with the Convention or, at a very minimum service of process on Mossack Fonseca in Panama by any other means not prohibited by international agreement, no valid service of process exists as to Mossack Fonseca.  <u>See</u> <u>e.g.</u>, <u>Folex Gold Indust., Inc.</u>, 2015 WL 1299792, at *1.

### b.    Mossack Fonseca has not been Served.

The Order bypasses the requirement that Mossack Fonseca itself be served with process, seemingly by virtue of its finding that M.F. Nevada is the agent and alter ego of Mossack Fonseca, is a violation of due process.  Both the United States Constitution and the Nevada Constitution guarantee a party the right to due process.  <u>See</u> U.S. Const. amend. XIV, § 1 (nor shall any state deprive any person of life, liberty, or property, without due process of law.”); Nev. Const. art. 1, § 8(5) (“No person shall be deprived of life, liberty, or property, without due process of law.”).  Recognizing that procedural due process requires notice and an opportunity to be heard, the Nevada Supreme Court has held that a *defendant* who is subject to a judgment creditor’s alter ego claim must receive, in an independent action, formal notice, service of process, an opportunity to conduct discovery, fact-finding, and an opportunity to be heard, before the alter ego claim is resolved. <u>See</u> <u>Callie v. Bowling</u>, 123 Nev. 181, 186, 160 P.3d 878, 880 (2007) (“failure to abide by this procedure results in a deprivation of due process.”).  Therefore, Mossack Fonseca must still be afforded service of process or, *at a very minimum,* be given notice and an opportunity to be heard on the agency and alter ego claims.  <u>Id.</u>  Failure to do so constitutes a violation of due process.  <u>Id.</u>  <u>See also</u> <u>R. Griggs Group Ltd.</u>, 920 F. Supp. at 1103 (“Service of process must comply with both constitutional and statutory requirements. Constitutional due process requires that service of process be reasonably calculated to provide

1    actual notice.") (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.

2    Ct. 652, 657, 94 L.Ed. 865 (1950)).

3         The Magistrate also uses the agency and alter ego findings to justify the Court's exercise

4    of specific and general jurisdiction over Mossack Fonseca.  Although jurisdiction will be more

5    fully addressed in a different section of this Motion, the same analysis applies:  the Magistrate's

6    findings of specific and general jurisdiction vis-à-vis his agency and alter ego findings without

7    having afforded Mossack Fonseca, *at a minimum*,  notice and an opportunity to be heard on these

8    claims constitute a violation of due process.  World-Wide Volkswagen Corp. v. Woodson, 444

9    U.S. 286, 291, 100 S. Ct. 559, 62 L.Ed.2d 490 (1980) ("Due process requires that defendant be

10   given adequate notice of suit, . . . and be subject to personal jurisdiction of the court.").

11        Significantly, Mossack Fonseca is a foreign entity.  The United States Supreme Court has

12   recognized that special vigilance should be exercised to protect foreign entities.  See Asahi Metal

13   Indus. Co., Ltd. v. Super. Ct. of Cal., 480 U.S. 102 (1987) (expressing the constitutionally and

14   pragmatically based necessity for particular sensitivity to the due process rights of foreign

15   defendants haled into U.S. courts and special vigilance to protect foreign litigants in the

16   discovery context.  See also Societe National Industrielle Aerospatiale v. U.S. Dist. Ct., 482 U.S.

17   522 (1987); SEC v. Banc de Binary, Case No. 2:12-CV-993-RCJ-VCF, 2014 WL 1030862, at *1

18   (D. Nev. Mar. 14, 2014) (citing Societe National Industrielle Aerospatiale and stating that

19   "[w]hen a foreign defendant is involved, [the presumption that a corporation's deposition should

20   be taken at the corporation's principal place of business] may be even stronger.") (Magistrate J.

21   Ferenbach).  What is more, Mossack Fonseca is not even a defendant – it is a mere third-party

22   witness.  Therefore, the Court's ability to assert any sort of power over Mossack Fonseca is a

23   step further removed.

