KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
Telephone:  702.382.2101
Facsimile:   702.382.8135
Email:  klenhard@bhfs.com
Email:  nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ.
  (admitted *pro hac vice*)
DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Telephone:    212.698.3500
Facsimile:     212.698.3599
Email:       dennis.hranitzky@dechert.com

*Attorneys for NML Capital, Ltd.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NML CAPITAL, LTD.,<br><br>          Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF ARGENTINA,<br><br>          Defendant. | CASE NO.:  2:14-cv-00492-JAD-VCF<br><br>**NML CAPITAL, LTD.'S NOTICE OF NON-OPPOSITION TO NON-PARTY MOSSACK FONSECA & CO.'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CONTESTING SERVICE OF PROCESS AND JURISDICTION** |

Plaintiff NML Capital, Ltd. ("NML"), by and through its attorneys of record, Brownstein Hyatt Farber Schreck, LLP and Dechert LLP, hereby submits notice to the Court that it does not oppose the intervention of Non-Party Mossack Fonseca & Co. ("Mossack Fonseca"), as requested in its Motion to Intervene for the Limited Purpose of Contesting Service of Process and Jurisdiction (Dkt. #106) ("Mossack's Motion").  Mossack's Motion, however, devotes only two-and-a-half pages out of its ten-page brief[1] to arguing the legal standard that Mossack Fonseca must satisfy in order to intervene in this case.  Although the Court has not yet granted Mossack's Motion, Mossack Fonseca devotes the rest of its Motion to arguing the substance of its objections

---

[1] Mossack's Motion is sixteen pages long if one counts the table of contents, table of authorities, and the standard introductory language to the motion.

1

regarding sufficiency of process and lack of jurisdiction. To ensure that NML's consent to the granting of Mossack's Motion is not somehow construed as an endorsement of the arguments made therein, NML offers the following brief response:

According to Mossack Fonseca, it is the victim of a rogue court that has lost its way. Proof of its victimization purportedly lays in the Court's Order filed March 16, 2015 (Dkt. #101), wherein the Court found, among other things, that M.F. Corporate Services (Nevada) Limited ("MF Nevada") is the alter ego and/or agent of Mossack Fonseca, that exercising jurisdiction over Mossack Fonseca was appropriate, and that the Court can compel Mossack Fonseca to comply with the subpoena served on MF Nevada. Choosing its words carefully, Mossack Fonseca complains that NML did not attempt to formally serve Mossack Fonseca with the subpoena at issue or with "notice of hearing" and, as a result, it was denied "an opportunity to be heard". (*See* Mossack's Motion at 6:13-23; 9:27-28.)

Conspicuously absent from Mossack's Motion is any statement that Mossack Fonseca was unaware of the subpoena issued to MF Nevada as its agent, of the pending motions, and/or of the multiple hearings held by the Court. Perhaps Mossack Fonseca intends to offer proof of its ignorance about the proceedings, and try to explain away all of the damning evidence NML's briefs presented to the Court, when it "fully brief[s]" its objections to the Court. Or maybe, after having lost the first time with MF Nevada's arguments, Mossack Fonseca now seeks the equivalent of a legal mulligan.

Irrespective of Mossack Fonseca's motives, NML does not oppose its request to intervene in this action. It is hardly original for a party who has purposefully chosen to remain lurking in the shadows of a case to cry foul after a court rules against them. NML does, however, dispute Mossack Fonseca's objections to the factual and legal bases that serve as the bedrock of the Court's Order. NML will fully address the fallacies of these objections, if and when the Court permits Mossack Fonseca to intervene and present its arguments to the Court. Regardless of how Mossack Fonseca tries to spin the facts and the law, the Court should conclude—just as the Honorable Richard F. Boulware will discover—that the Court's Order is both factually and legally unassailable.

2

016887\0001\12122116.1

Finally, and to avoid any later claim of surprise by Mossack Fonseca, if the Court grants Mossack's Motion, NML intends to serve jurisdictional discovery on Mossack Fonseca. "[A] district court has broad discretion to permit or deny jurisdictional discovery." *Liberty Media Holdings, LLC v. Letyagin*, 925 F. Supp. 2d 1114, 1120 (D. Nev. 2013) (citing *Laub v. U.S. Department of the Interior,* 342 F.3d 1080, 1093 (9th Cir.2003)). "A plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Id*. (citation omitted). Rather, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub,* 342 F.3d at 1093; *see also Fin. Indem. Co. v. Edwards*, 2014 U.S. Dist. LEXIS 154552, *8 (D. Nev. Oct. 31, 2014) ("Here, the court's duty to safeguard its limited powers of jurisdiction under Rule 12(h) requires the court to order the parties to conduct jurisdictional discovery on the amount in controversy.").

Here, the Court has already determined that it can properly exercise jurisdiction over Mossack Fonseca. (*See*, *e.g.,* Court's Order at 20:11-14 (Dkt. #101).). Mossack Fonseca disagrees. Mossack Fonseca will likely submit affidavits or declarations from its employees to try to convince the Court that it lacks jurisdiction over Mossack Fonseca. However, Mossack Fonseca has already demonstrated the lengths it will go to thwart NML's discovery efforts and to obstruct the search for the truth. As the Court will recall, one of Mossack Fonseca's employees (Leticia Montoya) previously offered sworn testimony in opposition to NML's motion to compel the 123 Báez Entities to comply with subpoenas served on them by NML. The Court rightly concluded that her affidavit was "conclusory" and "not credible." (*See* Court's Order filed August

//
//
//
//
//
//
//

3

016887\0001\12122116.1

1  11, 2014 (Dkt. #36).)  Thus, neither the Court nor NML should be required to take Mossack

2  Fonseca's word for it now.

3  DATED this 13th day of April 2015.

4  BROWNSTEIN HYATT FARBER SCHRECK, LLP

6  By: __/s/ Nikki L. Baker__
Kirk B. Lenhard, Esq.
7  Nevada Bar No. 1437
Nikki L. Baker, Esq.
8  Nevada Bar No. 6562
100 North City Parkway, Suite 1600
9  Las Vegas, NV 89106-4614

10  Dennis H. Hranitzky
(admitted *pro hac vice*)
11  Dechert LLP
1095 Avenue of the Americas
12  New York, NY  10036-6797

13  *Attorneys for NML Capital, Ltd.*

4

016887\0001\12122116.1

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **NML CAPITAL, LTD.'S NOTICE OF NON-OPPOSITION TO NON-PARTY MOSSACK FONSECA & CO.'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF CONTESTING SERVICE OF PROCESS AND JURISDICTION** was served via electronic service to all electronic registered CM/ECF users in this matter, and via U.S. Mail, postage prepaid, on the date and to the address shown below:

Carmine D. Boccuzzi, Jr., Esq.
CLEARLY, GOTTLEIB, STEEN & HAMILTON, LLP
One Liberty Plaza
New York, NY  10006
*Counsel for Defendant The Republic of Argentina*

DATED this 13th day of April, 2015.

    /s/ Paula Kay
an employee of Brownstein Hyatt Farber Schreck, LLP

016887\0001\12122116.1