EXHIBIT 1

**Schwartz Flansburg PLLC**
Frank M. Flansburg III, Esq.
Nevada Bar No. 6974
Brian Blankenship, Esq.
Nevada Bar No. 11522
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
frank@nvfirm.com
brian@nvfirm.com
   Attorneys for Mossack Fonseca & Co.

## UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| NML CAPITAL, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> THE REPUBLIC OF ARGENTINA, <br><br> Defendant. | Case No.:   2:14-CV-00492-RFB-VCF <br><br> **NON-PARTY MOSSACK FONSECA & CO.'S MOTION TO STAY [#39] MARCH 16, 2015 ORDER** |

   Mossack Fonseca & Co. ("Mossack Fonseca"), a non-party to this action, by and through undersigned counsel, hereby files this Motion to Stay Proceedings as to Mossack Fonseca including, but not limited to, compliance with the April 20, 2015 deadline contained in the Court's March 16, 2015 Order (the "March 16 Order") (Dkt. 101) for the parties to file a document production schedule.

   The Motion is made and based on the points and authorities cited herein, the papers and pleadings on file and any argument the Court wishes to entertain. As set forth in Mossack Fonseca's Motion to Intervene for the Limited Purpose of Contesting Service of Process and Jurisdiction (the "Motion to Intervene") (Dkt. 106), Mossack Fonseca contests the sufficiency of process and the Court's jurisdiction; and the filing of this Motion is not and shall not be deemed as a consent or waiver by Mossack Fonseca to service of process or jurisdiction. Mossack

Fonseca hereby reserves all rights to further raise and fully brief the sufficiency of service of process and jurisdiction issues upon the granting of the Motion to Intervene.

Dated this ___ day of April, 2015.

SCHWARTZ FLANSBURG PLLC

By _____
Frank M. Flansburg III, Esq.
Nevada Bar No. 6974
Brian Blankenship, Esq.
Nevada Bar No. 11522
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Attorneys for Mossack Fonseca & Co.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Mossack Fonseca, a Panamanian law firm, requests a stay of the March 16 Order until such time as the Court addresses the various challenges to sufficiency of process and personal jurisdiction that it has raised. Mossack Fonseca filed its Motion to Intervene for the sole purpose of being allowed to contest sufficiency of process and the Court's finding in its March 16 Order that Mossack Fonseca is subject to *in personam* jurisdiction in this forum. Therefore, this Court should stay the March 16 Order pending resolution of the jurisdiction challenge.

///
///
///
///
///
///
///
///
///

## II. ARGUMENT.[1]

This Court should stay enforcement of the March 16 Order. The March 16 Order, which purports to compel compliance with a subpoena never served on Mossack Fonseca, requires that the parties meet and confer, and file a document production schedule by April 20, 2015. It is not clear from the March 16 Order if the term "parties" includes Mossack Fonseca, nor is it clear what actions exactly, if any, are required by Mossack Fonseca at this juncture. Indeed, M.F. Nevada has filed both Objections to and a Motion for Clarification of the March 16 Order (Dkt. 107, 108), providing an additional basis to stay discovery until the respective obligations of M.F. Nevada and Mossack Fonseca are resolved. M.F. Nevada's Objections and Motion for Clarification *inter alia* challenge the Court's findings of personal jurisdiction and Mossack Fonseca's meet and confer obligations.

Under the unique circumstances of this case, this Court should stay the Order pending resolution of the objections to the March 16 Order because: (A) Mossack Fonseca satisfies the legal principles considered by the Court to justify a stay of the March 16 Order; (B) this District has favored stays pending jurisdictional challenges; and (C) special vigilance is required in this case. Taken together, the March 16 Order should be stayed pending further order from this Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The pertinent factual background and procedural posture are set forth in the Introduction section of Mossack Fonseca's Motion to Intervene. In order to avoid burdening the Court with repetitive factual recitations, Mossack Fonseca adopts and incorporates the Introduction section of its Motion to Intervene as if fully set forth herein.

