1   KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
    NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
2   BROWNSTEIN HYATT FARBER SCHRECK, LLP
    100 North City Parkway, Suite 1600
3   Las Vegas, NV  89106-4614
    Telephone:  702.382.2101
4   Facsimile:  702.382.8135
    Email:  klenhard@bhfs.com
5   Email:  nbaker@bhfs.com

6   DENNIS H. HRANITZKY, ESQ.
      (admitted *pro hac vice*)
7   DECHERT LLP
    1095 Avenue of the Americas
8   New York, NY  10036-6797
    Telephone:     212.698.3500
9   Facsimile:     212.698.3599
    Email:     dennis.hranitzky@dechert.com
10
    *Attorneys for NML Capital, Ltd.*
11

12              **UNITED STATES DISTRICT COURT**

13                    **DISTRICT OF NEVADA**

14  NML CAPITAL, LTD.,                    CASE NO.:  2:14-cv-00492-JAD-VCF

15              Plaintiff,                **NML CAPITAL, LTD.'S RESPONSE TO
                                          NON-PARTY MF CORPORATE**
16  v.                                    **SERVICES (NEVADA) LIMITED'S
                                          MOTION FOR CLARIFICATION WITH**
17  THE REPUBLIC OF ARGENTINA,            **RESPECT TO MARCH 16 ORDER**

18              Defendant.

19

20          Plaintiff NML Capital, Ltd. ("NML"), by and through its attorneys of record, Brownstein

21  Hyatt Farber Schreck, LLP and Dechert LLP, hereby responds to "Non-Party MF Corporate

22  Services (Nevada) Limited Motion For Clarification With Respect To March 16 Order" (Dkt.

23  #108) (the "Motion").  This Response is based upon the following Memorandum of Points and

24  Authorities, all other pleadings, papers, and documents on file with the Court in this action, such

25  further documentary evidence as the Court deems appropriate, and any argument this Court

26  chooses to consider.

27

28

*Left margin vertical text:* BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3       In light of the extensive briefing completed by both parties, and the Court's in-depth

4  twenty-seven page Order filed on March 16, 2015 (Dkt. #101) (the "Order"), non-party M.F.

5  Nevada Corporate Services (Nevada) Limited's ("MF Nevada") Motion brings to mind the quote

6  from famed baseball legend Yogi Berra: "It's like déjà vu, all over again."  Notwithstanding the

7  clarity and comprehensiveness of the Court's Order, MF Nevada claims that the Order is

8  "ambiguous in a number of respects" and should be clarified.  (*See* Motion at 7:19; 13:2-7.)

9  While it may appear, at first blush, to be relatively innocuous from the Court's perspective, MF

10  Nevada's Motion is legally and factually without merit.  MF Nevada already had its turn at the

11  plate, and it struck out.

12       Furthermore, the relief requested by MF Nevada cannot be divorced from the current

13  procedural state of the case.  Concurrent with the filing of its Motion, MF Nevada filed an

14  objection (Dkt. #107) (the "MF Objection") to the Court's Order, thereby enabling the Honorable

15  District Judge Richard Boulware to "affirm, reverse, or modify, in whole or in part" the Court's

16  Order, if he finds that the Order "is clearly erroneous or contrary to law".  *See* Local Rule IB 3-1.

17  As set forth herein, MF Nevada raised, or could have raised, in its Objection all of the points it

18  seeks clarification on from this Court.  Judge Boulware should be permitted to review the MF

19  Objection and related briefs, and issue an order when his review is completed.  If Judge

20  Boulware believes that any portion of the Court's Order should be reversed or modified, he can

21  certainly say so in his decision.

22       Moreover, permitting MF Nevada to obtain clarification from the Court while the MF

23  Objection is pending may unnecessarily create a procedural quagmire.  For instance, if the Court

24  clarifies any of its Order, will MF Nevada then be permitted to amend its Objection?  And, if the

25  Court clarifies any of its Order, will NML be permitted to file its own objection, subjecting

26  Judge Boulware to dueling objections over the same subpoena? Unless the Court summarily

27  denies MF Nevada's Motion, will the pendency of the Motion delay the resolution of the MF

28  Objection?  Simply put, nothing in MF Nevada's Motion warrants muddling the record in this

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

case.

