KENT P. WOODS, ESQ.
Nevada Bar # 12306
WOODS ERICKSON & WHITAKER LLP
1349 Galleria Drive #200
Henderson, NV  89014
Email:  kwoods@woodserickson.com
Tel: (702) 433-9696
Fax: (702) 434-0615

*Attorneys for M.F. Corporate Services (Nevada) Limited and Patricia Amunategui*

## U.S. DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NML CAPITAL, Ltd.<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>M. F. CORPORATE SERVICES (NEVADA) LIMITED,<br><br>　　　　　Defendant. | 2:14-cv-00492-JAD-VCF<br><br>**NON-PARTY MF CORPORATE SERVICES (NEVADA) LIMITED MOTION FOR PROTECTIVE ORDER STAYING EFFECT OF MARCH 16 ORDER PENDING RESOLUTION OF OBJECTION AND MOTION TO CLARIFY** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, M.F. Corporate Services (Nevada) Limited ("MF Nevada"), non-party to this proceeding, through undersigned counsel, hereby moves this Court for a protective order staying the effect of its order of March 16, 2015 (the "March 16 Order") with respect to the obligations and requirements it imposes on MF Nevada.

This Motion is made and based on the Memorandum of Points and Authorities below, all other attachments or exhibits attached hereto, and any oral argument requested by this Court.

DATED this 17th day of April, 2015

　　　　　　　　　　　　　　　　　　　　WOODS ERICKSON & WHITAKER LLP
　　　　　　　　　　　　　　　　　　　　By: /s/ *Kent P. Woods*
　　　　　　　　　　　　　　　　　　　　KENT P. WOODS, ESQ.
　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 12306
　　　　　　　　　　　　　　　　　　　　1349 Galleria Drive, Suite 200

Henderson, Nevada 89014
*Attorneys for Non-Party M.F. Corporate Services (Nevada) Limited*

## Factual Background

On March 16, the Court issued the March 16 Order. By its terms, the March 16 Order exerts jurisdiction over the Panamanian entity of Mossack Fonseca & Co. and orders Mossack Fonseca, through MF Nevada, to comply with a subpoena issued to MF Nevada and to provide a schedule for compliance by April 20, 2015.

On March 30, 2015, MF Nevada filed its Motion to Clarify the Order (ECF No. 108) (the "Motion to Clarify"), by which it asked the Court to clarify that the Order required compliance by Mossack Fonseca and not MF Nevada, along with other procedural issues related to any relief ordered to occur from MF Nevada.

Simultaneously, and in part because of the confusion raised by the effect and intent of the March 16 Order, MF Nevada filed objections to the March 16 Order pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule IB 3-1 (ECF # 107) (the "Objection").

Since that time, Mossack Fonseca has retained counsel, entered a special appearance in this case and, upon information and belief, has attempted to hold good-faith discussions with NML regarding compliance with the August 27 Subpoena and, by extension, resolution of many of the issues raised by MF Nevada in its Motion for Clarification. To date, Mossack Fonseca's efforts to comply with the March 16 Order have been met with a cold shoulder. *See* Declaration of Kent P. Woods, filed contemporaneously herewith.

Nevertheless, NML has indicated that it believes the effect of the Order is not stayed vis-à-vis MF Nevada and that discovery and compliance with the deadlines in the March 16 Order is expected from MF Nevada, notwithstanding the Objection and Motion to Clarify. NML has specifically stated that the Order is final and that compliance is expected in the absence of an order from this Court specifically staying the effect of the Order pending resolution of the Objection and the Motion to Clarify. *See id.*

**Relief Requested**

By this Motion, MF Nevada requests entry of an order staying the effect of the March 16 Order pending resolution of (1) MF Nevada's Motion to Clarify and/or (2) MF Nevada's Objection to the March 16 Order.

**Argument**

This Court has discretion to issue a protective order to stay discovery for good cause shown. *See* Fed. R. Civ. P. 26(c). Good cause exists when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case." Fed. R. Civ. P. 26(b)(2). "The Supreme Court has interpreted [this rule] as conferring broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). Good cause exists to stay discovery while a motion or pleading that may prove dispositive of the issues is pending. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829-30 (9th Cir. 2003). However, to determine whether a stay of all discovery pending the outcome of a dispositive motion is warranted, courts engage in a case-by-case analysis. *Skellerup Indus. v. City of Los Angeles*, No. CV 95-3675-RG, 1995 U.S. Dist. LEXIS 17604, at *6 (C.D. Cal. Sept. 25, 1995) (internal quotation omitted).

