KENT P. WOODS, ESQ.
Nevada Bar # 12306
WOODS ERICKSON & WHITAKER LLP
1349 Galleria Drive #200
Henderson, NV  89014
Email:  kwoods@woodserickson.com
Tel: (702) 433-9696
Fax: (702) 434-0615
*Attorneys for M.F. Corporate Services (Nevada) Limited*

**U.S. DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, Ltd.<br><br>   Plaintiff,<br><br>  vs.<br><br>M. F. CORPORATE SERVICES (NEVADA) LIMITED,<br><br>   Defendant. | 2:14-cv-00492-JAD-VCF<br><br>**NON-PARTY MF CORPORATE SERVICES (NEVADA) LIMITED'S STATUS REPORT AND PROPOSED DISCOVERY SCHEDULE** |

  COMES NOW Non-Party MF Corporate Services Nevada (Limited) ("MF Nevada") and respectfully submits this Status Report and Proposed Discovery Schedule:

  On March 16, 2015, the Court issued its Order (the "March 16 Order") by which it asserted jurisdiction over Mossack Fonseca & Co., an affiliate and client of MF Nevada.  On March 30, 2015, citing certain ambiguities within the March 16 Order, MF Nevada submitted its Motion to Clarify the March 16 Order (the "Motion to Clarify").  Due in part to the ambiguities explained in the Motion to Clarify, MF Nevada contemporaneously submitted its Objection to the March 16 Order (the "Objection").

  By its terms, the March 16 Order directed NML Capital Ltd. ("NML") to meet and confer with MF Nevada and/or Mossack Fonseca—the exact target of this direction is unclear and is one of the matters that MF Nevada has asked the Magistrate Judge to clarify—and submit a proposed discovery schedule by April 20, 2015.

Following issuance of the March 16 Order, MF Nevada conferred with NML. During their discussions, counsel for MF Nevada informed NML's counsel that Mossack Fonseca had retained counsel and would be in contact with them to discuss a discovery schedule but that MF Nevada did not believe it had further, unfulfilled discovery obligations at that time.

Since that time, Mossack Fonseca has retained counsel and has moved to intervene in this proceeding. Additionally, MF Nevada's counsel is informed by Mossack Fonseca's counsel that they have attempted to initiate discussions with NML regarding a schedule for production of documents and compliance with the August 27 Supboena. Mossack Fonseca's counsel reports that NML's counsel delayed issuing a decision or a proposal for a schedule and has failed to return calls or inquiries by Mossack Fonseca's counsel on the grounds that lead counsel has been unavailable.

Because the March 16 Order is unclear, for the avoidance of doubt, and because MF Nevada is informed that reasonable, good-faith efforts by Mossack Fonseca to reach a schedule have been met with a cold shoulder, on April 17, 2015, MF Nevada submitted a Motion to Stay the Effect of the March 16 Order (the "Motion to Stay"). The relief requested by MF Nevada in its Motion to Stay was designed to permit discussions among the proper parties to continue and reach a productive end.

During the weeks leading up to the April 20 deadline for submitting a proposed discovery schedule, counsel for MF Nevada and counsel for Mossack Fonseca each contacted counsel for NML to request a stay to permit discussions to continue. In both cases, NML replied that lead counsel was unavailable and that a response would be forthcoming.

At 1:40 on April 20, 2015—the deadline imposed by the March 16 Order—counsel for NML submitted the following proposal:

> (1) [a] stay [with respect to the March 16 Order] stay shall remain in effect for 10 calendar days following the District Court's resolution of the objections to the Order submitted by MF Nevada and Ms. Amunategui; (2) if the District Court affirms any part of the Order, within ten (10) calendar days after issuance of the District Court's decision, Mossack Fonseca will commence production of all documents in accordance with the District Court's decision; and (3) Mossack Fonseca will comply with jurisdictional discovery to be served on it by NML – the content of

      which will be agreed to in advance by the parties – promptly
      following service of such discovery.

Counsel for NML reported that if the proposal were not immediately accepted, that NML would submit its own proposed discovery schedule and report to the Court that no agreement was possible. At the same time, lead counsel for NML informed counsel for Mossack Fonseca that he was "not authorized to negotiate" with Mossack Fonseca with respect to terms for compliance with the August 27 Subpoena.

  The timing of this proposal—after weeks of attempts by MF Nevada and by Mossack Fonseca to discuss this matter with NML have been rejected—did not permit counsel for MF Nevada or, as informed by counsel, Mossack Fonseca, to discuss this matter with their respective clients.

  Additionally, the terms as proposed are not reasonable under the circumstances. Assuming that the March 16 Order is left unclarified, MF Nevada will be forced to assume that it is itself required to travel to Panama to obtain the documents requested from its client, Mossack Fonseca. This will take time and resources, given that MF Nevada and its employee have no oversight responsibility or even detailed knowledge about the internal affairs or operations of Mossack Fonseca. Furthermore, certain aspects of compliance with the August 27 Subpoena remain unresolved, such as the assertion of privilege, preparation of a privilege log, and even discussions about compensation by NML for time and expenses as contemplated by the March 16 Order.

  Based on the representations of counsel for NML and for Mossack Fonseca, and despite good faith efforts by Mossack Fonseca to reach an agreement, it does not appear that an agreement is immediately forthcoming. However, MF Nevada remains committed to complying with the Court's orders and hopes to facilitate further discussions between Mossack Fonseca and NML.

  With that in mind, without waiving its arguments or claims with respect to the March 16 Order, MF Nevada proposes the following discovery schedule:

1. Mossack Fonseca or its designee will begin production of documents in response to the August 27 Subpoena within sixty (60) days of a decision by the District Court affirming the Magistrate Judge's March 16 Order.
2. Documents may be produced subject to privilege, attorney work-product or the like, the claim of which shall be submitted in a privilege log that provides the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure.
3. Within thirty (30) days of a decision by the District Court affirming the Magistrate Judge's March 16 Order, NML and Mossack Fonseca or its designee shall meet and confer with respect to compensation for meeting the burden and expense of production.

Dated: April 20, 2015

WOODS ERICKSON & WHITAKER LLP

By: /s/ *Kent P. Woods*
KENT P. WOODS, ESQ.
Nevada Bar No. 12306
1349 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Non-Party M.F. Corporate Services (Nevada) Limited*