JASON M. WILEY, ESQ.
Nevada Bar No. 009274
DANIEL S. CEREGHINO, ESQ.
Nevada Bar No. 011534
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail: jwiley@klnevada.com
dcereghino@klnevada.com

Attorneys for
Nonparty Val de Loire, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NML CAPITAL LTD., | Lead Case No. 2:14-cv-00492-RFB-VCF |
| Plaintiff, | Member Case No. 2:14-cv-1573-RFB-VCF |
| vs. | **NONPARTY VAL DE LOIRE, LLC'S MOTION FOR STAY OF MAGISTRATE JUDGE'S ORDER [MEMBER CASE DKT. 39] PENDING OUTCOME OF OBJECTION TO MAGISTRATE JUDGE'S ORDER PURSUANT TO FED.R.CIV.P. 72 [LEAD CASE DKT. 111]** |
| THE REPUBLIC OF ARGENTINA, | |
| Defendants. | |

Nonparty Val de Loire, LLC ("VDL"), by and through its counsel of record, the law firm Kolesar & Leatham, hereby files its Motion for Stay Pending Outcome of Objection to Magistrate Judge's Order.

/ / /

/ / /

/ / /

1849139 (<9207-1>)                         Page 1 of 10

This Motion is made and based upon the Memorandum of Points and Authorities herein, and any argument requested by the Court.

DATED this 23rd day of April, 2015.

**KOLESAR & LEATHAM**

By */s/ Jason M. Wiley*
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
DANIEL S. CEREGHINO, ESQ.
Nevada Bar No. 011534
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145

Attorneys for
Nonparty Val de Loire, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

As further detailed below, VDL submits that it need not petition the Court for a stay to include the disclosure of documents and related actions pursuant to subpoena of a non-party when the validity of said subpoena – and the requests therein – are still at issue and however, in light of NML's inconsistency with prior practice and in an abundance of caution, VDL submits the following as Nonparty Val De Loire, LLC's Motion for Stay of Magistrate Judge's Order Pending Outcome of Objection to Magistrate Judge's Order Pursuant to Fed.R.Civ.P. 72.

### I.
### STATEMENT OF RELEVANT FACTS

*The 123 Entities Matter*

1. In August 13, 2013, NML served subpoenas on 123 Nevada-based entities ("The 123 Entities") pursuant to Fed.R.Civ.P. 45 and 69. *See generally* NML's Motion to Compel [Lead Case Dkt. 1].

2. On September 3, 2013, The 123 Entities timely provided responses to these subpoenas. See The 123 Entities' Brief Regarding the Power of the Court to Compel Depositions of Nonparty Entities' Representatives Pursuant to the Federal Rules of Civil Procedure [Lead Case Dkt. 20], at ¶¶ 7 and 8.

3. NML did not like those responses and, therefore, on April 1, 2014, or more than six (6) months later, NML filed its Motion to Compel [Lead Case Dkt. 1].

4 The 123 Entities were not represented by local counsel at the time and as such did not file a Response or Countermotion to Quash. *See generally*, Lead Case Docket.

5. Eventually, the undersigned assumed the representation of these 123 Entities. *See generally*, Lead Case Docket.

6. Through the summer of 2014, this Court held three (3) hearings regarding various legal issues pertaining to NML's subpoenas to The 123 Entities. *See* Lead Case Dkts. 16, 28, 39.

7. Ultimately, on August 11, 2014, this Court entered its Order granting NML's Motion to Compel ("The 123 Entities Order"). *See* The 123 Entities Order [Lead Case Dkt. 36].

8. On August 27, 2014, The 123 Entities timely filed their Objection to Magistrate Judge's Order. *See* The 123 Entities' Objection [Lead Case Dkt. 40].

10. At that time, The 123 Entities did not file a corresponding Motion to Stay. *See generally*. Lead Case Docket.

11. The 123 Entities' Objection is currently pending before the District Judge. *See generally*, Lead Case Docket.

12. During the subsequent seven (7) plus months, NML has not pressured The 123 Entities in the slightest to produce any documents arguably responsive to the subject subpoenas.

***The VDL Matter***

13. On August 27, 2014, the same day The 123 Entities filed their Objection, NML served nonparty VDL with a subpoena. *See* VDL's Errata to Motion to Quash [Member Case Dkt. 5], at Exh. A thereto.

