# EXHIBIT K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 03 Civ. 8845 (TPG)
NML CAPITAL, LTD. : 05 Civ. 2434 (TPG)
: 06 Civ. 6466 (TPG)
      Plaintiff, : 07 Civ. 1910 (TPG)
: 07 Civ. 2690 (TPG)
  - against - : 07 Civ. 6563 (TPG)
: 08 Civ. 2541 (TPG)
THE REPUBLIC OF ARGENTINA, : 08 Civ. 3302 (TPG)
: 08 Civ. 6978 (TPG)
      Defendant. : 09 Civ. 1707 (TPG)
: 09 Civ. 1708 (TPG)
------------------------------------------------------------ x

## NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS AND DEPOSITION TO VAL DE LOIRE LLC

**TO:** Carmine D. Boccuzzi, Jr.
   Cleary, Gottlieb, Steen, & Hamilton, LLP
   One Liberty Plaza
   New York, New York 10006

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff in the above-captioned matter intends to serve the attached subpoena on Val de Loire LLC for the production of documents, electronically stored information, and tangible things. The requested documents and things must be produced on or before September 26, 2014, at the offices of Brownstein Hyatt Farber Schreck., 100 N. City Parkway, Suite 1600 Las Vegas, NV 89106, or at such other time and place as may be agreed upon by counsel for the parties.

Also note that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs are requesting Val de Loire LLC to produce a witness at the offices of Brownstein Hyatt Farber Schreck., 100 N. City Parkway, Suite 1600 Las Vegas, NV 89106, on October 13, 2014, at 10:00 a.m. or at such other time and place as may be agreed upon by counsel for the parties.

Dated: August 28, 2014

[signature]

Dennis H. Hranitzky
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797

Kirk B. Lenhard, Esq.
Nevada Bar No. 1437
Nikki L. Baker, Esq.
Nevada Bar No. 6562
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Plaintiff*
*NML CAPITAL, LTD.*

-3-

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served via hand on all counsel of record on the 28st day of August 2014, in accordance with the Federal Rules of Civil Procedure.

Carmine D. Boccuzzi, Jr.
Cleary, Gottlieb, Steen, & Hamilton, LLP
One Liberty Plaza
New York, New York 10006
Facsimile: (212) 225-3499
*cboccuzzi@cgsh.com*

_____
Dennis H. Hranitzky

-3-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
NML CAPITAL, LTD.

              Plaintiff,

  - against -

THE REPUBLIC OF ARGENTINA,

              Defendant.
------------------------------------------------------------x

03 Civ. 8845 (TPG)
05 Civ. 2434 (TPG)
06 Civ. 6466 (TPG)
07 Civ. 1910 (TPG)
07 Civ. 2690 (TPG)
07 Civ. 6563 (TPG)
08 Civ. 2541 (TPG)
08 Civ. 3302 (TPG)
08 Civ. 6978 (TPG)
09 Civ. 1707 (TPG)
09 Civ. 1708 (TPG)

## SUBPOENA DUCES TECUM AD TESTIFICANDUM

To:   Val de Loire LLC
      c/o M.F. Corporate Services (Nevada) Limited
      5858 S. Pecos Rd. # 100
      Las Vegas, NV 89120

      PLEASE TAKE NOTICE THAT you are commanded, pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure (the "Rules"), to produce for inspection and copying to the offices of Brownstein Hyatt Farber Schreck, 100 N. City Parkway, Suite 1600 Las Vegas, NV 89106 attention: Nikki L. Baker, within 30 days of service hereof, all documents specified in Attachment B to this subpoena, in accordance with the Definitions and Instructions set forth in Attachment B.

      PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 30(b)(6) and 45, Plaintiff will take the deposition of Val de Loire LLC at the offices of Brownstein Hyatt Farber Schreck, 100 N. City Parkway, Suite 1600 Las Vegas, NV 89106, commencing at 10:00 a.m. on October 13, 2014, or at such other time and place as may be agreed upon by counsel. The

1

deposition will continue from day-to-day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, and/or videographic means.

PLEASE TAKE FURTHER NOTICE that Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Val de Loire LLC is obligated to designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to each topic set forth in Attachment B. Val de Loire LLC shall identify the individual(s) who will testify regarding each topic no later than one week prior to the taking of the deposition. The deposition will continue from day-to-day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, video, and/or videographic means.

