KENT P. WOODS, ESQ.
Nevada Bar No, 12306
WOODS ERICKSON & WHITAKER LLP
1349 W. Galleria Drive, #200
Henderson, NV 89014
Email: kwoods@woodserickson.com
Tel: (702) 433-9696
Fax: (702) 434-0615
*Attorneys for M.F. Corporate Services (Nevada) Limited
And Patricia Amunategui*

**U.S. DISTRICT COURT**
**FOR THE**
**DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, LTD., | ) |
| Plaintiff, | ) 2:14-CV-00492-JAD-VCF |
| vs. | ) |
| THE REPUBLIC OF ARGENTIAN, | ) **NON-PARTY MF CORPORATE SERVICE (NEVADA) LIMITED'S REPLY IN SUPPORT OF MOTION FOR CLARIFICATION WITH RESPECT TO MARCH 16 ORDER** |
| Defendants. | ) |

Non-Party M.F. Corporate Service (Nevada) Limited ("**MF Nevada**"), by and through its attorneys of record Woods Erickson & Whitaker LLP, hereby replies in support of its Motion for Clarification with Respect to March 16 Order (the "**Motion for Clarification**") filed by MF Nevada on or about March 30, 2015.

**Preliminary Statement**

NML's response to the Motion for Clarification is long on baseball metaphors, indignation, and vitriol, but one argument is conspicuously absent: that the order in fact clearly disposes of the issues raised by MF Nevada in the Motion for Clarification.  MF Nevada's request in its Motion for Clarification is very practical and simple: it wants to understand the intent of the Court's order, which appears to be directed at Mossack Fonseca but could be read

much more broadly, so that if MF Nevada's Objection is overruled and the March 16 Order is upheld, MF Nevada can either (1) undertake whatever efforts are necessary to comply with the order or (2) go about its business and allow NML to deal with Mossack Fonseca directly.

Faced with this rather simple request, NML spits and raves about procedural boondoggles, inconsistent remedies, and strained readings of procedural rules. NML even attempts to re-litigate the issues addressed in the Objection. These are paper tigers and should be dealt with as such. In truth, the Court has the power to clarify its own order, there is no risk of inconsistent remedies or quagmires. MF Nevada's request is practical and simple; all the parties—and particularly MF Nevada—will benefit from some additional guidance on the matters raised.

**Argument**

**I. The Court Has the Power to Clarify Its Own Order**

In responding to the Motion for Clarification, NML asserts that there is no basis in the Federal Rules for such an order, stating that the Motion rests on a "strained collective reading" of the Rules. *See* Response at 5. While it's not entirely clear from the Response, it appears that NML believes the Court is powerless to clarify or provide additional guidance as to the effect of its own order. This position is belied by clear precedent in this Circuit. In *Bordallo v. Reyes*, 63 F.2d 1098, 1102 (9th Cir. 1985), the Ninth Circuit stated that trial courts are "often asked to supply . . . guidance" with respect to Court orders. The Ninth Circuit distinguished between matters that go to the heart of a judgment—such as an Objection—from those that merely "invite interpretation." *Id.* A motion for clarification is not the least bit unusual where an order is subject to multiple, inconsistent interpretations. *See*, *e.g.*, *Raymond v. Fenumiai*, 580 Fed. App'x 569, 571 (9th Cir. 2014) ("This confusion could have been avoided if he had simply filed a motion for clarification . . . before the district court."); *see also* Ninth Circuit Rule 27-10(b) (addressing motions for clarification). Here, MF Nevada hopes to avoid confusion and eventual litigation of these very issues.

## II. The Order Is Unclear About the Matters Raised

Notably, at no point in their Response does NML even attempt to argue that the Order is clear about the issues MF Nevada asks the Court to clarify.[1] The Order in short, simply does not address the three issues raised in the Motion for Clarification—or, to the extent it does, it does so in a way that MF Nevada cannot decipher.

Nor are these the only examples of clear ambiguity in the Order. By way of example, it appears that the Court seriously confused the subpoenas that have been issued to the various parties in the case and the breadth of the subpoenas it seeks to enforce. This is perhaps unsurprising given the sheer number of the subpoenas issued in the case, but it reflects that the Order's need further clarification. By way of example, on Page 7 of the Order, the Court recites a list of subpoenas to which MF Nevada has responded, including what the Court terms the "Amunategui Subpoena" (#14-2). However, this document (#14-2) is not the subpoena that was the subject of the Motion. In late August of 2014, NML served on MF Nevada and Ms. Amunategui the two subpoenas that were the subject of MF Nevada's Motion to Quash: first, the subpoena issued to MF Nevada "as Agent for Mossack Fonseca" (#14-5) and second, the subpoena issued to Ms. Amunategui in her personal capacity (#14-7). Eventually, the Motion to Quash was resolved with respect to the subpoena issued to Ms. Amunategui (#14-7), leaving only the subpoena issued to MF Nevada "as Agent for Mossack Fonseca" (#14-5).

The Court further recites that the original subpoena (#14-2) addresses 137 entities. However, each of the subsequent subpoenas (#14-5 and #14-7), address documents related 253 companies, plus additional individuals and entities. These 253 entities include but are not limited to the 123 entities that have appeared in this case and that have previously been termed the "123 Entities."

In resolving the Motion to Quash, however, the Court granted the Motion to Quash "with regard to the fourteen additional companies." *See* Order at 25. Presumably, this means that MF Nevada or Mossack Fonseca need only produce documents with respect to the 123 Entities.

