JASON M. WILEY, ESQ.
Nevada Bar No. 009274
DANIEL S. CEREGHINO, ESQ.
Nevada Bar No. 011534
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   jwiley@klnevada.com
          dcereghino@klnevada.com

*Attorneys for
Nonparty Val de Loire, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NML CAPITAL LTD., | Lead Case No. 2:14-cv-00492-RFB-VCF |
| Plaintiff, | Member Case No. 2:14-cv-1573-RFB -VCF |
| vs. | **NONPARTY VAL DE LOIRE, LLC'S REPLY TO NML CAPITAL'S RESPONSE TO OBJECTION TO MAGISTRATE JUDGE'S ORDER [DKT. 39] PURSUANT TO FED.R.CIV.P. 72** |
| THE REPUBLIC OF ARGENTINA, | |
| Defendants. | |

### MEMORANDUM OF POINTS AND AUTHORITIES

> Under … Argentine law …, misappropriated property belongs to the party from whom it is misappropriated – in this case, Argentina. … Under Resolution 3572 of 2013 of the Argentine Federal Revenue Administration which establishes "suppositions that imply a connection," from the perspective of Argentine law, Lopez and Val de Loire are connected.

NML CAPITAL LTD.'s ("NML") Response to Nonparty VDL's Objection ("NML's Response") [Lead Case Dkt. 123], at 2:17:19, 7:2-5. By these two sentences NML undermines its actions through the U.S. courts and substantiates the position VDL has asserted throughout the related proceedings that NML's collection efforts should begin in Argentina with inquiry of Argentina (the only judgment debtor) and/or entities with documented asset transfers with

Argentina. NML admits that both: (1) its claim to assets allegedly (and as yet not proven to be) part of the Lopez/Baez embezzlement scheme; and (2) that the legal significance of any supposed connection between VDL and Lopez are rooted in Argentine law.[1] The alleged participants in the purported scheme, the evidence at issue, and the applicable law are, as now admitted by NML, all in Argentina **being actively litigated and considered**. Thus, the proceedings in Nevada are, at the very least, premature, if not unwarranted and unreasonable. As VDL has always contended, it would seem obvious that NML should proceed within the context of those ongoing Argentine investigations, against those persons and entities allegedly involved, relating to the Argentine state funds allegedly (but not yet proven to be) misappropriated, and pursuant to Argentine law. It would seem NML could even be a proper party claimant in any such matter. At the very least, NML has never explained what prevents it from intervening **directly** into those disputes about the very assets it is chasing.

Instead, presumably due to ease, NML has directed its effort at various U.S. courts. *See NML Capital Lid. v. Excelerate Energy, LLC*', 2011 WL 10618710 (S.D.Tex. Feb. 8, 20l1) ("NML's Excelerate Case"); *NML Capital, Ltd. v. Banco Cent. de la Republica Argentina*, 652 F.3d l72 (2d Cir. 2011) ("NML's BRCA Case"); *NML Capital, Ltd. v. Republic of Argentina*, No. C 12-80185 JSW MEJ, 2013 WL 655211 (N.D. Cal. Feb. 21, 2013) ("NML's California Case"). Until this Magistrate Judge's rulings, NML's efforts have been properly thwarted. *See e.g.*, NML's Excelerate Case, 2011 WL 10618710; NML's BRCA Case, 652 F.3d l72; NML's California Case, No. C 12-80185 JSW MEJ, 2013 WL 655211. Now, however, the well-settled Fed.R.Civ.P. 45 and 69 jurisprudence is at issue. This District Court should not uphold the Magistrate Judge's unsupported, clearly erroneous position.

Notwithstanding both NML's and the Magistrate Judge's occasional and circumstantial mischaracterization of the Argentine investigations as completed with definitive legal and factual determinations (*see e.g.*, NML's Response [Lead Case Dkt. 123], at 2:8-10; The 123 Entities Order [Lead Case Dkt. 36], at 9:5-8 ("**there is no dispute** that Baez embezzled Argentine funds"

---

[1] NML purports to have offered Mr. Maggio as an expert subject to Fed.R.Civ.P. 44.1 based on the existence of a question of Argentine law.

(emphasis added)); VDL Order [Member Case Dkt. 39], at 2:5-13), the truth is that none have resulted in any finding of wrongdoing by either Baez or Lopez.[2]  In fact, the only two final conclusions in any of these investigations into either Baez or Lopez has been dismissal of the claims, and NML admits as much.  *See* NML's Response [Lead Case Dkt. 123], at 4:13-14, and at Exhibit A, Supplemental Expert Declaration of Pablo Maggio, at ¶ 18.  The investigations that remain **do not** involve VDL.  *See* NML's Response [Lead Case Dkt. 123], at Exhibit B (which contains a single reference to VDL, but only for the purposes of describing the ownership structure of a different entity, Correon, S.A., and for nothing substantive).

