KENT P. WOODS, ESQ.
Nevada Bar No, 12306
WOODS ERICKSON & WHITAKER LLP
1349 W. Galleria Drive, #200
Henderson, NV  89014
Email: kwoods@woodserickson.com
Tel: (702) 433-9696
Fax: (702) 434-0615
*Attorneys for M.F. Corporate Services (Nevada) Limited
And Patricia Amunategui*

**U.S. DISTRICT COURT
FOR THE
DISTRICT OF NEVADA**

| | |
|---|---|
| NML CAPITAL, LTD., | ) |
| Plaintiff, | ) 2:14-CV-00492-JAD-VCF |
| vs. | ) |
| | ) **NON-PARTY MF CORPORATE** |
| THE REPUBLIC OF ARGENTINA | ) **SERVICE (NEVADA) LIMITED'S** |
| | ) **REPLY IN SUPPORT OF MOTION** |
| Defendants. | ) **FOR PROTECTIVE ORDER STAYING** |
| | ) **EFFECTS OF MARCH 16 ORDER** |
| | ) **PENDING RESOLUTION OF** |
| | ) **OBJECTION AND MOTION TO** |
| | ) **CLARIFY** |

Non-Party M.F. Corporate Service (Nevada) Limited ("**MF Nevada**"), by and through its attorneys of record Woods Erickson & Whitaker LLP, hereby replies in support of its Motion for Protective Order Staying Effect of March 16 Order Pending Resolution of Objection and Motion to Clarify (the "**Motion to Stay**").

**Preliminary Statement**

NML's primary argument in its Response is that MF Nevada somehow waived its right to seek a stay because MF Nevada engaged in what it assumed were good faith discussions. Once motions have been filed, NML now appears to say "Gotcha—you were a fool to engage in the very good faith discussions that applicable rules require!"  Not only is NML's argument not supported by applicable rules or the facts of this case, it reeks of the same bad faith with which they have conducted their subpoena process.

Moreover, NML offers no argument for denying MF Nevada's reasonable request for a stay. They only give a blank statement that the "trial [sic] gets colder," despite that NML currently has everything it previously has informed the court that it wanted: Mossack Fonseca appearing and cooperating in the proceedings. Granting the stay requested will give all parties the breathing room necessary for NML and Mossack Fonseca to come to terms. While those parties work out their differences, though, MF Nevada is at a loss. The March 16 Order is vague and needs to be interpreted, and efforts to work out reasonable procedural concessions from NML have been met not even with denial, but with stonewalling. Requiring MF Nevada to do anything—what, exactly, is unclear from the face of the March 16 Order—while reasonable objections to the March 16 Order are pending creates identifiable, irreparable harm. The Motion to Stay should be granted.

## Argument

### I.     MF Nevada's Request for Stay is Procedurally Proper

Contrary to NML's assertions, MF Nevada's Motion for Stay did not come out of the blue; nor did MF Nevada sit on its right to request a stay. To the contrary, the Motion to Stay resulted from a series of discussions and negotiations—some of which NML has attached to its Response. By email dated March 31, 2015 NML informed MF Nevada that it believed MF Nevada was required to comply with the March 16 Order absent a countervailing order staying the proceedings. *See* Response, Exhibit "A." To that end, over the ensuing several days—the same eighteen-day period that NML cites for its argument that MF Nevada sat on its rights—both MF Nevada and Mossack Fonseca separately requested that NML agree to a stay. *See* Email Correspondence, attached hereto as Exhibit "A." Neither counsel MF Nevada nor Mossack Fonseca received a timely response. Both were told that counsel for NML was away and unreachable but that a response would be forthcoming. *See id.* When counsel for MF Nevada attempted to follow up, NML's counsel informed him that she had forgotten about the request entirely. *See id.*

Then, mere hours before the deadline imposed by the March 16 Order to propose a deadline, NML, under the guise of negotiation, presented a *fait accompli*. Their offer reads, in

effect, "accept these terms or nothing." Given that this case involves parties located in other time zones, counsel for all parties requested a brief period of time in which to discuss the offer with their clients. Counsel received no response.

