# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

NML CAPITAL, LTD.,

                Plaintiff,

vs.

THE REPUBLIC OF ARGENTINA,

                Defendant.

Case No. 2:14–cv–492–RFB–VCF

## ORDER

MOTION TO INTERVENE (#106)
MOTION TO CLARIFY (#108)
MOTION FOR A PROTECTIVE ORDER (#117)
MOTION TO STAY (#122)
EMERGENCY MOTION TO SEAL (#128)

This matter involves NML Capital, Ltd.'s postjudgment execution proceeding against the Republic of Argentina. Five motions are before the court: (1) Mossack Fonseca & Co.'s Motion to Intervene (#106[1]); (2) M.F. Corporate Services' Motion to Clarify (#108); (3) M.F. Corporate Services' Motion for a Protective Order (#117); (4) Val de Loire's Motion to Stay (#122); and NML's Emergency Motion to Seal (#128).

## I. BACKGROUND

In 2001, the Republic of Argentina suffered a depression and sovereign-default crisis. In 2003, NML commenced eleven collection actions against Argentina in the Southern District of New York. NML argued that its debt—which totals $1.7 billion—should be repaid in full. The court agreed. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 203 n.1 (2d Cir. 2012) *aff'd  Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2251 (2014).

Argentina has failed to satisfy NML's judgments. *See, e.g.*, *NML Capital, Ltd. v. Banco Cent. de la Republica Argentina*, 652 F.3d 172, 196 (2d Cir. 2011). On August 11, 2014, and March 16, 2015, this

---

[1] Parenthetical citations refer to the court's docket.

court entered two postjudgment discovery orders permitting NML to propound discovery on nonparty entities in Nevada and holding that a Panamanian law firm, Mossack Fonseca & Co., is the alter ego of a Nevada entity, M.F. Corporate Services, for jurisdictional purposes. *See NML Capital, Ltd. v. Republic of Argentina*, No. 2:14-CV-1573-RFB-VCF, 2015 WL 1186548 (D. Nev. Mar. 16, 2015); *NML Capital Ltd. v. Republic of Argentina*, No. 2:14-CV-492-RFB-VCF, 2014 WL 3898021 (D. Nev. Aug. 11, 2014). Objections to these orders are pending before the presiding district judge.

Now, Mossack Fonseca & Co. moves to intervene and the nonparty entities move the court to clarify its March 16 order and stay the August 11 and March 16 orders pending the district judge's resolution of their objections. This order follows.

## II. DISCUSSION

The parties' motions present three questions: (1) whether Mossack Fonseca & Co. may intervene; (2) whether the court should grant NML's motion to seal; (3) whether a magistrate judge may clarify an orders while objections to the order are pending; and (4) whether the court should stay its discovery orders pending the parties' objections to the orders. Each is discussed below.

### A.    Whether Mossack Fonseca & Co. may Intervene?

The court first addresses the Motion to Intervene (#106). Mossack Fonseca & Co. moves to intervene for the limited purpose of contesting service of process and jurisdiction. The motion is unopposed. *See* (NML's Opp'n #113). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." The court, therefore, grants Mossack Fonseca & Co.'s Motion to Intervene for the limited purpose of contesting service of process and jurisdiction.[2]

---

[2] Mossack Fonseca & Co.'s motion also disputes the merits of the court's previous orders regarding service of process and jurisdiction. The court makes no findings with regard to those arguments.

**B.      Whether the Court Should Grant NML's Motion to Seal?**

The parties' filings raise a second question: whether the court should grant NML's motion to seal Exhibit J to NML's response to Val de Loire's Objections. The motion is unopposed. Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." NML's motion was filed on May 1, 2015. To date, no opposition has been filed. This constitutes consent to the granting of the motion.

The court also grants NML's motion on the merits. NML seeks to seal bank records that contain sensitive financial information, including bank account numbers. The court finds that there is good cause to seal these records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). NML's Motion to Seal is therefore granted.

**C.      Whether a Magistrate Judge may Clarify an Order while Objections to the Order are Pending?**

Next, the court addresses M.F. Corporate Services' Motion to Clarify (#108). On March 30, 2015, M.F. Corporate Services objected to the court's March 16 order and filed the instant Motion to Clarify. *See* (Docs. #108, #109). The Motion to Clarify contends that the court's March 16 order "is ambiguous in a number of areas—for instance, the amount or extent to which additional compliance by MF Nevada [with NML's discovery requests] is required." (Doc. #108 at 4:13–14). The court concludes M.F. Corporate Services' objection to the March 16 order divested the magistrate judge of jurisdiction to clarify the order, absent express directions from the presiding district judge.

