# EXHIBIT A

# MF Corporate Services (Nevada) Ltd. Subpoena

# EXHIBIT A

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| NML CAPITAL LTD. | ) | S.D.N.Y. Docket Nos.: |
| *Plaintiff* | ) | 03 Civ. 8845 (TPG); 05 Civ. 2434 (TPG); 06 Civ. 6466 (TPG); 07 Civ. 1910 (TPG); 07 Civ. 2690 (TPG); 07 Civ. 6563 (TPG) 08 Civ. 2541 (TPG); 08 Civ. 3302 (TPG); |
| v. | ) | Civil Action No. 08 Civ. 6978 (TPG); 09 Civ. 1707 (TPG); 09 Civ. 1708 (TPG) |
| THE REPUBLIC OF ARGENTINA | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: MF Corporate Services (Nevada) Ltd., 5858 S. Pecos Rd., Ste 100, Las Vegas, Nevada 89120 as Agent for Mossack Fonseca & Co., 54th Street, Marbella, Panama, Rep. of Panama

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Attachment B

| Place: Brownstein Hyatt Farber Schreck 100 N. City Parkway, Suite 1600 Las Vegas, NV 89106 | Date and Time: 07/18/2014 10:00 a.m. |
|---|---|

The deposition will be recorded by this method: __Stenographically__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __06/19/2014__

*CLERK OF COURT*

OR

_____    _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __NML CAPITAL LTD.__ , who issues or requests this subpoena, are:

DENNIS H. HRANITZKY, ESQ. of DECHERT LLP,
1095 Avenue of the Americas, New York, NY 10036-6797
Telephone: 212.698.3500 Email: dennis.hranitzky@dechert.com

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. S.D.N.Y. 03 Civ. 8845 (TPG), et al.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

You are commanded, pursuant to Rule 34(c) and Rule 45 of the Federal Rules of Civil Procedure (the "Rules"), to produce for inspection and copying to the offices of Brownstein Hyatt Farber Schreck, LLP, 100 North City Parkway, Suite 1600, Las Vegas, NV 89106-4614, attention: Kirk B. Lenhard, within 30 days of service hereof, all Documents specified in this Attachment A, in accordance with the Definitions and Instructions set forth herein.

## DEFINITIONS

1. The term **"Argentina"** means the Republic of Argentina, as well as its ministries, political subdivisions (including without limitation all provinces, cities, municipalities, and the like), representatives, and assigns, and all other Persons acting or purporting to act for or on Argentina's behalf, whether or not authorized to do so.

2. The term **"Communication"** means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

3. The term **"Concerning"** means relating to, referring to, describing, evidencing or constituting.

4. The term **"Document"** (or **"Documents"**) is defined to be synonymous in meaning and equal in scope to the usage of the term "Documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A), and includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation, stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. A draft or non-identical copy is a separate Document within the meaning of this term. Fed. R. Civ. P. 34(a).

5. The term **"MF (Nevada)"** shall mean M.F. Corporate Services (Nevada) Limited, located at 5858 S. Pecos Road, Suite 100, Las Vegas, NV 89120, United States of America and its parents, subsidiaries, and affiliates, as well as its employees, agents, representatives, and all other Persons acting or purporting to act for or on its behalf, whether or not authorized to do so.

6. The term **"Person"** means any natural Person, or any business, legal, or governmental entity, or association.

7. The term "**You**" means the law firm Mossack Fonseca, its parents, subsidiaries, and affiliates, as well as its partners, associates, agents, representatives, and all other Persons acting or purporting to act for or on its behalf, whether or not authorized to do so.

## INSTRUCTIONS

1. Documents called for by this subpoena are to include all portions, or pages of each Document, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations or electronic information), drafts, working papers, routing slips, and similar materials.

2. A Document is deemed in your actual or constructive possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other Person and you (a) own such Document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use inspect, examine or copy such Document on any terms; (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such Document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such Document when you sought to do so. For the avoidance of doubt, a Document is deemed in your actual or constructive possession, custody, or control if it is accessible on a network or server that you maintain.

