KIRK B. LENHARD, ESQ., Nevada Bar No. 1437
NIKKI L. BAKER, ESQ., Nevada Bar No. 6562
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135
Email: klenhard@bhfs.com
Email: nbaker@bhfs.com

DENNIS H. HRANITZKY, ESQ. (admitted pro hac vice)
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: 212.698.3500
Facsimile: 212.698.3599
Email: dennis.hranitzky@dechert.com

LINDSEY B. COHAN, ESQ. (admitted pro hac vice)
DECHERT LLP
300 W. 6th Street, Suite 2010
Austin, TX 78731
Telephone: 512.394.3000
Facsimile: 512.394.3001
Email: lindsey.cohan@dechert.com

*Attorneys for Plaintiff NML Capital Ltd.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

NML CAPITAL LTD.,

Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

Defendant.

CASE NO.: 2:14-cv-00492-RFB-VCF

**NML CAPITAL, LTD.'S MOTION FOR LEAVE TO FILE ITS MEMORANDUM IN OPPOSITION TO MOTION TO VACATE AND IN SUPPORT OF MOTION FOR SANCTIONS AND EXHIBITS "D" AND "E" THERETO UNDER SEAL**

Plaintiff NML Capital, Ltd. ("NML"), by and through its attorneys of record Brownstein Hyatt Farber Schreck, LLP, and Dechert, LLP, hereby submits this Motion for Leave to File the Memorandum and Opposition to Motion to Vacate and In Support of Motion for Sanctions ("Motion for Sanctions") and Exhibits "D" and "E" Thereto Under Seal ("Motion to Seal"). As

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

NML's proposed Motion for Sanctions quotes from, refers to and attaches certain documents that MF Legal Services F/K/A/ Mossack Fonseca & Co. ("Mossack Fonseca") may claim are privileged, in an abundance of caution, the Court should permit NML to file those documents and its Motion for Sanctions under seal until such time as it can be determined whether that information should remain confidential.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT BACKGROUND

On April 3, 2016, the International Consortium of Investigative Journalists ("**ICIJ**") announced that it was in possession of what would become known as the Panama Papers: a collection of 11.5 million documents obtained from Mossack Fonseca by an anonymous source.[2] On May 9, 2016, the ICIJ published a searchable database containing information gleaned from the Panama Papers relating to more than 300,000 entities. Weeks before the release of that database, a handful of documents from the Panama Papers were quoted from, reported on and uploaded to the internet by various press sources, including in a report issued by the ICIJ itself.[3] Two of those documents are email exchanges between Mossack Fonseca personnel concerning M.F. Corporate Services (Nevada) Limited and its sole employee, Patricia Amunategui. Those two documents are Exhibits "D" and "E" to the Motion for Sanctions, and are quoted from and referred to in the Motion for Sanctions.

### II. DISCUSSION

Pursuant to Local Rule IA 10-5, "papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal." Although there is a strong presumption in favor of public access to court records, the Ninth Circuit has "carved out an exception" to this presumption for documents attached to a non-dispositive motion, such that "the

---

[1] Counsel for NML has already provided an un-redacted copy of the Motion for Sanctions and Exhibits "D" and "E" to counsel for Mossack Fonseca.

[2] *See* ICIJ, The Panama Papers: An Introduction, available at https://panamapapers.icij.org/video/, last visited on May 24, 2016.

[3] *See* Martha Hamilton, "Panamanian Law Firm is Gatekeeper to Vast Flow of Murky Offshore Secrets," available at https://panamapapers.icij.org/20160403-mossack-fonseca-offshore-secrets.html, last visited on May 24, 2016.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

usual presumption of the public's right of access is rebutted." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Phillips v. General Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003)). As such, a "good cause" showing under Rule 26(c) will suffice to file under seal documents attached to non-dispositive motions. *See Kamakana*, 447 F.3d at 1180.

Because the Motion for Sanctions is a non-dispositive brief, NML need only demonstrate "good cause" for the Court to permit it to file the Motion for Sanctions and Exhibits "D" and "E" thereto under seal. *See Kamakana*, 447 F.3d at 1180. NML suspects that Mossack Fonseca will contend that Exhibits "D" and "E" contain information subject to the attorney-client privilege. While it is NML's position that any claim of privilege was waived,[4] in an abundance of caution, NML respectfully requests that it be permitted to file these documents and an un-redacted version of its Motion for Sanctions under seal until such time as the Court can determine whether and to what extent these documents contain confidential information.

---

[4] As discussed in the Motion for Sanctions, NML maintains that Mossack Fonseca cannot claim that these two documents are protected by the attorney-client privilege. Both documents were published online and have been publicly available for approximately six weeks. Given this, "the mantle of confidentiality which once protected the documents has been so irretrievably breached that an effective waiver of the privilege has been accomplished." *In re Grand Jury Investigation of Ocean Transp.*, 604 F.2d 672, 675 (D.C. Cir. 1979) (holding that privilege was waived based on the government's repeated (albeit mistaken) use of the documents internally and in witness questioning in grand jury proceedings). Moreover, in the time since these two documents were made available online, Mossack Fonseca has never asserted any claim of privilege or taken other actions to claim such a protection for these documents in this matter, further undermining any claim that the privilege has not been waived. *See United States v. de la Jara*, 973 F.2d 746, 750 (9th Cir. 1992) (citing *Grand Jury* and holding that the privilege had been waived because the defendant did not immediately take action to recover the document as to which it belatedly claimed privilege).

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**III. CONCLUSION**

Based on the foregoing, NML respectfully requests the Court grant it leave to file its Motion for Sanctions and Exhibits "D" and "E" thereto under seal pursuant to LR 10-5(b).

DATED this 24th day of May 2016.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Nikki L. Baker*
Kirk B. Lenhard, Esq.
Nevada Bar No. 1437
Nikki L. Baker, Esq.
Nevada Bar No. 6562
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614

*Attorneys for NML Capital Ltd.*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P.5(b), I certify that I am an employee of BROWNSTEIN HYATT FARBER SCHRECK, LLP, and that the foregoing **NML CAPITAL, LTD.'S MOTION FOR LEAVE TO FILE ITS MEMORANDUM IN OPPOSITION TO MOTION TO VACATE AND IN SUPPORT OF MOTION FOR SANCTIONS AND EXHIBITS "D" AND "E" THERETO UNDER SEAL** was served via electronic service to all electronic registered CM/ECF users in this matter.

DATED this 24th day of May, 2016.

/s/ Paula Kay
an employee of Brownstein Hyatt Farber Schreck, LLP