24        **2.**     **This Court Lacks Jurisdiction Over Mossack Fonseca.**

25        Mossack Fonseca maintains that the Court does not have specific or general jurisdiction

26   over Mossack Fonseca.  In finding to the contrary, the Order misapprehended the agency and

27   alter ego standards for imputation of jurisdiction under Federal and Nevada law and relied on a

28   series of erroneous statements.  Although Mossack Fonseca reserves the right to further raise

and fully brief this issue upon granting of this Motion to Intervene, it submits that the Court lacks specific and general jurisdiction over Mossack Fonseca for, *inter alia*, the following reasons:

- The Magistrate applied improper standards for both agency and alter ego as it relates to imputing jurisdiction to related entities: the purported overlap in management and covenant of exclusivity in the client relationship between Mossack Fonseca and M.F. Nevada is neither the proper analysis nor sufficient; there has been no showing of a connection between any alleged failure to observe corporate formalities and "fraud injustice" as required under Nevada law; unity of ownership must go beyond even identical ownership or officers; the requisite "high level of control" for an agency relationship under Nevada law has not been established. See Viega GMBH v. Eighth Judicial Dist. Ct., 130 Nev. Adv. Op. 40, 328 P.3d 1152 (2014).

- The Magistrate judge incorrectly applied the Viega GMBH decision, which when properly analogized, supports a finding **against** personal jurisdiction. Id.

- In comparison with the precedent, Mossack Fonseca does not have the requisite contacts with the State of Nevada, either by way of its client relationship with M.F. Nevada or otherwise, to be subject to specific jurisdiction in Nevada.

- Mossack Fonseca does not have the requisite contacts with the State of Nevada, either by way of its client relationship with M.F. Nevada or otherwise, so as to meet the "at home" requirement for general jurisdiction set forth in the latest United States Supreme Court precedent. See Daimler AG v. Bauman, 134 S. Ct. 476, 753 (2014).

- The Court failed to presume the independence of Mossack Fonseca from M.F. Nevada, recognizing that neither mere control nor ownership justifies the exercise of jurisdiction. See e.g., Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir. 2001); MGM Grand, Inc. v. Eighth Judicial Dist. Ct., 107 Nev. 65, 68-69, 807 P.2d 201, 203 (1991); F. Hoffman-La Roche, Ltd., v. Superior Court, 30 Cal.Rptr.3d 407, 418 (Cal. Ct. App. 2005).

- The Order relied on inadmissible hearsay at its non-evidentiary hearing and failed to properly require NML to prove jurisdiction beyond a preponderance of the evide4nce. See e.g., Trump v. Eighth Judicial Dist. Ct., 109 Nev. 687, 692, 857 P.2d 740, 743 (1993).

- The Subpoena does not meet the pleading requirements necessary to afford Mossack Fonseca notice of the "alter ego" allegations as required by due process. See e.g., Callie, 123 Nev. at 186.

/ / /

- The statements of a putative "agent" are not admissible to prove the alleged agency unless made in the presence of or authorized in some way by putative principal. <u>Federal Deposit Ins. Corp. v. Glickman</u>, 450 F.2d 416, 418 (9th Cir. 1971).

- The Order is inconsistent with principles of international comity. <u>Daimler</u>, 134 S. Ct. at 763.

Consequently, the Court's exercise of specific and general jurisdiction over Mossack Fonseca without service, without admissible evidence, without a substantial showing of control and relationship to rebut the presumption of independence, and without an opportunity to be heard, was improper.

**IV.      CONCLUSION.**

For the reasons set forth above, Mossack Fonseca's Motion to Intervene for the Limited Purpose of Contesting Service of Process and Jurisdiction should be granted without prejudice to Mossack Fonseca to further raise and fully brief its objections regarding sufficiency of process and lack of jurisdiction upon the granting of this Motion.

SCHWARTZ FLANSBURG
By: <u>/s/ Brian Blankenship</u>

FRANK M. FLANSBURG III, ESQ.
Nevada Bar No. 6974
BRIAN BLANKENSHIP, ESQ.
Nevada Bar No. 11522
SCHWARTZ FLANSBURG PLLC
6623 Las Vegas Blvd South, Suite 300
Las Vegas, NV 89119
frank@nvfirm.com
brian@nvfirm.com
Tel: (702) 385-5544
Fax: (702) 385-2741
*Attorneys for Mossack Fonseca & Co.*