A.     THE STAY OF THE MARCH 16 ORDER IS WARRANTED.

This Court has discretion to stay Magistrate orders depending on the circumstances of the particular case. Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012). In exercising its discretion, this Court is guided by the following legal principles: (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will suffer irreparable injury absence of a stay; (3) whether other parties would be substantially injured by a stay; and (4) wherein the public interest lies. Id.; Trustees of No. Nevada Operating Engineers Health & Welfare v. March 4 Construction, LLC, No. 3:08-CV-00578-LRH-(RAM)2009 WL 1940087 *2 (D. Nev. Jul. 7, 2009) (applying the same factors when addressing a stay pending an objection to a Magistrate's order). Each legal principle will be addressed in turn.

    1.     **Mossack Fonseca Has Demonstrated a Substantial Case For Relief On the Merits.**

There is no precise specification of the exact degree of likelihood of success to warrant a stay. Lair, 697 F.3d at 1204. All that is required is a substantial case for relief on the merits. Id. Such a substantial case is satisfied by Mossack Fonseca.

"Before a court may exercise personal jurisdiction over a [party], there must be more than notice to the [party] and a constitutionally sufficient relationship between the [party] and the forum." Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S.Ct. 404 (1987). Here, the Court exceeded jurisdiction because (a) Mossack Fonseca has been deprived of its due process; and (b) this Court does not have personal jurisdiction over Mossack Fonseca.[2]

///
///
///
///
///

---

[2] This argument (sections 1.a – 1.b) are similar to those raised in the Motion to Intervene.

a.     **Mossack Fonseca Has Been Deprived of Due Process.**

The Subpoena has never been served on Mossack Fonseca. Given that valid service of process has not been effectuated on Mossack Fonseca, Mossack Fonseca cannot be bound by the Subpoena: (i) service must comply with international agreement; and (ii) Mossack Fonseca was never served with the Subpoena. Folex Golf Indust., Inc. v. O-TA Precision Indust. Co., Ltd., No. 13-55643, 13-56331, 2015 WL 1299792, at *2 (9th Cir. Mar. 24, 2015) (absent proper service upon a defendant, personal jurisdiction cannot be obtained).

i.     **Service must comply with International Agreement.**

Rule 4 governs service of process. See Fed. R. Civ. P. 4. "Strict compliance with the rules governing manner of service is required." R. Griggs Group Ltd. v. Filanto Spa, 920 F. Supp. 1100, 1102 (D. Nev. 1996). Specifically, service of process on foreign corporations is governed by Rule 4(g)(2), which provides that foreign corporations must be served in accordance with Rule 4(f). Fed. R. Civ. P. 4(g). Under Rule 4(f), a foreign corporation can only be served: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice under certain specifications or (3) by other means **not prohibited by international agreement**, as the court orders. (Emphasis added).

Where an applicable international agreement provides an appropriate procedure, the entity serving process must comply with that law. See R. Griggs Group, 920 F. Supp. at 1107 (finding that service of process on foreign corporation by way of domestic service of process upon corporation's representative was ineffective because it failed to comply with the Hague Convention, the applicable international agreement in that case). Although there seems to be a split of authority in the federal courts as to whether service in accordance with international agreements is mandatory and supersedes other methods of service under the Federal Rules of Civil Procedure, see e.g., Kreimeran v. Casa Veerkamp, 22 F.3d 634 (5th Cir. 1994), the Ninth Circuit has not yet decided whether the Inter-American Convention on Letters Rogatory

1  supersedes the federal rules with respect to service of process. See S.E.C. v. Int'l Swiss
2  Investments Corp., 895 F.2d 1272, 1275 (1990).