In sum, it is apparent that MF Nevada disagrees with the Court's Order.  The law provides a remedy to a party, such as MF Nevada, who believes it has been aggrieved by a magistrate judge's ruling.  MF Nevada exercised that remedy when it filed its Objection. Without more, much more, MF Nevada has no basis to continue to complain to this Court.  MF Nevada's Motion should be denied.

## II.      FACTUAL AND PROCEDURAL BACKGROUND[1]

As the Court is well aware, in an attempt to satisfy its more than $1.7 billion in judgments against the Republic of Argentina, NML has actively sought to trace funds that appear to have been misappropriated and embezzled by Lázaro Báez—an Argentine national tied to the current President of Argentina and her late husband and predecessor.   Báez is currently under investigation in Argentina for embezzling at least $65 million of misappropriated state funds through a web of shell corporations—including "some 150 businesses in the US state of Nevada, all with the same Las Vegas address and all of them using the business Aldyne Ltd in the Seychelles as its manager."[2]  Among these shell corporations are 123 Nevada entities linked to Báez by Argentine prosecutors (the "Báez Entities"), which NML subpoenaed in August 2013.

Following extensive motion practice, the Court compelled the Báez Entities to provide the information sought by NML through those subpoenas.  *See NML Capital Ltd. v. Republic of Argentina*, 2014 WL 3898021, at **12-13 (D.  Nev. Aug. 11, 2014).  In the same decision, the Court found that Mossack Fonseca & Co. ("Mossack Fonseca")—a Panamanian law firm notorious for its alleged role in assisting kleptocrats and other scofflaws in channeling funds to international tax havens—played an integral role in the establishment of the Báez Entities.  *Id.* at *5.

Motivated by the Báez Entities' intransigence in complying with NML's subpoenas, on or

---

[1] In the interest of brevity, NML briefly addresses the background relevant to the Motion and incorporates by reference into this Response the facts, arguments, and evidence presented in its submissions in support of its response to MF Nevada's motion to quash and/or for protective order (Dkt. #59), its cross motion to compel (Dkt. #60), and its reply in support of cross motion (Dkt. #66).
[2] Campagnoli Report (Exhibit M to NML Mot. to Compel Val de Loire (Case No. 2:14-cv-01573; Dkt. #8-13)).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

about June 20, 2014, NML served a subpoena on Mossack Fonseca seeking, among other things, information about asset flows in connection with Báez's embezzlement scheme (the "Mossack Subpoena"). More specifically, in addition to seeking to depose a Rule 30(b)(6) witness, the Mossack Subpoena seeks information relating to the formation and operation of the Báez Entities, the transfer of funds into or out of those entities, and the true nature of the relationship between Mossack Fonseca and MF Nevada. Because Mossack Fonseca maintains no officially acknowledged branch office in Nevada, NML served MF Nevada as Mossack Fonseca's agent.

As was apparent to NML at the time it served the Mossack Subpoena—and as subsequently confirmed by the deposition testimony of MF Nevada's only employee—MF Nevada is an alter ego of Mossack Fonseca. Consequently, MF Nevada's jurisdictional contacts with Nevada are attributable to Mossack Fonseca, and NML's service of the Mossack Subpoena on MF Nevada constituted effective service on Mossack Fonseca. Indeed, Mossack Fonseca holds itself out to the world as having an office in Nevada, and actively markets the services it can provide to its clients through that office—in particular, its ability to create and maintain Nevada LLCs.[3] Mossack Fonseca touts the presence of its "skilled personnel" in Nevada, which Ms. Amunategui testified at her deposition was a reference to her.[4]

Following exhaustive briefing from MF Nevada and NML concerning the Mossack Subpoena, on March 16, 2015, the Court entered its Order, finding, among other things, that MF Nevada is the alter ego and/or agent of Mossack Fonseca, that exercising jurisdiction over Mossack Fonseca is appropriate, and that the Court can compel Mossack Fonseca to comply with the subpoena served on MF Nevada. (*See generally*, Order.) In its Order, the Court also expressly addressed MF Nevada's complaints that the Mossack Subpoena is overly broad (*Id.* at 24:20-29), subjects MF Nevada to considerable expenses and attorneys' fees (*Id.* at 25:10-14), unduly burdens MF Nevada because of the "universe of documents NML" requested (*Id*. at 25:14-19), and interferes with MF Nevada's "privacy interests" (*Id*. at 26:1-15).