Additionally, while objections to the order of a Magistrate Judge are not technically "appeals" stays pending objection are often analyzed under the same rubric. *See Trs. of the N. Nev. Operating Eng'rs Health & Welfare Trust Fund v. Mach 4 Constr., LLC*, Case No. 3:08-cv-00578, 2009 U.S. Dist. LEXIS 62600, at *7-8 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Rule 8 of the Federal Rules of Appellate Procedure provides that any request for stay pending resolution of an appeal must first be brought in the court whose order is appealed. *See* Fed. R. App. P. 8 ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . ."). A stay pending appeal is appropriate where (1) it is likely it will succeed on the merits of the appeal; (2) it will suffer irreparable injury in the absence of a stay; (3) the other parties will not be substantially injured by a stay, and (4) the stay will not harm the public interest. *See Hilton*, 481 U.S. at 776. Courts in this Circuit

1 also consider "two interrelated legal tests" that "represent the outer reaches of a single
2 continuum." *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d
3 1112, 1115-16 (9th Cir. 2008). "At the one end of the continuum, the moving party is required
4 to show both a probability of success on the merits and the possibility of irreparable injury."
5 *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 1983). "At the other end of the continuum,
6 the moving party must demonstrate that serious legal questions are raised and that the balance of
7 hardships tip sharply in its favor." *Id.*

8 Applying these standards, granting a temporary stay on discovery and implementation of
the effect of the March 16 Order is appropriate. MF Nevada has made two filings that may
decide some of the underlying issues. *First*, MF Nevada has requested that the Court clarify that
its order does not make MF Nevada the guarantor of Mossack Fonseca's compliance with the
August 27 Subpoena and that NML must look to Mossack Fonseca for its discovery. *Second*,
even if the Court believes that additional efforts are required of MF Nevada, MF Nevada has
raised objections to the March 16 Order on the grounds that the Order is contrary to law and its
findings are clearly erroneous. Nonetheless, NML believes that it is entitled to seek discovery
from MF Nevada on the basis of that Order.

As noted in the Objection, MF Nevada has substantial expectation of success with respect
to these issues. Not only does the March 16 Order impose entirely new and unprecedented
standards for jurisdiction over non-parties in Nevada, it also totally ignores the burden of
compliance on non-parties and applicable law in the Ninth Circuit.

Furthermore, permitting discovery to proceed while MF Nevada's Objection and Motion
to Clarify are pending risks irreparable harm to MF Nevada. By its terms, the Order could be
read to require MF Nevada to travel to Panama, obtain information from Mossack Fonseca, and
sit for a deposition with respect to that information. In effect, MF Nevada would become the
guarantor of Mossack Fonseca's compliance with the August 27 Subpoena. However, if the
Court later determines that the August 27 Subpoena was improper, MF Nevada would already
have been burdened by having to comply in the interim.

1  Additionally, the marginal cost to NML or to the public of waiting for the Court to decide
2  the Objection and the Motion to Clarify is small. MF Nevada has shown itself throughout these
3  proceedings willing to comply with the Court's orders and with Subpoenas, and it will continue
4  to do so to the extent it is able. There has been no suggestion that MF Nevada is destroying
5  documents or even concealing information. Everything at MF Nevada's disposal will remain
6  available while the Objection and Motion to Clarify are pending. Furthermore, upon information
7  and belief, NML and Mossack Fonseca—the real target of the August 27 Subpoena—have
8  entered into discussions with respect to the August 27 Subpoena. Therefore, there is no harm to
9  NML or the public interest by staying the effect of the Order until the issues raised by MF
10 Nevada have been resolved.

**Conclusion**

For the foregoing reasons, MF Nevada requests that this Court stay the effect of its March 16 Order until resolution of MF Nevada's Motion to Clarify and/or its Objection.

WOODS ERICKSON & WHITAKER LLP

By: /s/ *Kent P. Woods*
KENT P. WOODS, ESQ.
Nevada Bar No. 12306
1349 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Non-Party M.F. Corporate Services (Nevada) Limited*