14. Like the disputed 123 Entities subpoenas, the VDL subpoena was issued based on Fed.R.Civ.P. 45 and 69. *See* VDL's Errata [Member Case Dkt. 5], at Exh. A; *see also* NML's Response and Cross-Motion *[sic]* to Compel [Member Case Dkts. 8 and 10].

15. VDL, which was represented by counsel at the time (unlike The 123 Entities), timely filed a Motion to Quash [Member Case Dkt. 1], to which NML timely filed its Response and Cross-Motion [Member Case Dkts. 8 and 10].

19. On March 9, 2015, this Court entered its Order: (a) denying VDL's Motion to Quash and granting NML's Cross-Motion to Compel.[1]  *See* VDL Order [Member Case Dkt. 39].

21. Thereafter, VDL timely filed its Objection to Magistrate Judge's Order with the District Judge.[2]  *See* VDL's Objection [Lead Case Dkt. 111];

22. VDL, MF Nevada, newly embroiled nonparty Mossack Fonseca & Co., and NML recently stipulated to extend the remaining briefing schedule as to VDL's Objection.  *See* Stipulation [Lead Case Dkt. 114].

23. Inconsistent with its inaction on The 123 Entities Order [Lead Case Dkt. 36], NML demanded immediate production of documents by both VDL and MF Nevada (which also is in the possession of certain of VDL's documents and information).

## II.

## LEGAL ANALYSIS

In discussions between counsel aimed at avoiding this motion practice, NML has cited authorities relying heavily on judicial economy policy grounds to reject VDL's (and MF Nevada's) requests for status quo ante pending the District Judge's decision on VDL's Objection to Magistrate Judge's Order [Lead Case Dkt. 111] and to support NML's demand for immediate production of documents.[3]  On further review, however, these authorities are inapplicable to the specific circumstances of a Magistrate Judge's Order regarding a nonparty's obligations to respond to a subpoena in **post**-judgment enforcement in legal proceedings with no scheduled discovery or trial setting.  As further explained below, VDL submits that the circumstances of

---

[1] The Magistrate Judge simultaneously partially granted and partially denied MF Nevada's Motion to Quash (and, therefore, partially granted and partially denied NML's Cross-Motion to Compel as to MF Nevada).  In addition, the VDL Order [Member Case Dkt. 39] determined nonparty MF Nevada was the alter ego and/or agent of previously uninvolved nonparty Mossack Fonseca & Co.  *See* Order [Member Case Dkt. 39], at 15:6-23:14.  The VDL Order then seemingly compelled Mossack Fonseca to do some unexplained thing.  As a result, Mossack Fonseca also filed a challenge to this Order with the District Judge.  *See* Mossack Fonseca's Motion to Intervene For The Limited Purpose of Contesting Service of Process and Jurisdiction [Lead Case Dkt. 106].

[2] MF Nevada also timely filed an Objection.  *See* MF Nevada's Objection [Lead Case Dkt. 107].

[3] *See* LR IB 1-3; 28 U.S.C. § 636(b)(1)(A; *Trustees of N. Nevada Operating Engineers Health & Welfare, Trust Fund v. Mach 4 Const., LLC*, 2009 WL 1940087, at *2 (D. Nev. July 7, 2009); *Hilton v. Braunskill*, 481, U.S. 770, 776 (1987); *Advanced Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, 2010 WL 10133699, at *1 (N.D. Cal. Sept. 22, 2010); *White v. Burt Enterprises*, 200 F.R.D. 641, 642–43 (D.Col.2000); *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y.1989).

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1 the instant dispute, in particular NML's willingness to await the resolution of The 123 Entities'
Objection, the similarity of the issues presented in The 123 Entities' Objection and VDL's
Objection, and the likelihood of a hearing and decision by the District Judge in the near future,
dictate that the most prudent course is to stay the VDL Order pending District Judge's resolution
of the disputed legal and factual issues.

### A. VDL's Motion For Stay Should Be Granted.

1. <u>A Stay Of VDL's Production Is Warranted Based On The *Hilton* Factors.</u>

In the *Mach 4 Const., LLC* case, 2009 WL 1940087 (D.Nev.), the District of Nevada ostensibly adopted the four part test announced in *Hilton v. Braunskill*, 481 U.S. 770 (1987), for a stay pending appeal of a magistrate judge's non-dispositive discovery order. *See Mach 4 Const., LLC*, 2009 WL 1940087, *2. That case actually dealt with a very specific, distinguishable set of circumstances and legal issues. Nonetheless, assuming its applicability, a stay in the VDL Matter is appropriate. The *Hilton* four factors are: (1) the movant is likely to succeed on the merits of the appeal (or, in this case, Objection); (2) the movant will suffer irreparable injury without the stay; (3) other parties will not be substantially injured if there is a stay; and (4) the stay will not harm the public interest. *Hilton*, 481 U.S. at 776. In this case, all four factors weigh in favor of VDL.