This subpoena has been issued by the United States District Court for the Southern District of New York. Your failure to comply with this subpoena may be punished as contempt of that court. Pursuant to the requirements of Rule 45(a)(1)(A)(iv) of the Rules, the text of Rule 45(c) and (d) is reproduced in this subpoena.

Dated:
August 27, 2014

By: _____
Dennis H. Hranitzky
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036-6797

Kirk B. Lenhard, Esq.
Nevada Bar No. 1437
Nikki L. Baker, Esq.
Nevada Bar No. 6562
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for Plaintiff*
*NML CAPITAL, LTD.*

2

15354037.1.LITIGATION

## ATTACHMENT A

## BACKGROUND INFORMATION

Through this subpoena, Plaintiff NML Capital Ltd. ("NML") seeks information regarding companies affiliated with an Argentine national who owns a residence in the United States named Cristóbal López ("López"). Among these companies is an entity called Val de Loire LLC.[1]

NML has reason to believe that an illicit relationship between López, current Argentine President Cristina Fernández de Kirchner, and her late husband Néstor Kirchner may have allowed López to abscond with millions of dollars in Argentine state assets—which are now hidden around the world. If López is convicted of embezzlement, any funds traceable to the embezzlement scheme would be property of Argentina potentially available to satisfy NML's claims and judgments against Argentina.

Another confidante of the Kirchners, Lázaro Báez, is currently under investigation by Argentine prosecutors for embezzling over $65 million of state funds out of Argentina through companies in Nevada and elsewhere. Documents produced to NML by MF Corporate Services (Nevada) Ltd. ("MF Nevada") reveal that the López-linked Nevada entity Val de Loire at least periodically does business with some of the 123 shell corporations linked to Báez (the "Baez Entities") that are under investigation in Argentina for their role in Báez's embezzlement scheme. In addition to Val de Loire, López has also been tied to a Nevada shell company called Centenary International Corp.

### I. Criminal Complaints Filed in Argentina Detail López's Corrupt Dealings

López has been the subject of multiple criminal and journalistic investigations within Argentina since Néstor Kirchner became President of Argentina in 2003. Much like the criminal investigation into Báez, virtually all of the investigations into López accuse him of improperly benefitting from his relationship with Néstor Kirchner.[2] While the allegations against Báez focused primarily on his being awarded public works projects, the accusations targeting López center on his improper and potentially illegal acquisition of lucrative hydrocarbon and gambling concessions.[3] López holds many of these assets through his Nevada shell corporation Centenary International Corp.[4]

---

[1] NML holds claims against the Republic of Argentina ("Argentina") to recover on defaulted debt—and judgments against Argentina based on such claims—issued by the United States District Court for the Southern District of New York, totaling nearly $3 billion.

[2] http://www.perfil.com/docs/Ampliacion_de_denuncia_contra_Kirchner_de_la_CC.pdf; http://www.perfil.com/docs/Denuncia_por_lavado._Julio_2010.doc.pdf

[3] Amplia Denuncia, Juan Carlos Morán, Walter Domingo Martello, y Maricel Etchecoin Moro, 2010.

[4] http://www.sec.gov/Archives/edgar/data/759999/000114420414024993/v374388_10k.htm

15354037.1.LITIGATION

Val de Loire is a holding company that is also named in a 2010 supplemental criminal complaint filed in Argentina against Néstor Kirchner.[5] According to the complaint Val de Loire is a 35% owner of Correon SA, an entity that partners with López's company Casino Club SA in gambling projects that have been tainted by widespread allegations of political corruption.[6] Correon SA is also identified in US Securities & Exchange Commission records as an investor-partner of the López-controlled vehicle Casino Club S.A.[7] Documents produced to NML under a separate subpoena have linked Val de Loire to the formation of Fintech Holdings and Balmont Holdings—both of which are among the 123 Báez Entities.

More recently, Argentine judge Rodolfo Canicoba Corrál opened a formal investigation into two of López's casino operations for tax evasion, defrauding the government, and colluding with public officials to violate the requirements of their positions.[8] Judge Canicoba Corrál assigned prosecutor Guillermo Marijuan, who also worked with Argentine prosecutor Campagnoli on the investigation of Lázaro Báez, to investigate the matter.[9]

## II.   Document Produced to NML in Nevada Further Link López to Báez.

Documents produced to NML by MF Nevada further reflect connections between López and Báez. MF Nevada also serves as the registered agent for Val de Loire, and the Panamanian law firm Mossack Fonseca & Co. appears to represent either Val de Loire itself or the individuals and entities behind it. To cite just one example, MF Nevada produced to NML a letter from Patricia Amunategui of MF Nevada, to the Uruguayan law firm of Juan Pedro Damiani, which appears to have represented the beneficial owner of the Báez Entity Balmont Holdings. In the letter, Amunategui refers to a number of documents that were enclosed with the correspondence, including one that reads:

> Originals of the mutual contracts with the assignment of collateral signed by Mr. Edmund Ward, one of which carries the corresponding certificate of the resident agent and the apostil, and by Val de Loire.