---

[1] NML does muddy its nose somewhat by referring to the Order as an "in-depth twenty-seven page Order" that is "clear[] and comprehensive[]." However, these blanket statements fall far short of explaining that the Order does in fact address the issues that MF Nevada has raised.

However, the Court leaves entirely unstated what is to become of the other 116 companies on NML's list and for which NML has evidently not demonstrated its "reasonable suspicion." The Order additionally does not address the twenty-seven entities and individuals who are not included either in the list of the 123 Entities or the fourteen entities for whom the Motion to Quash was granted.

With such a glaring ambiguity on the face of the Order, it is hard to understand how NML so blindly praises it for being generally clear while failing to acknowledge that the Order is vague with respect to the three specific issues addressed in the Motion for Clarification. Two issues that MF Nevada found open to interpretation were 1) whether Mossack Fonseca or MF Nevada is responsible for compliance with the subpoena and 2) whether the Order works as a judgment on all asserted objections and defenses, including those to which the Order remained silent. In NML's Response it draws the conclusion that, where the Court determined that Mossack Fonseca's "domination" over MF Nevada resulted in the extinguishment of MF Nevada's corporate separateness for *jurisdictional* purposes, it must hold true that MF Nevada in turn exercises practical control over Mossack Fonseca's compliance with the Subpoena. The fact that these two readings exist among essentially reasonable minds suggests that the Order is, in fact, unclear. Practically, MF Nevada functions separate from Mossack Fonseca. Therefore, if MF Nevada is forced to comply with the Order, it would have to travel to Panama and request Mossack Fonseca's documents and then return to be deposed regarding those documents. It is worth the Court's time to clarify whether MF Nevada is required to go to such lengths to insure compliance with the Court's Order or if Mossack Fonseca is the entity required to comply.

In regards to whether the Order acts a judgment for all asserted objections and defenses not directly addressed by the Order, NML solely states that MF Nevada has had ample opportunity to object and then points to MF Nevada's Objection. Yet again, NML failed to address how ample opportunity bears any relation to whether or not the Order is in judgment of all MF Nevada's objections and defenses. It is true that MF Nevada objected to how the Court ruled on some of its objections. In no way does MF Nevada objecting to the Courts rulings on some of its objections and defenses mean that it conceded that the court had passed judgment on

all objections and defenses posed by MF Nevada, much less those potentially possessed by Mossack Fonseca.

The Court should provide clarification of its Order as to guide the parties on who is required to comply and what actions must be taken to comply with the Order. Added clarity does nothing more than benefit all parties involved that they may know exactly what is required of each of them. This is a practical, reasonable request.

### III. There Is No Risk of a Procedural Boondoggle

Finally, in an attempt to cow the Court into declaring its order entirely unambiguous, NML waves a paper tiger, claiming that any order clarifying the March 16 Order would result in a procedural boondoggle. There is no such risk: MF Nevada's Objection and its Motion for Clarification address entirely different issues.

MF Nevada's Objection relates directly to the findings and determinations of the Magistrate Judge with respect to the jurisdictional issues affecting it and Mossack Fonseca. The Motion for Clarification, by contrast, requests guidance on the practical impact of the Order, if it is in fact upheld. The Motion for Clarification essentially says, "If the March 16 Order is upheld, tell us how to comply." This is not an unreasonable request.

In arguing that MF Nevada should have raised the ambiguities in its Objection, NML asks the Court to ignore the distinction between the two procedural avenues. In raising an Objection under Rule 72 and Local Rule IB 3-1, MF Nevada is only entitled to raise objections where findings of fact are clearly erroneous or the legal determinations are contrary to law. There is no procedural path that would allow MF Nevada to ask the Magistrate Judge to clarify the intent of his order on three aspects—none of which speaks to the doctrinarian arguments raised in the Objection—if the March 16 Order is ultimately upheld. Nor is it clear how one can object to a determination as "clearly erroneous" or "contrary to law" if *it is never raised in the Order* in the first instance. The Ninth Circuit has even cautioned litigants to seek clarification in the first instance rather than immediately rushing to appeal issues that may simply be subject to different interpretations. *See Raymond v. Fenumiai*, 580 Fed. App'x 569, 571 (9th Cir. 2014)

("This confusion could have been avoided if he had simply filed a motion for clarification . . . before the district court.").

NML raises the concern that MF Nevada may seek to object to the Court's clarification, thereby creating another procedural issue. This is, yet again, a paper tiger, because the issues raised in the two pleadings are inconsistent. However, if it would help to mollify NML's indignation, MF Nevada would be happy to agree to a stay of either the Motion for Clarification or the Objection until the other is resolved. That way, the parties can ensure that there are no parallel, inconsistent proceedings.

**Conclusion**

MF Nevada merely wishes to comply with the various subpoenas issued to it and go about its business. The March 16 Order contains ambiguities that need to be clarified in order for the parties to know which party is required to perform what obligation under the Order. The Order is facially ambiguous and, more importantly, fails to address the three matters raised in the Motion for Clarification and that are necessary for further compliance to occur. Therefore, the Court must provide clarification to the parties, as needed, to allow each party to properly comply with the Order.

DATED this 27th day of April, 2015.

WOODS ERICKSON & WHITAKER LLP

By: */s/ Kent P. Woods*
Kent P. Woods, NSB 12306
1349 Galleria Drive, Suite 200
Henderson, Nevada 89014
*Attorneys for Non-Parties MF Corporate Services (Nevada) Limited and Patricia Amunategui*