Given these circumstances – (a) the trend towards dismissal of these apparently politically motivated acts; (b) the lack of any involvement by VDL in any investigation; and (c) the Magistrate Judge's clearly erroneous and premature determinations – the only course of action that is both consistent with applicable rules and authorities as well as prudent, is to sustain VDL's Objection and require NML actually have a claim to the "funds in question" before requiring VDL to produce responses to the subject subpoena.  *See VFS Fin., Inc. v. Specialty Fin. Corp.*, No. 3:09cv-00266-RCJ-VPC, 2013 WL 1413024, at *5-6 (D.Nev. Apr. 4, 2013); *Rock Bay, LLC v. Dist. Ct.*, 129 Nev. Adv. Op. 21, 298 P.3d 441, 443 (2013); *Caisson Corp. v. County West Bldg. Corp.,* 62 F.R.D. 331 (E.D.Pa.1974); *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559 (S.D.N.Y.1977); *National Services Industries, Inc. v. Vafla Corp.*, 694 F.2d 246 (11th Cir. 1982); *Alpern v. Frishman,* 465 A.2d 828, 829 (D.C.1983); *1st Technology, LLC v. Rational Enterprises Ltda*, 2:06-cv-01110-RLH-GWF, 2007 WL 5596692 (D.Nev. Nov. 13, 2007); *Ryan Investment Corp. v. Pedregal de Cabo San Lucas*, C 06-3219 JW (RS), 2009 WL 5114077 (N.D.CaL Dec. 18, 2009); NML's Excelerate Case, 2011 WL 10618710; NML's BRCA Case, 652 F.3d l72; *Henry v. Rizzolo,* No. 2:08–CV–00635–PMP–GWF, 2012 WL 13725

---

[2] True, there have been and remain numerous investigations of both Mr. Baez and Mr. Lopez.  VDL respectfully requests, however, this Court take judicial notice of the fact that **every single complainant in every single investigation** (including those that have already been dismissed) are elected members of an anti-Kirchner political party.  *See also* NML's Response [Lead Case Dkt. 123], at Exhibit A, Supplemental Expert Declaration of Pablo Maggio, at ¶ 8 ("In that cause *[Cause 15734/08]*, filed on November 12, 2008, Argentine Congresswoman Elisa Carrio (and other national legislative deputies), charged Nestor Kirchner, Lazaro Baez and Cristobal Lopez …").  VDL submits the number of investigations is more reflective of partisan politics than any wrongdoing by either Mr. Baez or Mr. Lopez (who has had two (2) complaints against him finally dismissed).

(D.Nev.Jan.4, 2012); NML's California Case, No. C 12-80185 JSW MEJ, 2013 WL 655211. NML has not provided a single case supporting deviation from this well-settled jurisprudence.[3] In fact, NML has personally been involved in three (3) separate proceedings all leading to the opposite result ordered by this Magistrate Judge. NML's Excelerate Case, 2011 WL 10618710; NML's BRCA Case, 652 F.3d l72; NML's California Case, No. C 12-80185 JSW MEJ, 2013 WL 655211.

Until NML actually has a legal claim to the "funds in question" via **a final legal determination** that these funds rightfully still belong to Argentina, NML has no right to subpoena nonparties, especially those **not** being investigated by the Argentine authorities related to this very supposed misappropriation.[4] That is all that VDL (and The 123 Entities to an extent) have ever asked for: an ordered, reasonable approach, rather than a premature mandate from the Court that deviates from the requirements of Fed.R.Civ.P. 45 and 69.

## CONCLUSION

Notwithstanding the international intrigue, there is nothing complicated about this dispute. Now that NML admits the law, as well as the witnesses and other evidence, relating to their still theoretical and unproven claim to certain specific funds, is Argentine in nature, this Court should, on that basis alone, sustain VDL's Objection. However, even under U.S. law, the applicable rules and case authorities are crystal clear on the narrow question of the burden a subpoenaing judgment creditor must carry in order to request a nonparty's compliance. There is not a single case NML has cited that deviates from the well-settled U.S. law prohibiting NML's

---

[3] As an aside, NML obtusely supports the Magistrate Judge's meandering into Fourth Amendment law in his desperate search for any cherry-picked language supportive of his desired conclusion by suggesting that VDL has not offered a reasonable alternative for deciding the question of "reasonable suspicion" in the Rule 69 context. *See* NML's Response [Lead Case Dkt. 123], at p. 23, n. 58. VDL would have thought it went without saying that the host of cases construing Rule 69, especially those first articulating the applicable test (reasonable suspicion as to the bona fides of a transfer of assets between the two), are the best sources of authority for guidance on what constitutes "reasonable suspicion." NML's and the Magistrate Judge's favoring Fourth Amendment and other unrelated authorities is understandable – **none** of the Rule 45 or Rule 69 cases support their preferred outcome.

[4] This Court will note that none of the bank records now provided by NML has any bearing at all on VDL. *See* NML's Response [Lead Case Dkt. 123], at Exhibits G – J. VDL is not mentioned in any of these records. In short, they are entirely irrelevant.

actions.  VDL respectfully requests this District Court sustain its Objection to Magistrate Judge's Order both Denying VDL's Motion to Quash and Granting NML's Counter-Motion to Compel.

DATED this 8th day of May, 2015.

**KOLESAR & LEATHAM**

By */s/ Daniel S. Cereghino, Esq.*
JASON M. WILEY, ESQ.
Nevada Bar No. 009274
DANIEL S. CEREGHINO, ESQ.
Nevada Bar No. 011534
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada  89145

Attorneys for
Nonparty Val de Loire, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Kolesar & Leatham and that on the 8th day of May, 2015, I caused to be served a true and correct copy of foregoing **NONPARTY VAL DE LOIRE, LLC'S REPLY TO NML CAPITAL'S RESPONSE TO OBJECTION TO MAGISTRATE JUDGE'S ORDER [DKT. 39] PURSUANT TO FED.R.CIV.P. 72** in the following manner:

(ELECTRONIC SERVICE)  Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

*/s/ Kristina R. Cole*
An Employee of KOLESAR & LEATHAM