With that in mind, NML's assertions that MF Nevada waived its right through inaction is, at best, a mischaracterization of the record. NML raised the question of a stay. MF Nevada attempted to engage in good-faith negotiations to that effect, as did Mossack Fonseca. Now, having delayed response to MF Nevada's entreaties until the eleventh hour, NML jumps from the darkness and cries "Gotcha: you should have filed weeks ago instead of engaging in good-faith negotiations." To call this inequitable would do violence to the term. This is plain bad faith and should not be tolerated.

NML cites no authority for its assertion that a motion for stay must be filed contemporaneously with the appeal itself, because this authority does not exist. The March 16 Order by its terms required the parties to engage in good-faith negotiations for proposing a schedule during the interim. MF Nevada attempted to engage NML in those discussions but met only with a stone wall.

Furthermore, MF Nevada's request for a stay was timely under the circumstances. By its terms, the March 16 Order did not require any specific act of compliance until April 20. MF Nevada filed its Motion to Stay well in advance of that deadline, and only when it received no response from discussions with NML. With more than twenty days until the schedule had to be filed with the court, there is no way that MF Nevada would have known that NML was not going to cooperate in reaching a suitable production schedule. Also, within that twenty day window, Mossack Fonseca – the real target of the August 27 Subpoena – retained counsel, entered a special appearance in this case, upon information and belief, has attempted to hold good-faith discussions with NML regarding compliance with the August 27 Subpoena. At the time the Motion to Stay was filed, Mossack Fonseca's good-faith attempts to meet and confer with NML appeared to have been unsuccessful. In fact, it was not until the day that the schedule was to be filed with the court that NML proposed its own solution. Response at 8:1-3. Because MF Nevada and Mossack Fonseca were only given a few hours to analyze and either accept or reject

NML's proposal, MF Nevada decided to file its own status report, lest NML later accuse it of violating a standing order. Therefore, MF Nevada was fully within the rules of the game when it filed the Motion to Stay after previously filing its Objection and Motion for Clarification. And MF Nevada continued to demonstrate its willingness to play within the rules when it filed its own status report and proposed schedule.

## II.  The Requested Stay is Proper

NML has produced no reasonable argument that the stay is improper. While claiming that MF Nevada's arguments are "conclusory," NML's only offered harm is its own conclusory statement that "the trial [sic] gets colder." This position is belied by reality. Mossack Fonseca, the putative target of the August 27 Subpoena, has attempted to appear in this case. Mossack Fonseca has retained counsel and has engaged in negotiations for the production of requested materials. In short, NML has *exactly what it wants*; it would just have MF Nevada operate in the shadow of a wildly unclear, improper order while it pursues Mossack Fonseca.

Additionally, though, NML's recitation of the law on these points is incorrect. NML would have the Court believe that the probability of success of the objection is the "key that opens the door to stay relief." Response 11:8-9. However, this is not consistent with the Ninth Circuit's consideration that these factors consist of "two interrelated legal tests" that "represent the outer reaches of a single continuum." *Gold Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). Instead, the moving party must show that there is a possibility of success of the objection and that the possibility of irreparable injury outweighs the hardship imposed on other parties. *Lopez v. Heckler*, 713 F.2d 1432, 1435-36 (9th Cir. 2008).

MF Nevada's Objection speaks for itself, and it is far from frivolous. The March 16 Order imposes an entirely new standard for jurisdiction over non-parties in post-judgment discovery. This new standard is unprecedented in this jurisdiction and, as noted in the Objection, runs contrary to the law in Nevada and this Circuit. At the very least, before this case law establishes a harmful precedent for all of Nevada, the District Court needs the opportunity to review it. In addition to the new jurisdictional standard MF Nevada objects because the Court

failed to consider the nonfinancial burdens MF Nevada, a non-party, will encounter in complying with the discovery request, which the Ninth Circuit requires a court to consider. As noted in the Objection, the March 16 Order ignores clearly applicable, binding precedent from the Ninth Circuit, as well as more general cautions about ameliorating the harm to non-parties.