28 U.S.C. § 636 prescribes the jurisdiction and powers of U.S. Magistrate Judges. The statute authorizes a magistrate judge "to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). The statute also permits a party to appeal a magistrate judge's decision regarding a pretrial matter to the assigned U.S. District Court Judge. *See id.* ("A judge of the court may reconsider

any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

Neither 28 U.S.C. § 636 nor the Federal Rules of Civil Procedure contain a provision that governs the effect of a party's objection on a presiding magistrate judge's power to alter, amend, or clarify an order objected to. In the absence of an applicable statutory provision, the court looks to the principles that governing an appeal of a district judge's order to the circuit court. Applying these principles, the court finds that when a party files an objection to a magistrate judge's order, the objection "generally divests the [magistrate judge] of jurisdiction over the matters [objected to]. *See Davis v. Meyers*, 101 F.R.D. 67, 68 (D. Nev. 1984) (citing *McClatchy Newspapers v. Central Valley Typographical Union*, 686 F.2d 731, 734 (9th Cir.), cert. denied, 459 U.S. 1071 (1982)) (discussing the effect of a notice of appeal on the district court's jurisdiction).

There are exceptions to this rule. *See id.* (citing *Davis v. United States*, 667 F.2d 822, 824 (9th Cir. 1982). But none apply here. On March 30, 2015, M.F. Corporate Services objected to this court's order and filed a Motion to Clarify the terms of the order that is the subject of an objection. Because the validity of that order is now before the presiding district judge, the court finds that it lacks jurisdiction "to alter or modify the substance of the matter on appeal." *See Meyers*, 101 F.R.D. at 68 (citing *Sumida v. Yumen*, 409 F.2d 654, 655–56 (9th Cir. 1969), cert. denied 405 U.S. 964 (1972)). Therefore, M.F. Corporate Services' Motion to Clarify (#108) is denied.

### D.   <u>Whether the Court should Stay Discovery?</u>

The parties' filings present a third question: whether the court should grant a protective order and/or stay its previous discovery orders pending the district judge's resolution of the parties' objections to the orders. *See* (Doc. #117, #122). The court begins with the governing law.

4

1.      Legal Standard

When evaluating a motion to stay discovery, the court initially considers the goal of Federal Rule of Civil Procedure 1. The guiding premise of the rules is that they "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1.The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost. *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962). This directive is echoed by Rule 26, which instructs the court to balance the expense of discovery against its likely benefit. *See* FED. R. CIV. P. 26(B)(2)(iii).

Consistent with the Supreme Court's mandate that trial courts should balance fairness and cost, the rules do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending or when an objection to a discovery order is pending. *See, e.g.*, *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600–01 (D. Nev. 2011) (citation omitted); *Trs. of N. Nevada Operating Eng'r Health & Welfare, Trust Fund v. Mach 4 Const., LLC*, No. 8–cv–578–LRH–RAM, 2009 WL 1940087, at *2 (D. Nev. July 7, 2009).

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Satisfying the good cause standard is a challenging task. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992) (citing *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir. 1986)). "To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (citation omitted).

Where, as here, a party moves to stay discovery pending a district judge's resolution of an objection to a discovery order, the movant must show that (1) it is likely it will succeed on the merits of the appeal,

5

(2) it will suffer irreparable injury in the absence of a stay, (3) other parties will not be substantially injured by a stay, and (4) the stay will not harm public interest. *Mach 4 Const.*, 2009 WL 1940087 at \*2 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Consistent with this, the Ninth Circuit also considers "two interrelated legal tests" that "represent the outer reaches of a single continuum." *Golden Gate Restaurant Ass'n v. City and Cnty. of San Francisco*, 512 F.3d 1112, 1115–16 (9th Cir. 2008). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparably injury." *Id*. at 1115–1116 (quoting *Lopez v. Heckler*, 713 F.2d 1432, 1435–36 (9th Cir. 1983)). "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Heckler*, 713 F.2d at 1435–36.

### 2.   Analysis

The court's analysis begins with M.F. Corporate Services' Motion for a Protective Order (#117), which requests a discovery stay under Rule 26(c). The motion is denied for four reasons.

First, M.F. Corporate Services contends that a stay should be entered because it has filed a Motion to Clarify and Objections to the court's discovery orders. (Doc. #117 at 4:10–15). This argument fails as a matter of law. The mere filing of an objection to a magistrate judge's discovery order does not automatically stay discovery. *See Litton Indus., Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R.D. 75, 79 (S.D. N.Y. 1989) ("[A]llowing the automatic stay of [a] magistrate [judge]'s orders would not only encourage the filing of frivolous appeals, but would grind the magistrate [judge] system to [a] halt."); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (stating that an automatic discovery stay "would be an intolerable clog upon the discovery process.").

Second, M.F. Corporate Services failed to make a particularized showing of harm, as required by Rule 26(c). Rather than make a particularized showing of harm, M.F. Corporate Services' Motion for a

Protective Order merely references arguments asserted in its Motion to Clarify and Objections. It is not the court's job to search a party's filings for assertions that could, in theory, be used to support a legal claim or argument. *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits.").