3. The specifications of this subpoena are to be construed as being inclusive rather than exclusive. Thus, use of the singular form of any word includes the plural and vice versa; words importing one gender include both genders; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena all Documents that might otherwise be construed to be outside of its scope; the words "all," "any," and "each" shall each be construed as encompassing "any and all."

4. In producing responsive Documents, you should furnish all Documents in your possession, custody, or control, regardless of whether such Documents are possessed directly by you or by your principals, employers, directors, officers, partners, members, agents, employees,

representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

5. You are to produce any and all drafts and copies of each Document that are responsive to any specification of this subpoena and all copies of each such Document that are not identical in any respect, including but not limited to handwritten notes, markings, stamps, interlineations, and electronic information.

6. With respect to Electronically Stored Information ("ESI"):

a.) All electronic mail and spreadsheets responsive to this subpoena that are maintained in the usual course of business in electronic format are to be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

b.) All other Documents responsive to this subpoena that are maintained in the usual course of business in electronic format are to be produced in properly utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

c.) All Documents responsive to this subpoena are to be produced with the metadata normally contained within such Documents, and the necessary Concordance, Introspect or other database load files. If such metadata is not available, each Document is to be accompanied by a listing of all file properties relating to such Documents, including, but not limited to, all information relating to the date(s) the Documents was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the Documents.

d.) Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with Plaintiff's counsel. If you decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden of cost you claim is associated with the search or production of such ESI.

7. All Documents that are physically attached to each other when located for production are to be left so attached when produced. Documents that are segregated or separated from other Documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs

or any other method, are to be left so segregated or separated when produced. Documents are to be produced in the order in which they were maintained and in the files in which they were found.

8. If any Document, or any part of a Document, called for by this subpoena has been destroyed, discarded, lost, or otherwise disposed of or placed beyond your custody or control, you are to furnish a list identifying each such Documents by: (a) date; (b) author; (c) recipient(s); (d) type of Documents (e.g., letter, memorandum, chart, e-mail, etc.); (e) general subject matter; (f) the Document's present or last-known location or custodian; (g) the date of the Document's destruction or other disposition; (h) the reason for such destruction or other disposition; and (i) the Person authorizing such destruction or other disposition.

9. Each specification of this subpoena requires production in full, without abbreviation, redaction, or expurgation, of any responsive Documents. If any responsive Document is not or cannot be produced in full, produce it to the extent possible, indicating which Document, or portion of that Document is being withheld, and the reason(s) it is being withheld.

10. Documents not otherwise responsive to specifications of this subpoena are to be produced if such Documents mention, discuss, refer to, or explain the Documents that are responsive to this subpoena, or if such Documents are attached to Documents responsive to this subpoena and constitute routing slips, transmittal memoranda, or letters, comments, evaluations or similar materials.

11. If in responding to this subpoena, you encounter any ambiguity in construing it or any definitions and instructions relevant to it, set forth the matter or term deemed "ambiguous" and the construction used in responding to the subpoena.

12. If a privilege is claimed as the basis for not producing any Document, you are to furnish a privilege log setting forth, for each such Documents: (a) nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (b) the type of Documents (e.g., letter, memorandum, etc.); (c) the general subject matter of the Documents; (d) the date of the Documents; and (e) the author of the Documents, the addressees and any other recipients of the

Documents and, where not apparent, the relationship of the author, addressees, and recipients to each other.

13. The specifications of this subpoena are submitted for the purposes of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by this subpoena, or as an admission of the relevance or materiality of any of the matters covered by this subpoena.

## DOCUMENTS TO BE PRODUCED

1. All Documents Concerning the nature of Ms. Patricia Amunategui's affiliation, employment status and/or relationship with You and/or MF (Nevada).

2. All Documents Concerning funds or other property transferred either by one of the following Persons to another Person (including any of the following entities), or to one of the following Persons by another Person (including any of the following entities) since January 1, 2010:

1. A&I Payments Corp. LLC;
2. Abble Holding LLC;
3. Abehart Consultants LLC;
4. Abilene Trade LLC;
5. Ace Star International LLC;
6. Agrocomtra USA LLC;
7. Agroglobe Equity LLC;
8. Algoya LLC;
9. Alhambra LLC;
10. America Holding Corp. LC;
11. American Trade & Packing Ltd.;
12. Andescorp Group Ltd.;
13. Angrain LLC;
14. Ariona Company LLC;
15. Arisa Business LLC;
16. Arisdale Trading Ltd.;
17. Aristec Investments LLC;
18. Asiatik Ltd.;
19. Aychi Intertrading LLC;
20. Azzorine International Ltd.;
21. Balmain Trading Ltd.;
22. Balmar Development LLC;
23. Balmond Properties Ltd.;
24. Balmont Holdings Ltd.;
25. Banford Properties LLC;
26. Barkley Marketing LLC;

27. Bathgate Properties Ltd.;
28. Best World Supplies Ltd.;
29. Billbrook Properties LLC;
30. Binder Chemicals LLC;
31. Bio Health International Inc LLC.;
32. Blue Dreams Real Estate Investments Ltd;
33. Bright Light Group LLC;
34. Bullock Developments LLC;
35. Butler Trading LLC;
36. Butterfield Consultants LLC;
37. Buwan Marketing Ltd.;
38. Buzzard Holdings Ltd.;
39. Calypsso Group LLC;
40. Cambridge House LLC;
41. Carmill Enterprises LLC; and
42. Carvelle Group LLC;
43. Cavalagh Commodities LLC;
44. Citrone Overseas LLC;
45. Commoditie Trader of America Ltd.;
46. Consolve Investments LLC;
47. Construction & Mining Solutions Ltd.;
48. Coreley Properties Inc. LLC;
49. Cormoran Trading LLC;
50. Cosmetech LC;
51. Crownpeak Enterprises LLC;
52. Cuval Properties LLC;
53. Dillan Atlantic LLC;
54. Dilmond Enterprises Ltd.;
55. Dolfin Trading LLC;
56. Dunrose Trading LLC;
57. Dynamic Fittness LLC;
58. Eastfer International LLC;
59. Eastwood Holdings International Ltd.;
60. Edf Aviation LLC;
61. Environmental Bio Technologies Ltd.;
62. Essex Holdings Group LLC;
63. Estival International Ltd.;
64. Eston Trading Ltd.;
65. Estridge Overseas LC;
66. Estrivela LLC;
67. Etco Holdings LLC;
68. Eurodomainrental.com Ltd.;
69. Eurogranit LLC;
70. Everina Holdings Ltd.;
71. Exeter House LLC;
72. Exton International LLC;
73. Eyden Group LLC;
74. F.G.S. Consulting LLC;

75. Fairland International LLC
76. Falconwood International LLC;
77. Falconwood Services LLC;
78. Faler Corp. LLC;
79. Ferretti Corporation Limited;
80. Ferrex Development LLC;
81. Fintech Holdings LLC;
82. Frinvessment LLC;
83. Future Bright Investments LLC;
84. Gainford Enterprises LLC;
85. Galdor Enterprises LLC;
86. Galway Scott Trading Ltd.;
87. Gazeera Holdings Ltd.;
88. Gd Soccer Management LLC.;
89. Gebisa Holding Ltd.;
90. Gecko Trading Ltd.;
91. Genell Estates LLC;
92. Girandell Trading Ltd.;
93. Gladstone Cosmetics LLC.;
94. Global Steel Trading LLC;
95. Goldking Investments LLC;
96. Golfin Food Corp. LLC;
97. Ground LLC.;
98. Gtech Consultancy LLC;
99. Gubay Consultants Ltd.;
100. Gudson Group LLC;
101. Gulf Support Services LLC;
102. Hallkyn Group LLC;
103. Hashville International LLC;
104. Hayden International Ltd.;
105. Haze Management LLC;
106. Healy Holdings Ltd.;
107. Hemingway Investments LLC;
108. Hemstead Assets LLC;
109. Hendry Enterprises LLC;
110. Hiltonbay Investment Ltd.;
111. Horus International Consultants LLC;
112. Huston Management Ltd.;
113. Huta Holdings LLC;
114. Integ Services LLC;
115. International Security and Intelligence Consultants (ISIC) LLC;
116. Investment, Sport & Webs LLC.;
117. Iser Holdings Ltd.;
118. Ismat International Ltd.;
119. Itape Investment LLC;
120. Itelco Holdings LLC;
121. Itelsa Holding LLC;
122. Itelsa Services LLC;

123. Ivor Company Ltd.;
124. Ivy Lane Group LLC;
125. Izalco Trading LLC;
126. Jackinson Equities LLC;
127. Jacklin Investments LLC;
128. Jackpot Investments LLC;
129. Jadas Enterprises Ltd.;
130. Jagler Invest Ltd.;
131. Jaguar Capital LLC;
132. Jesper Equities LLC;
133. Jet Trade Ltd.;
134. Jimson Holding Ltd.;
135. Juniper Trading LLC;
136. Juno Group LLC;
137. Jurdan Enterprises Ltd.;
138. Justin Invest Ltd.;
139. Kailasa Management Corp. LLC;
140. Kalo Holdings Ltd.
141. Kam Holdings Ltd.;
142. Kastel Holding Ltd.;
143. Kelland Marketing LLC;
144. Kelsey Investment LLC;
145. Korman International LLC;
146. Krypton Trading Ltd.;
147. Kumar Holdings LLC;
148. Lacewood Investments LLC;
149. Lake County LLC;
150. Lamberth Investments LLC;
151. Lamberti Trading LLC;
152. Lancy International LLC;
153. Latinamerican Group Investment LLC;
154. Lattice Investments LLC;
155. Link Investments LLC;
156. Little Bay LLC;
157. Londale Investment LLC;
158. Lynton Trading Ltd.;
159. Lynus Overseas Ltd.;
160. Lynward Investments LLC;
161. M.P.I.- Mayward Properties International LLC;
162. Mafinsa LLC;
163. Makala Enterprises Ltd.;
164. Matinsol Enterprises LLC;
165. Mayfield Trading Ltd.;
166. Medinvest LLC;
167. Mel Sea LLC;
168. Melco Maritime LLC;
169. Mercury Consultants LLC;
170. Metal First LLC;

016887\0001\11379031.1                               8

171. Miro Enterprises Ltd.;
172. Mochica Enterprises LLC;
173. Motiva Media LLC;
174. Multinvest LLC;
175. Murriel Trading LLC;
176. Myrando Investments LLC;
177. Myrex Company LLC;
178. Nat Enterprises Ltd.;
179. Natral Investments LLC;
180. Net Maritime LLC;
181. Nexsa Trading Ltd.;
182. Next Level Business Ltd.;
183. Nexton International LLC;
184. Neyland Properties Ltd.;
185. Neymar Investments LLC;
186. Nortex Trading LLC;
187. North Boreal Co. LLC;
188. Novatrade Holdings LLC;
189. Novel Consulting LLC;
190. Occidental Trading Services LLC;
191. Oceandrive Investments LLC.;
192. Oceanis Group LLC;
193. Oldemar Trading LLC;
194. Olvex Capital Ltd.;
195. Olympia Trading LLC;
196. Ovano Group LLC;
197. Oville Group LLC;
198. Oxford International Services LLC;
199. Oxleys Trading LLC;
200. Pacific Investment Enterprises Ltd.;
201. Pacific Textile Investments LLC;
202. Paragon Capital Group LLC;
203. Pearl Galleries LLC;
204. Pennyroyal Associates LLC;
205. Permanel Investment Limited;
206. Phillips Group LLC;
207. Pixi Incorporated LLC;
208. Polychem Group Ltd.;
209. Premium International Ltd.;
210. Priemor Group LLC;
211. Private Portfolio Managing Ltd.;
212. Private Spa Holding Ltd.;
213. Provost Management LLC;
214. Purple Holdings LLC;
215. Quantum Bay Limited;
216. Rafina Trading LLC;
217. Redford House LLC;
218. Relcove Limited LLC;

219. Research & Patents Ltd.;
220. Rgs Steel LLC;
221. Rochester International Holdings LLC;
222. Rosset Ltd.;
223. Royal Games LLC;
224. Ryder Management Services Ltd.;
225. Saint Jeronimo Printing Co. Ltd.;
226. Schenker Chemie Ltd.;
227. Serena Trading LLC;
228. Serpro International Ltd.;
229. Silver State International Investments LLC;
230. Skyplast LLC;
231. Smart Steel LLC;
232. Southwest Steel Group LLC;
233. Steel Product Services LLC;
234. Stepney International LLC;
235. Sunglow Investment LLC;
236. T.H.I.- Tower House International LLC;
237. The Ingelec Group LLC;
238. Thunder Overseas Trading LLC;
239. Trenton Properties Ltd.;
240. Trever Welding Industry LLC;
241. United Kitchen Company Ltd.;
242. Vaneggia Holdings Ltd.;
243. Vanguard Foreign Trade ltd.;
244. Van-Oil Ltd.;
245. Venice Holdings Inc. LC;
246. Vilater LLC;
247. Villette Associates LLC;
248. Westfield International LLC;
249. Westley House LLC;
250. Westminster Plastics Inc. LC;
251. Woodstar Services LLC;
252. Yale Holdings Ltd.;
253. Zhou Xi Investments (USA) Ltd.;

3. All Documents You have produced, plan to produce or have considered producing in response to any subpoena or request, whether formal or informal, received by You or any other Person in connection with any inquiry or investigation of, or litigation or proceeding concerning Lázaro Báez, an Argentine national, by any government authority, including any such authority of or in Argentina.

4.      All Documents Concerning the transfer of funds or other property involving any of the following Persons:

1. Lázaro Báez;
2. Martín Antonio Báez;
3. Vadim Canale;
4. Jorge Norberto Cerrota;
5. Jorge Oscar Chueco;
6. Ernesto Clarens
7. Alejandro Ons Costa;
8. Juan Ignacio Pisano Costa;
9. Horacio De Bonis;
10. Christina Fernandez de Kirchner
11. Federico Elaskar;
12. Leonardo Fariña;
13. César Gustavo Fernández;
14. Claudio Giovanni Fontana;
15. Verena Úrsula Fontana;
16. Daniel Rodolfo Pérez Gadín;
17. Nestor Kirchner
18. Gianpiero Addis-Melaiu;
19. Julio Enrique Mendoza;
20. Matías Molinari;
21. Nestor Marcelo Ramos;
22. Fabián Virgilio Rossi; and
23. Javier Martin Vanella;

5.      All Documents Concerning any Communications between You and/or MF (Nevada), or are hard, and any of the following Persons (addresses for which are included in parentheses) on the other:

1. Aldyne Ltd (Suite 13, 1st Floor, Oliaji Trade Francis Rachel St., Seychelles);
2. Amurnung Sa (P.O. Box 140970, Coral Gables, Fl 33114);
3. Avida Capital Markets Corporation (485 Brickell Ave., #2306, Miami, Fl 33131);
4. Buenos Aires Law, Inc (299 Alhambra Circle, Suite #311 Coral Gables, Fl 33134);
5. Cambridge House LLC (Via San Gottardo 10, 6900 Lugano, Switzerland);
6. Conway Global LLC (1395 Brickell Ave, 720, Miami, Fl 33131);
7. Dunamis One LLC (1395 Brickell Ave, 720, Miami, Fl 33131);
8. Ec Group Corporate (8045 Abbott Ave. #19, Miami Beach, Fl 33141);
9. Exeter House LLC (Via San Gottardo 10, 6900 Lugano, Switzerland);
10. Fairland International LLC (Via San Gottardo 10, 6900 Lugano, Switzerland)
11. Fergus International S.A. (P.O. Box 0832-0886, E 54th St. Arango-Orillac Building, World Trade Center, Panama City, Panama);

12. Forbest Ltd (#25 Mason Complex, Stoney Ground, Po Box 193, The Valley, Anguilla);
13. Ground LLC (Piazza Simen 7, 6500 Bellinzona; Piazza Grande 55 A 6512 Giubiasco, Switzerland);
14. Helvetic Services Group (Vía Alla Sguancia 23, 6900 Pazzall, Switzerland);
15. Kefren Inc. (Ugartech 3296 Piso 6 A, Buenos Aires, Argentina 1425);
16. Kerry Consultants Sa (P.O. Box 140970, Coral Gables, Fl 33114);
17. Litren Company Sa (P.O. Box 140970, Coral Gables, FL 33114); and
18. M.P.I. Mayward Properties International LLC (Via San Gottardo 10, 6900 Lugano, Switzerland);
19. Manfes International LLC (999 Ponce De Leon Blvd., Suite 1110, Coral Gables, Fl 33134);
20. Pampa Realty Investments LLC (2121 Ponce De Leon Blvd, 240, Coral Gables, Fl 33134);
21. Plascot Limited (Suite 13, First Floor, Oliaji Trade Centre, Franics Rachel St., Victoria, Moahe).
22. Redford House LLC (Via San Gottardo 10, 6900 Lugano, Switzerland);
23. Rochester International Holdings LLC (Via San Gottardo 10, 6900 Lugano, Switzerland).
24. Sgi North America LLC (3225 Franklin Ave, Ph5 Miami, Fl 33133);
25. Sgi Ventures LLC (175 Sw 7th St., Miami, Fl 33130);
26. T.H.I. Tower House International LLC (Via San Gottardo 10, 6900 Lugano, Switzerland);
27. Westley House LLC (Via San Gottardo 10, 6900 Lugano, Switzerland);

6. Documents sufficient to identify any and all beneficial owner(s) of, and the organizational structure of, each of the Persons listed in Items 2 and 5 above.

7. Documents sufficient to describe the business and operations for each of the Persons listed in items 2 and 5 above.

8. Documents sufficient to identify any and all Person(s) authorized to give instructions on behalf of each of the Persons listed in Items 2 and 5 above.

9. Documents sufficient to identify all assets of each of the Persons listed in Items 2, 4, and 5 above.

10. Documents sufficient to identify all bank accounts maintained by, on behalf of, or in the name of each of the Persons listed in Items 2, 4, and 5 above.

11. Documents sufficient to identify all services provided by You and/or MF (Nevada) to any of the Persons listed in Items 2, 4, and 5 above.

016887\0001\11379031.1                              12

12. Documents sufficient to identify any Persons acting on behalf of You and/or MF (Nevada) to perform services to any Person listed in Items 2, 4, and 5 above.

13. All Documents Concerning the registration, re-registration, incorporation, reincorporation, transfer in control, change in the structure or governance, dissolution or termination of any of the Persons listed in Items 2 and 5 above in any jurisdiction.

14. Documents sufficient to show the identity, responsibilities and lines of reporting structure of or for each employee, agent or principal of MF (Nevada).

15. All Documents Concerning the relationship between You and/or MF (Nevada).

16. All Documents Concerning the relationship between Aldyne Ltd., on one hand, and You and/or MF (Nevada) on the other.

17. All Documents Concerning the relationship between Plascot Ltd., on one hand, and You and/or MF (Nevada) on the other.

18. All Documents Concerning the relationship between Forbest Limited, on one hand, and You and/or MF (Nevada) on the other.

19. All Documents Concerning the relationship between Bugloss Holdings SA, on one hand, and You and/or MF (Nevada) on the other.

20. All Documents Concerning information collected or obtained Concerning the Persons listed in items 2, 4 and 5 pursuant to any "know your client" or other similar rules applicable to You and/or MF (Nevada). *See* Mossack Fonseca Promotional Booklet at 27, available at http://issuu.com/mossfon/docs/corporatebooklet ("Mossack Fonseca & Co. maintains standards, procedures and internal controls to know our clients and their activities, to avoid capital laundering risks and to guarantee that operations are not carried out with individuals or institution[s] whose identities cannot be confirmed or whose activities are incompatible with those supported by Mossack Fonseca & Co.").

21. All Documents Concerning the transmission or transfer of any Documents in the possession, custody or control of any of the Persons listed in Items 2 and 5 above to or from You and/or MF (Nevada ) from or to any other Person. *See id.* at 23 ("Company Formation: For each of your companies there is an online file with the details of its establishment, the board of

016887\0001\11379031.1                          13

directors, every case every [sic] assigned to the file and its invoicing history."). For the avoidance of doubt this request includes but is not limited to Documents concerning current location of such Documents.

## ATTACHMENT B

Pursuant to Rules 30(b)(6) and 45, Plaintiff will take the deposition of Mossack Fonseca & Co. at the offices Brownstein Hyatt Farber Schreck, LLP, 100 North City Parkway, Suite 1600, Las Vegas, NV 89106-4614, commencing at 10:00 a.m. on July 18, 2014, or at such other time and place as may be agreed upon by counsel. The deposition will continue from day-to-day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, video, and/or real-time computer means.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Mossack Fonseca & Co. is obligated to designate one or more officers, directors, managing agents, or other Persons to testify on its behalf as to each topic set forth in this Attachment B. Mossack Fonseca & Co. shall identify the individual(s) who will testify regarding each topic no later than one week prior to the taking of the deposition. The deposition will continue from day-to-day until completed. Some or all of the deposition testimony may be recorded by stenographic, audio, video, and/or real-time computer means. The deposition shall concern the topics set forth herein.

## SUBJECTS FOR EXAMINATION

1. Your affiliation or relationship with MF (Nevada).
2. The transfer of funds or other property involving the Persons identified in Item 2 above.
3. The investigation of Lázaro Báez, an Argentine national, by any government authority, including any such authority of or in Argentina.
4. The transfer of funds or other property involving the Persons identified in Item 4 above.
5. Communications Concerning the Persons identified in Item 5 above.
6. The beneficial owner(s) and the organizational structure of each of the Persons listed in Items 2 and 5 above.
7. The business and operations for each of the Persons listed in Items 2 and 5 above.
8. The identity of all Person(s) authorized to give instructions on behalf of each of the Persons listed in Items 2 and 5 above.

9. The identity of assets of each of the Persons listed in Items 2, 4, and 5 above.

10. The identity of any bank accounts maintained by, on behalf of, or in the name of each of the Persons listed in Items 2, 4, and 5 above.

11. The nature of the services provided by You and/or MF (Nevada) to each of the Persons listed in Items 2, 4, and 5 above.

12. The identity of and Persons acting on behalf of You and/or MF (Nevada) to perform services to any Persons listed in Items 2, 4, and 5 above.

13. The corporate formation services offered by You and/or MF (Nevada) including the jurisdictions in which You and/or MF (Nevada) perform such services.

14. The registration, re-registration, incorporation, reincorporation, transfer in control, change in the structure or governance, dissolution or termination of any of the Persons listed in Items 2 and 5 above.

15. Your Documents retention policies and those of MF (Nevada).

16. The relationship between You and MF (Nevada).

17. The relationship between Aldyne Ltd., on one hand, and You and/or MF (Nevada) on the other.

18. The relationship between Forbest Limited, on one hand, and You and/or MF (Nevada) on the other.

19. The relationship between Bugloss Holdings SA, on one hand, and You and/or MF (Nevada) on the other.

20. The transmission or transfer of Documents Concerning the Persons listed in items 2 and 5 above by You and/or MF (Nevada) to any Person(s), including but not limited to Documents reflecting the current location of such Documents.