3        In Int'l Swiss Investments Corp., the only Ninth Circuit opinion to ever specifically
4  address this issue, service of process took place prior to ratification by the Senate of the Inter-
5  American Convention on Letters Rogatory. Id. at 1275 n. 3. By the time of the issuance of the
6  opinion, the Senate had already ratified the Convention. Id. However, because service had
7  occurred prior to ratification, the Ninth Circuit did not need to, and chose not to, decide whether
8  the now ratified Convention superseded the federal rules. Id. It was the lack of ratification that
9  was the basis for the Ninth Circuit's ruling that the federal rules, not the Convention, governed
10 service. See S.E.C. v. Int'l Fiduciary Corp., C.A. No. 1:06cv1354, 2007 WL 7212109, at *3
11 (E.D. Va. Mar. 29, 2007) ("At that time, the Inter–American Convention on Letters Rogatory
12 had not been ratified, which was the basis for the court's ruling that the Federal Rules, and not
13 the Convention, controlled the proper methods of service of process. The clear implication of the
14 decision is that the Hague Convention would have controlled had it been the relevant treaty.").

15       Although the Ninth Circuit has not since revisited the issue, this Court, six years later in
16 R. Griggs Group Ltd., expressly stated that the "Hague Convention provisions are mandatory"
17 and that "failure to comply voids attempted service." 920 F. Supp. at 102. See also McCarty v.
18 Roos, No. 2:11-CV-1538 JCM, 2012 WL 6138313, at *10 (D. Nev. Dec. 7, 2012) ("The United
19 States, Mexico, and Japan are signatories to the . . . Hague Service Convention, thus service on
20 both federal defendants must conform to the requirements of the convention. '[C]ompliance with
21 the Convention is mandatory in all cases to which it applies.'" (quoting Volkswagenwerk
22 Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705, 108 S.Ct. 2104, 2111, 100 L.Ed.2d 722
23 (1988)). Thus, the precedent in this Court suggests that the serving party must comply with
24 international agreements governing service of process.

25 / / /
26 / / /
27 / / /
28 / / /

In the instant case, there is an international agreement in place that governs service of process: the Inter-American Convention on Letters Rogatory. The Inter-American Convention on Letters Rogatory governs service of process between the United States and Panama, both signatories to the agreement. The Convention sets forth specific procedures for service of process, including legalization by consular and diplomatic agents. See Inter-American Convention on Letters Rogatory, Organization of American States, Art. 5-8. NML has not only failed to show that service by means other than the Inter-American Convention on Letters Rogatory is not prohibited by international agreement between the two countries, **it has not shown that it even attempted** to serve Mossack Fonseca directly by any other means. Absent compliance with the Convention or, at a very minimum service of process on Mossack Fonseca in Panama by any other means not prohibited by international agreement, no valid service of process exists as to Mossack Fonseca. See e.g., Folex Golf Indust., Inc., 2015 WL 1299792, at *1.

### ii. Mossack Fonseca has not been served.

Both the United States Constitution and the Nevada Constitution guarantee a party the right to due process. See U.S. Const. amend. XIV, § 1 (nor shall any state deprive any person of life, liberty, or property, without due process of law."); Nev. Const. art. 1, § 8(5) ("No person shall be deprived of life, liberty, or property, without due process of law."). Recognizing that procedural due process requires notice and an opportunity to be heard, the Nevada Supreme Court has held that a *defendant* who is subject to a judgment creditor's alter ego claim must receive, in an independent action, formal notice, service of process, an opportunity to conduct discovery, fact-finding, and an opportunity to be heard, before the alter ego claim is resolved. See Callie v. Bowling, 123 Nev. 181, 186, 160 P.3d 878, 880 (2007) ("failure to abide by this procedure results in a deprivation of due process."). Therefore, Mossack Fonseca must still be afforded service of process or, *at a very minimum,* be given notice and an opportunity to be heard on the agency and alter ego claims. Id. Failure to do so constitutes a violation of due process. Id. See also R. Griggs Group Ltd., 920 F. Supp. at 1103 ("Service of process must comply with both constitutional and statutory requirements. Constitutional due process requires that service

of process be reasonably calculated to provide actual notice.") (citing <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 94 L.Ed. 865 (1950)).

### b. This Court lacks jurisdiction over Mossack Fonseca.

Mossack Fonseca maintains that the Court does not have specific or general jurisdiction over Mossack Fonseca. Although Mossack Fonseca reserves the right to further raise and fully brief this issue upon granting of this Motion to Intervene, it submits that the Court lacks specific and general jurisdiction over Mossack Fonseca for, *inter alia*, the following reasons:

- The purported overlap in management and covenant of exclusivity in the client relationship between Mossack Fonseca and M.F. Nevada is neither the proper analysis nor sufficient; there has been no showing of a connection between any alleged failure to observe corporate formalities and "fraud injustice" as required under Nevada law; unity of ownership must go beyond even identical ownership or officers; the requisite "high level of control" for an agency relationship under Nevada law has not been established. See <u>Viega GMBH v. Eighth Judicial Dist. Ct.</u>, 130 Nev. Adv. Op. 40, 328 P.3d 1152 (2014).

- The <u>Viega GMBH</u> decision, which when properly analogized, supports a finding **against** personal jurisdiction. <u>Id.</u>

- Mossack Fonseca does not have the requisite contacts with the State of Nevada, either by way of its client relationship with M.F. Nevada or otherwise, to be subject to specific jurisdiction in Nevada.

- Mossack Fonseca does not have the requisite contacts with the State of Nevada, either by way of its client relationship with M.F. Nevada or otherwise, so as to meet the "at home" requirement for general jurisdiction set forth in the latest United States Supreme Court precedent. See <u>Daimler AG v. Bauman</u>, 134 S. Ct. 476, 753 (2014).

- The Court must presume the independence of Mossack Fonseca from M.F. Nevada, recognizing that neither mere control nor ownership justifies the exercise of jurisdiction. See e.g., <u>Doe v. Unocal Corp.</u>, 248 F.3d 915, 925 (9th Cir. 2001); <u>MGM Grand, Inc. v. Eighth Judicial Dist. Ct.</u>, 107 Nev. 65, 68-69, 807 P.2d 201, 203 (1991); <u>F. Hoffman-La Roche, Ltd., v. Superior Court</u>, 30 Cal.Rptr.3d 407, 418 (Cal. Ct. App. 2005).

- Inadmissible hearsay at a non-evidentiary hearing is not sufficient to prove jurisdiction beyond a preponderance of the evide4nce. See e.g., <u>Trump v. Eighth Judicial Dist. Ct.</u>, 109 Nev. 687, 692, 857 P.2d 740, 743 (1993).

- The Subpoena does not meet the pleading requirements necessary to afford Mossack Fonseca notice of the "alter ego" allegations as required by due process. See, e.g., <u>Callie</u>, 123 Nev. at 186.

- The statements of a putative "agent" are not admissible to prove the alleged agency unless made in the presence of or authorized in some way by putative principal. <u>Federal Deposit Ins. Corp. v. Glickman</u>, 450 F.2d 416, 418 (9th Cir. 1971).

### 2. Mossack Fonseca Will Suffer Irreparable Injury.

Other than focusing on whether harm is "categorically irreparable," the appropriate analysis is the "individualized nature of irreparable harm." Lair, 697 F.3d at 1214. Given the particular circumstances of a Panamanian law firm being compelled to produce documents that are potentially violative of its attorney client confidences with multiple clients without ever having been served process, there is irreparable harm to warrant a stay.

Insisting on compliance at this stage of the proceedings will result in severe and irreparable prejudice to Mossack Fonseca. Mossack Fonseca is a foreign law firm that has never been properly served with the subpoena identified in the March 16 Order. Compelling Mossack Fonseca to produce client documents absent adherence to proper procedure runs roughshod over Mossack Fonseca's due process right and will also subject Mossack Fonseca to a significant expense in a form in which it believes has no personal jurisdiction. Even worse, Mossack Fonseca's clients (for whom it would be required to produce documents) would similarly be deprived of due process and the opportunity to raise objections to the Court's Order. Therefore, the harm to be suffered by Mossack Fonseca demonstrates the individualized irreparable harm of compromising the *sacrosant* attorney client privilege with its clients.

### 3. NML's Lack of Injury.

NML is seeking post-judgment discovery by virtue of its subpoena. To that end, there is no urgency to NML's interest until resolution of the challenges to jurisdiction. Delay in and of itself without specific consequence is insufficient to overcome Mossack Fonseca's substantial case on the merits, irreparable injury, and the public interest.

### 4. Public Interest Favors a Stay.

Both service of process and personal jurisdiction are preliminary questions that should be resolved before acquiring any action and justifies a stay of the March 16, 2015 Order. Indeed, stays are favored where challenges to serve process and jurisdiction are pending. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988).

/ / /

/ / /

The Ninth Circuit has recognized that a stay of discovery pending decision on immunity was proper because it "furthers the goal of efficiency for the court and the litigants." Id., at 685. While a pending dispositive motion in and of itself does not mandate a stay of discovery, it is well-established that "preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay." AMC Fabrication, Inc. v. KRD Trucking West, Inc., No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *1 (D. Nev. Oct. 10, 2012) (further stating that while personal jurisdiction is not a question that mandates discovery, it is a "critical preliminary question.") (internal citations omitted). See also Tradebay, LLC v. Ebay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011) ("Common situations in which a court may determine that staying discovery pending ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity.") (internal citations omitted)); Izumi v. Cox. Commc'ns Las Vegas, Inc., No. 2:11-cv-0083803-RLH-CWH, 2011 WL 3875343, at * 1 (D. Nev. Aug. 31. 2011) ("Common examples of [situations which in and of themselves may warrant stay of discovery] are when jurisdiction, venue, or immunity are preliminary issues.") (internal citations omitted).

Here, fundamental fairness and the public interest strongly favors postponing discovery until the service and jurisdiction issues are resolved. Mossack Fonseca should not be required to comply with a far reaching discovery order until it is allowed to intervene and these threshold issues are adjudicated. The prejudice Mossack Fonseca would suffer if it were forced to participate in burdensome discovery at this stage of these proceedings far outweighs the limited value of conducting discovery prior to adjudication of these issues.

///
///
///
///
///
///
///

B.     **THIS DISTRICT HAS FAVORED STAYS PENDING CHALLENGES TO JURISDICTION.**

On a number of occasions, this District has granted stays of discovery pending resolution of a party's challenge to jurisdiction where the facts are far less compelling. See AMC Fabrication, Inc., 2012 WL 4846152, at *2 (". . . it is the undersigned's view that a pending motion challenging jurisdiction strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved), Tradebay, 278 F.R.D. at 608 (issue of court's subject matter jurisdiction is potentially dispositive of the entire case thus warranting granting of motion to stay discovery); Izumi, 2011 WL 3875343, at *2 (because "[w]hether a federal court has jurisdiction to hear a case is an important preliminary issue that generally warrants a stay," granting of plaintiff's motion to stay would be appropriate based on jurisdictional claim raised in motion to remand).

This Court's decision in Stellia Ltd. v. B+S Card Serv. GmbH, No. 3:12-CV-01099-GMV, 2012 WL 1195709, at *1 (D. Nev. Mar. 22, 2013) is also instructive. There, defendants requested, as Mossack Fonseca does here, that the Court reconsider its scheduling order and stay discovery until after defendants' motion to dismiss for *forum non conveniens* and lack of personal jurisdiction were decided. Defendants argued, as does Mossack Fonseca here, that a stay of discovery while their motion was pending would avoid extensive, expensive and difficult discovery that would be unnecessary should the court grant their motion. Stellia Ltd., 2012 WL 1195709, at *2. The Stellia court agreed with defendants and held that a stay should issue. Id., at *5.

In Stellia, unlike the situation here, there was no dispute concerning service of process. The movant was a party to a lawsuit in which notice of the basis for jurisdiction through appropriate pleadings had been provided. More importantly, the movant had the opportunity to challenge jurisdiction. Indeed, that was the very same procedural posture in the Tradebay, AMC and Izumi cases in which stays were also granted by this Court. Here, of course, Mossack Fonseca is not even a party to NML's underlying action against the Republic of Argentina. Rather, Mossack Fonseca is a third-party witness located in a foreign country that has treaties in

place with the United States governing service of process. Plaintiff is attempting to obtain discovery from Mossack Fonseca by a subpoena which was never served upon on Mossack Fonseca, let alone through proper channels.

### C.   SPECIAL FACTORS REQUIRE EVEN MORE VIGILANCE.

It is well recognized that the exercise of judicial discretion for a stay is "dependent upon the circumstances of the particular case." Lair, 697 F.3d at 1203. The particular circumstances of this case favor even more vigance because (1) Mossack Fonseca is a foreign entity; and (2) Mossack Fonseca has not yet had the opportunity to contest service of process and jurisdiction.

#### 1.   Special Vigilance is Required to Protect Foreign Entities.

The United States Supreme Court has recognized that special vigilance should be exercised to protect foreign entities such as Mossack Fonseca in the discovery process, a stay should be entered. See Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., 480 U.S. 102 (1987) (expressing the constitutionally and pragmatically based necessity for particular sensitivity to the due process rights of foreign defendants haled into U.S. courts and special vigilance to protect foreign litigants in the discovery context. See also Societe National Industrielle Aerospatiale v. U.S. Dist. Ct., 482 U.S. 522 (1987); SEC v. Banc de Binary, Case No. 2:12-CV-993-RCJ-VCF, 2014 WL 1030862, at *1 (D. Nev. Mar. 14, 2014) (citing Societe National Industrielle Aerospatiale and stating that "[w]hen a foreign defendant is involved, [the presumption that a corporation's deposition should be taken at the corporation's principal place of business] may be even stronger.") (Magistrate J. Ferenbach).

#### 2.   Special Vigilance is Required Because Mossack Fonseca Has Not Yet Had The Opportunity To Challenge Process and Jurisdiction.

A stay is all the more warranted in this case given that Mossack Fonseca has not yet had the opportunity to contest sufficiency of service of process and lack of jurisdiction.  In this District, evaluating a request to stay often requires a magistrate judge to take a "preliminary peek" at a pending dispositive motion in order to determine if the court is "convinced" that the party seeking discovery will be unable to state a claim for relief. AMC Fabrication, Inc., 2012 WL 4846152, at *2; Stellia Ltd., 2013 WL 1195709, at *3. This "preliminary peek" is intended

to allow the court to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." Tradebay, LLC, 278 F.R.D. at 603. Here, the Court is unable to take said "preliminary peek" because Mossack Fonseca has not yet been granted the opportunity to fully brief its challenges to sufficiency of process and personal jurisdiction.

### III. CONCLUSION.

Consequently, the Court's exercise of specific and general jurisdiction over Mossack Fonseca without service, without admissible evidence, without a substantial showing of control and relationship to rebut the presumption of independence, and without an opportunity to be heard, was improper. Thus a stay of the March 16 Order is appropriate under the unique circumstances of this case where issues of due process and jurisdiction are challenged and unresolved.

Dated this 15 day of April, 2015.

SCHWARTZ FLANSBURG PLLC

By _____
Frank M. Flansburg III, Esq.
Nevada Bar No. 6974
Bryan Blankenship, Esq.
Nevada Bar No. 11522
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Attorneys for Mossack Fonseca & Co.