---

[3] *See* Mossack Fonseca Marketing Literature, at p. 24 "Shelf Company Reservation" (Exhibit C to NML Reply in Supp. of Mot. to Compel MF Nevada (Dkt. #66-4)); *see also* Mossack Fonseca webpage "Nevada, USA" (Exhibit L to NML Mot. to Compel MF Nevada (Dkt. #59-14)).

[4] *See* Mossack Fonseca webpage "Nevada, USA" (Exhibit L to NML Mot. to Compel MF Nevada (Dkt. #59-14)); *see also* Amunategui Dep. at 116:2-15 (Exhibit C to MF Nevada Resp./Reply (Dkt. #90-1)).

After considering MF Nevada's objections, the Court excluded fourteen entities from the Mossack Subpoena, repeated that NML has offered to mitigate the reasonable costs incurred to comply with the Mossack Subpoena, and rejected MF Nevada's remaining objections. (*Id.* at 23-26.)  Accordingly, the Court's Order granted in part and denied in part MF Nevada's motion to quash (Dkt. #14), and granted in part and denied in part NML's cross motion to compel (Dkt. #60).

On March 30, 2015, Mossack Fonseca filed a motion to intervene (Dkt. #106).  NML filed a notice of non-opposition (Dkt. #113) to that motion.  On March 30, 2015, MF Nevada and Ms. Amunategui filed the MF Objection (Dkt. #107), and MF Nevada, alone, filed the Motion.  As of the filing of this Response, the Court has not ruled on Mossack Fonseca's motion to intervene, and the parties have not completed briefing on the MF Objection.

## III.   DISCUSSION

In its Motion, MF Nevada requests clarification of the Court's Order, pursuant to a strained collective reading of Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b), and Fed. R. Civ. P. 52(b).  Nothing in these rules expressly permits MF Nevada to request that this Court clarify its Order, while the Order is the subject of the MF Objection.  For this reason alone, the Court should deny the Motion.

Additionally, as noted in Section I, *supra*, MF Nevada's Motion is improvident and a waste of time because the points that MF Nevada seeks clarification on were raised, or could have been raised, in the MF Objection.  Although it provides somewhat of a moving target, MF Nevada appears to raise three points that it believes should be clarified by the Court:  (1) that "NML must look to Mossack Fonseca for further information and not MF Nevada" (*see* Motion at 13:3-4); (2) that the Court's Order "is without prejudice to any objections raised by Mossack Fonseca or MF Nevada and not addressed in the Order" (*Id.* at 13:4-5); and (3) that the Court "needs to contemplate resolution of Mossack Fonseca's and/or MF Nevada's concerns about burdens that are not financial in nature" (*Id.* at 13:6-8).  NML briefly addresses each in turn.

With respect to its first point, MF Nevada tells the Court that "[i]t has no access to documents in the possession of or under the control of Mossack Fonseca" and therefore, should

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

1  not be compelled to comply with the Mossack Subpoena.  (*See* Motion at 9:14-16.)  MF Nevada

2  also attempts to disclaim responsibility for the Court's Order by stating that "no further

3  obligations or discovery is needed from MF Nevada in light of Mossack Fonseca's involvement in

4  the case." (*Id*. at 10:8-10.)  MF Nevada's arguments are misplaced.

5  At the core of the Court's Order is its finding that Mossack Fonseca's "domination" of MF

6  Nevada "extinguishes [MF Nevada's] corporate separateness" and "requires the court to treat [MF

7  Nevada] as what it is in reality:  Mossack Fonseca & Co." (*See* Order at 22:9.)  MF Nevada's

8  Objection challenges this finding (along with other findings), placing the interconnectedness

9  between MF Nevada and Mossack Fonseca squarely before Judge Boulware.  (*See e.g.,* MF

10  Objection at 21-24.) (claiming that the Court's findings that MF Nevada was Mossack Fonseca's

11  agent and/or alter ego were clearly erroneous).  Any ruling by the Court now that MF Nevada can

12  distance itself from Mossack Fonseca and effectively wash its hands of the Court's Order would

13  not result in a clarification of the Order; rather, it would turn the Order on its head.

14  Likewise, Mossack Fonseca has not yet been granted leave by the Court to intervene.

15  While NML accepts as true MF Nevada's representation that Mossack Fonseca "has assured MF

16  Nevada that it intends to comply with the Subpoena, consistent with its obligations to its clients

17  and applicable law" (*see* Motion at 9:25-26), NML is justifiably skeptical that Mossack Fonseca,

18  a law firm notorious for "incorporating shell companies and laundering money" (*see* Order at

19  3:20-21), intends to act with transparent cooperativeness and will respect the rulings of this Court.

20  Thus, MF Nevada's arguments about Mossack Fonseca's involvement and willingness to comply

21  with the Mossack Subpoena are, at best, premature.

22  As to MF Nevada's second and third points, MF Nevada and Mossack Fonseca were given

23  ample opportunity, both in the objections to the Mossack Subpoena (*see* Exhibit H to MF

24  Nevada's motion to quash (Dkt. #14))[5] and in the briefs that followed, to present any objections to

25
_____

26  [5] To the extent that any objections to the Mossack Subpoena were not timely raised by MF Nevada and/or Mossack Fonseca, those objections are deemed waived.  *See Widevoice Communs. v. Qwest Communs. Co*., 2012

27  U.S. Dist. LEXIS 58248, at *7 (D. Nev. Apr. 26, 2012) ("Absent unusual circumstances, '[a] nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived.'") (quoting *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citing *In re DG*

28  *Acquisition Corp.,* 151 F.3d 75, 81 (2nd Cir. 1998)).  The circumstances here do not constitute "unusual

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

the Mossack Subpoena that they deemed appropriate.  As set forth in Section II, *supra*, the Court considered and then disposed of all of the objections that were presented to the Court.  Indeed, MF Nevada devotes a section of the MF Objection to taking umbrage with the Court's ruling on its objections.  (*See e.g.,* MF Objection at 14:24-26) ("However, under the Federal Rules and applicable precedent, the cost of responding is not the only burden or harm to MF Nevada that NML and the Court must prevent.") (*Id.* at 16:1-3) ("Among the burdens that the Magistrate Judge did not address and that cannot possibly be prevented by NML's reimbursing expenses are the harm to Mossack Fonseca's clients and the corresponding impact on MF Nevada.").  Simply because the Court did not spend pages and pages in its Order detailing each and every objection made by MF Nevada does not mean that the Court failed to consider all of MF Nevada's objections.

In short, MF Nevada's Motion is simply a reiteration and rehashing of the same arguments it has already presented to the Court and now to Judge Boulware.  MF Nevada offers no new evidence or case law that would justify this Court clarifying or modifying anything in its Order. Apparently, MF Nevada hopes that by repeatedly insisting that the Court's Order was erroneous or ambiguous, the Court will simply concede that it got it wrong.  Of course, no such concession is necessary; the Court got it right the first time.  To the extent MF Nevada disagrees, it can, and should, pursue its Objection.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

circumstances".  Thus, even if Mossack Fonseca is permitted to intervene, it does not get a second opportunity to voice new objections to the Mossack Subpoena.

**IV.     CONCLUSION**

For the above and foregoing reasons, NML respectfully requests that the Court deny MF Nevada's Motion.

DATED this 16th day of April 2015.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: ___/s/ Nikki L. Baker_____
Kirk B. Lenhard, Esq.
Nevada Bar No. 1437
Nikki L. Baker, Esq.
Nevada Bar No. 6562
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

Dennis H. Hranitzky
  (admitted *pro hac vice*)
Dechert LLP
1095 Avenue of the Americas
New York, NY  10036-6797

*Attorneys for NML Capital, Ltd.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

016887\0001\12137968.3

8

1

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **NML CAPITAL, LTD.'S RESPONSE TO NON-PARTY MF CORPORATE SERVICES (NEVADA) LIMITED'S MOTION FOR CLARIFICATION WITH RESPECT TO MARCH 16 ORDER** was served via electronic service to all electronic registered CM/ECF users in this matter, and via U.S. Mail, postage prepaid, on the date and to the address shown below:

Carmine D. Boccuzzi, Jr., Esq.
CLEARLY, GOTTLEIB, STEEN & HAMILTON, LLP
One Liberty Plaza
New York, NY  10006
*Counsel for Defendant The Republic of Argentina*

DATED this 16th day of April, 2015.


 /s/ Paula Kay_____
an employee of Brownstein Hyatt Farber Schreck, LLP

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101