First, VDL will likely succeed on the merits of its Objection. As noted in VDL's Objection, the Magistrate Judge made numerous clear errors as to both the pertinent facts and applicable law. *See generally*, VDL's Objection [Lead Case Dkt. 111].

Second, if there is no stay and VDL is forced to produce its private documents for NML's perusal, VDL, an innocent nonparty, will be incapable of returning its private information to private status. No amount of deleting and no confidentiality agreement offer from NML would repair that shredded veil of privacy.

Third, the only other party, NML, would not be substantially injured if there is a stay. NML has already sat by for more than eight months awaiting the resolution of The 123 Entities' Objection. Because that Objection has already been pending for so long, there is a high

likelihood that a hearing and/or decision by the District Judge will be forthcoming in the near future.  NML will not have much longer to wait.

Fourth, a stay will not only not harm the public interest, it will protect the public interest. True, there is strong public interest in seeing judgments satisfied.  But, just as true, there is a strong public interest in protecting innocent nonparties.

> 2.  The Authorities NML Will Rely On Are Distinguishable From The Circumstances Of The VDL Matter.

Each of the authorities cited by NML in inter-counsel communications, and likely to be relied on by NML in briefing, is clearly distinguishable.  Most obviously, each of the cases cited deals with discovery disputes within the context of definite discovery and trial scheduling orders. *See Litton Industries, Inc.*, 124 F.R.D. 75; *White*, 200 F.R.D. 641.  The outcomes of these cases rely heavily on policy concerns relating to judicial efficiency.  *See Litton Industries, Inc.*, 124 F.R.D. 75 (S.D.N.Y. 1989); *White*, 200 F.R.D. 641; *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654 (D.Colo. 2001).  Second, the cases also pertain to discovery disputes between parties. *See Litton Industries, Inc.*, 124 F.R.D. 75; *White*, 200 F.R.D. 641; *Esparza*, 200 F.R.D. 654; *Mach 4 Const., LLC*, 2009 WL 1940087.  Neither of these circumstances applies to the instant dispute.  Rather, the VDL Matter, like The 123 Entities Matter, is a **post**-judgment discovery dispute proceeding regatding a nonparty's private affairs which have nothing to do with matters still to be tried.  There are no discovery or trial deadlines looming and/or in jeopardy in either The 123 Entities or VDL Matters.  *See generally*, Lead and Member Case Dockets.

Rather, this dispute is clearly distinguished from the cases relied upon by NML. . Just as Rule 45 is separated from the traditional pre-trial discovery rules (Fed.R.Civ.P. 26 - 37), so too should the subject Orders [Lead Case Dkt. 36 and Member Case Dkt. 39] be treated differently than rulings on traditional pre-trial discovery disputes between parties.

/ / /

/ / /

/ / /

/ / /

### 3. Staying VDL's Production Would Also Be Consistent With Fed.R.Civ.P. 45's Overarching Principle Of Protecting Nonparties.[4]

As Rule 45 and the related authorities make abundantly clear, the overriding principle related to nonparties is to avoid unduly burdening them. *See* Fed.R.Civ.P. 45(d); *see also Matthias Jans & Associates, Ltd. v. Dropic*, No. 01-MC026, 2001 WL 1661473 at *2 (W.D.Mich 2001) ("[The Federal Rules] contain mandatory safeguards **for the protection of persons subject to subpoena** …" (emphasis added)); *Price Waterhouse LLP v. First American Corp.* ("*First American IV*"), 182 F.R.D. 56, 62-63 (S.D.N.Y. 1998); *In re Edelman,* 295 F.3d 171, 178 (2d Cir.2002) (citing *Price Waterhouse LLP,* 182 F.R.D. at 63) (The purpose of Rule 45 is to protect nonparty witnesses "from being subjected to excessive discovery burdens in litigation in which they have little or no interest."); *Regents of Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464 (S.D.Cal. 1996) ("[t]he language of Rule 45(c)(3)(A) should be read literally"); *LT Int'l Ltd. v. Shuffle Master, Inc.*, 2:12-CV-1216-JAD-GWF, 2014 WL 3734270 (D. Nev. July 29, 2014) (Rule 45 is to be strictly and literally construed). Caution, therefore, would seem to be the more appropriate approach regarding the instant Motion.

That caution would manifest itself in two (2) ways: (1) staying enforcement where possible, especially where there is a timely Objection pending before the District Judge; and (2) not requiring any security for such a stay. Again, VDL is a nonparty. VDL has no liability to NML, whether established or even alleged. Nor would there be any prejudice to NML in issuing a stay without security. First, NML has willingly sat by for more than eight months on a substantially similar Objection by The 123 Entities. Second, as VDL (and The 123 Entities) repeatedly made clear, NML has numerous unexplored and more direct avenues for obtaining the same, or even more relevant documents and information. Third, The 123 Entities' Objection has already been pending for more than eight (8) months. It is, therefore, likely that the disputed legal and factual issues therein – and also germane to VDL's Objection – will be taken up by the

---

[4] In fact, the VDL Order [Member Case Dkt. 39] is silent regarding VDL's objections as to the undue burden and overbreadth of the categories of requested documents in the subject subpoena. As such, VDL submits that, until there is a determination by the District Judge, this prevailing principle of protecting nonparties from undue burden should remain intact via an appropriate stay.

District Judge in the near future.  There is no prejudice to NML in requiring it to wait a short while longer than it already has.  Fourth, denying this Motion for Stay would obviate VDL's Objection and create the unacceptable circumstances of an innocent nonparty having no ability to unring the discovery bell.

>    4. Staying VDL's Production Would Be Consistent With Procedure In The 123 Entities' Case.

At no time in the more than eight (8) months since the Magistrate Judge's August 11, 2014 Order in The 123 Entities Matter has NML even once demanded any production by The 123 Entities.  It is clear, therefore, that there is no real urgency on NML's part in recovering any documents or information from any nonparty it subpoenaed.  After all, NML's motions to compel rely on portraying these 123 Entities as repositories of critical information directly traceable to Baez, the purported (though never charged and never convicted) ringleader in a money laundering scheme somehow related to Argentine assets.  *See generally*, NML's Motion to Compel against The 123 Entities [Lead Case Dkt. 1]*; see also*, *generally*, NML's Response to VDL's Motion to Quash and Cross-Motion *[sic]* to Compel [Member Case Dkts. 8 and 10].  Yet, NML has done nothing with The 123 Entities Order.  NML was already willing to abide so many months in waiting for the District Judge's ruling before demanding or expecting The 123 Entities' documents.  VDL submits that the interim VDL Order and subsequent and timely filed VDL's Objection should be grouped with the legal and factual challenges already before the District Judge, especially given the substantial overlap between The 123 Entities and VDL Matters.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

KOLESAR & LEATHAM
400 S. Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## III.
## CONCLUSION

Based on the foregoing, VDL requests this Court deem the subject Order stayed pending the determination of VDL's Objection thereto by the District Judge.

DATED this 23rd day of April, 2015.

                    **KOLESAR & LEATHAM**

By */s/ Jason M. Wiley*
    JASON M. WILEY, ESQ.
    Nevada Bar No. 009274
    DANIEL S. CEREGHINO, ESQ.
    Nevada Bar No. 011534
    400 South Rampart Boulevard, Suite 400
    Las Vegas, Nevada 89145

    *Attorneys for Nonparty*
    *Val de Loire, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that I am employee of Kolesar & Leatham, and that on the 23rd day of April 22, 2015, I caused to be served a true and correct copy of foregoing **NONPARTY VAL DE LOIRE, LLC'S MOTION FOR STAY OF MAGISTRATE JUDGE'S ORDER [MEMBER CASE DKT. 39] PENDING OUTCOME OF OBJECTION TO MAGISTRATE JUDGE'S ORDER PURSUANT TO FED.R.CIV.P. 72 [LEAD CASE DKT. 111]** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Federal Rule of Civil Procedure 5(b) and Section IV of District of Nevada Electronic Filing Procedures, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities or U.S. Mail, posted prepaid on the date and to the address shown below:

Kirk B. Lenhard klenhard@bhfs.com, pkay@bhfs.com

Nikki L. Baker nbaker@bhfs.com, kmandall@bhfs.com

Kent P. Woods kwoods@woodserickson.com, areber@woodserickson.com

Emily Anne Ellis eellis@bhfs.com, pkay@bhfs.com

Dennis Harry Hranitzky dennis.hranitzky@dechert.com

*/s/ Susan A. Owens*
An Employee of KOLESAR & LEATHAM