The contracts in question were not included in MF Nevada's production to NML; nor was there any indication of what collateral was assigned and therefore the exact relationship between Val de Loire and Balmont Holdings remains unknown. Nevertheless, the document indicates that one of firms in the Báez networks had business dealings with a firm that forms a significant part of López's empire.

---

[5]   *Id.*
[6]   *Id.*
[7]   http://www.sec.gov/Archives/edgar/data/356213/000095012310064011/c03036e8vk.htm
[8]   http://www.lanacion.com.ar/1688147-la-justicia-impulsa-la-investigacion-sobre-las-tragamonedas-de-cristobal-lopez; http://www.lanacion.com.ar/1678706-denuncian-por-falta-de-controles-al-directorio-de-loteria-nacional
[9]   http://www.cronista.com/economiapolitica/Luz-verde-judicial-para-investigar-las-tragamonedas-de-Cristobal-Lopez-20140506-0086.html

4

## ATTACHMENT B

## DEFINITIONS

1.  The term **"Argentina"** means the Republic of Argentina, as well as its ministries, political subdivisions (including without limitation all provinces, cities, municipalities, and the like), representatives, and assigns, and all other Persons acting or purporting to act for or on Argentina's behalf, whether or not authorized to do so.

2.  The term **"Communication"** (or **"Communications"**) means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

3.  The term **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

4.  The term **"Document"** (or **"Documents"**) is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of this term. Fed. R. Civ. P. 34(a).

5.  The term **"Person"** means any natural Person, or any business, legal, or governmental entity, or association.

6.  The terms **"You"** and **"Your"** means Val de Loire LLC, its parents, subsidiaries, and affiliates, as well as its partners, associates, agents, representatives, and all other Persons acting or purporting to act for or on its behalf, whether or not authorized to do so.

5

## INSTRUCTIONS

1. Documents called for by this subpoena are to include all portions, or pages of each document, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations or electronic information), drafts, working papers, routing slips, and similar materials.

2. A document is deemed in your actual or constructive possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so. For the avoidance of doubt, a document is deemed in your actual or constructive possession, custody, or control if it is accessible on a network or server that you maintain.

3. The specifications of this subpoena are to be construed as being inclusive rather than exclusive. Thus, use of the singular form of any word includes the plural and vice versa; words importing one gender includes both genders; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all documents that might otherwise be construed to be outside of its scope; the words "all," "any," and "each" shall each be construed as encompassing "any and all." Local Civil Rule 26.3(d).

15354037.1.LITIGATION

4.      In producing responsive documents, you should furnish all documents in your possession, custody, or control, regardless of whether such documents are possessed directly by you or by your directors, officers, partners, members, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

5.      You are to produce any and all drafts and copies of each document that are responsive to any specification of this subpoena and all copies of each such document that are not identical in any respect, including but not limited to handwritten notes, markings, stamps, interlineations, and electronic information.

6.      With respect to Electronically Stored Information ("ESI"):

> a.      All electronic mail and spreadsheets responsive to this subpoena that are maintained in the usual course of business in electronic format are to be produced in their native format along with the software necessary to interpret such files if such software is not readily available.
>
> b.      All other documents responsive to this subpoena that are maintained in the usual course of business in electronic format are to be produced in properly utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.
>
> c.      All documents responsive to this subpoena are to be produced with the metadata normally contained within such documents, and the necessary Concordance, Introspect or other database load files. If such metadata is not available, each document is to be accompanied by a listing of all file properties relating to such document, including, but not limited to, all information relating to the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.
>
> d.      Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Plaintiff's counsel. If you decline to search or produce ESI on the

7

ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost you claim is associated with the search or production of such ESI.

7. All documents that are physically attached to each other when located for production are to be left so attached when produced. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, are to be left so segregated or separated when produced. Documents are to be produced in the order in which they were maintained and in the files in which they were found.

8. If any document, or any part of a document, called for by this subpoena has been destroyed, discarded, lost, or otherwise disposed of or placed beyond your custody or control, you are to furnish a list identifying each such document by: (a) date, (b) author; (c) recipient(s); (d) type of document (e.g., letter, memorandum, chart, e-mail, etc.); (e) general subject matter; (f) the document's present or last-known location or custodian; (g) the date of the document's destruction or other disposition; (h) the reason for such destruction or other disposition; and (i) the Person authorizing such destruction or other disposition.

9. Each specification of this subpoena requires production in full, without abbreviation, redaction, or expurgation, of any responsive documents. If any responsive document is not or cannot be produced in full, produce it to the extent possible, indicating which document, or portion of that document is being withheld, and the reason(s) it is being withheld.

10. Documents not otherwise responsive to specifications of this subpoena are to be produced if such documents mention, discuss, refer to, or explain the documents which are responsive to this subpoena, or if such documents are attached to documents responsive to this

8

subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

11. If in responding to this subpoena, you encounter any ambiguity in construing it or any definitions and instructions relevant to it, set forth the matter or term deemed "ambiguous" and the construction used in responding to the subpoena.

12. If a privilege is claimed as the basis for not producing any document, you are to furnish a privilege log setting forth, for each such document: (a) nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (b) the type of document, e.g., letter, memorandum, etc.; (c) the general subject matter of the document; (d) the date of the document; and (e) the author of the document, the addressees and any other recipients of the document and, where not apparent, the relationship of the author, addressees, and recipients to each other. Local Civil Rule 26.2(a).

13. The specifications of this subpoena are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by this subpoena, or as an admission of the relevance or materiality of any of the matters covered by this subpoena.

9

## DOCUMENTS TO BE PRODUCED

1. All Documents Concerning the relationship between You and any of the Persons identified in Attachment C to this subpoena.

2. All Documents Concerning the transfer of funds or other property to, from, or among any of the Persons identified in Attachment C to this subpoena.

3. All Documents containing or evidencing any Communications between or among any of the Persons identified in Attachment C to this subpoena.

4. Documents sufficient to identify any and all beneficial owner(s) of each of the Persons identified in Attachment C to this subpoena.

5. All Documents Concerning the organizational structure of each of the Persons identified in Attachment C to this subpoena.

6. All Documents Concerning the business and operations of any of the Persons identified in Attachment C to this subpoena.

7. All Documents Concerning the registration, re-registration, incorporation, reincorporation, transfer in control, dissolution or termination of any of the Persons identified in Attachment C to this subpoena.

8. Documents sufficient to identify any and all Person(s) authorized to give instructions on behalf of any of the Persons identified in Attachment C to this subpoena.

9. All Documents Concerning any assets of any of the Persons identified in Attachment C to this subpoena.

10. All Documents Concerning any bank accounts maintained by, on behalf of, or in the name of any of the Persons identified in Attachment C to this subpoena.

15354037.1.LITIGATION

11. All documents referencing any services provided by You to any of the Persons identified in Attachment C to this subpoena.

12. Documents sufficient to identify any Person acting on your behalf to perform services to any Person listed in Attachment C to this subpoena.

13. All Documents Concerning any affiliation or relationship between Cristóbal López and You.

14. All Documents containing or evidencing information collected or obtained pursuant to any "know your client" or other similar rules or practices applicable to You with respect to any of the Persons listed in Attachment C to this subpoena.

15. All Documents Concerning the transmission or transfer of any Documents in the possession, custody or control of any of the Persons identified in Attachment C to this subpoena to or from You or to or from any other Person. For the avoidance of doubt this request includes but is not limited to Documents describing or evidencing the current location of such Documents.

16. Any documents You have produced or plan to produce in response to any request for information of any kind received from any person in connection with any investigations of Cristóbal López or any of the Persons listed in Attachment C by any government authority, including any such authority of or in the Republic of Argentina.

## SUBJECTS FOR EXAMINATION

1. The relationship between You and any of the Persons identified in Attachment C to this subpoena.

2. The transfer of funds or other property to, from, or among any of the Persons identified in Attachment C to this subpoena.

3. All Communications Concerning or referencing the Persons identified in Attachment C to this subpoena.

4. The beneficial owner(s) of each of the Persons identified in Attachment C to this subpoena.

5. The organizational structure (if any) of any of the Persons identified in Attachment C to this subpoena.

6. The business and operations of any of the Persons identified in Attachment C to this subpoena.

7. The registration, re-registration, incorporation, reincorporation, transfer in control, dissolution or termination of any of the Persons identified in Attachment C to this subpoena.

8. The Person(s) authorized to give instructions on behalf of each of the Persons identified in Attachment C to this subpoena.

9. The assets of any of the Persons identified in Attachment C to this subpoena.

10. The bank accounts maintained by, on behalf of, or in the name of any of the Persons identified in Attachment C to this subpoena.

11. The services provided by You to any of the Persons identified in Attachment C to this subpoena.

12. The Persons acting on behalf of You to perform services to any Person listed in Attachment C to this subpoena.

13. Any affiliation or relationship between Cristóbal López and You.

14. The information collected or obtained covering any of the Persons listed in Attachment C to this subpoena pursuant to any "know your client" or other similar rules or practices applicable to You.

15. The transmission or transfer of any Documents in the possession, custody or control of any of the Persons identified in Attachment C to this subpoena to or from You or to or from any other Person. For the avoidance of doubt this subject for examination includes but is not limited to Documents describing or evidencing the current location of such Documents.

16. Your response to any Communications, requests or subpoenas received from any Person in connection with any investigations of Cristóbal López or any other Person listed in Attachment C by any government authority, including any such authority of or in the Republic of Argentina.

13

## ATTACHMENT C

## LIST OF PERSONS REFERENCED IN ATTACHMENTS B[10]

| No. | Individual or Entity Name | Description | Address |
|---|---|---|---|
|  | Persons of Interest Connected to López | | |
| 1. | Lázaro Báez | Argentine businessman and longtime friend and business associate of Néstor Kirchner, alleged to serve as the front man for the presidential family.[11] | -- |
| 2. | Martín Antonio Báez | Báez's son and business associate.[12] | -- |
| 3. | Leandro Báez | Báez's son and business associate. | -- |
| 4. | Christina Fernández de Kirchner | President of Argentina. | -- |
| 5. | Néstor Kirchner | Former President of Argentina, deceased. | -- |
| 6. | Máximo Kirchner | Son of the President of Argentina. | -- |
| 7. | Emiliano López | López's son | -- |
| 8. | Edmund Ward | Manager of Val de Loire LLC | -- |
| 9. | Muriel Sosa | López's Ex-Wife | -- |
| 10. | Carlos Fabian de Sousa | Officer of Centenary International Corp. | -- |
| 11. | Federico Miguel de Achával | López's business partner. | -- |
| 12. | Cristóbal Nazareno López | López's son. | -- |
| 13. | Sarah Petre-Mears | Business associate of López | -- |
| 14. | Harris Friedman | Business associate of López | -- |
| 15. | Ricardo Benedicto | López's business partner. | -- |
| 16. | Guillermo Ardissone | López's business partner. | -- |
| 17. | Matias Bullrich | CFO at Centenary International Corp. | -- |
|  | Other Entities Suspected to be Connected with López | | |
| No. | Individual or Entity Name | Description | Address |
| 1. | Centenary International Corp. | López Nevada Entity | c/o Incorp Services Inc. 2360 Corporate Circle, Ste 400 Henderson, NV 89074 |
| 2. | Incorp Services, Inc. | Registered Agent of Centenary International Corp. | 2360 Corporate Circle, Ste 400 Henderson, NV 89074 |
| 3. | Correon S.A. | Entity affiliated with Cristóbal López. | Reconquista 144, piso 11°, Buenos Aires |

---

[10] This list also refers to and includes an entities' parents, subsidiaries, and affiliates, as well as an individuals' or entities' employees, agents, representatives, and all other Persons acting or purporting to act for or on the Person's behalf, whether or not authorized to do so.
[11] Campagnoli Dictamen.
[12] *Id.*

14

15354037.1.LITIGATION

| 4. | Casino Club S.A. | Entity owned by Cristóbal López. | 25 de Mayo 859, Comodoro Rivadavia, Provincia de Chubut |
| 5. | Balmont Holdings | Nevada shell corporation affiliated with Báez. | c/o M.F. Corporate Services (Nevada) Ltd.<br>5858 S. Pecos Rd. #100<br>Las Vegas, NV 89120 |
| 6. | Fintech Holdings LLC | Nevada shell corporation affiliated with Báez. | c/o M.F. Corporate Services (Nevada) Ltd.<br>5858 S. Pecos Rd. #100<br>Las Vegas, NV 89120 |

## Rule 45 Federal Rules of Civil Procedure, Parts C & D

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; **Sanctions.** A party or attorney responsible for issuing and serving a subpoena must **take reasonable steps to avoid imposing undue burden or expense on a person subject to the** subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

16