Over the course of now almost two full years, MF Nevada has produced thousands of pages of documents, consisting of the entirety of its files for the requested entities, all without any complaint by NML of incomplete production. It is only at this very late stage that NML has called this production "limited." MF Nevada has outlined numerous times the economic and noneconomic costs it will encounter in an attempt to comply further with NML's subpoena, if that is what is required by the effect of the March 16 Order. NML just chooses to ignore the harm to MF Nevada and state that it will throw money at the problem. The fact remains, though, that if MF Nevada is required to comply—how, exactly, is unclear—this harm cannot be remedied by money. Disclosure cannot be undone. It is for this reason that the Ninth Circuit has urged caution in similar circumstances. *See Bank of Am. v. Feldman (In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Litig.)*, 821 F.2d 1422, 1424 (9th Cir. 1987) ("Any evidentiary privilege . . . is liable to being irretrievably breached once the material for which the privilege is claimed has been disclosed."); *see also Truckstop.net, LLC v. Sprint Corp.*, 547 F.3d 1065 (9th Cir. 2008) ("If a party is required to comply with a district court's order requiring disclosure of privileged material and the party is correct in his assertion of privilege, by the time of the trial he will have suffered the very harm that he seeks to avoid, namely erroneous disclosure of privileged material."). If it later came to light that disclosures were *not* required, MF Nevada could face termination of its contract or lawsuits from Mossack Fonseca or Mossack Fonseca's clients for that improper disclosure; after all, any privilege or confidentiality involved does not belong in the first instance to MF Nevada. Simply put, this harm cannot be ameliorated.

The Ninth Circuit has explained that "[n]onparty witnesses are powerless to control the scope of litigation and discovery and should not be forced to subsidize an unreasonable share of the costs of litigation to which they are not a party . . . ." *United States v. Columbia Broadcasting Sys., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982) (footnotes omitted), *cert. denied*

457 U.S. 1118 (1982); *see also Laxalt v.* McClatchy, 116 F.R.D. 455, 458 (D. Nev. 1986) (standards for non-party discovery require stronger showing of relevance than for simple party discovery). Regardless of whether those costs are pecuniary or otherwise, MF Nevada is forced to shoulder them.

Finally, NML's statements that it will be harmed by the passage of time are belied by their own actions in this matter. NML was willing to accept a stay if MF Nevada agreed to its eleventh-hour proposition. Only now, once MF Nevada has sought this relief, does a delay appear to NML to be unduly harmful.

Finally, NML's quotation that this action is "significantly important to the public" does not satisfy the test for a stay. The question is not whether the public has an interest in the case but whether the stay will harm the public interest to a degree that the harm to the public interest outweighs the harm that will be incurred by the moving party by not granting the stay. As noted above, the harm to MF Nevada cannot be remedied. Nor, under the circumstances, can a short delay to permit appropriate decisions on the subjects raised in the Objection and the Motion to Clarify, harm or reduce whatever public interest is at stake. Upon balancing the harm that MF Nevada will suffer against the proposed harms that NML and the public could suffer if the stay is granted there is no question that the scales tip sharply in favor of MF Nevada. For that reason the Court should grant the Motion to Stay.

## Conclusion

As noted above and elsewhere throughout this litigation, MF Nevada continues to be willing to comply with its obligations to the Court. It has at all times attempted to accommodate NML's ceaseless subpoenas while carrying on its business. To that end, MF Nevada engaged in good faith negotiations with respect to a stay. Now, NML has in Mossack Fonseca the party that it purports to want, and those parties are carrying forth negotiations for production. Under the circumstances, a stay is entirely appropriate, given the harm to MF Nevada by the ambiguous and improper March 16 Order. The Court should grant the Motion to Stay.

1DATED this 26th day of May, 2015.

WOODS ERICKSON & WHITAKER LLP


By: /s/ Kent P. Woods
    Kent P. Woods, NSB 12306
    1349 Galleria Drive, Suite 200
    Henderson, Nevada 89014
    *Attorneys for Non-Parties MF Corporate Services (Nevada) Limited and Patricia Amunategui*

# EXHIBIT "A"

# EXHIBIT "A"

# Anna Reber

**From:** Kent Woods
**Sent:** Friday, April 17, 2015 7:22 AM
**To:** Baker, Nikki L.
**Cc:** Ellis, Emily A.
**Subject:** Re: NML/Argentina

Understood: I guess I'm glad I copied Emily then. Let me know the results of your call.

Flansburg told me he spoke to someone on your side. Maybe he spoke to Dennis directly.

Sent from my iPhone

On Apr 17, 2015, at 5:44 AM, Baker, Nikki L. <NBaker@BHFS.com> wrote:

> Kent,
>
> I'm just now seeing your email below. You inadvertently emailed it to me at nbaker@nhfs.com. Not a big deal; I've done it before. I just don't want you to think I or Emily ignored your email.
>
> Dennis is still in London, but we are supposed to have a call with him before noon today. We will inform him of your request and let you know NML's position. To my knowledge, Mossack has not asked us to agree to a stay, and other than having a proposed motion to stay attached to its reply brief, has not sought a stay from the court.
>
> Thanks!
>
> Nikki
>
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** "Ellis, Emily A." <EEllis@BHFS.com>
>> **Date:** April 17, 2015 at 12:13:13 AM PDT
>> **To:** "Baker, Nikki L." <NBaker@BHFS.com>
>> **Subject: FW: NML/Argentina**
>>
>>
>> **Emily A. Ellis**
>> **Brownstein Hyatt Farber Schreck, LLP**
>> 100 North City Parkway, Suite 1600
>> Las Vegas, NV 89106
>> 702.464.7085 tel
>> EEllis@BHFS.com

1

**From:** Kent Woods [mailto:kwoods@woodserickson.com]
**Sent:** Wednesday, April 15, 2015 1:58 PM
**To:** nbaker@nhfs.com; Ellis, Emily A.
**Subject:** NML/Argentina

Nikki and Emily,

Mossack Fonseca's counsel tells me that they have requested a stay of the April 20 scheduling deadline for discovery while the various motions and objections are pending. Since, at least under one possible reading of the order, MF Nevada is required to comply as well, I suppose I need to make a similar request.

With that in mind, can you let me know if NML will agree to stay the effect of the March 16 Order pending resolution of the motions and objections?

One of you mentioned that Dennis is out of the country. But please let me know the decision as soon as possible, as I will need to move for a stay if we cannot reach an agreement.

Regards,

Kent

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303)-223-1300 and delete the message. Thank you.

# Anna Reber

**From:** Kent Woods
**Sent:** Friday, April 17, 2015 2:43 PM
**To:** Baker, Nikki L.
**Cc:** Ellis, Emily A.
**Subject:** RE: NML/Argentina

Any word, Nikki?

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

---

**From:** Baker, Nikki L. [mailto:NBaker@BHFS.com]
**Sent:** Friday, April 17, 2015 10:23 AM
**To:** Kent Woods
**Cc:** Ellis, Emily A.
**Subject:** RE: NML/Argentina

Kent,

Emily and I spoke with Frank on Wednesday. It's been a loooooong and sleep deprived week for Emily and I, so I looked back through my notes on the call. We discussed several issues, and Frank did mention a stay of the proceedings. At the time, I didn't interpret it as a formal request that NML agree to a stay, more of part of a discussion on ways Mossack and NML can resolve their differences without spending a lot of time and money litigating. But, I suppose he could think it was a request. I mention this because our conversation with Frank may be the one he spoke to you about, and I don't want to start off on the wrong foot with him.

In any case, either Emily or I will email you after our call with Dennis regarding NML's position on the stay request.

Thanks,

Nikki

**Nikki L. Baker**
**Brownstein Hyatt Farber Schreck, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
702.464.7012 tel
NBaker@BHFS.com

---

**From:** Kent Woods [mailto:kwoods@woodserickson.com]
**Sent:** Friday, April 17, 2015 7:22 AM
**To:** Baker, Nikki L.
**Cc:** Ellis, Emily A.
**Subject:** Re: NML/Argentina

Understood: I guess I'm glad I copied Emily then. Let me know the results of your call.

1

Flansburg told me he spoke to someone on your side.  Maybe he spoke to Dennis directly.

Sent from my iPhone

On Apr 17, 2015, at 5:44 AM, Baker, Nikki L. <NBaker@BHFS.com> wrote:

> Kent,
>
> I'm just now seeing your email below. You inadvertently emailed it to me at nbaker@nhfs.com. Not a big deal; I've done it before. I just don't want you to think I or Emily ignored your email.
>
> Dennis is still in London, but we are supposed to have a call with him before noon today. We will inform him of your request and let you know NML's position. To my knowledge, Mossack has not asked us to agree to a stay, and other than having a proposed motion to stay attached to its reply brief, has not sought a stay from the court.
>
> Thanks!
>
> Nikki
>
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** "Ellis, Emily A." <EEllis@BHFS.com>
>> **Date:** April 17, 2015 at 12:13:13 AM PDT
>> **To:** "Baker, Nikki L." <NBaker@BHFS.com>
>> **Subject: FW: NML/Argentina**
>>
>>
>> **Emily A. Ellis**
>> **Brownstein Hyatt Farber Schreck, LLP**
>> 100 North City Parkway, Suite 1600
>> Las Vegas, NV 89106
>> 702.464.7085 tel
>> EEllis@BHFS.com
>>
>> ---
>>
>> **From:** Kent Woods [mailto:kwoods@woodserickson.com]
>> **Sent:** Wednesday, April 15, 2015 1:58 PM
>> **To:** nbaker@nhfs.com; Ellis, Emily A.
>> **Subject:** NML/Argentina
>>
>>
>> Nikki and Emily,

2

Mossack Fonseca's counsel tells me that they have requested a stay of the April 20 scheduling deadline for discovery while the various motions and objections are pending. Since, at least under one possible reading of the order, MF Nevada is required to comply as well, I suppose I need to make a similar request.

With that in mind, can you let me know if NML will agree to stay the effect of the March 16 Order pending resolution of the motions and objections?

One of you mentioned that Dennis is out of the country. But please let me know the decision as soon as possible, as I will need to move for a stay if we cannot reach an agreement.

Regards,

Kent

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303)-223-1300 and delete the message. Thank you.

# Anna Reber

| | |
|---|---|
| **From:** | Kent Woods |
| **Sent:** | Friday, April 17, 2015 3:10 PM |
| **To:** | Baker, Nikki L. |
| **Cc:** | Ellis, Emily A. |
| **Subject:** | RE: NML/Argentina |

Okay, because we have a deadline on Monday imposed by the order, and it's 6:00 in the East already, I am going to presume we won't hear anything by c/o/b. I will file my request, and if Dennis agrees to the stay, I will withdraw it, or we can stipulate to an order.

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

---

**From:** Baker, Nikki L. [mailto:NBaker@BHFS.com]
**Sent:** Friday, April 17, 2015 3:07 PM
**To:** Kent Woods
**Cc:** Ellis, Emily A.
**Subject:** Re: NML/Argentina

We spoke with Dennis. He said he would get back to us as soon as he spoke with his client contact. We will let you know as soon as we hear anything.

Sent from my iPhone

On Apr 17, 2015, at 2:42 PM, "Kent Woods" <kwoods@woodserickson.com> wrote:

> Any word, Nikki?
>
> **WOODS ERICKSON & WHITAKER LLP**
> ATTORNEYS AT LAW
> Kent P. Woods · kwoods@woodserickson.com
> 1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
> 702 433 9696 · Fax 702 434 0615 · WoodsErickson.com
>
> ---
>
> **From:** Baker, Nikki L. [mailto:NBaker@BHFS.com]
> **Sent:** Friday, April 17, 2015 10:23 AM
> **To:** Kent Woods
> **Cc:** Ellis, Emily A.
> **Subject:** RE: NML/Argentina
>
> Kent,
>
> Emily and I spoke with Frank on Wednesday. It's been a loooooong and sleep deprived week for Emily and I, so I looked back through my notes on the call. We discussed several issues, and Frank did mention a stay of the proceedings. At the time, I didn't interpret it as a formal request that NML agree to a stay, more of part of a discussion on ways Mossack and NML can resolve their differences without

1

spending a lot of time and money litigating. But, I suppose he could think it was a request. I mention this because our conversation with Frank may be the one he spoke to you about, and I don't want to start off on the wrong foot with him.

In any case, either Emily or I will email you after our call with Dennis regarding NML's position on the stay request.

Thanks,

Nikki

**Nikki L. Baker**
**Brownstein Hyatt Farber Schreck, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
702.464.7012 tel
NBaker@BHFS.com

---

**From:** Kent Woods [mailto:kwoods@woodserickson.com]
**Sent:** Friday, April 17, 2015 7:22 AM
**To:** Baker, Nikki L.
**Cc:** Ellis, Emily A.
**Subject:** Re: NML/Argentina

Understood: I guess I'm glad I copied Emily then. Let me know the results of your call.

Flansburg told me he spoke to someone on your side. Maybe he spoke to Dennis directly.


Sent from my iPhone

On Apr 17, 2015, at 5:44 AM, Baker, Nikki L. <NBaker@BHFS.com> wrote:

> Kent,
>
> I'm just now seeing your email below. You inadvertently emailed it to me at nbaker@nhfs.com. Not a big deal; I've done it before. I just don't want you to think I or Emily ignored your email.
>
>  Dennis is still in London, but we are supposed to have a call with him before noon today. We will inform him of your request and let you know NML's position. To my knowledge, Mossack has not asked us to agree to a stay, and other than having a proposed motion to stay attached to its reply brief, has not sought a stay from the court.
>
> Thanks!
>
> Nikki
>
> Sent from my iPhone
>
> Begin forwarded message:

2

**From:** "Ellis, Emily A." <EEllis@BHFS.com>
**Date:** April 17, 2015 at 12:13:13 AM PDT
**To:** "Baker, Nikki L." <NBaker@BHFS.com>
**Subject: FW: NML/Argentina**

**Emily A. Ellis**
**Brownstein Hyatt Farber Schreck, LLP**
100 North City Parkway, Suite 1600
Las Vegas, NV 89106
702.464.7085 tel
EEllis@BHFS.com

**From:** Kent Woods [mailto:kwoods@woodserickson.com]
**Sent:** Wednesday, April 15, 2015 1:58 PM
**To:** nbaker@nhfs.com; Ellis, Emily A.
**Subject:** NML/Argentina

Nikki and Emily,

Mossack Fonseca's counsel tells me that they have requested a stay of the April 20 scheduling deadline for discovery while the various motions and objections are pending. Since, at least under one possible reading of the order, MF Nevada is required to comply as well, I suppose I need to make a similar request.

With that in mind, can you let me know if NML will agree to stay the effect of the March 16 Order pending resolution of the motions and objections?

One of you mentioned that Dennis is out of the country. But please let me know the decision as soon as possible, as I will need to move for a stay if we cannot reach an agreement.

Regards,

Kent

**WOODS ERICKSON & WHITAKER LLP**
ATTORNEYS AT LAW
Kent P. Woods · kwoods@woodserickson.com
1349 Galleria Drive, Suite 200, Henderson, Nevada 89014
702 433 9696 · Fax 702 434 0615 · WoodsErickson.com

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (303)-223-1300 and delete the message. Thank you.

4