Third, the court is unpersuaded by M.F. Corporate Services' argument that a stay should be entered because M.F. Corporate Services "could" experience "irreparable harm." (Doc. #117 at 4:22). M.F. Corporate Services hypothesizes that the court's discovery orders could be construed to require it to travel to Panama. Hypothetical arguments do not satisfy Rule 26(c). *Serrano*, 699 F.3d at 901 ("To justify a protective order, one of Rule 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'").[3]

Fourth, the court is unpersuaded by the arguments M.F. Corporate Services makes in reply because some of the arguments are raised for the first time in reply. *See United States v. Gianelli*, 543 F.3d 1178, 1184 n. 6 (9th Cir. 2008); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

The court now turns to Val de Loire's Motion to Stay (#122). Val de Loire contends that a stay is required under the *Braunskill* factors. Val de Loire's arguments are unpersuasive. It argues that the first factor—(viz., likelihood of success on appeal)—weights in its favor because "the Magistrate Judge made numerous clear errors as to both the pertinent facts and applicable law." (Doc. #122 at 5:18–21). This is a legal conclusion and not an argument. Conclusory arguments are generally not entertained by the courts. *See, e.g.*, *United States v. Balcar*, 141 F.3d 1180, 1180 (9th Cir. 1988) ("None of these conclusory

---

[3] M.F. Corporate Services hypothetical argument about traveling to Panama is also moot in light of NML's opposition, which proposes conducting limited discovery pending the district judge's adjudication of the pending objections to the discovery orders.

arguments are discussed in any depth and we thus decline to address them."). This factor weighs in NML's favor.

Next, Val de Loire argues that the second *Braunskill* factor—(viz., that the movant will suffer irreparable injury in the absence of a stay)—weighs in its favor because conducting discovery will "force[] [Val de Loire] to produce its private documents for NML's perusal," and render Val de Loire "incapable of returning its private information to private status." (Doc. #122 at 5:21–25). This argument fails as a matter of law. There is no right of public access to documents that are produced in during discovery and not filed on the court's docket. *Public Citizen v. Ligget Group, Inc.*, 858 F.2d 775, 780 (1st Cir. 1988). If document that are produced during discovery are later filed with the court, Val de Loire may make an appropriate motion to seal. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

Val de Loire contends that the third *Braunskill* factor—(viz., whether other parties will be substantially injured by a stay)—weighs in its favor because "NML has already sat by for more than eight months" and a decision by the district judge "will be forthcoming in the near future." (Doc. #122 at 5–6). Val de Loire is not in a position to predict when a district judge's docket will permit him to enter orders on a given case. "District courts unquestionably have substantial inherent power to manage their dockets." *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962)). The fact that eights have elapsed with no discovery does not support entering a discovery stay. NML has opposed Val de Loire's motion. It is seeking discovery now.

This brings the court to the fourth *Braunskill* factor: whether the stay will harm the public interest. Val de Loire contends that the stay will support the public interest because "there is a strong public interest in protecting innocent parties." (Doc. #122 at 6:5). Guilt or innocence is not in controversy here. Judgment has been entered. The parties are conducting postjudgment discovery in order to locate the judgment debtor's assets. The court has already determined that there is reasonable suspicion to believe that Val de

Loire and M.F. Corporate Services are not "innocent" nonparties. On August 11, 2014, and March 16, 2015, the court entered two orders permitting NML to propound discovery on nonparty entities. *See NML Capital*, 2015 WL 1186548 (Mar. 16 Order); *NML Capital*, 2014 WL 3898021 (Aug. 11 Order). In so holding, the court relied on the Supreme Court of Nevada's opinion in *Rock Bay*, which held,

> discovery of a nonparty's assets . . . is not permissible absent special circumstances, which include, but are not limited to, those in which the relationship between the judgment debtor and the nonparty raises reasonable suspicion as to the good faith of asset transfers between the two, or in which the nonparty is the alter ego of the judgment debtor.

298 P.3d 441, 443 (Nev. 2013). After extensive motion practice and several hearings, the court determined that the nonparties in this case are not protected by the Federal Rules' general policy of protecting nonparties from the burdens of conducting discovery because the relationship between the judgment debtor and the nonparties raises reasonable suspicion as to the good faith of asset transfers between the two and one nonparty is the alter ego of another nonparty. *NML Capital*, 2015 WL 1186548; *NML Capital*, 2014 WL 3898021.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Mossack Fonseca & Co.'s Motion to Intervene (#106) is GRANTED.

IT IS FURTHER ORDERED that M.F. Corporate Services' Motion to Clarify (#108) is DENIED.

IT IS FURTHER ORDERED that M.F. Corporate Services' Motion for a Protective Order (#117) is DENIED.

IT IS FURTHER ORDERED that Val de Loire's Motion to Stay (#122) is DENIED.

IT IS FURTHER ORDERED that NML's Motion to Seal (#128) is GRANTED and Exhibit J (#123-13) is SEALED.

IT IS SO ORDERED.

DATED this 3rd day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE